USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/10/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

KEITH STANSELL ET AL.,

                Plaintiffs,

    -against-

REVOLUTIONARY ARMED FORCES OF
COLUMBIA (FARC) ET AL.,

                Defendants.

------------------------------------------------------------------- x

16-MC-405 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Samark Jose López Bello, Alfa One, C.A., Grupo Sachet, C.A., MFAA Holdings Ltd., Profit Corporation, C.A., Servicios Tecnologicos Industriales, C.A., SMT Tecnologia, C.A., Yakima Trading Co., and Yakima Oil Trading LLP (collectively, "Intervenors") filed a motion to dismiss and dissolve writs of garnishment issued by this Court in favor of Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Christopher Janis, Greg Janis, Michael Janis, and Jonathan Janis (collectively, "Plaintiffs"). For the reasons stated below, the motions to dismiss and dissolve the writs of garnishment are **DENIED** without prejudice and this case is **STAYED** pending resolution of the outstanding turnover motions in the Southern District of Florida.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts and procedural history of this case but provides a brief discussion for background.

On June 15, 2010, the United States District Court for the Middle District of Florida entered an Order and Final Default Judgment against Defendants, the Revolutionary Armed Forces of Columbia ("FARC") and its members, pursuant to the civil remedies provisions of the Anti-Terrorism Act (the "ATA") 18 U.S.C. § 2333. *See Stansell v. Revolutionary Armed Forces of*

1

*Colombia (FARC)*, No. 9-CV-2308, 2010 WL 11507790 (M.D. Fla. June 14, 2010). The Court awarded a judgment of $318,030,000. This Order and Judgment was registered in the Southern District of New York pursuant to 28 U.S.C. §1963 on November 10, 2016. *See* ECF No. 5.

On January 23, 2019, this Court granted Plaintiffs' *ex parte* motion for a writ of execution and permitted Plaintiffs to serve writs of attachment to Citibank, N.A., Branch Banking & Trust Company, UBS Financial Services, Inc., Morgan Stanley Smith Barney LLC, Fidelity Brokerage Services, LLC, First Republic Bank, National Financial Services LLC, and Safra National Bank of New York. ECF No. 19. On February 15, 2019, the Southern District of Florida granted a similar motion from Plaintiffs and permitted Plaintiffs to serve a second set of Writs of Attachment to Citibank, N.A., Branch Banking & Trust Company; UBS Financial Services, Inc. Morgan Stanley Smith Barney LLC, Services LLC; and Safra National Bank of New York.

Intervenors filed their motion to intervene in this action on March 5, 2019. ECF No. 48. The Court held a Joint Status Conference on March 20, 2019 at which it orally granted Intervenors' motion and set a briefing schedule for Intervenors' motion to dismiss. Intervenors filed their motion to dismiss on April 10, 2019, ECF No. 56, Plaintiffs opposed on May 1, 2019, ECF No. 57, and Intervenors replied on May 8, 2019, ECF No. 58.

After the Parties completed briefing on Intervenors' motion to dismiss, there have been significant developments in the proceedings in Florida ("SDFL action"). First, on September 26, 2019, the District Court for the Southern District of Florida denied Intervenors' motion for summary judgment seeking dissolution of the writs of garnishment issued in Florida. *See Stansell v. Revolutionary Armed Forces of Columbia*, No. 19-CV-20896, 2019 WL 5290922 (S.D. Fla. Sept. 26, 2019). Second, on January 21, 2020, the Eleventh Circuit, in a *per curiam* opinion, rejected claims that Lopez Bello was denied due process when the District Court issued an order

concerning his property before he had the opportunity to contest his status as an "agency or instrumentality" of FARC. *See Stansell v. Lopez Bello*, No. 19-11415, 2020 WL 290423 (11th Cir. Jan. 21, 2020). Finally, the parties have also fully briefed turnover motions for the writs of attachment issued in the SDFL action. These turnover motions await decision by the Southern District of Florida.

## DISCUSSION

The SDFL decisions on the six pending turnover motions will significantly impact this action. Resolution of those motions will either render this action moot, or the Parties will need to resubmit their motions in this action to address the impact of those decisions. Accordingly, this Court will stay this case pending decisions on the six turnover motions in the SDFL action.

Intervenors assert that this Court is the proper venue for adjudicating the identical writs issued in Florida and New York. Specifically, they argue that the first-filed rule favors resolution of issues regarding the identical writs in New York. *See* Memorandum of Law in Support of Intervenors' Motion to Dismiss, ECF No. 56 at 11 ("Plaintiffs initiated their TRIA execution proceeding in New York one month before initiating identical proceedings in Florida."). In this Circuit, the first-filed rule counsels that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) (quotation marks omitted). Deference to the earlier filed case "embodies considerations of judicial administration and conservation of resources, and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *Id.* (quotation marks and citation omitted).

In this case, the balance of the conveniences supports deferring to the SDFL action. Both actions were brought by the same party (i.e., the Plaintiffs); the litigation in SDFL has progressed significantly further; there is additional expert and witness testimony and evidence in SDFL; the SDFL court has already ruled on Intervenor's motion to dismiss the identical writs; final turnover motions are fully-briefed and pending in SDFL; and the Eleventh Circuit has ruled on several issues related to the litigation which are relevant to the issues before this Court. *See Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (noting that the factors to consider in the balance of convenience analysis are essentially the same as those to consider in a motion to transfer). Moreover, the six turnover motions were only filed in SDFL and Intervenors filed a motion to dismiss the identical writs in SDFL before filing their motion to dismiss in this case. Thus, although the underlying writs of garnishment were brought in this Court one month before SDFL, the balance of conveniences favors deferring to the SDFL action.

Accordingly, in the interest of judicial economy and comprehensive disposition of this litigation, the Court will stay the proceedings before it until the Southern District of Florida has ruled on the six outstanding turnover motions. *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## CONCLUSION

For the reasons set forth above, this case is **STAYED** pending a decision of the Southern District of Florida in the six turnover motions filed by Plaintiff. The Intervenors' pending motion to dismiss is **DENIED** without prejudice. Within fourteen days of decisions in the SDFL resolving all six pending turnover motions, the Parties should submit a joint status report indicating the

impact of the decisions. As indicated in this Court's previous orders, Plaintiff's time for filing a turnover motion in this District will remained tolled until this Court rules otherwise.

**SO ORDERED.**

Dated: March 10, 2020
     New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**