

## PORTER & KORVICK
TRIAL LAWYERS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/15/2020__

December 10, 2020

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007



Re:  Keith Stansell et al., vs. Revolutionary Armed Forces of Colombia ("FARC") et al.
  Case No. 1:16-mc-00405-ALC
  ***Plaintiffs' Verified Letter Motion to Seal:***
  ***Ex Parte Motion for Issuance of TRIA Writ of Execution***

Dear Judge Carter:

Plaintiffs respectfully request leave of Court to file under seal an Ex Parte Motion for Issuance of TRIA Writ of Execution, solely to attach a newly discovered blocked asset. This motion is filed pursuant to the Standing Order on Electronic Filing Under Seal (Case 1:19-mc-00583-CM), Your Honor's published Individual Rules of Practice 6.C. and 6.D., and the ECF Rules & Instructions Section 6. The Ex Parte Motion does not involve any garnishee or blocked party that is currently before this Court.

Plaintiffs herein, in cooperation with the *Pescatore* plaintiffs in Case 1:18-mc-00545-ALC, have identified a new blocked asset for TRIA post-judgment execution proceedings in partial satisfaction of both the *Stansell* ATA judgment and the *Pescatore* plaintiffs' ATA judgments. Plaintiffs request expedited relief to perfect chronological judgment lien priority on this blocked account because a competing judgment creditor—who was an alien national at the time of the subject terrorist acts—is actively trying to attach this same account to defeat the *Stansell* and *Pescatore* plaintiffs execution efforts.[1]

Plaintiffs' proposed Ex Parte Motion (filed separately under seal) is based on information obtained over many months through multiple protective Orders and subpoenas to OFAC and several different financial institutions, and the blocking reports and banking information obtained is highly confidential and protected by the Trade Secrets Act (TSA), 18 U.S.C. § 1905, and the Bank Secrecy Act, 31 U.S.C. §5311 et seq.

Moreover, the names of the garnishee and the blocked party account owner, the blocked account details, and our supporting expert witness affidavits are the fruits of extensive attorney work product, and their premature disclosure to the public would allow a competing judgment

---

[1] As this Court is aware, the *Stansell* plaintiffs and *Pescatore* plaintiffs are parties to a Joint Prosecution and Sharing Agreement and are separately seeking issuance of a writ to attach the newly discovered blocked asset to protect their shared mutual interests in perfecting chronological judgment lien priority vis-à-vis other competing creditor(s).

creditor—who was not a U.S. national at the time of the terrorist act underlying his judgment—to race to a different court to use Plaintiffs' work product to try to effect an earlier levy before Plaintiffs do and thereby attempt to defeat the *Stansell* and *Pescatore* plaintiffs' execution.

Plaintiffs are aware of the general policy for public access of federal court dockets, and we therefore only request a <u>temporary sealing</u> sufficient to allow the Orders & Judgments Clerk to issue the subject writ of execution, for Plaintiffs to serve and levy the writ on the garnishee, file the affidavit of service and certify compliance with the CPLR §5232(c) notice of levy provision.

The service and levy of the writ of execution will not require any form of response by the garnishee, but it will perfect Plaintiffs' judgment lien priority under New York law. After the attachment and notice is complete, Plaintiffs will thereafter publicly move for entry of TRIA turnover order pursuant to CPLR §§ 5225, 5227, at which time formal notice will again be given to the garnishee and account owner which will then require a public response.

Plaintiffs' proposed Ex Parte Motion is directed to blocked assets in the United States owned by a member of the Venezuelan Cartel of the Suns. The Ex Parte Motion includes various exhibits, including supporting expert witness affidavits, a proposed Order and proposed writ. The supporting Supplemental Appendix will be filed separately on the public docket.

Plaintiffs respectfully request entry of a docket entry Order authorizing the sealing of the Ex Parte Motion and all exhibits thereto, including the writ of execution after issuance by the Clerk, for a period of 30 days from issuance of the writ.

Thank you for the Court's consideration.

Respectfully,

NEWTON PORTER                                TONY KORVICK

**I declare and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. 1746.**

/s/ Tony P. Korvick
Tony P. Korvick

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2020