February 25, 2021

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Stansell et al. vs. FARC et al.* Case No. 16-mc-405-LGS:
      **Joint status letter pursuant to Order ECF 184**

Dear Judge Schofield:

### *1. Brief statement of the nature of the case*

The *Stansell* Plaintiffs include the widow and children of the late Tom Janis, a retired U.S. Army Delta Force aviator who was executed by the FARC on February 13, 2003. The FARC is a designated Foreign Terrorist Organization ("FTO") and the world's largest supplier of cocaine. In 2003, the FARC shot down a U.S. counter-narcotics surveillance plane being flown for the U.S. Embassy in Bogota. Along with Mr. Janis's family, the Stansell Plaintiffs also include the three American crew members—Keith Stansell, Marc Gonsalves, and Tom Howes—whom the FARC held hostage and tortured for 5 ½ years until their rescue on July 2, 2008.[1]

The *Stansell* plaintiffs, holding a judgment under the Anti-Terrorism Act, 18 U.S.C. §2333, seek turnover of blocked property held by multiple garnishees and allegedly belonging to FARC agents or instrumentalities in satisfaction of their judgment pursuant to §201 of the Terrorism Risk Insurance Act ("TRIA"). Because other victims are also seeking to execute on these same blocked assets, among other reasons, the garnishees will be filing interpleaders to resolve the competing claims and obtain complete discharge of liability. *See Pescatore v. Palmera Pineda & FARC*, Case No. 1:18-mc-00545 (Engelmayer, J); *Caballero v. FARC*, No. 1:20-mc-00249 (Nathan, J.); and *Caballero v. FARC*, No. 1:20-cv-11061 (removed by Lopez Bello) (Nathan, J.). The *Pescatore* and *Caballero* plaintiffs have either sought to intervene in this action, have been joined or are expected to be joined as an interpleader respondent. The *Pescatores* and several garnishees have submitted notices in these actions suggesting that some or all are related.[2]

The parties in each turnover and interpleader will vary, but will include: (i) the various Plaintiff victims in the cases above; (ii) the blocked property owners alleged to be FARC agencies or instrumentalities; and (iii) garnishees (currently Citibank, N.A., Equiniti Trust

---

[1] These statements about the FARC and the merits of the underlying litigation are made only by Stansell. Intervenors Lopez Bello and Yakima do not admit or adopt the Stansell statements of the case or legal positions.

[2] Before Judge Carter's recusal, the *Pescatore* matter was transferred from Judge Oetken to Judge Carter as a related case pursuant to Rule 13(b)(3) of the SDNY Rules for the Division of Business Among District Judge. Upon Judge Carter's recusal, the Clerk assigned the *Pescatore* matter to Judge Engelmayer. On February 18, 2021, the *Pescatore* Plaintiffs filed a letter requesting transfer to Your Honor because of the related and lower case number in the *Stansell* case. *Pescatore v. Palmera Pineda*, Case No. 18-mc-00545, ECF 94. Garnishees Citibank and Sumitomo have filed a letter requesting that all the related cases be assigned to one Judge. ECF 185.

Company and Sumitomo Mitsui Banking Corporation). Each turnover motion concerns different factual and legal issues, but the common issues include: (1) whether turnover of the blocked assets complies with all requirements of §201(a) of TRIA and other authorities; (2) determining lien priority among the competing plaintiff judgment creditors; and (3) determining whether the garnishees are entitled to discharge in interpleader of all liability.

### *2. Brief statements as to the basis of subject matter jurisdiction and venue*

Plaintiffs submit that this Court has subject matter jurisdiction pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a) and §2338; 28 U.S.C. §1963; Fed. R. Civ. P. 69(a); §201 of TRIA (codified at 28 U.S.C. § 1610 note); *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 132 (2d Cir. 2016); *Stansell v. FARC*, 771 F.3d 713, 737 (11th Cir. 2014). Plaintiffs assert that venue is proper here because garnishees all have their principal place of business operations here in this district, and pursuant to 18 U.S.C. §2334(a). Intervenors, Samark Jose Lopez Bello and Yakima allege that there are issues of law and fact as to whether any funds held by Citibank, N.A. are attachable and executable under TRIA.

### *3. (i) Brief description of motions that have been made and decided*

Judge Carter has previously: (i) appointed a special process server [ECF 22]; (ii) determined Lopez Bello and Yakima Trading to each be an agency or instrumentality of the FARC "and their blocked assets are therefore subject to attachment and execution pursuant to TRIA" [ECF 19]; and (iii) tolled the time for filing turnover motions [ECF 67]. Judge Carter also entered orders making additional agency or instrumentality findings and granting additional TRIA writs of execution. [ECF 114, 130, 131]. Judge Carter also waived pre-motion conferences to file the new SDNY turnover motions. [ECF 120, 133].

### *3. (ii) Brief description of motions that any party seeks or intends to file*

Plaintiffs have a pending request to lift the stay and file a turnover motion to Citibank for the blocked assets of Lopez Bello and Yakima Trading. ECF 70. Citibank intends to further amend its Second Amended Answer and Counterclaim and Crossclaims in the Nature of Interpleader [ECF 93]. The garnishees also intend to seek interpleader relief in response to Plaintiffs' pending turnover motions against other property.

### *3. (iii) Brief description of pending motions*

At present, Plaintiffs have various pending motions that fall into two distinct categories:

A. a Florida garnishment writ and interpleader [Citibank, N.A.] that were transferred from the Southern District of Florida ("SDFL") on April 30, 2020 pursuant to 28 U.S.C. §1404(a); and

B. newly initiated proceedings that commenced December 10, 2020, where Judge Carter ordered issuance of writs of execution that have been levied, with six pending motions for entry of final turnover orders directed to three different garnishees.

### A. The Lopez Bello Writ and Citibank Interpleader Transferred Here from The Southern District of Florida

The transferred writ and interpleader relate to an OFAC-blocked securities custody account held by Citibank, N.A. in which Intervenors, Samark Jose Lopez Bello (a Venezuelan national) and Yakima Trading Corp. (Mr. Lopez's Panama corporation), who have been designated by OFAC, claim the ownership interest.

On January 23, 2019 Judge Carter issued a writ of execution for Mr. Lopez Bello and Yakima's blocked assets, which was served on Citibank. After intervening, Lopez Bello and Yakima moved to dismiss the writ on April 10, 2019. On March 10, 2020, Judge Carter entered an order denying Lopez Bello's motion to dismiss without prejudice; staying this case "pending a decision of the [SDFL] in the six turnover motions filed by Plaintiff." ECF 67. On April 30, 2020, the SDFL district court entered final turnover judgments on five of the six Lopez Bello blocked accounts. The sixth Citibank/Lopez Bello writ was transferred here under 28 U.S.C. §1404(a) pursuant to Lopez Bello's motion, which Citibank had joined.

Pursuant to Judge Carter's Order ECF 67, Plaintiffs and Lopez Bello filed a "JOINT STATUS REPORT ON IMPACT OF SDFL RULINGS." ECF 69 (Plaintiffs' position at pp. 2-9; Lopez Bello's position at pp. 10-20). Judge Carter held a status conference on July 9, 2020 and stayed discovery and directed Plaintiffs and Lopez Bello to brief four "Phase I" issues:

(1) whether collateral estoppel applies to prevent Lopez Bello and Yakima Trading from litigating certain matters already determined by the SDFL, in particular, whether Intervenors are each an "agency or instrumentality" of a terrorist party, *i.e.*, the FARC;
(2) if collateral estoppel does not apply, whether Plaintiffs' writs to Lopez Bello and Yakima Trading in any event were valid pursuant to governing law;
(3) whether Lopez Bello and Yakima Trading have been afforded Due Process; and
(4) whether the collectible amount of Plaintiffs' ATA Judgment is the full $318,030,000 compensatory amount stated on the face of the Judgment itself, as opposed to only one-third of that amount ($106,010,000).[3]

ECF 86. The Phase I questions have been fully briefed and are awaiting decision.[4]

On August 4, 2020, Citibank filed (ECF 93) a "Second Amended Answer to Writ of Garnishment, Counterclaims and Crossclaims Seeking Relief in the Nature of Interpleader" to join the Pescatores. The *Stansell* and *Pescatore* victims are not competing creditors or adverse claimants as they are parties to a Joint Prosecution and Sharing Agreement.

At the July 9, 2020 conference, Judge Carter deferred consideration of whether Citibank is the proper garnishee for a "Phase II," if still necessary after resolving the "Phase I" issues. The 'Phase II' issues have not yet been set for briefing schedule. This issue concerns whether

---

[3] Lopez Bello and Yakima now have multiple appeals pending before the Eleventh Circuit, including the treble damages issue. Consolidated Case No. 20-11736 (Appellants' Reply Brief filed 12/23/20). Lopez Bello; Case 20-13660 (Appellants' Reply Brief filed 2/24/21).

[4] The relevant ECF docket entries on these "Phase I" questions are filed at ECF 86, 87, 90, 96, 102, 105 and 106.

Citibank is the proper garnishee under U.C.C. § 8-112(c).  ECF 76, 78, 93.  Plaintiffs' contend that Citibank is the proper garnishee, and that the defense does not apply.  ECF 69 at 7-8, 77, 79. Lopez Bello and Yakima have asserted ownership of the Citibank blocked assets in 3 separate SDFL pleadings.  ECF 69 at 5, n. 3.[5]

### B. The New Southern District of New York Writs and Turnover Motions

Judge Carter granted new motions for issuance of writs for property belonging to several other Venezuelans entities deemed to be "agencies or instrumentalities".  Writs of execution were issued and served on several garnishees; and several motions for entry of turnover judgment under C.P.L.R. §5225 and 5227 are now pending: Sumitomo Mitsui Banking Corp. (ECF 121, 145, 147); Equiniti Trust Company (ECF 138); and Citibank, N.A. (ECF 141, 143).

Garnishees, who are only neutral stakeholders with no interest in the funds, intended to respond to the turnover motions by filing interpleaders to join all potential adverse claimants. The *Stansell* Plaintiffs had no objection to this approach, and agreed to extensions of time to file the interpleaders.  On January 19, 2021, Sumitomo filed a third-party interpleader complaint, but on January 27, 2021, Judge Carter issued an order that " SMBC may not seek relief in the nature of interpleader by filing a third-party complaint. Fed. R. Civ. P. 22(a)(2)."  ECF 160.  On February 2, 2021, several garnishees filed a letter requesting clarification of the court ordered procedure to file the interpleaders, the *Stansell/Pescatore* plaintiffs and *Caballero* did not oppose the garnishees' request for a conference, but disputed the garnishees' positions on the procedural issues. ECF 167, 168.  Plaintiffs' letter noted that the garnishees are *plaintiffs* in interpleader under FRCP 22(a)(1), not a *defendant* under Rule 22(a)(2), and therefore garnishees can file third party complaints in addition to crossclaims and counterclaims.  ECF 168 at 3.  The garnishee banks intend to file responses to the turnover motions that include interpleader relief, but seek clarification regarding how the Court would prefer such relief to be sought. Accordingly, the parties respectfully request a conference to determine the procedure for filing interpleaders and to enter an appropriate scheduling order for resolution of the turnover motions and interpleaders.

### *3. (ii) & (iv) Other Applications Expected from Future Parties*

Putative Intervenor Antonio Caballero has been granted leave to file a motion to intervene. ECF 129, 162.  Mr. Caballero is not currently a party in this action.  He has sought an extension of time to file his consolidated motion to intervene depending on whether he is joined as an interpleader defendant.  ECF 171.[6]  It is expected that Mr. Caballero will also assert the same issue in the Lopez Bello Phase I briefing:  whether Plaintiffs' treble damages are compensatory and fully recoverable under TRIA.[7]  The *Stansells* assert that they have obtained multiple court rulings that the full amount of their ATA judgment is compensatory.  Mr. Caballero also seeks to challenge the venue of Plaintiffs' execution as to Equiniti Trust Company, a New York trust company.   Garnishee Equiniti has yet to respond to Plaintiffs' motion for turnover.   The *Stansell/Pescatore* plaintiffs will challenge Caballero's judgment as void and unenforceable for

---

[5] Adverse Claimant-Crossclaim Respondent SIX SIS Ltd. "does not assert a claim to the property currently held in the blocked account" that is the subject of the transferred Florida writ and interpleader.  ECF. 99 at 9.

[6] Caballero agrees that when joined as an interpleader defendant, his motion to intervene will be moot.  ECF 171.

[7] The Eleventh Circuit recently dismissed Caballero's appeal for lack of jurisdiction.  *See* Case No. 20-13102-GG.

lack of personal jurisdiction over the FARC because Caballero and his father were alien nationals who were not targeted as Americans.

### 4. Discovery issues

On May 22, 2020, Lopez Bello requested a pre-motion conference for a Rule 16 scheduling conference and discovery alleging "… there are issues of disputed fact regarding whether the funds in the Citibank Account are available to Plaintiffs." ECF 71. Plaintiffs' contend that there are no disputed issues of fact concerning Intervenors' admitted ownership of the subject blocked account. ECF 72. All discovery was stayed at the July 9, 2020 conference

### 5. Computation of damages

The *Stansell* judgment (8 victims) was entered for $318,030,000 in compensatory damages, and the *Pescatore* judgment (9 victims) was entered for $69,000,000. Pursuant to their Joint Prosecution and Sharing Agreement, there remains outstanding on the combined *Stansell/Pescatore* judgments $266,185,455.63. On January 22, 2021, Antonio Caballero filed an amended writ stating that his original judgment of $140,189,001 had a present outstanding balance of $130,389,067. *Caballero v. FARC*, C.A.D.C. Case 20-cv-7062, ECF 41-2. Lopez Bello and Yakima will be requesting a complete accounting of the monies collected and to be collected in these proceedings and others. Lopez Bello and Yakima allege that the Stansell Plaintiffs have collected more than is permitted under TRIA.

### 6. A statement of procedural posture and upcoming deadlines

The Citibank/Lopez Bello matter is stayed pending decision on Phase I. Caballero recently served Citibank with a writ of execution relating to the same account and Citibank intends to amend its interpleader claims to join the *Caballero* plaintiff. Plaintiffs represent that the blocked account owners on the new SDNY writs were provided statutory notice of levy in compliance with CPLR 5232(c), and separate notice of the turnover motions in compliance with CPLR 5225/5227. The Local Rule deadlines for the account owners to respond to these turnover motions passed on or before February 2, 2021. Plaintiffs agreed to extend the garnishee response deadlines to February 12, 2021, but on February 5, 2021 Judge Carter extended <u>all</u> deadlines *sine die* pending resolution of the recusal briefings. ECF 173. On February 17, 2021, Judge Carter issued an order recusing himself from the case.

### 7. Status of settlement discussions

Plaintiffs, Lopez Bello and Yakima participated in the Eleventh Circuit Mediation Program. Absent an OFAC license, the parties are unable to engage in any meaningful settlement discussions. The *Stansell/Pescatores* and Caballero settled an interpleader previously in Florida, but settlement discussions are premature here pending the filing of interpleaders. There have been no settlement discussions with garnishees.

Respectfully,

/s/ Newt Porter and Tony Korvick, for Stansell Plaintiffs
/s/ Craig Cagney, for Citibank, N.A. (excluding Banco de Venezuela, S.A. interpleader)
/s/ Jeff Scott and Kerri Chewning, for Intervenors Samark Jose Lopez Bello and Yakima Trading Co.
/s/ Melissa Byroade, for transferred Citibank interpleader Crossclaim Respondent SIX SIS Ltd.
/s/ Sharon Schneier, for Citibank, N.A. (Banco de Venezuela, S.A. interpleader only)
/s/ Mark Hanchet, for Sumitomo Mitsui Banking Corp.
/s/ Joseph Boyle, for Equiniti Trust Company
/s/ Nathaniel Tarnor, for Pescatore Plaintiffs as interpleader third-party defendants