**ZUMPANO PATRICIOS**
**& POPOK**

417 Fifth Avenue | Suite 826
New York, New York 10016
Ph: (212) 381-9999
www.zplaw.com

February 26, 2021

<u>**Via ECF**</u>

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Stansell et al. vs. Revolutionary Armed Forces of Colombia ("FARC") et al.*
      Case No. 16-mc-405-LGS:    Joint status letter pursuant to Order ECF 184

Dear Judge Schofield:

        We represent Antonio Caballero, a party to this action.  We write this letter to notify your Honor of the wrongful ***exclusion*** of Caballero by counsel for Stansell from the submission of the joint status letter (ECF 187) filed yesterday.  As had been the case with prior joint submissions of the parties to Judge Carter, Stansell's counsel took the lead in the initial drafting.  As explained more fully below, after inviting Caballero and the other parties to comment on the draft, counsel for Stansell wrongfully ***excluded*** Caballero from the finalization and submission of the letter because he did not like our proposed edits.  We write this letter to notify your Honor of this misconduct and because another joint letter is due March 1, 2021.  Caballero, as one of the principal litigants in the related actions, should not be excluded from the process.

        While this case was assigned to Judge Carter, Caballero, without objection or challenge from anyone, filed at least eight documents with the Court (ECF 124, 125, 127, 134, 140, 156, 171, 178).  Indeed, based on several of Caballero's filings (ECF 134, 140, 156), Caballero was "GRANTED leave to intervene" to challenge certain writs sought by Stansell (ECF 162), and the Court set a briefing schedule on the motion.  Also based on Caballero's filings, Judge Carter terminated a turnover motion sought by Stansell because of Caballero's pending proceeding before the United States District Court for the District of Connecticut (ECF 162).  Put another way, Judge Carter granted Caballero the affirmative relief sought in his January 18, 2021 letter (ECF 140 at

February 26, 2021
Page 2

2) (requesting that all litigation before Judge Carter over the accounts located in Connecticut be terminated).[1]

Yesterday, counsel for Stansell attempted to justify his exclusion of Caballero by claiming that Caballero is not a "party" to this action.  Not only does such excuse run afoul of the fact that Judge Carter treated Caballero as a party, but also the "excuse" is completely contradicted by the prior conduct counsel for Stansell.  In response to Judge Carter's request that the "*parties*" file joint status reports [D.E. 173, 181], Caballero participated in, and signed, *two joint status reports* [D.E. 177, 183].  Counsel for Stansell drafted each of the aforementioned joint status reports, circulated his drafts, received comments from the parties (including Caballero), and then finalized and filed the two reports.  This time, counsel for Stansell refused to do so because he did not like what Caballero had to say.  Our court system cannot operate this way.

The email chains attached hereto establish the misconduct.  On February 21, 2021, counsel for Stansell circulated his first draft of the joint letter.  *See* Exhibit 1 hereto at p. 3 (filed with this Court without the attached drafts).  He sent the draft to all counsel, including counsel for Caballero (jzumpano@zplaw.com,  lpatricios@zplaw.com, and  nrostow@zplaw.com).  On February 24, 2021, at 8:49 a.m., counsel for Stansell sent a second email to all counsel (including counsel for Caballero) requesting an update on edits and requesting "everyone's feedback . . . ."  *Id.* at 2.  Counsel for Caballero immediately responded: "We will send out changes this am."  *Id.* at 2.  In full acknowledgement of Caballero's participation, counsel for Stansell wrote back at 9:50 am., "Thanks, we will wait for Leon [counsel for Caballero] and Jeff's [counsel for Bello] proposed edits then try to squeeze in our formatting changes and then recirculate that draft later today/tonight."  *Id*. at p. 1.

As promised, counsel for Caballero circulated comments at 10:12 am, writing:  "Tony, We do appreciate you taking the laboring oar on the first draft.  The draft, in my view, did not set forth (as a joint letter should) the issues in neutral fashion, but really told the story from your client's perspective."  *Id.* at p. 1 (filed with this Court without the attached drafts and redlines).   Later in the afternoon, obviously upset with Caballero's revisions, counsel for Stansell unilaterally declared that Caballero was not a party and unilaterally decided that his description of Caballero's positions in his revised version of the letter would suffice. *See* Exhibit 2 hereto (filed with this Court without the attached draft). Caballero did not receive any further drafts.

We respectfully submit that providing the Court with jointly and neutrally drafted joint letters are more informative for the Court at this stage of the litigation.  After some back and forth between counsel for Caballero and Stansell, counsel for the garnishee banks weighed in, agreeing with Caballero and commenting:

---

[1] Additionally, Garnishee Sumitomo Mitsui Banking Corp. included Caballero as a party in its Third-Party Complaint filed in this action (ECF 149).  Although Judge Carter struck such filing as procedurally improper, he invited the Garnishee to refile the interpleader (ECF 160).

February 26, 2021
Page 3

> ***We generally shared Caballero's view that the letter should be more neutral.*** The garnishee banks do not believe it is appropriate for them to join some of the characterizations or arguments in the original draft in light of the active disputes. The parties are obviously free to make those arguments and points by separate letter, if they believe the court should consider them in connection with the status conference. ***We also preferred Caballero's proposed statement of the case, because we think it provided a clearer guide on the relevant parties and issues, and will put Judge Schofield in a better position to digest and start managing the various work streams she is inheriting.***

*See* Exhibit 3 at 1 hereto (emphasis added).

After Caballero's counsel was excluded from the process for the remainder of the day (and not copied on any subsequent emails circulating drafts), the "joint" letter was filed with certain claims by Stansell, including a previously raised argument tinged with racism (see page 5, arguing that Caballero's citizenship at the time of terrorist acts, as opposed to his citizenship when he filed his ATA action, is problematic) that was rejected by Chief Judge Moore of the United States District Court for the Southern District of Florida. *See, e.g., Caballero v. FARC*, No. 18-cv-25337-KMM (S.D. Fla.) (ECF 8-1, pp. 1-4; ECF 43; ECF 62). Judge Carter was previously alerted of this racist assertion in correspondence filed on February 10, 2021 (ECF No. 127 at p. 3).

In truth, Stansell is attempting to "shut up" Caballero, who has pointed out that Stansell's judgment is not a $318,030,000 judgment for compensatory damages collectible from blocked assets under TRIA because the District Court Judge hearing the case clearly awarded $106,010,000 in compensatory damages and Stansell's counsel then submitted a draft judgment to the Clerk of the Court that opportunistically inserted the word "compensatory" before each of the figures. *Compare* ECF No. 232 at 9, *with* ECF No. 233, Case No. 09-CV-2308 (M.D. Fla.). The "compensatory damages limitation" under TRIA has not been decided in this Circuit or by any appellate court.

Respectfully Submitted,

/s/ Joseph I. Zumpano          /s/ Nicholas Rostow          /s/ Leon N. Patricios
Joseph I. Zumpano             Nicholas Rostow              Leon N. Patricios

3
