**P&K**

**PORTER & KORVICK**
T R I A L   L A W Y E R S

March 2, 2021

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Stansell et al. vs. FARC et al.* Case No. 16-mc-405-LGS:
**Plaintiffs' letter response to Caballero letter Doc. No. 188**

Dear Judge Schofield:

Plaintiffs respectfully respond to Mr. Caballero's February 26, 2021 letter to the Court to correct the Record. Mr. Caballero's letter is deeply inaccurate—a misleading (and unfortunate) attempt to poison-the-well against fellow victims of FARC acts of terrorism, so as to enrich himself at their expense.

Before we explain why Mr. Caballero's February 26th Letter is baseless, we wish to emphasize that that we do not view the Caballero family as our adversaries. As fellow victims of FARC terrorism, we view any family that has suffered from FARC violence essentially as our brothers and sisters in grief. "We are not enemies, but friends." A. Lincoln, First Inaugural Address, Mar. 4, 1861. With that in mind, the *Stansell* Plaintiffs and the *Pescatore* Plaintiffs were able to reach a Joint Prosecution and Sharing Agreement, enabling the families to work collaboratively for Justice, and not at cross-currents. We wish that similar efforts with the Caballero family had borne fruit.

So that the Record is clear: *First*, Plaintiffs did not engage in any sort of "misconduct" by excluding Caballero from the parties' February 25th Joint Letter. Your Honor directed "the parties" to submit the Joint Letter, and Caballero is not yet a party. We simply followed the letter of Your Honor's ruling, and we candidly alerted Mr. Caballero in advance that we would be doing so. *Second*, so there could be no accusation that we were hiding the ball from anyone, the parties' February 25th Joint Letter explicitly mentioned Mr. Caballero's existence and candidly included all of the positions that Mr. Caballero had requested concerning his future interpleader arguments. *See* Dkt. No. 187 at 4. *Third*, Mr. Caballero's letter is a thinly veiled attempt to collaterally attack the Stansell Plaintiffs' judgment. He asserts a position about the value of the *Stansell* Plaintiffs judgment that has been squarely rejected by every court that has confronted it—indeed, three federal District Judges—and then Mr. Caballero misleadingly elides this reality by stating that the issue "has not been decided in this Circuit or by any appellate court." Dkt. 188 at 3 (the third page having exceeded the Court's two-page limit). He conveniently omits any mention of the three District Court rulings. Here is the reality:

1. Antonio Caballero is not currently a party in this action. He will likely become a party in one or more of the garnishees' interpleaders, but those interpleaders are not yet pending. If and when a garnishee files an interpleader *in the Stansell action*, then Mr. Caballero will properly be considered a party *in the Stansell action*. Dkt. No. 187. Mr. Caballero has not yet even *filed* his

motion to intervene, but instead moved for an extension of time *to file* his motion. Judge Carter's January 28, 2021 Order expressly stated that Caballero "could not seek to intervene to challenge [Plaintiffs' Sumitomo writs]" and that "Mr. Caballero shall file a consolidated motion to intervene by no later than February 4, 2021." Doc. No. 162.

2. The parties' February 25th Joint Letter specifically alerted the Court to Mr. Caballero's existence and to the arguments he would likely be presenting were he eventually to be granted Intervenor status: "Putative Intervenor Antonio Caballero has been granted leave to file a motion to intervene" and that "[i]t is expected that Mr. Caballero will also assert the same issue in the Lopez Bello Phase I briefing: whether Plaintiffs' treble damages are compensatory and fully recoverable under TRIA." Dkt. 187 at 4. The Joint Letter further advised that "Mr. Caballero also seeks to challenge the venue of Plaintiffs' execution as to Equiniti Trust Company, a New York trust company." *Id.* Thus, the accusation in Mr. Caballero's February 26th Letter that "[i]n truth, Stansell is attempting to 'shut up' Caballero" (Dkt. 188 at 3) is just empty rhetoric.

3. Three different federal Judges—Honorable Richard A. Lazzara of the Middle District of Florida [Dkt. No. 5]; Honorable Robert N. Scola, Jr. of the Southern District of Florida [Dkt. No. 91, SDFL 460]; and Honorable Charlene Edwards Honeywell of the Middle District of Florida [Dkt. No. 106-1]—have each reached the same conclusion: that Stansell Plaintiffs' entire $318 million judgment is for compensatory damages. No court has ever ruled to the contrary. Mr. Caballero's February 26th Letter states that no *appellate* has so ruled—but that is because Mr. Caballero's own appeal—in which he appealed from Judge Scola's ruling against him—was dismissed for lack of jurisdiction by the Eleventh Circuit just two weeks ago. *Stansell v. Caballero*, 11th Cir. No. 20-13102 (Feb. 19, 2021).

4. Mr. Caballero's Letter states (Dkt. 187 at 3) that Plaintiffs' mention that Mr. Caballero and his deceased father were alien nationals at the time of the father's murder is a "racist assertion." Mr. Caballero's attempt to "play the race card" is baseless—and frankly sad. We mentioned Mr. Caballero's nationality as a Colombian when he was killed merely to point out that Mr. Caballero was not targeted *as an American*, which is what the law requires for the proper exercise of specific personal jurisdiction. *E.g., Waldman v. Palestinian Liberation Org.*, 835 F.3d 317, 338 (2d Cir. 2016) (voiding ATA judgment awarded to U.S. nationals noting the "random, fortuitous" nature of the attacks, and held that acts "not expressly aimed at the United States" or "specifically targeted against United States citizens."). Finally, as the son of American immigrants from Cuba (Mr. Korvick), and someone who was raised in his childhood in Colombia (Mr. Porter), we find the accusation of "racism" personally offensive. That we even feel we have to make such a defense of ourselves is most unfortunate.

Respectfully,

/s/ Newt Porter and Tony Korvick,  Counsel for Stansell Plaintiffs