March 23, 2021

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Stansell v. FARC,* Case No. 16-mc-405-LGS
     *Pescatore v. Palmera Pineda*, Case No. 18-mc-0545-LGS (Related Case)
     **Joint letter pursuant to *Stansell* Order Dkt. No. 194 and**
     ***Pescatore* Order Dkt. No. 100**

Dear Judge Schofield:

    Pursuant to Your Honor's Orders, *Stansell/Pescatore* Dkt. Nos. 194/100, the parties submit the following:[1] This correspondence is divided into two separate sections. Section I will address the pending motions for turnover on targets that have not entered an appearance to date. Section II(A) will address an additional turnover motion and proceedings related to Citibank, N.A. for a target <u>other than</u> Samark Jose Lopez Bello and Yakima Trading Company (collectively "Lopez Bello"). Section II(B) will address those issues related to Lopez Bello.

I. *Deadlines for Garnishee responses/interpleaders to pending Motions for Turnover*

    The parties propose the following deadlines for the Garnishees to respond to the six (6) Motions for Turnover identified in the *Stansell/Pescatore* Orders Dkt. Nos. 194/100 through the filing of Third-Party Complaints seeking interpleader relief:

| Garnishee/Turnover Motions: | Turnover Target(s): | Deadline to File Interpleader |
|---|---|---|
| **Sumitomo Mitsui Banking Corp**. | | **April 15, 2021** |
| *Stansell/Pescatore* Dkt. Nos. 121/48 | Petrocedeno, S.A. | |
| *Stansell/Pescatore* Dkt. Nos. 145/72 | Petrowarao, S.A. | |
| *Stansell/Pescatore* Dkt. Nos. 147/74 | Venezuela Heavy Industries C.A. | |

*Mr. Caballero has also attached the above referenced blocked assets. *See Caballero v. FARC, et al.*, No. 20-mc-00249-AJN (S.D.N.Y.).

| **Equiniti Trust Company** | | **April 15, 2021** |
|---|---|---|
| *Stansell/Pescatore* Dkt. Nos. 138/64 | (1) Banco Bandes Uruguay SA, (2) Banco Bicentenario | |

---

[1] Per the Court's directive in *Stansell*, the parties have conferred with, and obtained input from, Mr. Antonio Caballero, who is expected to be joined in all of the interpleaders being filed in this action.

1

                Banco Universal CA,
              (3) Banco De Venezuela SA
                Banco Universal

\*Mr. Caballero has also attached the above referenced blocked assets. *See Caballero v. FARC, et al.*, 20-mc-00045-PJS-DTS (D. MN.).

| Garnishee/Turnover Motions: | Turnover Target(s): | Deadline to File Interpleader |
|---|---|---|
| **Citibank, N.A.** | | **April 15, 2021** |
| *Stansell/Pescatore* Dkt. Nos. 141/68 | (1) Aceites y Solventes Venezolanos SA,<br>(2) Venfleet Asphalt LTD,<br>(3) Petro San Feliz SA aka Petrolera Zuata SA) | |
| *Stansell/Pescatore* Dkt. Nos. 143/70 | Banco De Venezuela, aka Banco De Venezuela SA Banco Universal | **April 15, 2021** |

\*Mr. Caballero has attached all of the above referenced blocked assets, with the exception of those assets relating to Banco De Venezuela, aka Banco De Venezuela SA, aka Banco Universal. *See Caballero v. FARC, et al.*, No. 20-mc-00249-AJN (S.D.N.Y.).

   The *Stansell/Pescatore* Plaintiffs, and Mr. Caballero all agree to file their respective responses to each interpleader within 20 days after each interpleader is filed. Response deadlines for all other interpleader respondents shall be fixed according to the Federal Rules of Civil Procedure.

   The parties further agree that all parties who have appeared in these proceedings through counsel with respect to any turnover motion shall accept service of the interpleader complaints via service upon their counsel. The parties further agree that, to the extent that the *Stansell/Pescatore* Plaintiffs and/or Mr. Caballero have commenced any other actions involving the same Turnover Targets and Garnishees, those actions are stayed pending the resolution of the Garnishees' contemplated Interpleaders.

II. *Anticipated future motions for entry of final turnover orders and attendant interpleader briefing schedule*

   A. Citibank, N.A. - (Related Only to Venezuela Min. of Finance)

   The *Stansell/Pescatore* Plaintiffs intend to file a motion for final turnover Order directed to Garnishee Citibank, N.A. ("Citibank") for the blocked assets of the Venezuelan Ministry of Finance pursuant to this Court's Orders. *Stansell/Pescatore* Dkt. Nos. 176/91. The parties propose the following briefing schedule for this motion and interpleader:

2

| | |
|---|---|
| Plaintiffs file turnover motion | April 9, 2021 |
| Citibank, N.A. files response/interpleader | April 23, 2021 |
| *Stansell/Pescatore* and *Caballero* Responses to interpleader | May 13, 2021 |

*Mr. Caballero has also attached the above referenced blocked assets. *See Caballero v. FARC, et al.*, No. 20-mc-00249-AJN (S.D.N.Y.).

Response deadlines for all other interpleader respondents shall be fixed according to the Federal Rules of Civil Procedure.

> B. <u>Citibank, N.A. – *Stansell* writ and interpleader transferred here from the Southern District of Florida & *Pescatore* New York writ (regarding Samark Jose Lopez Bello and Yakima Trading Corp.)</u>

On May 14, 2020, the Southern District of Florida transferred a *Stansell* writ regarding blocked assets held at Citibank for securities intermediary SIX SIS Ltd. ("SIX SIS") and for the ultimate benefit of Samark Jose Lopez Bello and Yakima Trading Corp. (collectively, Lopez Bello). At a July 9, 2020 status conference, Judge Carter directed the *Stansell* parties to brief several "Phase I" issues related to the Florida writ. The completed "Phase I"[2] briefing does not address all the issues that relate to the *Stansell* writ and a related *Pescatore* writ that covers the same blocked assets that was issued by this Court. *See Pescatore* Dkt. No. 7 (Order regarding writ of execution against the El Aissami & Lopez Bello Network).

Specifically, the "Phase I" briefing did not address an issue raised by both Citibank, and Lopez Bello, asserting that Citibank is not the "proper garnishee" under U.C.C. §8- 112(c). On June 9, 2020 Judge Carter set a telephone status conference for July 9, 2020 to discuss how the parties would proceed in this case. On June 10, 2020, the *Stansell* Plaintiffs propounded limited Rule 69 discovery in aid of execution to Lopez Bello, Citibank, and SIX SIS seeking to identify the exact entity where Lopez Bello opened the subject account(s).[3]

On July 6, 2020, the *Stansell* Plaintiffs filed a letter requesting a pre-motion conference to move to compel discovery from Lopez Bello. *Stansell* Dkt. No. 83. On July 9, 2020, Lopez Bello responded to Stansell's letter objecting to the discovery and the request for a motion. The time for all parties to respond to the propounded discovery had not yet expired when Judge Carter stayed discovery at the July 9, 2020 status conference. All of this limited discovery remains subject to an *ore tenus* stay issued by Judge Carter during the July 9, 2020 conference, wherein he directed the "Phase I" briefing schedule. The Plaintiffs respectfully submit that lifting Judge Carter's stay and completing this discovery – i.e., first requiring Lopez Bello to identify the entity where he opened his account – will serve the interests of judicial economy because it could moot the UCC issue. Citibank disagrees that any further discovery is necessary to resolve whether it is the proper garnishee under U.C.C. § 8-112(c).

---

[2] The "Phase I" briefing was detailed in the parties' joint status letter. *Stansell*, Dkt. No. 187 at 3 n.4.
[3] The *Pescatore* Plaintiffs propounded identical discovery addressed to Lopez Bello after Judge Carter had ordered a stay of discovery in the *Stansell* matter, but before their case was transferred from Judge Oetken to Judge Carter. *Pescatore* Dkt. No. 29.

3

SIX SIS submits that the discovery served upon SIX SIS should remain stayed, and reserves all rights in connection with such discovery.

Lopez Bello similarly agrees that discovery is premature pending the outcome on "Phase I" submissions and that any discussion regarding discovery should be held in abeyance. Lopez Bello further maintains that a motion to compel is premature in that the responses to discovery were not yet due before Judge Carter issued the order staying those responses on July 9, 2020.

The *Stansell* Plaintiffs and Citibank have articulated their respective positions regarding the UCC issue. *See* May 14, 2020 Joint Status Report *Stansell* Dkt. No. 69 at 6-9; and subsequent letters and responses filed by Citibank and *Stansell* Plaintiffs *Stansell* Dkt. Nos. 76-79. (These same issues were also raised in the *Pescatore* Plaintiffs' turnover motion, which Lopez Bello and Citibank have not yet been required to address by virtue of the stay. *Pescatore* Dkt. No. 25 at 15-16). The parties agree that the UCC §8-112(c) issue—identified by Judge Carter as a "Phase II" issue—should be briefed separately. Lopez Bello proposes that the "Phase II" briefing proceed after this Court has determined the Phase I issues. Plaintiffs propose that the "Phase II" briefing proceed as set forth below.[4]

Accordingly, the Plaintiffs propose the following schedule with respect to the Lopez Bello writs:

| Event | Deadline |
|---|---|
| Parties meet and confer to attempt to resolve "proper garnishee" discovery disputes | April 5, 2021 |
| Plaintiffs' motion(s) to compel "proper garnishee" discovery from Lopez Bello | April 9, 2021 |
| Responses to motions to compel discovery | April 23, 2021 |
| Plaintiffs' Motion for Final Turnover Order | May 7, 2021 |
| Third Amended Answer with Interpleader claims[5] | May 21, 2021 |
| Responses to interpleader[6] | June 10, 2021 |

---

[4] Since the transfer from the Southern District of Florida occurred, the Eleventh Circuit rejected Lopez Bello's/Yakima Trading's first appeal. *Stansell v. Lopez Bello*, 802 F. App'x 445 (11th Cir. Jan. 21, 2020)). Lopez Bello and Yakima Trading have an additional pending consolidated Eleventh Circuit appeal (Nos. 20-11736, 20-12467, 20-12545, 20-13660) (consolidated), which is scheduled for Oral Argument the week of June 28, 2021.

[5] The *Stansell/Pescatore* plaintiffs, Lopez Bello, and SIX SIS consent to Citibank's filing of a third amended answer, which will name Antonio Caballero as an additional interpleader respondent, superseding Citibank's second amended answer [*Stansell* Dkt No. 93].

[6] Response deadlines for any new interpleader respondents shall be fixed according to the Federal Rules of Civil Procedure.

| | |
|---|---|
| Responses to turnover motions including Memo regarding U.C.C. §8-112(c) issue[7] | July 14, 2021 |
| Response Memo on U.C.C. §8-112(c) issue | July 28, 2021 |
| Reply Memo on U.C.C. §8-112(c) issue | August 11, 2021 |

Lopez Bello objects to the issuance of a briefing schedule for turnover motions as to Citibank, N.A. at this time. A turnover motion addressed to Citibank will require the parties to brief the issues that were originally reserved by Judge Carter for Phase II briefing. Given that the question of collateral estoppel has not yet been resolved, and the question of Lopez Bello's status as a purported agent or instrumentality has not been determined by this Court, briefing the issues of whether the assets in the Citibank account are attachable is premature. Lopez Bello further suggests that if collateral estoppel does not apply, Lopez Bello would be entitled to discovery, , on the issue of Plaintiffs' proofs on the question of agency or instrumentality. Further, the 11th Circuit recently granted oral argument on Lopez Bello's pending appeals for the week of June 28, 2020. Lopez Bello submits that any decision on the question of agency or instrumentality should be held in abeyance pending the 11th Circuit's decision.

Plaintiffs do not agree that this Court need await a decision from the 11th Circuit to allow discovery on where Lopez Bello opened the subject account, or to set a briefing schedule on the "Phase II" issues, or the filing of Plaintiffs' turnover motion and Citibank's Third Amended Interpleader.

Lopez Bello takes no position on the proceedings as to other garnishees and/or turnover targets in Sections I or II(A).

*Mr. Caballero has also attached the above referenced blocked assets. *See Caballero v. FARC, et al.*, No. 20-mc-00249-AJN (S.D.N.Y.).

### III. Mr. Caballero's position regarding pending and future motions for turnover filed by the Stansell and Pescatore Judgment Creditors

With one exception, the blocked assets referenced above have all been attached by Caballero, Stansell, and Pescatore. With respect to the blocked assets held by Equiniti, Caballero attached such blocked assets in Minnesota. Conversely, Stansell and Pescatore have attached such blocked assets in the Southern District of New York. It is Caballero's position that the blocked assets are held by Equiniti in Minnesota and that any interpleader relating to such blocked assets must be filed in Minnesota.

With respect to all of the Stansell and Pescatore judgment creditors' pending and future motions for turnover of blocked assets, Caballero will argue that such motions are improper as this Court has not yet considered the compensatory damages issue. A preliminary issue before this

---

[7] The parties shall meet and confer on how to avoid duplicative briefing.

Court is whether TRIA's reference to collecting "compensatory damages" from blocked assets permits ATA judgment holders to collect from such blocked assets the full amount of their trebled damages. Mr. Caballero has argued, and will continue to argue before this Court, that the Stansell/Pescatore judgment creditors will have violated TRIA by collecting more than their "compensatory damages" from blocked assets.

The Stansell and Pescatore plaintiffs disagree with Mr. Caballero on the foregoing. The treble damages issue has been briefed in the Phase I issues with Lopez Bello, and is currently on appeal before the 11th Circuit. *See* Appellants' Initial Brief, 11th USCA No. 20-11736 (consolidated) at 8, 16, 26-27.

Respectfully,

/s/ Newt Porter and Tony Korvick, for Stansell Plaintiffs
/s/ Nathaniel Tarnor, for Pescatore Plaintiffs
/s/ Craig Cagney, for Citibank, N.A. (excluding Banco de Venezuela, S.A. interpleader)
/s/ Sharon Schneier, for Citibank, N.A. (Banco de Venezuela, S.A. interpleader only)
/s/ Mark Hanchet, for Sumitomo Mitsui Banking Corp.
/s/ Joseph Boyle, for Equiniti Trust Company
/s/ Jeff Scott and Kerri Chewning for Intervenors Lopez Bello and Yakima Trading
/s/ Melissa Byroade for SIX SIS Ltd., interpleader crossclaim respondent