UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KEITH STANSELL, et al.,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiffs,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　No. 1:16-mc-00405-LGS
　　　v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
REVOLUTIONARY ARMED FORCES OF　　　　　:
COLOMBIA (FARC), et al.,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
EQUINITI TRUST COMPANY,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Turnover Garnishee.　　　　　　　　　　　:
-----------------------------------------------------------X
EQUINITI TRUST COMPANY,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Third-Party Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　**THIRD-PARTY COMPLAINT SEEKING**
　　　v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　**RELIEF IN THE NATURE OF**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　**INTERPLEADER**
KEITH STANSELL, MARC GONSALVES,　　　　　　:
THOMAS HOWES, JUDITH G. JANIS,　　　　　　　　:
CHRISTOPHER T. JANIS (individually and as　　:
personal representative and sole heir of the estate　:
of GREER C. JANIS), MICHAEL I. JANIS,　　　　　:
JOHNATHAN N. JANIS, OLIVIA　　　　　　　　　　　:
PESCATORE, JOSH PESCATORE, JADA　　　　　　:
PESCATORE, JARROD PESCATORE,　　　　　　　　　:
JORDAN PESCATORE, CAROL PESCATORE　　　:
HARPSTER (individually and as the　　　　　　　　　　:
representative of the estate of FRANK　　　　　　　　:
PESCATORE SR.), RICHARD PESCATORE,　　　　:
JOHN PESCATORE, CAROLYN PESCATORE,　:
ANTONIO CABALLERO, BANCO BANDES　　　:
URUGUAY SA, BANCO BICENTENARIO　　　　　:
BANCO UNIVERSAL CA, and BANCO DE　　　　　:
VENEZUELA SA BANCO UNIVERSAL,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Third-Party Defendants.　　　　　　　　:
-----------------------------------------------------------X

Turnover garnishee and third-party plaintiff Equiniti Trust Company ("Equiniti"), a neutral stakeholder in this matter, hereby responds to Keith Stansell, Marc Gonsalves, Thomas Howes, Judith G. Janis, Christopher T. Janis (individually and as personal representative and sole heir of the estate of Greer C. Janis), Michael I. Janis, and Jonathan N. Janis' (collectively, the "Plaintiffs" or "Stansell Judgment Creditors") January 15, 2021 motion for Terrorism Risk Insurance Act ("TRIA") turnover (Dkt. 138) and brings this third-party complaint seeking relief in the nature of interpleader pursuant to the Court's March 16, 2021 Order (Dkt. 194).

## NATURE OF THE ACTION

1. Equiniti is a limited trust company that holds assets, with a locus in this district, from accounts in the names of Banco Bandes Uruguay SA, Banco Bicentenario Banco Universal CA, and Banco De Venezuela SA Banco Universal (collectively, the "Turnover Targets") that have been blocked pursuant to regulations of the Office of Foreign Assets Control ("OFAC"), an agency of the United States Department of the Treasury (the "Contested Assets"). The Contested Assets are subject to competing claims asserted by several different judgment creditors.

2. Upon information and belief, at least three sets of persons, including Plaintiffs, have obtained judgments in various jurisdictions against the Revolutionary Armed Forces of Colombia ("FARC"). These judgment creditors assert that the Turnover Targets are agents or instrumentalities of the FARC. Each of these judgment creditors seeks to satisfy their judgments against the FARC in whole or in part from the Contested Assets.

3. Pursuant to sections 5239 and 1006 of the New York Civil Practice Law and Rules ("CPLR"), Federal Rules of Civil Procedure 14 and 22, New York Banking Law § 134, and 28 U.S.C. §§ 1355 and 2361, Equiniti seeks a determination from the Court as to the rights,

if any, the Plaintiffs and other interested parties have with respect to the Contested Assets.

## THE PARTIES

4.     Equiniti is a limited trust company incorporated in New York, organized under the New York Banking Laws, regulated by the New York Department of Financial Institutions, and headquartered in this district.

5.     The Stansell Judgment Creditors commenced this action to enforce a judgment they obtained against the FARC, which they assert is in the amount of $318,030,000. (*See* Dkt. 5.) Upon information and belief, the Stansell Judgment Creditors obtained that judgment in an action titled *Stansell v. Revolutionary Armed Forces of Colombia (FARC), et al.*, No. 8:09-cv-2308-T-26-MAP (M.D. Fla.) (the "Stansell Florida Action"). According to the complaint in the Stansell Florida Action, the Stansell Judgment Creditors are citizens of the states of Florida, Connecticut, Alabama, New York, and the Commonwealth of Virginia.

6.     Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster (individually and as the representative of the estate of Frank Pescatore Sr.), Richard Pescatore, John Pescatore, and Carolyn Pescatore (collectively, the "Pescatore Judgment Creditors") have commenced another judgment enforcement action currently pending before this Court, captioned *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.) (the "Pescatore Action"). The Pescatore Judgment Creditors assert that they have obtained a judgment against the FARC in an action titled *Pescatore et al. v. Pineda, et al.*, No. 08-cv-02245 (D.D.C.) (the "Pescatore District of Columbia Action") in the amount of $69,000,000. *See* Pescatore Action, Dkt. 1. According to the complaint in the Pescatore District of Columbia Action, the Pescatore Judgment Creditors are citizens of the states of Alabama and New Jersey.

7. Antonio Caballero (the "Caballero Judgment Creditor," and collectively with the Stansell and Pescatore Judgment Creditors, the "Judgment Creditors") has sought to intervene in this action and the Pescatore Action as a competing creditor with a claim to the Contested Assets. (Dkt. 134; *see also* Pescatore Action, Dkt. 61.) The Caballero Judgment Creditor asserts that he has obtained a judgment against the FARC in an action titled *Antonio Caballero v. Revolutionary Armed Forces of Colombia*, No. 18-cv-25337 (S.D. Fla.) (the "Caballero Florida Action") "in the amount of $46,729,667.00—which was trebled pursuant to Section 18 U.S.C. § 2333—and which included post-judgment interest at the rate of 0.15% from [the date of the judgment]." (Dkt. 124.) On information and belief, Antonio Caballero is a citizen of Florida.

8. Banco Bandes Uruguay SA, which owns the accounts ending 2102 and 4702 from which the Contested Assets were Blocked, is a bank based in Uruguay that was designated by OFAC on March 22, 2019.

9. Banco Bicentenario Banco Universal CA, which owns the account ending 8790 from which the Contested Assets were Blocked, is a bank based in Venezuela that was designated by OFAC on March 22, 2019.

10. Banco De Venezuela SA Banco Universal, which owns the account ending 8954 from which the Contested Assets were Blocked, is a bank based in Venezuela that was designated by OFAC on March 22, 2019.

## JURISDICTION AND VENUE

11. Upon information and belief, this Court has subject matter jurisdiction over this proceeding pursuant to: (i) 28 U.S.C. § 1331, because it arises under the laws and treaties of the United States, and in particular, the TRIA; (ii) 28 U.S.C. § 1367(a), because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings, which is within

3

the original jurisdiction of this Court, that they form part of the same case or controversy; and (iii) 28 U.S.C. § 1335, because Equiniti has in its custody or possession money or property of the value of $500 or more and two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money or property.

12. Upon information and belief, venue is proper pursuant to: (i) 28 U.S.C. § 1391(b)(2), because the first above-captioned proceeding seeks to enforce a judgment that has been filed in this district and the property that is the subject of this proceeding is located in this district; (ii) CPLR § 5221(a)(4), because the judgment that the Plaintiffs seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and district; and (iii) 28 U.S.C. § 1397, because this is a judicial district in which one or more of the claimants reside.

## FACTUAL BACKGROUND

### A. Stansell Judgment

13. Upon information and belief, in the Stansell Florida Action, the Stansell Judgment Creditors sued the FARC for violating the Anti-Terrorism Act ("ATA"). Upon information and belief, on June 15, 2010, the Stansell Judgment Creditors obtained a $318,030,000 judgment against the FARC. (Dkts. 5, 12.)

14. On November 10, 2016, the Stansell Judgment Creditors registered the Florida judgment that they obtained against the FARC in this Court. (*Id.*)

### B. Pescatore Judgment

15. Upon information and belief, in the Pescatore District of Columbia Action, the Pescatore Judgment Creditors sued the FARC for violating the ATA. Upon information and belief, in 2010, the Pescatore Judgment Creditors obtained a $69,000,000 judgment against the FARC. *See* Pescatore Action, Dkt. 2.

16. On November 27, 2018, the Pescatore Judgment Creditors registered the District of Columbia judgment that they obtained against the FARC in this Court. (*Id.*)

**C. Caballero Judgment**

17. Upon information and belief, in the Caballero Florida Action, the Caballero Judgment Creditor sued the FARC for violating the ATA. Upon information and belief, in 2020, the Caballero Judgment Creditor obtained a judgment against the FARC "in the amount of $46,729,667.00 – which was trebled pursuant to Section 18 U.S.C. § 2333 – and which included post-judgment interest at the rate of 0.15% from [the date of the judgment]." (Dkt. 124.)

18. On June 4, 2020, the Caballero Judgment Creditor registered the Florida judgment that he obtained against the FARC in the District of Minnesota. *See Cabellero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-mc-45 (D. Minn.) (the "Caballero Minnesota Action"), Dkt. 1.

**D. The Contested Assets**

19. On March 22, 2019, OFAC sanctioned the Turnover Targets pursuant to Executive Order 13850 as institutions owned or controlled by Banco de Desarrollo Economico y Social de Venezuela, which was deemed a Venezuelan state-owned and controlled bank. As a result, the Contested Assets—shares of stock and withheld dividends—are being held in an OFAC-blocked account.

**E. Judgment Creditors' Efforts to Enforce Their Judgments**

20. Upon information and belief, on or about March 7, 2019, the Stansell and Pescatore Judgment Creditors entered into a Confidential Joint Prosecution and Sharing Agreement in which they agreed to cooperate with respect to their post-judgment executions. *See* Stansell Florida Action, Dkt. 65 at 3.

21. On January 7, 2021, this Court found that "[b]ased upon the U.S. Treasury Department's [OFAC] factual findings and Plaintiffs' supporting expert witness testimony and appendices, the court finds that entities identified in plaintiffs' Motion DE 119 p. 3 [including the Turnover Targets] are each an agency or instrumentality of the FARC, and their blocked assets are therefore subject to attachment and execution pursuant to TRIA." (Dkt. 130); *see also* Pescatore Action, Dkt. 58.

22. This Court, in this action and the Pescatore Action, issued writs of execution upon Equiniti. (Dkt. 130); Pescatore Action, Dkt. 58.

23. On January 15, 2021 the Stansell and Pescatore Judgment Creditors filed motions for TRIA turnover and served their motions on Equiniti. (Dkt. 138); Pescatore Action, Dkt. 64.

24. On January 25, 2021, in the Caballero Minnesota Action, the court found the Turnover Targets are agents and instrumentalities of the FARC and that their blocked assets are executable pursuant to TRIA. *See* Caballero Minnesota Action, Dkt. 39.

25. In the Caballero Minnesota Action, the court issued a garnishment summons against Equiniti, and Caballero Judgment Creditor served it on Equiniti on February 1, 2021.

26. The Caballero Judgment Creditor has "request[ed] leave to intervene to challenge any and all writs sought by [the Stansell and Pescatore Judgment Creditors] from this Court." (Dkt. 134; *see also* Pescatore Action, Dkt. 61.) The Stansell and Pescatore Judgment Creditors on one hand, and the Caballero Judgment Creditor on the other, have raised several arguments as to the other's claims to the Contested Assets, including the priority of their claims and the extent of their recoverability. (*See, e.g.*, Dkts. 175, 178); *see also, e.g.*, Pescatore Action, Dkts. 92, 93.

27. On March 16, 2021, the Court accepted the Stansell and Pescatore Actions "as related actions because both cases involve attachments to the same accounts held by the same

6

agencies and instrumentalities of FARC and are in a similar procedural posture." (Dkt. 194.) The Court ordered various garnishees, including Equiniti, to "seek interpleader relief by filing third party complaints in the nature of interpleader, pursuant to Federal Rules of Civil Procedure 14 and 22." (*Id.*) Finally, the Court ordered that the deadline for the Caballero Judgment Creditor to file his motion to intervene would be set following receipt of the parties' joint letter ordered by the Court. (*Id.*)

28. On March 23, 2021, the parties submitted a joint letter identifying the overlapping turnover targets of the Stansell, Pescatore, and Caballero Judgment Creditors and proposing various deadlines, including for Equiniti to seek interpleader relief. (Dkt. 195.) "The parties further agree[d] that all parties who have appeared in these proceedings through counsel with respect to any turnover motion shall accept service of the interpleader complaints via service upon their counsel. The parties further agree[d] that, to the extent that the [Stansell, Pescare, or Caballero Judgment Creditors] have commenced any other actions involving the same [t]urnover [t]argets and [g]arnishees, those actions are stayed pending the resolution of the [g]arnishees' contemplated Interpleaders." (*Id.*)

29. On March 29, 2021, the Court memo endorsed the parties' March 23, 2021 letter, adopting the proposed schedule as to Equiniti seeking interpleader relief. (Dkt. 195.)

30. Equiniti is a neutral stakeholder as to the Contested Assets, is subject to competing claims to the Contested Assets, and is faced with a substantial risk of double or multiple liability and of vexatious litigation in different courts, including this Court and the District of Minnesota, with the attendant risk of inconsistent rulings, with respect to the Contested Assets.

31. Equiniti has employed Kelley Drye & Warren LLP to represent it in these

proceedings. Equiniti seeks an award of its fees pursuant to CPLR § 5239.

### FIRST CLAIM FOR RELIEF

32. Equiniti incorporates by reference the allegations in all of the foregoing paragraphs of this pleading as if fully set forth herein.

33. CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

34. Equiniti is entitled to an order determining the rights, if any, of the Judgment Creditors in and to the Contested Assets, and the rights of any other party claiming entitlement to the Contested Assets.

### SECOND CLAIM FOR RELIEF

35. Equiniti incorporates by reference the allegations in all of the foregoing paragraphs of this pleading as if fully set forth herein.

36. The Stansell, Pescatore, and Caballero Judgment Creditors are all attempting to execute upon the Contested Assets to satisfy their judgments against the FARC. The Stansell and Pescatore Judgment Creditors maintain that their claims to the Contested Assets take priority over the Caballero Judgment Creditor's claims, and the Caballero Judgment Creditor contends that his claims to the Contested Assets take priority over the Stansell and Pescatore Judgment Creditors' claims.

37. Equiniti is exposed to a real and reasonable risk of double or multiple liability, vexatious litigation, and inconsistent rulings with respect to the Contested Assets.

38. Equiniti is holding the Contested Assets in a blocked account such that Equiniti is not able to pay the Contested Assets into the Registry of the Court because, under OFAC regulations, no transactions in blocked property are permitted without a license from OFAC. *See* 31 C.F.R. § 597.202; 31 C.F.R. § 592.202.

39. Under 28 U.S.C. § 1335(a)(1), payment of the Contested Assets into the Registry is not required. Equiniti may instead "give[] [a] bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." Equiniti respectfully submits that amount for such a surety that should be deemed proper is $1,000, as this Court and the parties enjoy certainty, due to the OFAC-blocked regulations now applicable, that the Contested Assets cannot and will not be moved absent court order. *See Doe v. Ejercito De Liberacion Nacional*, No. 15 CV 8652-LTS, 2016 WL 1073100, at *1 (S.D.N.Y. Mar. 10, 2016) (imposing unsecured bond requirement in the amount of $1,000 on JP Morgan in context of interpleader filed as to OFAC-blocked assets sought by judgment creditors under the TRIA).

40. Equiniti is entitled to interplead all parties who may have claims to or rights in the Contested Assets and obtain a determination by the Court, pursuant to New York Banking Law § 134, Federal Rule of Civil Procedure 22, 28 U.S.C. §§ 1335 and 2361, and CPLR § 1006, of the rights of all interested parties, as well as an order discharging Equiniti from liability.

### THIRD CLAIM FOR RELIEF

41. Equiniti incorporates by reference the allegations in all of the foregoing paragraphs of this pleading as if fully set forth herein.

42. Equiniti is entitled to injunctive relief, pursuant to 28 U.S.C. § 2361 and this

9

Court's inherent powers, enjoining the third-party defendants from instituting or prosecuting any proceeding in any court of any state or the United States other than this Court affecting the Contested Assets until further order of the Court.

## **FOURTH CLAIM FOR RELIEF**

43. Equiniti incorporates by reference the allegations in all of the foregoing paragraphs of this pleading as if fully set forth herein.

44. Equiniti is entitled to a declaratory judgment determining its rights and the rights of the third-party defendants and all interested parties with respect to the Contested Assets.

WHEREFORE, Equiniti respectfully requests the entry of a judgment:

(a) Determining its rights and the rights of each of the Judgment Creditors and other interest parties in the Contested Assets;

(b) Determining that the service made by Equiniti of this pleading, the summonses and other relevant documents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(c) Determining that this Court has subject matter jurisdiction and in personam and/or in rem jurisdiction over the Judgment Creditors and other interest parties or the Contested Assets sufficient to determine the parties' rights with respect to such assets;

(d) Determining whether and to what extent the Contested Assets are subject to execution to satisfy any judgment in favor of any of the Judgment Creditors against the FARC;

(e) Discharging Equiniti from any and all liability to the Judgment Creditors, and any other persons who may have claims to, or an interest in, any

|     | |
| --- | --- |
|     | Contested Assets that are turned over to satisfy any judgment against the FARC; |
| (f) | Granting injunctive relief to Equiniti against the Judgment Creditors and any other persons to the extent necessary to protect Equiniti from the risk of double or multiple liability, inconsistent rulings of different courts, and the burden of having to litigate competing claims to the Contested Assets in different courts; |
| (g) | Awarding to Equiniti its costs and expenses in this proceeding, including reasonable attorneys' fees; and |
| (h) | Awarding to Equiniti such other and further relief as may be just and proper. |

Dated: April 15, 2021               KELLEY DRYE & WARREN LLP

By:   /s/ Joseph A. Boyle
Joseph A. Boyle
Robert N. Ward
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
E-mail: jboyle@kelleydrye.com
              rward@kelleydrye.com

Counsel for Equiniti Trust Company