UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

KEITH STANSELL, *et al.*,                                   :
                                                            :
                        Plaintiffs,                         :     No. 1:16 Misc. 00405-
                                                            :     LGS
            v.                                              :
                                                            :
REVOLUTIONARY ARMED FORCES OF COLOMBIA                      :
(FARC), *et al.*,                                           :     CPLR 5225(b) Special
                                                            :     Proceeding with respect
                        Defendants.                         :     to Motion for TRIA
------------------------------------------------------------------ x     Turnover, Dkt.  No. 143

KEITH STANSELL, MARC GONSALVES, THOMAS                      :
HOWES, JUDITH JANIS, CHRISTOPHER JANIS,                     :
MICHAEL JANIS, and JONATHAN JANIS,                          :
                                                            :     Third-Party Complaint
                        Garnishors,                         :     Alleging Claims in the
                                                            :     Nature of Interpleader
            v.                                              :     Filed by Citibank, N.A.
                                                            :
CITIBANK, N.A.,                                             :
                                                            :
                        Garnishee,                          :
------------------------------------------------------------------ x
CITIBANK, N.A.,                                             :
                                                            :
                        Third Party Plaintiff/Garnishee,    :
                                                            :
            v.                                              :
                                                            :
KEITH STANSELL, MARC GONSALVES, THOMAS                      :
HOWES, JUDITH JANIS, CHRISTOPHER JANIS,                     :
MICHAEL JANIS, and JONATHAN JANIS,                          :
                                                            :
OLIVIA PESCATORE, JOSH PESCATORE, JADA                     :
PESCATORE, JARROD PESCATORE, JORDAN                         :
PESCATORE, CAROL PESCATORE HARPSTER (individually :
and as the representative of the estate of FRANK PESCATORE  :
SR.), RICHARD PESCATORE, and JOHN PESCATORE,                :
                                                            :
ANTONIO CABALLERO,                                          ::
                                                            :
BANCO DE VENEZUELA (a/k/a BANCO DE VENEZUELA                :
SA BANCO UNIVERSAL f/k/a BANCO DE VENEZUELA,                :
S.A.),                                                      :
                                                            :
CLEARSTREAM BANKING S.A.,                                   :
                                                            :
                        Adverse Claimants.                  :
------------------------------------------------------------------ x

Turnover Respondent/Garnishee and Third-Party Plaintiff Citibank, N.A. ("Citibank"), a national banking association that is a neutral stakeholder in this matter, hereby responds to the Motion of Plaintiffs Keith Stansell, *et al.*, for TRIA Turnover, dated January 19, 2021 (ECF No. 143) and the Motion of Plaintiffs Olivia Pescatore, *et al.*, for TRIA Turnover, dated January 19, 2021 *see Pescatore v. Fuerzas Armas Revolucionarias de Colombia, et al.*, No. 16-MC-00405-LGS, ECF No. 68 (S.D.N.Y) (the "Turnover Motions"), as directed by the Court in its March 29, 2021 Order (ECF No. 196) by alleging, on personal knowledge as to itself and on information and belief as to all else, as follows in support of its Third-Party Complaint Alleging Claims in the Nature of Interpleader (the "Interpleader Complaint"):

1.      Citibank is a banking institution that holds an account in the name of Clearstream Banking S.A. ("Clearstream").  Certain assets in that account have been blocked and placed in a Blocked Account (as described herein in paragraphs 13 and 16) pursuant to regulations of the Office of Foreign Assets Control ("OFAC"), an agency of the United States Department of the Treasury because Banco de Venezuela may be the ultimate beneficiary of the assets at issue.  The assets in the Blocked Account held by Citibank are subject to competing claims asserted by several different judgment creditors, including the Stansells and the Pescatores (the "Plaintiffs").

2.      Plaintiffs seek a court order directing Garnishee Citibank to turn over to Plaintiffs assets held in the Blocked Account in satisfaction of their judgment against the Revolutionary Armed Forces of Colombia ("FARC").  Citibank is a neutral stakeholder with respect to the account, and brings these Interpleader Claims because it is aware that there are other potential claimants to the account (the "Adverse Claimants") who are or may be adverse to Plaintiffs.  The Adverse Claimants are identified in paragraphs 22 - 25 below.

3.      The Interpleader Complaint is necessary to formally join the Adverse Claimants—some of whom are not or may not be located in the United States—so they will be bound by any final turnover order and the Court can fully discharge and release Citibank from any liability to any potential claimant to the Blocked Account.  Because it is a disinterested, neutral stakeholder in respect of the Blocked Account, Citibank seeks to place all such Adverse Claimants on notice of the claims being asserted by Plaintiffs, and to thereby avoid the risk of inconsistent judgments and double or multiple liability.  Accordingly, Citibank seeks to interplead all Adverse Claimants pursuant to Fed. R. Civ. P. 22, New York Banking Law ("NYBL") § 134, and NY CPLR §§ 1006 and 5239.

**Jurisdiction and Venue**

4.      Upon information and belief, at least three sets of persons, Plaintiffs and together with Antonio Caballero (collectively, the "Judgment Creditors"), have obtained judgments in various jurisdictions against the FARC.  The Judgment Creditors allege that Banco de Venezuela is an agency or instrumentality of the FARC.  Each of the Judgment Creditors seeks to satisfy their judgments against the FARC in whole or in part from assets held by Citibank.

5.      This Court has federal subject matter jurisdiction over this proceeding under 28 U.S.C. § 1331 because Plaintiffs have alleged a claim under federal law—specifically, the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C § 1610 Note ("TRIA") —and under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.  Furthermore, this Court has supplemental jurisdiction over the Interpleader Claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiffs' claims.

6.     The Blocked Account, as defined *infra*, is situated in this District, and therefore the Court has jurisdiction over the Blocked Account and may exercise *quasi in rem* jurisdiction over the Adverse Claimants to adjudicate their claims to the Blocked Account.

7.     Venue over the Interpleader Claims is proper pursuant to 28 U.S.C. § 1391(b)(2) because the first above-captioned proceeding seeks to enforce a judgment that has been filed in this judicial district.  Upon information and belief, venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Plaintiffs seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.  Furthermore, the substantial part of the property at issue is located in this District.

## Background

8.     The Stansells, the Pescatores, and Caballero are victims of acts of terrorism allegedly committed by the FARC, and hold judgments against the FARC entered under the Anti-Terrorism Act ("ATA").

9.     Section 201(a) of TRIA permits certain creditors with judgments entered against a terrorist party to attach and execute against blocked assets belonging to the agencies or instrumentalities of that terrorist party.  Specifically, Section 201(a) of TRIA provides:

> [I]n every case in which a person has obtained a judgment against a terrorist party or a claim based on an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.  (codified at 28 U.S.C. § 1610 note (emphasis added)).

10.     The FARC has been designated by the United States government as a foreign terrorist organization under section 219 of the Immigration and Nationality Act since at least October 8, 1997.

11.     On January 28, 2019, OFAC sanctioned Banco de Venezuela pursuant to International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and Executive Order 13850 (and as amended by Executive Order 13857).  Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018); Exec. Order No. 13857, 84 Fed. Reg. 509.

12.     The Pescatores and Stansells have served writs of execution on Citibank seeking to attach the Blocked Account based on the alleged interests of Banco de Venezuela, because Banco de Venezuela is allegedly an agency or instrumentality of the FARC.

**The Blocked Account**

13.     The account referenced in the writs served by Plaintiffs on Citibank is a blocked custody account established by Citibank which contains securities entitlements, and related cash proceeds, which bears Account No. 238597 (the "Blocked Account") and is held in the name of Clearstream.

14.     Citibank acts as a securities custodian for Clearstream pursuant to Global Custodial Services Agreement (the "Custody Agreement").  In its role as a securities custodian, Citibank maintains securities accounts at The Depository Trust Company ("DTC") and the Federal Reserve Bank of New York (the "Federal Reserve").  DTC and the Federal Reserve record entitlements to various securities in Citibank's accounts.  In turn, Citibank records its clients' entitlements to those securities in accounts maintained on its own books in the name of respective clients.  Further, upon information and belief, Clearstream is a securities intermediary for one or more downstream clients, who may hold security entitlements at Clearstream.  Citibank generally does not know the identity of any entity downstream from Clearstream.

15.     On information and belief, Clearstream is a Luxembourg-based financial institution that, among other things, specializes in the provision of securities settlement and custody services.

For securities whose final place of custody is the United States national central securities depository, *i.e.*, DTC or the Federal Reserve Bank, Clearstream maintains an omnibus account with Citibank.

16.     Certain security and cash entitlements originally held in Clearstream's omnibus account at Citibank were blocked pursuant to the IEEPA and Executive Orders 13850 and 13857 because, according to Clearstream, Banco de Venezuela may be the ultimate beneficiary of the underlying securities.  Citibank transferred the security entitlements and related cash identified by Clearstream to the Blocked Account, which was opened in Clearstream's name.[1]

17.     At the time of the writs, at the time of this Third Party Complaint, and at all times in between, Citibank has held and continues to hold the Blocked Account on the books of Citibank's New York branch.  Citibank will continue to restrain the Blocked Account pursuant to IEEPA and Executive Orders 13850 and 13857 and various legal process served on Citibank by Plaintiffs and others, but cannot ensure that the realizable value of the Blocked Account will not decrease in the future due to fluctuations in the market prices of the underlying securities.

18.     Citibank is a neutral stakeholder as to the Blocked Account.  To the extent that there are competing claims to the Blocked Account, Citibank is entitled to have all adverse claims to the Blocked Account adjudicated under circumstances where all potential claimants have been given notice of the Plaintiffs' claims and provided with an opportunity to present arguments addressing

---

[1] The United States has consistently taken the position that blocking pursuant to OFAC regulations is not sufficient to establish that a specially designated national ("SDN") has an ownership interest in the blocked assets, contrary to Plaintiffs' position because the blocking regulations "block[] all property in which [the sanctioned entity] has 'any interest of any nature whatsoever.'" Amicus Brief of the United States, *Hausler v. JPMorgan Chase Bank, N.A.*, No. 12-1264, 2012 WL 2885369, at *16 (2d Cir. July 9, 2012).  Unsurprisingly, given the broad reach of the blocking regulations, the Office of Foreign Assets Control of the U.S. Treasury Department ("OFAC") does not require that a blocked account be opened in the name of the SDN whose interest caused the block.  *See, e.g.*, OFAC FAQ 22, https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_compliance.aspx#block.  Rather, OFAC merely requires that, once a blocked account is named, the same name must be used if the assets are transferred from one blocked account to another for tracking purposes.  *See, e.g.,* 31 C.F.R § 598.504 .

whether the relief sought by Plaintiffs is consistent with the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, Title II, § 201 (codified at 28 U.S.C. § 1610 note), the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1601 et seq., Article 8 of the UCC, any applicable garnishment and execution statutes, any treaties to which the United States is a signatory, international law, or any other applicable law.  The Interpleader Complaint is necessary to formally join the Adverse Claimants—some of whom are not or may not be located in the United States—so they have an opportunity to assert any right they may have to the Blocked Account and the Court can fully discharge and release Citibank from any liability to any potential claimant to the Blocked Account.

**Parties to the Interpleader Complaint**

**A.      Garnishee-Respondent and Third-Party Interpleader Plaintiff Citibank**

19.      Citibank is a national banking association with its head office in Sioux Falls, South Dakota, and with offices throughout the country, including in the Southern District of New York. Citibank maintains the Blocked Account that is the subject of the Turnover Motions.

**B.      The Judgment Creditor Adverse Claimants and Third Party Respondents**

20.      Plaintiffs Keith Stansell, Thomas Howes and Jonathan N. Janis are citizens of the State of Florida, Christopher T. Janis is a citizen of the State of New York, Marc Gonsalves is a citizen of the State of Connecticut, Judith G. Janis and Michael I. Janis are citizens of the State of Alabama, and Greer C. Janis is a citizen of the Commonwealth of Virginia (collectively, (the "Stansells").

21.      The Stansells hold a judgment against the FARC and seek to execute against the Blocked Account in satisfaction of their judgment, pursuant to Section 201(a) of TRIA.

C.      **Adverse Claimants Respondents**

22.      Upon information and belief, Adverse Claimant Banco de Venezuela is a citizen of Venezuela.  The security entitlements held in the Blocked Account were blocked pursuant to IEEPA and Executive Orders 13850 and 13857 because Citibank was informed that Banco de Venezuela may be the ultimate beneficiary of those security entitlements.

23.      Adverse Claimant Clearstream is a corporation organized under the laws of Luxembourg with its principal place of business in Luxembourg.  The security entitlements held in the Blocked Account were originally maintained in a securities account in the name of Clearstream pursuant to the Custody Agreement.  After Clearstream informed Citibank that Banco de Venezuela may have been the ultimate beneficiary of certain security entitlements, Citibank transferred those security entitlements (and related cash proceeds) to the Blocked Account opened in the name of Clearstream.

24.      Adverse Claimant Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, and Jordan Pescatore are citizens of the State of Alabama and Carol Pescatore as the representative of the Estate of Frank Pescatore, Sr., Richard Pescatore, and John Pescatore are citizens of the State of New Jersey (collectively, the "Pescatores").  The Pescatores hold a judgment against, *inter alia*, the FARC, which was registered in the Southern District of New York on or about November 27, 2018.  *See Pescatore v. Pineda*, No. 1:18 Misc. 545 (S.D.N.Y).

25.      Adverse Claimant Respondent Antonio Caballero ("Caballero") has sought to intervene in this action as a competing creditor with a claim to certain blocked assets.  *See* ECF No. 124.  Caballero asserts, including in a letter submitted to this Court (ECF No. 124), that he has obtained a judgment against the FARC in an action entitled *Antonio Caballero v. Revolutionary Armed Forces of Colom.*, No. 18-cv-25337 (S.D. Fla.) (the "*Caballero* Action") "in the amount of $46,729,667.00 – which was trebled pursuant to Section 18 U.S.C. § 2333 – and which included

post-judgment interest at the rate of 0.15% from [the date of the judgment]."  ECF No. 124.  On

information and belief, Caballero is a citizen of Florida.

26.     Citibank reserves the right to amend the Interpleader Complaint if it learns of any

other person or entity who may have a claim to the Blocked Account, in whole or in part.

## Ownership is an Essential Predicate to Execution

27.     Section 201(a) of TRIA permits attachment of "blocked assets of any agency or

instrumentality of that terrorist party," and therefore requires a showing that the alleged agency or

instrumentality has an ownership interest in the blocked assets.  *See Levin v. JPMorgan Chase

Bank, N.A.*, 751 F. App'x 143, 174 (2d Cir. 2018).  Ownership interests in blocked assets are

determined by reference to state law.  *See Calderon-Cardona v. Bank of N.Y. Mellon*, 770 F.3d

993, 1001 (2d Cir. 2014); *Hausler v. JPMorgan Chase Bank, N.A.*, 770 F.3d 207, 212 (2d Cir.

2014).

28.     Furthermore, New York Banking Law Section 134(4) states that a bank only gives

effect to a claim of authority taken by the person for whom it holds the account unless there is an

order to the contrary.  Specifically, Section 134(4) of the New York Banking Law provides:

> "A bank or trust company need not recognize or give any effect to a
> claim of authority . . . for the account of, any person, corporation,
> unincorporated association or partnership, which claim conflicts
> with a claim of authority of which the bank or trust company had
> prior notice, unless the person or persons asserting such subsequent
> claim shall procure a restraining order, injunction or other
> appropriate process against said bank or trust company from a court
> of competent jurisdiction."

29.     The Blocked Account is a securities account governed by Article 8 of the UCC,

which has been adopted by New York.  The Blocked Account holds interests in securities as part

of an indirect holding system.  As described by the Second Circuit:

> Key features of an indirect holding system are that interests in bonds
> [or other securities] are reflected on the books of various

> institutions, transfers are effected by electronic book-entry, and the need to transfer the instruments in which participating interests are held rarely arises.

*Fidelity Partners Inc. v. First Trust Co. of N.Y.*, 142 F.3d 560, 563 (2d Cir. 1998).

30.     Under the indirect holding system, investors do not acquire the actual security, but rather a "security entitlement" when their interests in the securities are recorded in a securities account held in their name.  As defined in Section 8-501 of the UCC, a "securities account" is "an account to which a financial asset is or may be credited in accordance with an agreement under which the person maintaining the account undertakes to treat the person for whom the account is maintained as entitled to exercise the rights that comprise the financial asset," and "a person acquires a security entitlement if a securities intermediary .  .  .  indicates by book entry that a financial asset has been credited to the person's securities account."

31.     On March 22, 2019, OFAC sanctioned Banco de Desarrollo Económico y Social de Venezuela ("BANDES") and its subsidiaries pursuant to IEEPA and Executive Orders 13850 and 13857.  Upon information and belief, Banco de Venezuela is a subsidiary of BANDES, which directly or indirectly owns more than 50% of their stock.

32.     The Stansells and Pescatores have served writs of execution and turnover motions on Citibank, seeking to attach the Blocked Account based on the alleged interests of the Banco de Venezuela because Plaintiffs allege that Banco de Venezuela is an agency or instrumentality of the FARC.  The Stansells and Pescatores served writs of execution on the Blocked Account in the S.D.N.Y. on January 8, 2021.

33.     Plaintiffs allege that the Blocked Account is not immune from attachment as sovereign, diplomatic, or consular property because the Banco de Venezuela is not an agency or instrumentality of Venezuela.  However, the ownership structure of the Banco de Venezuela, and its relationship with Venezuela, remains unknown.  The Court should hold appropriate proceedings

and make findings of fact and law as to, among other things, whether the Banco de Venezuela is an agency or instrumentality of Venezuela, and whether the Banco de Venezuela's alleged relationship with the FARC is sufficient to waive any sovereign immunity from attachment it may enjoy as an agency or instrumentality of Venezuela.

**The Need for Interpleader Relief**

34.     Plaintiffs seek the turnover of property in which the Adverse Claimants have or may have a property interest.  Citibank has filed this Interpleader Complaint in order to bring before the Court known parties with potential claims to the Blocked Account and to obtain a discharge in interpleader.

35.     Under these circumstances, where there may be conflicting claims to assets held by Citibank, thereby exposing it to the risk of double or multiple liability, federal and state law recognize Citibank as a disinterested or neutral stakeholder, and provide mechanisms for it to bring before the court any person or adverse claimant with a claim to the same assets who may not already be party to the action.  *See* Fed. R. Civ. P. 22; NYBL § 134; NY CPLR §§ 1006 and 5239; *see also Hauser v. JPMorgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 541-42 (S.D.N.Y. 2010) (recognizing that interpleader relief is warranted in TRIA turnover proceedings because banks holding blocked assets may be subject to double liability); *Weininger v. Castro*, 462 F. Supp. 2d 457 (S.D.N.Y. 2006) ("[T]he Court finds that [the bank] faces a reasonable fear of double liability or conflicting claims, and that relief by way of interpleader is warranted with respect to the [TRIA blocked assets.]").

36.     Citibank takes no position on the entitlement of Plaintiffs to execute on the default judgments held against the FARC, or on the defenses that any of the other Adverse Claimants may have against such execution.

37.     Citibank takes the position, however, that to the extent any of the Adverse Claimants fail to appear to assert a defense to execution or a claim to the Blocked Account in question, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any defaulting Adverse Claimant with respect to the Blocked Account.

38.     Citibank also takes the position that, to the extent any individuals notified of these proceedings fail to appear in response to such notice to assert a defense to execution, or to assert a claim to the Blocked Account in question, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any absent adverse claimants with respect to the Blocked Account and the writs.

39.     Citibank further believes that to the extent any of the Adverse Claimants appear, this Court may adjudicate ownership rights under the Blocked Account, and such adjudication will permit Citibank to be relieved of further liability.

## PRAYER FOR RELIEF

WHEREFORE, Citibank respectfully requests that the Court:

a.      determine what rights, if any, Plaintiffs, and Adverse Claimants have to the Blocked Account, including:

1.      determining whether or not the Blocked Account, in whole or in part, consists of "blocked assets" within the meaning of TRIA, whether the blocked assets are owned by the Banco de Venezuela, and whether the Banco de Venezuela is an "agenc[y] or instrumentalit[y]" of a "terrorist party" within the meaning of TRIA;

2.      determining whether the Banco de Venezuela is an agency or instrumentality of Venezuela entitled to sovereign immunity from attachment under 28 U.S.C. §1609, and whether TRIA waives that sovereign immunity if the Banco de Venezuela is also found to be an agency or instrumentality of the FARC;

3.      determining whether the judgment as to which execution or garnishment is ordered is against the FARC as a terrorist party within the meaning of TRIA and the ATA, on either (i) a claim based on an act of terrorism within the

meaning of these acts, or (ii) a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7) or 28 U.S.C. § 1605A;

4.    determining whether the judgment as to which execution or garnishment is ordered is based on the ATA;

5.    determining whether the judgment as to which garnishment or execution is ordered, including interest, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

6.    determining, to the extent TRIA is not relied upon, is not applicable, or is deemed not to supersede OFAC's licensing requirements, whether any garnishment or execution has been licensed by the OFAC, and the Blocked Account against which garnishment or execution is ordered consists of blocked property that is not immune from execution within the meaning of the FSIA or of the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations;

7.    determining whether TRIA allows the Blocked Account against which garnishment or execution is ordered to be executed against to satisfy a judgment against the named Defendants in the underlying action, irrespective of whether it would otherwise be immune from garnishment or execution; and

8.    determining whether the Blocked Account against which garnishment or execution is ordered is not property subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or blocked assets in respect of which no waiver of the provisions of TRIA can be made by the President with respect thereto within the meaning of Section 201(b) of TRIA.

b.    direct Citibank as to how it is to proceed with respect to the Blocked Account;

c.    determine that service of this Interpleader Complaint, and the third-party summonses, and other relevant documents upon the Judgment Creditors, and other Adverse Claimants constitutes good and sufficient service;

d.    if the Court orders the Blocked Account, in whole or in part, to be turned over to Plaintiffs, another Judgment Creditor or any other third party, order that Citibank is released from

any and all liability to the Plaintiffs, the Defendants, the Adverse Claimants, and any other third party who may have a claim to the blocked property, and is discharged in interpleader from this garnishment action;

      e.     award Citibank its costs and expenses in this proceeding, including reasonable attorney's fees; and grant such other and further relief to Citibank as may be just and proper.

Dated: New York, New York
       April 15, 2021

                          Respectfully submitted,

                          DAVIS WRIGHT TREMAINE LLP

                          By: */s/ Mohammad B. Pathan*
                              Mohammad B. Pathan
                              Sharon L. Schneier

                          1251 Avenue of the Americas, 21st Floor
                          New York, NY  10020-1104
                          (212) 489-6648 Phone
                          (212) 489-8340 Fax
                          mohammadpathan@dwt.com
                          sharonschneier@dwt.com

                          *Attorneys for Turnover Respondent/Garnishee and*
                          *Third-Party Plaintiff Citibank, N.A., Relating to*
                          *Banco de Venezuela*