UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH STANSELL, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,<br><br>*Defendants*,<br><br>v.<br><br>SUMITOMO MITSUI BANKING CORP.,<br><br>*Turnover Garnishee*.<br><br>────────────────────────────────<br><br>SUMITOMO MITSUI BANKING CORP.,<br><br>*Third Party Plaintiff*,<br><br>v.<br><br>EQUINITI TRUST COMPANY,<br><br>Third-Party Plaintiff,<br>v.<br><br>KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH G. JANIS, CHRISTOPHER T. JANIS (individually and as personal representative and sole heir of the estate of GREER C. JANIS), MICHAEL I. JANIS, JOHNATHAN N. JANIS, OLIVIA PESCATORE, JOSH PESCATORE, JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE, CAROL PESCATORE HARPSTER (individually and as the representative of the estate of FRANK PESCATORE SR.), RICHARD PESCATORE, JOHN PESCATORE, CAROLYN PESCATORE, ANTONIO CABALLERO, BANCO BANDES | Case No.: 1:16-mc-00405-LGS<br><br>Third-Party Defendant Antonio Caballero's motion to dismiss is **DENIED without prejudice to renewal**. The Court directs Mr. Caballero's attention to Individual Rule III.C.2, which requires a movant to file a pre-motion letter with the Court, in the manner provided in Individual Rule III.A.1, prior to filing a motion to dismiss. By **May 13, 2021**, Mr. Caballero shall file any pre-motion letter in anticipation of a motion to dismiss or to transfer the third-party complaint of Equiniti Trust Company ("Equiniti") (Dkt. No. 208) and by **May 20, 2021**, Equiniti shall file a responsive letter. The Clerk of Court is respectfully directed to close the motion at Docket No. 260.<br><br>So Ordered.<br><br>Dated: May 6, 2021<br>      New York, New York<br><br>_/s/ Lorna G. Schofield_<br>**LORNA G. SCHOFIELD**<br>**UNITED STATES DISTRICT JUDGE** |

1

URUGUAY SA, BANCO BICENTENARIO
BANCO UNIVERSAL CA, and BANCO DE
VENEZUELA SA BANCO UNIVERSAL,

Third-Party Defendants.
_____/

**ANTONIO CABALLERO'S MOTION TO DISMISS AND/OR TRANSFER VENUE FOR INTERPLEADER CLAIMS AND SUPPORTING MEMORANDUM**

Third Party Defendant, Antonio Caballero ("Caballero"), by and through his undersigned counsel and pursuant to the Court's March 29, 2021 Order [D.E. 196], hereby files his Motion to Dismiss and/or Transfer Venue for Interpleader Claims Third-Party Complaint Seeking Relief in the Nature of Interpleader filed by third-party plaintiff Equiniti Trust Company ("Equiniti"), dated April 15, 2021 [D.E. 208] (the "Interpleader Complaint"), regarding the Motion for TRIA Turnover of the Stansells,[1] dated January 15, 2021 [D.E. 138], and in support thereof states the following:

**INTRODUCTION**

This is a post-judgment *in rem* collection action against the blocked assets being held by Equiniti in the putative names of Banco Bandes Uruguay S.A., Banco Bicentenario Banco Universal C.A., and Banco De Venezuela S.A. Banco Universal (the "Contested Assets"). Such Contested Assets are located in Minnesota and are the subject of the garnishment proceeding in the U.S. District Court for the District of Minnesota initiated nearly a year ago, on June 4, 2020, by Caballero. *See Caballero v. FARC et al.,* No. 0:20-mc-0004 5-PJS-DTS (D. Minn. 2020).

---

[1] Third Party Defendants – Adverse Claimants, Keith Stansell, Marc Gonsalves, Thomas Howes, Judith G. Janis, Christopher T. Janis (individually and as personal representative and sole heir of the estate of Greer C. Janis), Michael I. Janis, and Jonathan N. Janis, collectively hereinafter referred to as the "Stansells." Third Party Defendants – Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster (individually and as the representative of the estate of Frank Pescatore Sr.), Carolyn Pescatore, Richard Pescatore, and John Pescatore, collectively hereinafter referred to as the "Pescatores."

Because the Contested Assets are located in Minnesota, venue for Equiniti's Interpleader Complaint is improper in the Southern District of New York and, instead, proper in Minnesota. Specifically, venue is proper in Minnesota for Equiniti's Rule 22 interpleader claim pursuant to the general venue statute, 28 U.S.C. § 1391. Venue also is proper in Minnesota for Equiniti's statutory interpleader claim pursuant to both the general venue statute, 28 U.S.C. § 1391, and pursuant to 28 U.S.C. § 1397 because, according to established legal precedent, the language of 28 U.S.C. § 1397 is permissive, not mandatory. Thus, 28 U.S.C. § 1397 does not require that one or more of the claimants reside in the district where the interpleader action is brought; it simply permits such a proceeding. Put another way, 28 U.S.C. § 1397 does not limit 28 U.S.C. § 1391. Accordingly, pursuant to 28 U.S.C. § 1406, which requires dismissal or transfer for defective venue, the Interpleader Complaint should be dismissed or transferred to the U.S. District Court for the District of Minnesota – the only court with jurisdiction over the Contested Assets pursuant to the "situs rule" further explained below in Section 1. If the Court should disagree that venue is improper in this district, this Court nonetheless should transfer the interpleader action to Minnesota in the interests of justice pursuant to 28 U.S.C. §§ 1406 and 1404 because the Contested Assets are located in Minnesota and the U.S. District Court of Minnesota is the only court with jurisdiction over the Contested Assets and is in the best position to adjudicate the parties' rights to the Contested Assets.

## I. VENUE IS PROPER IN MINNESOTA AND IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK

Because the Contested Assets are located in Minnesota, venue is proper in Minnesota, not the Southern District of New York. Equiniti's own production admits that the Contested Assets are located specifically in Mendota Heights, Minnesota. *See* excerpt from Equiniti's production

attached as Exhibit 1.[2] As the various Interpleader Plaintiffs concede, these are post-judgment *in rem* collection actions against blocked assets located in Minnesota, not actions requiring personal jurisdiction over every party with a potential claim to such asset. *See,* e.g., Third-Party Complaint Alleging Claims in the Nature of Interpleader Filed by Citibank, N.A., D.E. 225 at ¶6 ("The Blocked Account, as defined infra, is situated in this District, and therefore the Court has jurisdiction over the Blocked Account and may exercise quasi in rem jurisdiction over the Adverse Claimants to adjudicate their claims to the Blocked Account.").

The fact that the Contested Assets are located in Minnesota is, therefore, significant because the Eighth Circuit follows the rule that the location of the *res* determines jurisdiction over the Contested Assets (i.e., the "situs rule"). The Contested Assets are in Minnesota; therefore, the U.S. District Court for Minnesota is the appropriate court to proceed with this matter. *See Schroeder v. 171.74 Acres of Land*, 318 F.2d 311, 316 (8th Cir. 1963) ("Every state possesses exclusive jurisdiction and sovereignty over property within its territory, and conversely, no state can exercise direct jurisdiction over property outside its territory" (*citing Pennoyer v. Neff,* 95 U.S. 714, 722 (1877))); *Glass v. Woodman*, 223 F. 621, 623 (8th Cir. 1915) ("The property of a litigant so held is not subject to attachment or garnishment from another jurisdiction").

Moreover, many other jurisdictions follow the same situs rule, and to the extent that Second Circuit law is relevant, it has as well. *See Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 64 (2d Cir. 1965) ("Accordingly, there has developed the general rule that for proceedings in rem or quasi in rem the state or federal court having custody of property has exclusive jurisdiction to proceed.") (internal quotations and citations omitted); *See also Quinines v. Pennsylvania General Insurance*

---

[2] Counsel for Caballero is permitted to attach this excerpt from Equiniti's production pursuant to his confidentiality agreement with Equiniti.

*Co.*, 804 F.2d 1167, 1174 (10th Cir. 1986); *R.F.C. v. Maley*, 125 F.2d 131, 137 (7th Cir. 1942); *Skulas v. Loiselle*, 2010 U.S. Dist. LEXIS 54162, at *6–7 (S.D. Fla. April 9, 2010).

In fact, even the Stansells have acknowledged the situs rule. Because of this rule, they withdrew motions for writs filed in the Middle District of Florida to attach bank accounts and other property located in the Southern District of Florida. *See* Notice of Withdrawal Without Prejudice of Motion, *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 8:09-cv-02308-CEH-AAS (M.D. Fla. Feb. 12, 2019), D.E. 1178 and 1179. The Stansells took action after the court noted that "[a]ll properties that plaintiffs wish to execute or garnish are in the Southern District," and that "[a] federal district court has no jurisdiction over property located outside its territorial borders." Order, *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 8:09-cv-02308-CEH-AAS (M.D. Fla. Feb. 7, 2019), D.E. 1189 at 1. Applicable decisions, including by the Eighth Circuit, dictate that venue over the Contested Assets depends on their location: Minnesota. Accordingly, the Court should transfer this case.

Notably, the Stansells and Pescatores may oppose this Motion because their extraterritorial writs, issued by the Southern District of New York would have no effect in Minnesota. Any opposition to transfer to Minnesota is inappropriate forum shopping, and an attempt to cover for failure to follow Minnesota garnishment procedures.

It is also significant that the *res* here, the Contested Assets, are **<u>blocked</u>** assets that "are being held in an OFAC-blocked account," thereby bolstering the situs rule. *See* Interpleader Complaint, D.E. at ¶19; *see also* 31 CFR 536.503(a) ("Any payment of funds or transfer of credit or other financial or economic resources or assets into a blocked account in a U.S. financial institution is authorized, ***provided that a transfer from a blocked account pursuant to this authorization may only be made to another blocked account held in the same name on the books***

5

*of the same U.S. financial institution*.") (emphasis added); 31 CFR 536.504 (a)(1) (U.S. financial institution are hereby authorized and directed to invest and reinvest assets held in blocked accounts in the name of a specially designated narcotics trafficker, subject to the following conditions: The assets representing such investments and reinvestments are credited to a blocked account or sub-account which is in the name of the specially designated narcotics trafficker and *which is located* in the United States or within the possession or control of a U.S. person. . . .") (emphasis added). The Contested Assets are blocked, and they are blocked in Minnesota – an in-situs jurisdiction. Thus, Minnesota is the only proper district for this interpleader action.

Furthermore, Equiniti initiated this interpleader action pursuant, in part, to Federal Rule of Civil Procedure 22, which prompts the application of the general venue statute – 28 U.S.C. § 1391(b)(2). Pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . ." Accordingly, because the Contested Assets are located in Minnesota, Minnesota is the proper venue for this interpleader action. The Second Circuit recently held that the venue provision of the federal interpleader statute, 28 U.S.C. § 1397, is permissive, not mandatory. In contrast, 28 U.S.C. 1391(b)(2) is not permissive – venue lies where the *res* is located, in this case Minnesota. Venue for such cause of action is only appropriate in Minnesota because it satisfies the mandatory general venue statute 28 U.S.C. § 1391.

Because Equiniti brought its Interpleader Complaint pursuant to statutory interpleader, 28 U.S.C. § 1335, 28 U.S.C. § 1397 is applicable regarding venue. To the extent that 28 U.S.C. § 1397 is the exclusive venue statute for Equiniti's statutory interpleader claim, 28 U.S.C. § 1397 mandates transfer as venue is appropriate in Minnesota under this statute. 28 U.S.C. § 1397

provides that: "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title ***may be brought*** in the judicial district in which one or more of the claimants reside." Emphasis added. The Second Circuit follows the view that the "may" is a "may" and that no claimant needs to reside in the district. The use of "may" (rather than "must") in the federal interpleader statute cannot override in an in rem proceeding, the specific mandatory statutory venue provision of 28 U.S.C. § 1391, which requires venue where "a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391. Case law from this district has held that this provision is permissive, not mandatory. "[T]he use of 'may' (rather than 'must') in the federal interpleader statute is intended to expand, rather than limit, the general statutory venue provision of 28 U.S.C. § 1391, which permits venue where 'a substantial part of the property that is the subject of the action is situated.'" *Doe v. Ejercito De Liberacion Nacional*, No. 15 CV 8652, 2015 WL 9077344, at *3 (S.D.N.Y. Dec. 16, 2015) (citations omitted), *modified in part*, 2015 WL 1073100 (S.D.N.Y. May 10, 2016). In *Doe*, the court held that the Southern District of New York was the proper venue for an interpleader proceeding despite no claimant residing in that district because that is where the underlying assets subject to execution were being held. *Id. See also A&E Television Networks, LLC v. Pivot Point Entm't, LLC*, No. 10 Civ. 9422, 2011 WL 182083, at *6 (S.D.N.Y. Jan. 18, 2011) (finding that 28 U.S.C. § 1397 is permissive not mandatory because it uses "may" rather than "must"); *Mark E. Mitchell, Inc. v. Charleston Library Soc'y*, 114 F. Supp. 2d 259, 263 (S.D.N.Y. Sept. 20, 2000) ("[28 U.S.C. § 1397] merely permits venue in an interpleader action to be laid in a district in which a claimant resides. It does not limit venue to such a district."). This Court should hold, consistent with established Southern District of New York precedent, that venue is appropriate in Minnesota even though the claimants do not reside in Minnesota because 28 U.S.C. § 1397 is merely permissive rather than mandatory, but 28 U.S.C. §

1391 is mandatory in its requirement that venue lies where the res is located in an *in rem* proceeding.³

## II. DISMISSAL OR TRANSFER IS APPROPRIATE BECAUSE VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK

This case should be dismissed or transferred to Minnesota pursuant to 28 U.S. Code § 1406 because venue is improper in this district. Pursuant to 28 U.S.C. § 1406(a), "the district court of a district in which a case laying venue in the wrong division or district, ***shall** dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought*." Here, venue in the Southern District of New York is improper because the Contested Assets are not located in the Southern District of New York. Accordingly, the Court should transfer or dismiss this interpleader action. *See* 28 U.S.C. § 1406(a). And, because the district of Minnesota is the proper venue, Caballero respectfully requests that this Court transfer to Minnesota – where the Contested Assets lie and where the dispositive Minnesota garnishment action has been ongoing for nearly a year.

Even if the Court were to determine that venue is proper in this district (and it should not), transfer to Minnesota would still be warranted. This Court is authorized to transfer venue to the Minnesota pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought. . . ." for the parties convenience, in the interests of justice, and to correct the underlying venue defect that required filing where the Contested Assets lie. On motions to transfer venue, courts in this judicial district typically consider several factors, including the location of relevant

---

³ The Stansells/Pescatores may point to *Wells Fargo Bank, N.A. v. Antonio Caballero, et al.*, Case No.: 4:19-cv-04141-KES (D. S.D. 2019), a South Dakota federal interpleader action that they were joined that was dismissed for improper venue in South Dakota. However, that case is not on point because it involved only a statutory interpleader claim as opposed to the intertwined Rule 22 and statutory interpleader claims here.

8

documents and relative ease of access to sources of proof and the forum's familiarity with the governing law. *See* N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal citations omitted). Here, such factors weigh in favor of transferring the case to Minnesota. Specifically, when considering the relevant documents and relative ease of access to sources of proof warrants, such factor weighs in favor of transferring the interpleader action to Minnesota. Because Contested Assets are located in Minnesota, the relevant documents and sources of proof are more easily accessible from Minnesota than from the Southern District of New York.

Moreover, in considering the forum's familiarity with the governing law, such factor weighs significantly in favor of transferring to Minnesota. As previously mentioned, the Contested Assets are located in Minnesota and, therefore, Eighth Circuit law regarding garnishment of *res* in-situ as relating to jurisdiction over the assets and garnishment procedures apply. Thus, to the extent there is a need to apply state law to the claims of the case, the Minnesota district court is better equipped to do so. *See* Report and Recommendation on Movant's Motion to Dismiss, or in the Alternative, Change Venue, *Stansell v. FARC, et al.,* No. 19-20896-CV (S.D. Fla. March 23, 2020), D.E. 323 at 14 ("The SDNY is more familiar with C.P.L.R., which apparently applies to an account located in New York, than this district."). Therefore, because the interest of justice factors here weigh heavily in favor of transfer to the Minnesota, Caballero respectfully requests that his Motion be granted.

## CONCLUSION

For the reasons set forth herein, Caballero respectfully requests that this Court grant his Motion and transfer this interpleader action to the Minnesota District Court.

Dated May 5th, 2021.

>Respectfully submitted,
>
>**ZUMPANO PATRICIOS & POPOK, PLLC**
>
>/s/ Nicholas Rostow
>Nicholas Rostow
>Senior Partner
>417 Fifth Avenue, Suite 826
>New York, New York 10016
>(212) 381-9914
>nrostow@zplaw.com
>*Attorney for Antonio Caballero*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May 2021, the undersigned electronically filed the foregoing document with the Clerk of Courts by using the CM/ECF system.

>/s/ Nicholas Rostow
>Nicholas Rostow