**ZUMPANO PATRICIOS & POPOK**

417 Fifth Avenue | Suite 826<br>
New York, New York 10016<br>
Ph: (212) 381-9999<br>
www.zplaw.com

May 13, 2021

**Via ECF**
Honorable Lorna G. Schofield
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Stansell, et al., v. FARC, et al.,* No. 1:16-mc-00405-LGS (Related Case: *Pescatore, et al., v. Palmera Pineda, et al.*, No. 1:18-mc-00545-ALC)
**Pre-Motion Letter pursuant to Dkt. No. 265 and Individual Rule III.C.2**

Honorable Lorna G. Schofield:

We represent Third-Party Defendant, Antonio Caballero ("Mr. Caballero") in the interpleader proceeding brought by Third-Party Plaintiff, Equiniti Trust Company (Dkt. No. 208) on April 15, 2021. In accordance with Your Honor's Order (Dkt. No. 265) and Individual Rule III.C.2, we submit this pre-motion letter in advance of our filing of a motion to dismiss and/or transfer venue pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a), regarding the Third-Party Complaint Seeking Relief in the Nature of Interpleader filed by Equiniti Trust Company (Dkt. No. 208) (the "Interpleader Complaint"). The basis for Mr. Caballero's motion to dismiss and/or transfer venue is set forth below.

This is a post-judgment *in rem* collection action against the blocked assets being held by Equiniti Trust Company ("Equiniti") in the putative names of Banco Bandes Uruguay SA, Banco Bicentenario Banco Universal CA, and Banco de Venezuela SA Banco Universal (the "Contested Assets"). Such Contested Assets are located in the State of Minnesota and are the subject of the garnishment proceeding in the United States District Court for the District of Minnesota initiated nearly a year ago, on June 4, 2020, by Mr. Caballero. *See Caballero v. FARC, et al.,* No. 0:20-mc-0004 5-PJS-DTS (D. Minn. 2020). Because the Contested Assets are located in Minnesota, venue for Equiniti's Interpleader Complaint is improper in the U.S. District Court for the Southern District of New York (the "S.D.N.Y.") and, instead, proper in the U.S. District Court for the District of Minnesota ("D. Minn.").

1

Moreover, venue is proper in the D. Minn. for Equiniti's Rule 22 interpleader claim pursuant to the general venue statute, 28 U.S.C. § 1391(b)(2), because "a substantial part of the property that is the subject of the action is situated" in that district. And, venue is also proper in the D. Minn. for Equiniti's statutory interpleader claim pursuant to both the general venue statute, 28 U.S.C. § 1391, and pursuant to 28 U.S.C. § 1397 because, according to established legal precedent, the language of 28 U.S.C. § 1397 is permissive, not mandatory. Thus, 28 U.S.C. § 1397 does not require that one or more of the claimants reside in the district where the interpleader action in brought, it simply permits non-residents to bring the action based on the location of the assets. Put another way, 28 U.S.C. § 1397 does not limit 28 U.S.C. § 1391.

Pursuant to 28 U.S. Code § 1406, which requires dismissal or transfer for defective venue, the Interpleader Complaint must be dismissed or transferred to the D. Minn. – the only court with jurisdiction over the Contested Assets pursuant to the "situs rule."[1] *See Schroeder v. 171.74 Acres of Land*, 318 F.2d 311, 316 (8th Cir. 1963) ("Every state possesses exclusive jurisdiction and sovereignty over property within its territory, and conversely, no state can exercise direct jurisdiction over property outside its territory" (*citing Pennoyer v. Neff,* 95 U.S. 714, 722 (1877))); *Glass v. Woodman*, 223 F. 621, 623 (8th Cir. 1915) ("The property of a litigant so held is not subject to attachment or garnishment from another jurisdiction"). And, even if the Court disagrees that venue is improper in this district, this Court should still transfer the interpleader action to the D. Minn. in the interests of justice pursuant to 28 U.S.C. §§ 1406 and 1404 because: (i) the Contested Assets are located in the State of Minnesota[2]; (ii) the D. Minn. is the only court with jurisdiction over the Contested Assets; and, (iii) the D. Minn. is in the best position to adjudicate the parties' rights to the Contested Assets.

Mr. Caballero proposes the following briefing schedule for motion to dismiss and/or transfer venue: (i) Mr. Caballero will file his motion to dismiss and/or transfer venue by May 21, 2021; (ii) Response deadlines shall be fixed according to the Federal Rules of Civil Procedure; and (iii) Mr. Caballero's Reply deadline shall be fixed according to the Federal Rules of Civil Procedure.

    Respectfully submitted,

    */s/ Nicholas Rostow*
    Nicholas Rostow
    Senior Partner
    Zumpano Patricios & Popok, PLLC

---

[1] The fact that the Contested Assets are located in the State of Minnesota is, therefore, significant because Eighth Circuit law regarding garnishment of the *res* applies. And, in accordance with Eighth Circuit law, only the court where the *res* is located has the jurisdiction over the Contested Assets (i.e., the "situs rule").

[2] Equiniti produced documents representing that the Contested Assets are located in Mendota Heights, Minnesota. *See* excerpt from Equiniti's production attached as Exhibit 1 (Counsel for Caballero is permitted to attach this excerpt from Equiniti's production pursuant to his confidentiality agreement with Equiniti.).

417 Fifth Avenue, Suite 826
New York, New York 10016
(212) 381-9914
nrostow@zplaw.com