

**Joseph A. Boyle**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7800
Fax: (212) 808-7897

May 20, 2021

**By ECF**

Hon. Lorna G. Schofield, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Stansell v. Revolutionary Armed Forces of Colombia ("FARC")*, No. 1:16-mc-00405-LGS (Related Case: *Pescatore v. Juvenal Ovidio Ricado Palmera Pineda*, No. 1:18-mc-00545-LGS)

Dear Judge Schofield:

We represent Equiniti Trust Company ("Equiniti") in the referenced action and write to respond to Antonio Caballero's ("Mr. Caballero" or "Caballero Judgment Creditor") pre-motion letter (Dkt. 267).[1]

### A.  The Court Has Jurisdiction Over Equiniti's Interpleader

Mr. Caballero is mistaken that this Court lacks jurisdiction because the Contested Assets are located in Minnesota.

*First*, reliance on the location of the assets is misplaced.  The Contested Assets do not need to be in this jurisdiction if the Court has general personal jurisdiction over the served garnishee, Equiniti.  In *Koehler v. Bank of Bermuda Ltd.*, in response to the Second Circuit certifying a question to the court, the New York Court of Appeals held that there is "no express territorial limitation barring the entry of a turnover order that requires a garnishee to transfer money or property into New York from another state or country." 577 F.3d 497, 498-99 (2d Cir. 2009) (quoting *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 539 (2009)).[2] The Court of Appeals further explained that, if a court has personal jurisdiction over a garnishee, in rem

---

[1] Defined terms identified in Equiniti's interpleader (Dkt. 208) have the same meaning in this letter.

[2] "May a court sitting in New York order a bank over which it has personal jurisdiction to deliver stock certificates owned by a judgment debtor (or cash equal to their value) to a judgment creditor, pursuant to N.Y. C.P.L.R. Article 52, when those stock certificates are located outside New York?"  *Koehler*, 577 F.3d at 499.  Notably, as here, stock in the name of a judgment debtor was at issue.  The out-of-circuit decisions Mr. Caballero relies on are inapposite and unavailing.  *See Schroeder v. 171.74 Acres of Land, More or Less*, 318 F.2d 311, 316 (8th Cir. 1963) (considering controlling effect of state court decision on tract of land); *Glass v. Woodman*, 223 F. 621, 622 (8th Cir. 1915) (concerning mortgage bonds that were deposited with a special master of the court making them "the custody of the law").

May 20, 2021

jurisdiction over out-of-state property is not required to order the garnishee to turn it over.  *Id.* (citing *Koehler*, 12 N.Y.3d at 540-41); *see also Berkshire Bank v. Tedeschi*, No. 111CV0767LEKCFH, 2016 WL 1029526, at *2 (N.D.N.Y. Mar. 15, 2016) (personal jurisdiction over New York-based institution sufficient for turnover of out-of-state stock and dividends).

*Second*, the Contested Assets are not typical tangible property with a fixed location.  Equiniti can access its records of the Contested Assets from this district.  Equiniti identified Minnesota in the response Mr. Caballero cites (Dkt. 267-1) because that is where personnel accessed the records.  Equiniti is registered as a foreign entity in Minnesota with a home jurisdiction of New York.  Equiniti remains a New York-based limited purpose trust company organized and existing under the laws of New York and regulated by the New York Department of Financial Services.  (Dkt. 208 ¶ 4.)

### B. The Court Should Not Transfer Equiniti's Interpleader

Venue is proper in this district under 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to Equiniti's interpleader occurred in this district.  Indeed, two of the three competing groups of judgment creditors—the Stansell and Pescatore Judgment Creditors—necessitating Equiniti seeking interpleader relief have pursued the Contested Assets in this Court.  (Dkt. 208 ¶¶ 14, 16, 21-23, 26.)  The third—Mr. Caballero—although also pursuing the Contested Assets in the District of Minnesota, has sought to intervene in this district and raised arguments as to his theories of entitlement to the Contested Assets.  (*Id.* ¶ 26.)  Finally, Equiniti holds the Contested Assets and is headquartered in this district.[3]  Venue is also proper in this district under 28 U.S.C. § 1397 because one or more claimants reside in this district.  (*Id.* ¶ 5.)

Because venue is proper in this district, 28 U.S.C. § 1404 applies to determine whether transfer is appropriate.  "First, [the Court] determines whether the action could have been brought in the proposed transferee court.  Second, the Court balances the private and public interests, to determine whether transfer is warranted [f]or the convenience of parties and witnesses, [and] in the interest of justice."  *In re Bystolic Antitrust Litig.*, No. 20-CV-5735 (LJL), 2021 WL 148747, at *2 (S.D.N.Y. Jan. 15, 2021).

Mr. Caballero has not established that Equiniti's interpleader could have been brought in the District of Minnesota.  Mr. Caballero argues that "venue is also proper in the D. Minn. for Equiniti's statutory interpleader claim . . . because, according to established legal precedent, the language of 28 U.S.C. § 1397 is permissive, not mandatory."  (Dkt. 267 at 2.)  But Mr. Caballero does not cite authority reflecting that this is established precedent in the District of Minnesota.[4]  In another interpleader action involving the Caballero, Stansell, and Pescatore Judgment Creditors brought in the District of South Dakota (within the

---

[3] The res to be deposited in the Court's registry similarly supports venue in this district.  *See Atcom Support LP v. Maria*, No. CV 15-28-RGA-MPT, 2016 WL 4118914, at *6 (D. Del. Aug. 1, 2016), *report and recommendation adopted*, No. CV 15-28-RGA, 2016 WL 5867407 (D. Del. Oct. 4, 2016).  The deposit need not be made immediately, especially where there is a venue dispute.  *Doe v. Ejercito De Liberacion Nacional*, No. 15 CV 8652-LTS, 2015 WL 9077344, at *3 (S.D.N.Y. Dec. 16, 2015).

[4] This is, however, established in this district.  *See Doe*, 2015 WL 9077344 at *3.

May 20, 2021

Eighth Circuit along with the District of Minnesota), the court viewed this Court as in the minority in interpreting 28 U.S.C. § 1397 as permissive. That court construed 28 U.S.C. § 1397 as mandatory. The court dismissed the action because venue was improper in that district and the proposed transferee court. *See Wells Fargo Bank, N.A. v. Caballero*, No. 4:19-CV-04141-KES, 2020 WL 907544, at *4 (D.S.D. Feb. 25, 2020).

Even if venue were proper in the District of Minnesota, Mr. Caballero cannot carry his "burden of making out a strong case for transfer" under the applicable "clear and convincing evidence standard." *In re Bystolic Antitrust Litig.*, 2021 WL 148747 at *2. The Stansell and Pescatore Judgment Creditors, "who [were] first to commence the judgment registration proceedings relevant to the instant controversy, chose the Southern District of New York as [their] forum, and that decision is given considerable weight." *Doe*, 2015 WL 9077344 at *3. Equiniti, "similarly, chose the Southern District of New York as the forum for the interpleader action." *Id.* This action and the Pescatore Action are related and assigned to Your Honor to promote efficiencies (Dkt. 194), and Mr. Caballero is otherwise already a party to this action and asserted his own claims. (*See* Dkts. 258-59, 261-64, 266.) The interests of the parties and the judiciary are furthered by maintaining Equiniti's interpleader in this Court.

### C. Briefing Schedule

Should the Court permit Mr. Caballero to move to dismiss or transfer, Equiniti respectfully proposes a two-week extension of the default time to respond provided by Local Rule 6.1—a total of 28 days—to afford Equiniti time to consider whether amendment or other action is warranted. Equiniti would not oppose a similar extension to Mr. Caballero's time to reply.

Respectfully submitted,

/s/ *Joseph A. Boyle*

Joseph A. Boyle