**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEITH STANSELL,  et al.

      Plaintiffs,                      CASE NO.: 1:16-mc-00405-LGS

      v.

REVOLUTIONARY ARMED
FORCES OF COLOMBIA (FARC); et al.,

      Defendants,
_____/

**OMNIBUS JOINT ANSWER TO**
**ANTONIO CABALLERO CROSSCLAIMS**

      The Stansell and Pescatore Anti-Terrorism Act Judgment Creditors file this Omnibus Joint Answer to Antonio Caballero's Crossclaims [Dkt. Nos. 261, 262, 263, 264 and 266] and state:

      1.     Admitted.

      2.      Unable to admit or deny.

3 - 18.  Admitted.

      19.     Admitted.

      20.     Admitted that venue is proper because Citibank, N.A. and Sumitomo Mitsui Banking Corporation's ("SMBC") have appeared and are subject to personal jurisdiction in New York.

      21.     Admitted, except denied that Caballero has a valid Anti-Terrorism Act ("ATA") judgment.

      22.     Admitted.

23.     Admitted that the Stansell plaintiffs' motion contain these statements, inter alia, in support of their request for trebled compensatory damages, and that they never requested any award of punitive damages, nor were punitive damages ever awarded.

24.     Admitted that the Stansell plaintiffs' motion contain these statements, inter alia, in support of their request for trebled compensatory damages, and that they never requested any award of punitive damages, nor were punitive damages ever awarded.

25.     Admitted.

26.     Denied that only the $24,670,000 base award to each hostage was compensatory damages, the entire trebled amount of $74,010,000 are compensatory damages as a matter of law.

27.     Denied that only the $12,000,000 base award to Mr. Janis's widow, and the $5,000,000,000 base award to each of his children, was compensatory damages, the entire trebled amounts of are compensatory damages as a matter of law.

28.     Denied that only $106,010,000 of the total Judgment is for compensatory damages, admitted that the entire trebled amount of $318,030,000 is for compensatory damages as a matter of law.  Indeed, three different federal Judges— Hon. Richard A. Lazzara of the Middle District of Florida; Hon. Robert N. Scola, Jr. of the Southern District of Florida; and Hon. Charlene Edwards Honeywell of the Middle District of Florida— have each reached the same conclusion: that Plaintiffs/Appellees' are entitled to collect $318 million in compensatory damages under the 2010 ATA Judgment.

29.     Admitted that the Clerk of Court entered the Judgment as Ordered by Judge Lazzara, pursuant to the normal operating procedures of the Middle District of Florida.  *See* Dkt. No. 105-2 at 23.   Denied that the Clerk of Court "erroneously used" the phrase "compensatory

damagesö when describing each of the awards.  Denied that Judge Lazzaraøs Order only awarded compensatory damages of $106,010,000.

No fewer than ten times during the Stansell plaintiffsø MDFL post-judgment execution proceedings, Judge Lazzara issued post-judgment issuance-of-writ orders that specifically reiterated his intent that the 2010 ATA Judgment was solely for compensatory damages.  Indeed Judge Lazzaraøs orders, spanning roughly five yearsø of execution efforts, each time reiterated and recounted unambiguously that õPlaintiffsø Judgment is solely for compensatory damagesö (MDFL Case 09-cv-2308, Dkt. Nos. 252 at 3; 261 at 3; 300 at 12; 322 at 11), or otherwise included the functionally-identical phrase that õPlaintiffs have a federal district court judgment for compensatory damages only[.]ö MDFL Dkt. Nos 323 at 10; 324 at 10; 325 at 10; 326 at 13; 327 at 13; 900 at 10.  Judge Lazzara ô a careful, experienced jurist ô was in the best position to know what the intention of his own 2010 Default Judgment Order was, so it should come as little surprise that he would repeatedly enter orders that reiterated, in similar phraseology, what his intention had always been from the start.

After both Lopez Bello and Caballeroøs treble damages arguments were denied in the SDFL by Judge Scola, in 2020 ô a decade after the Stansell judgment was entered ô Kingpin Samark Jose Lopez Bello moved in the original MDFL rendering court under Fed. R. Civ. P. 60(a) to amend or correct the Clerkøs Final Judgment to strike the words õcompensatory damagesö as having been a clerical mistake.  *Stansell v. FARC*, MDFL Case 09-cv-2308, Dkt. No. 1205.  The Stansell case had by then been reassigned to the Honorable Charlene Honeywell, who held a hearing on Lopez Belloøs motion, and at the conclusion of the hearing ô which spanned roughly 40 minutes ô Judge Honeywell ruled as follows:

> You are basically challenging the order itself and its inclusion, not just the fact that a clerk performed the ministerial task and inserted compensatory damages when

that's not what the judge ordered in the adjudicatory portion. I don't think that's
what Rule 60(a) is intended to do.

So, I've reviewed this, and I'm going to deny the motion to amend the judgment
pursuant to Rule 60(a) for a number of reasons. Well, you will get a written order.
But, as I've reviewed it, clearly as I've stated, the adjudicatory portion of Judge
Lazzara's order does not include compensatory next to the amount of the money
that he's awarding as damages, <u>but when you review his entire order and try to</u>
<u>discern his intent, my review of it leads me to conclude that the judgment which</u>
<u>was entered by the clerk does indeed evidence his intent. And then subsequent to</u>
<u>that, he's entered more orders which clearly include compensatory, and so I think</u>
<u>he clearly knew what he was doing</u>, that the judgment although prepared -- and I
don't even know who it was prepared by. It could have been prepared by one of his
law clerks. I don't know who prepared it, but it was clearly docketed and signed by
the clerk because that's the procedure with regard to judgments. But the judgments
evidence what the trial judge, the District Judge in this case has ordered, and being
here in the Middle District in the Tampa division I know what our procedures are
with regard to that. But more importantly, <u>my review of the Plaintiffs' motion, the</u>
<u>Judge's order and the Clerk's judgment leads me to believe that no clerical error has</u>
<u>occurred here</u> such that it would be appropriate for me to amend the judgment
pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, and so the motion
is going to be denied.

Dkt. No. 105-2 at 36-37 [MDFL Case 8:09-cv-2308 hearing transcript, MDFL Dkt. No. 1218 at

36-37] (emphases added).

Judge Honeywell followed up her oral ruling with a written order on October 5, 2020.  In

her 15-page order, she explained: "Intent is central to the inquiry under Rule 60(a)." Dkt. No. 106-

1 at 6 [MDFL Dkt. No. 222 at 6].  She then proceeded to analyze that "central" question, reviewing

all the relevant filings that had been made, and ultimately concluded: "This review fails to

demonstrate that the Court [i.e., Judge Lazzara] intended for the treble damages to serve a purpose

other than as compensatory damages, which would thereby render the Judgment inconsistent with

the Default Judgment Order." *Id.* at 9 (bracketed material added for clarity).  Judge Honeywell

ultimately denied Lopez Bello's motion for three separate reasons:

**CONCLUSION**.   Therefore, (i) the Court's review suggests that the Court
intended for the judgment to be entered in an amount of compensatory damages,
(ii) Movants fail to demonstrate that the Court intended for the treble damages to

serve a purpose other than compensatory damages, and (iii) Movants' proposed amendment to the Judgment exceeds the scope of Rule 60(a). As such, the Motion to Amend is due to be denied.

*Id.* at 15 (bold in original).  Judge Honeywell was crystal clear that she conducted an inquiry into what Judge Lazzara intended.  Specifically, her written opinion states: "To understand whether the Judgment strays from the Court's [i.e., Judge Lazzara's] intent, the Court [i.e., Judge Honeywell herself] must examine the Default Judgment Order." Dkt. No. 106-1 at 8 (bracketed material added for clarity).  Her order then devotes several pages delving into the specifics of what the Plaintiff/Appellees had actually requested from Judge Lazzara, the specifics of what his Default Judgment Order actually said, and the full context for both.  *Id.* at 2-3, 8-10.  Having conducted this inquiry, Judge Honeywell concluded: "This review fails to demonstrate that the Court [i.e., Judge Lazzara] intended for the treble damages to serve a purpose other than as compensatory damages, which would thereby render the Judgment inconsistent with the Default Judgment Order." *Id.* at 9 (bracketed material added for clarity).

Caballero asserts (Crossclaim ¶ 24) that the Stansell plaintiffs, back in 2010 to Judge Lazzara, "requested a "compensatory damage award … [which] must then be trebled." But Caballero fails to mention that Judge Honeywell specifically found that nothing we said to Judge Lazzara back in 2010 could reasonably be construed as the Stansell plaintiffs advocating for any form of non-compensatory damages to be contained in the Judgment.  *See* MDFL Dkt. No. 1222 at 11 n.4 ("The Court is also not persuaded that, by citing these cases for the proposition that § 2333(a) entitles plaintiffs 'to a full range of non-economic damages,' Plaintiffs advocated for the treble damages to serve a punitive or otherwise non-compensatory purpose."); *id.* at 15 n.5 ("Movants point to Plaintiffs' separate references to compensatory damages and treble damages in the Motion for Default Judgment, as well as their citation to other cases involving compensatory

damages.  These separate references and citations do not persuasively demonstrate that Plaintiffs intended for the treble damages not to serve as compensatory damages, and the Court does not construe Plaintiffs' present argument as contradictory to their argument in the Motion for Default Judgment.").

Along similar lines, Caballero argues (Crossclaim ¶¶ 25-27) that the Stansell plaintiffs argued [to Judge Lazzara back in 2010] that they only requested compensatory damages plus treble damages, somehow meaning that the Stansell plaintiffs were requesting damages that were not compensatory damages.  But again, Judge Honeywell specifically found otherwise.  MDFL Dkt. No. 1222 at 2-3; *id.* at 11 n.4; *id.* at 15 n.5.[1]

Caballero also takes aim at the Middle District's Clerk of Court, asserting (Crossclaim ¶ 29) that the Clerk "erroneously used the phrase 'compensatory damages' when describing each of the awards that total $318,030,000 in the Stansell Final Judgment." Judge Honeywell found exactly the opposite.  MDFL Dkt. No. 1222 at 7-8 ("Movants contend that the Clerk erred in transcribing the Judgment and that the Judgment is inconsistent with the Default Judgment Order.  Movants' argument is unavailing.") (citation omitted).

---

[1] At the hearing, Judge Honeywell questioned counsel for the Stansell plaintiffs on this very point, and she ultimately credited counsel's argument:

> THE COURT:  Stop right there. Let's hear a response to that, Mr. Porter.
>
> MR. PORTER:     My response to that, Your Honor, is in our motion for default judgment D[E] 228 at 54, the statute requires that compensatory amounts be trebled and that's what we asked for. We asked for the, quote, the total amount, the total award must then be trebled pursuant to 18 U.S.C. 2333. That's what we asked for. That's what the statute requires, and that's what the Court ordered and that's what the judgment reads.
>
> THE COURT:  Okay.

*Id.* at 32.

6

The Stansell plaintiffs always requested a full measure of damages for these victims which included trebling— all as compensatory damages.  In our motion for entry of final default judgment on liability and damages, we sought compensatory damages which we emphasized to Judge Lazzara "must" be trebled:

> Plaintiffs Keith Stansell, Marc Gonsalves and Tom Howes have submitted detailed affidavits describing their 1,967 days in captivity, including their beatings, psychological torture, constant threats of execution, malnourishment, being chained at the neck like an animal, grueling jungle marches, disease, lack of medical care and other severe emotional and physical distress. They too will continue to suffer permanent damages for the rest of their lives. Accordingly, Plaintiffs, Keith Stansell, Marc Gonsalves and Thomas Howes each request a compensatory damage award of $19,670,000 plus an additional lump sum factor of an amount that the Court determines to be fair and reasonable based upon the horrific injury in fact. The total award <u>must</u> then be trebled pursuant to 18 U.S.C. § 2333.

MDFL Dkt. No. 228 at 54 (emphasis added).  We emphasize the word "must" here because it underscores the point that we could not possibly have been saying that the trebling constituted punitive damages, because an award of punitive damages is <u>never mandatory</u>— by definition, such an award is always discretionary.  *Smith v. Wade*, 461 U.S. 30, 52 (1983) ("[A] key feature of punitive damages [is] that they are never awarded as of right, no matter how egregious the defendant's conduct. . . . Compensatory damages, by contrast, are mandatory; once liability is found, the jury is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss."); *Truesdell v. Thomas*, 889 F. 3d 719, 726 (11th Cir. 2018) ("[T]he question whether to award punitive damages is left to the jury, which may or may not make such an award.") (quotation marks omitted).

Lastly, nowhere in Judge Lazzara's Default Judgment Order did he indicate that the treble damages under the ATA were punitive damages, or constituted anything <u>other than</u> compensatory damages.  Back in 2010, nobody even broached the subject of "punitive damages," so Judge

Lazzara's silence on that topic certainly can't be construed as his having characterized any of the Stansell plaintiffs' damages as such.  Moreover— as Judge Honeywell aptly noted (MDFL Dkt. No. 1222 at 10)— Judge Lazzara then had several years of TRIA executions under the 2010 Judgment, and he entered ten subsequent orders that specifically reiterated his intent that the 2010 ATA Judgment was <u>solely for compensatory damages</u>.  MDFL Dkt. Nos. 252 at 3; 261 at 3; 300 at 12; 322 at 11; 323 at 10; 324 at 10; 325 at 10; 326 at 13; 327 at 13; 900 at 10.  Indeed, Judge Honeywell herself entered a turnover judgment for the Stansell victims after the September 1, 2020 denial of Lopez Bello's Rule 60(a) challenge yet again finding that "Plaintiffs' judgment is for compensatory damages."  MDFL Dkt. No. 1216.

30.     The Stansell plaintiffs' counsel submitted a proposed Final Judgment in the form requested by the Court.

31.     Admitted that the Stansell Anti-Terrorism Act Judgment expressly states on the face of the judgment that the entire $318,030,000 is for compensatory damages, and that three different federal Judges— Hon. Richard A. Lazzara of the Middle District of Florida; Hon. Robert N. Scola, Jr. of the Southern District of Florida; and Hon. Charlene Edwards Honeywell of the Middle District of Florida— have each reached the same conclusion: that Plaintiffs/Appellees' are entitled to collect $318 million in compensatory damages under the 2010 ATA Judgment.

32.     Admitted.

33.     Admitted that the entire $69,000,000 treble damage award constitutes compensatory damages as a matter of law.

No court has ever ruled that treble damages under the ATA are not compensatory damages subject to recovery under TRIA.  Trebled damages under the ATA are best viewed as compensatory in nature, not punitive.  As Judge Honeywell alluded to in her order, Dkt. No. 106-

1 at 12, "there is no rigid rule on characterizing treble damages statutes as either compensatory or punitive." *Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768, 777-778 (11th Cir. 2011). "In fact, treble damages statutes defy easy categorization as compensatory or punitive in nature." *Id.* at 777. "Whether treble damages under a given statute are considered compensatory or punitive is an intensely fact-based inquiry that may vary statute-to-statue." *Id.*  As to the ATA, all relevant sources point towards the "compensatory" side of the ledger.

Specifically, the ATA's treble damages are remedial in nature, and therefore compensatory rather than punitive.  *See Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 148 (D.C. Cir. 2011) (Brown, C.J., concurring) ("Treble damages [under the ATA] are statutory or liquidated damages— not punitive damages."); *Sokolow v. P.L.O.*, 60 F. Supp. 3d 509, 516 n.9 (S.D.N.Y. 2014) ("Treble damages in this context are statutory or liquidated— rather than punitive— damages.  Therefore, any heightened requirements for showing that punitive damages are available . . . are not applicable under the ATA.") (citation omitted);  *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y.2003) (§ 2333 of the ATA provides for treble damages "but does not provide for punitive damages");  *Alea London Ltd.*, 638 F.3d at 778 ("classic punitive damages . . . leave the jury with open-ended discretion over the amount of the damage award; treble damages under the TCPA limit the court to trebling the amount of the compensatory award.").

The ATA's compensatory objective becomes even more clear when the ATA is contrasted with the more recently enacted, state-sponsored terrorism exception in the FSIA, which expressly allows American terrorism victims to recover "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4) (2008) (emphasis added).

Indeed, the legislative history of the ATA underscores the reality that its treble damages provision was enacted for classic "compensatory" reasons — i.e., to provide incentives to bring difficult lawsuits and ensure full compensation for victims. *See Estate of Parsons*, 651 F.3d at 149 n.10 (Brown, C.J., concurring) ("The ATA's legislative history confirms that the primary purpose of the statutory multiplier is to deter future acts of terrorism, not to punish the defendant's moral culpability."); 136 Cong. Rec. S4568-01, 1990 WL 49302, at *74 (Apr. 19, 1990) (statement of Sen. Grassley, the ATA's legislative sponsor: "This bill establishes an express cause of action to gain <u>compensation</u> as fruit of their efforts.") (emphasis added).  As Judge Scola cogently noted in his order, this compensatory goal aligns closely to the animating reasons for the treble damage provisions in RICO and the Clayton Act. *Stansell v. Revolutionary Armed Forces of Columbia*, No. 19-20896-CIV, Dkt. No. 460 at 1-2, 2020 WL 4692748, *1 (S.D. Fla. July 16, 2020) (holding ATA treble damages are compensatory and comparable to RICO and Clayton Act damages where "[t]he damages provisions of both statutes are remedial.") *See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 635 (1985) (RICO); *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 241 (1987) (Clayton Act); 18 U.S.C. § 2333 notes, Pub. L. 114–222, § 2, 130 Stat. 852 (stating animating purpose of ATA).

Similarly, multiple damages under the False Claims Act are categorized as compensatory damages. *See U.S. v. Aleff*, 772 F.3d 508, 511 (8th Cir. 2014) ("[False Claims Act] treble damages are compensatory, not punitive."); *U.S. ex rel. Stevens v. State of Vt. Agency of Nat. Res.*, 162 F.3d 195, 207 (2d Cir. 1998), *rev'd on other grounds,* 529 U.S. 765 (2000) (finding False Claims Act damages "have been held not to be punitive but remedial, multiple damages being recoverable in order ʻto make sure that the government would be made completely wholeʼ") (citation omitted).

10

Lastly, Caballero's underlying contention—that treble damages under the ATA are actually punitive damages rather than compensatory damages— defies logic. Why would Congress enact the ATA statute giving terrorism victims trebled damages— and then enact TRIA specifically to enable those victims to "comprehensively" get their judgments satisfied— if the whole point was merely to cap such judgments, at most, at only <u>one-third</u> satisfied?  That makes no sense. Indeed, the legislative history of the ATA fully supports the conclusion that treble damages are compensatory. *Antiterrorism Act of 1990: Hearing on S. 2465 Before the Subcomm. on Courts and Administrative Practice of the S. Judiciary Comm.*, 101st Cong. 34 (1990) (statement of Steven R. Valentine, U.S. Dept. of Justice Deputy Assistant Att'y Gen., Civil Division) ("[The ATA] provides a federal forum for any national of the United States to seek **compensation in the form of treble damages** for injuries resulting from acts of international terrorism") (emphasis added).[2]

34.     Denied that the Pescatores are relying on the Stansells' "faulty belief"; the entire $69,000,000 treble damage award constitutes compensatory damages as a matter of law.

35.     Admitted.

36.     Admitted.

37.     Admitted that after the Lopez Bello Claimants' filed a Memorandum in Opposition making the identical argument that Caballero now asserts in his Crossclaim [SDFL Dkt. No. 450], and the Stansell plaintiffs filed their Reply [SDFL Dkt. No. 453], that the Honorable Robert N. Scola entered an Order July 16, 2020 confirming that "the $318,030,000 judgment is for compensatory damages."  SDFL Case 1:19-cv-20896, Dkt. No. 460. His order stated in part:

> The Plaintiffs now seek an order determining that their $318,030,000 ATA judgment is entirely for compensatory damages (and therefore subject to execution under TRIA) before the United States Marshal disperses the $12 million in proceeds from the sale of one of Lopez Bello's properties. Once the Plaintiffs receive the sale

---

[2] https://books.google.com/books?id=TcITAAAAIAAJ&pg=PP3#v=onepage&q&f=false.

proceeds, the amount that they collected will have exceeded $106,010,000. In response, Lopez Bello argues that the Plaintiffs can only collect $106,010,000, rather than the full $318,030,000 judgment, because the TRIA only allows for the recovery of compensatory damages— and, according to Lopez Bello, the judgment is made up of $106,010,000 in compensatory damages and $212,020,000 in punitive damages.

"[T]here is no rigid rule on characterizing treble damages statutes as either compensatory or punitive." *Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768, 777-778 (11th Cir. 2011). "In fact, treble damages statutes defy easy categorization as compensatory or punitive in nature." *Id.* at 777. "Whether treble damages under a given statute are considered compensatory or punitive is an intensely fact-based inquiry that may vary statute-to-statue." *Id.*

A main purpose of TRIA is to compensate United States nationals who are victims of international terrorism. *See* 136 Cong. Rec S4568-01; 1990 WL 49302 at *S4592 ("[TRIA] will serve as a further incentive to those with deep pockets . . . to spend resources and go after terrorists: this bill establishes an express cause of action to gain compensation as fruit of their efforts"). Indeed, ATA is similar to RICO and the Clayton Act, which also allow for the award of treble damages, the cost of the suit, and reasonable attorney's fees. *See* 18 U.S.C. § 2333(a); 18 U.S.C. § 1964(c); 15 U.S.C. § 15(a). The damages provisions of both statutes are remedial. "Both RICO and the Clayton Act are designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees." *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S.C 143, 151 (1987); *see also Phoenix Bond & Indem. Co. v. Bridge*, 2012 WL 8706, at *3 (N.D. Ill. Jan. 2, 2012) ("The Supreme Court has consistently characterized RICO's treble damages provision (and the parallel treble damages provision in the Clayton Act, on which RICO's damage provision was modeled) as remedial rather than punitive").

Moreover, District Court Judge Lazzara from the Middle District of Florida entered the Plaintiffs' ATA judgment for compensatory damages in the amount of $318,030,000. (ECF No. 1-1) (repeatedly stating that the judgment was for "compensatory damages"). And the Eleventh Circuit has referred to the judgment in this case as compensatory damages. *Stansell v. FARC*, 704 F.3d 910, 913 (11th Cir. 2013) ("In 2010, Appellees collectively obtained a default judgment against FARC for $318 million in compensatory damages."). Therefore, this Court concludes that the $318,030,000 judgment is for compensatory damages.

*Id.*, at 1-2; *Stansell*, 2020 WL 4692748, at *1.

Admitted the Lopez Bello Claimants appealed this decision in separate appeals, and that their punitive damages argument— the same argument Caballero raises in his Crossclaim here— was specifically argued in the Lopez Bello Initial Brief on Appeal. *See Stansell v. FARC*, 11th

Circuit Consolidated Case Nos. 20-11736 and 20-12467, Appellants' Initial Brief at 8, 26-27; Appellees' Answer Brief at 5-6, 36.  These consolidated appeals remain pending before the 11th Circuit Court of Appeals.[3]

38.     Admitted.

39.     Admitted.

40.     Admitted.  The merits of the issue [treble damages are compensatory damages, not punitive damages] remains pending on appeal in 11th Circuit Consolidated Case Nos. 20-11736 and 20-12467.  These cases have been further consolidated with Case No. 20-13660 where the Lopez Bello Claimants appealed from the MDFL denial of their Rule 60(a) motion which unsuccessfully tried to amend Plaintiffs' 2010 ATA judgment to strike the word "compensatory" from the Final Judgment. On May 18, 2021, the Eleventh Circuit scheduled oral arguments for the week of September 20, 2021.

41.     Admitted that the Stansell plaintiffs' SDFL motion to intervene argued that Caballero's entire ATA judgment was void because neither he or his father were U.S. nationals at the time of the FARC's kidnapping and murder of Mr. Caballero's father.  Denied that the Stansell plaintiffs' motion to intervene raised the separate affirmative defenses based on lack of personal jurisdiction over the FARC, or that Caballero's ATA judgment is *partially* void as to non-economic damages because there was never a U.S. national "injured in his person" and at best Mr. Caballero – who became a U.S. national over 15 years later – was only arguably a U.S. national "injured in his person or property" thereby allowing recovery of his alleged economic losses only. These separate defenses were never raised or decided in the Stansell SDFL motion to intervene.

---

[3] Lopez Bello's appeal of Order Dkt. No. 460 set forth above [Eleventh Circuit Case No 20-12888], was voluntarily dismissed by Lopez Bello after the filing of the appeal.  *See* Eleventh Circuit Case No. 20-12888 Sep. 2, 2020 Order dismissing appeal.

Further, subject matter jurisdiction defects may be raised at any time by any party, or by the Court sua sponte.  Further, the Pescatore plaintiffs were not parties to the Stansell SDFL motion to intervene, and the SDFL Order denying the Stansell plaintiffsø motion to intervene is not preclusive as to the Pescatores, nor is it binding on this Court.

42.      Admitted.  *See* Answer to ¶ 41 above.

43.      Admitted.  *See* Answer to ¶ 41 above.

44.      Admitted.  *See* Answer to ¶ 41 above.

45.      Admitted.  *See* Answer to ¶ 41 above.

46.      Admitted.  *See* Answer to ¶ 41 above.

**COUNT I – DECLARATORY JUDGMENT**

47.      The Stansell and Pescatores incorporate and reallege their responses in paragraphs 1 through 46 above as if fully set forth below.

48.      Admitted.

49.      Admitted that the validity of the Caballero judgment is squarely at issue in this interpleader action, and therefore the Stansell and Pescatore Plaintiffs are entitled to declaratory judgments on their respective crossclaims.

50.      Denied that the Stansell and Pescatore writs of execution against the subject blocked assets are unenforceable as a matter of law.  Denied that any part of the Stansell or Pescatore judgments are for damages other than compensatory damages.  Denied that the Stansell judgment creditors have collected or are about to collect their final judgmentøs award of $318 030,000 in compensatory damages.  Denied that the Pescatore judgment creditors have collected or are about to collect their final judgmentøs award of $69,000,000 in compensatory damages.

51.     Denied that any part of the Stansell or Pescatore judgments are for damages other than compensatory damages.  Denied that the Stansell judgment creditors have collected or are about to collect their final judgment's award of $318,030,000 in compensatory damages.  Denied that the Pescatore judgment creditors have collected or are about to collect their final judgment's award of $69,000,000 in compensatory damages.  Denied that Caballero alone is entitled to attach and execute upon the subject blocked assets.

WHEREFORE the Stansell and Pescatore Judgment Creditors request entry of an Order and judgment declaring that:

- The entire Stansell MDFL Final Judgment was expressly awarded as compensatory damages;

- Middle District of Florida Judge Richard A. Lazzara thereafter entered ten subsequent Orders all reaffirming that the entire Stansell Final Judgment was for compensatory damages;

- Middle District of Florida Judge Charlene Honeywell ruled that based upon her review of the entire record, the judgment which was entered by the clerk does indeed evidence Judge Lazzara's original intent that the treble damages are compensatory damages;

- Punitive damages are not recoverable under the Anti-Terrorism Act ("ATA");

- Treble damages under the ATA are compensatory damages in nature as a matter of law;

-  The entire Pescatore DDC Final Judgment was awarded as compensatory damages;

- Caballero's ATA judgment is not valid and is void for lack of personal  and subject matter jurisdiction.

Respectfully submitted May 26, 2021


/s/ Newton P. Porter_____

NEWTON P. PORTER

(Florida Bar No. 833738)

(Admitted Pro Hac Vice DE 4)

nporter@porterandkorvick.com

PORTER & KORVICK, P.A.

9655 South Dixie Highway Suite 208

Miami, Florida 33156

Telephone:     (305) 373-5040

Fax:               (305) 668-9154

Attorneys for the Stansell Plaintiffs


/s/ Nathaniel A. Tarnor

Hagens Berman Sobol Shapiro, LLP

322 8th Avenue, Suite 802

New York, NY 10001

Telephone: (646) 543-4992

Email: NathanT@hbsslaw.com

Counsel for the Pescatore

Plaintiffs/Judgment Creditors


/s/  Tony Korvick_____

TONY KORVICK

(Florida Bar No. 768405)

(Admitted Pro Hac Vice DE 3)

tkorvick@porterandkorvick.com

PORTER & KORVICK, P.A.

9655 South Dixie Highway Suite 208

Miami, Florida 33156

Telephone:     (305) 373-5040

Fax:               (305) 668-9154

Attorneys for the Stansell Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 26, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing document by electronic mail or certified or registered mail to the following persons:

> OFFICE OF FOREIGN ASSETS CONTROL
> U.S. Department of the Treasury
> 1500 Pennsylvania Ave. NW
> Washington DC
> *Via email to OFAC counsel in compliance with 31 CFR 501.605*

None of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment.  Accordingly, no further notice, service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment. Fed. R. Civ. P. 5(a)(2).

> /s/ Tony Korvick
> TONY KORVICK
> (Florida Bar No. 768405)
> (Admitted Pro Hac Vice DE 3)
> Attorneys for Plaintiffs
> PORTER & KORVICK, P.A.
> 9655 South Dixie Highway Suite 208
> Miami, Florida 33156
> Telephone:     (305) 373-5040
> Fax:              (305) 668-9154
> tkorvick@porterandkorvick.com

17