UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KEITH STANSELL, *et al.*, | |
| Plaintiffs, | No. 1:16 Misc. 00405-LGS |
| v. | |
| REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), *et al.*, | |
| Defendants. | |

---

| | |
|---|---|
| KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH JANIS, CHRISTOPHER JANIS (individually and as personal representative and sole heir of the estate of GREER C. JANIS), MICHAEL JANIS, and JONATHAN JANIS, | CPLR 5225(b) Special Proceeding with respect to Motion for TRIA Turnover, ECF No. 197 |
| Garnishors, | |
| v. | |
| CITIBANK, N.A., | |
| Garnishee, | |

---

| | |
|---|---|
| CITIBANK, N.A., | |
| Third-Party Plaintiff - Garnishee, | Amended Third-Party Complaint Alleging Claims in the Nature of Interpleader Filed by Citibank, N.A. |
| v. | |
| KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH JANIS, CHRISTOPHER JANIS (individually and as personal representative and sole heir of the estate of GREER C. JANIS), MICHAEL JANIS, and JONATHAN JANIS, | |
| OLIVIA PESCATORE, JOSH PESCATORE, JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE, CAROL PESCATORE HARPSTER (individually and as the representative of the estate of FRANK PESCATORE SR.), CAROLYN PESCATORE, RICHARD PESCATORE, and JOHN PESCATORE, | |
| ANTONIO CABALLERO, | |
| VENEZUELA MINISTRY OF FINANCE (aka MINISTERIO DEL PODER POPULAR DE ECONOMÍA Y FINANZAS), | |
| Third-Party Defendants - Adverse Claimants. | |

Garnishee and Third-Party Plaintiff - Garnishee Citibank, N.A. ("Citibank"), a national banking association that is a neutral stakeholder in this matter, hereby responds to the Motion of Plaintiffs Keith Stansell, et al., for TRIA Turnover, dated April 9, 2021 (ECF No. 197), and the Motion of Plaintiffs Olivia Pescatore, et al., for TRIA Turnover, dated April 9, 2021, *see Pescatore v. Fuerzas Armas Revolucionarias de Colombia, et al.*, No. 18-MC-00545-LGS, ECF No. 103 (S.D.N.Y.) (the "Turnover Motions"), as directed by the Court in its March 29, 2021 Order (ECF No. 196) by alleging, on personal knowledge as to itself and on information and belief as to all else, as follows in support of its Amended Third-Party Complaint Alleging Claims in the Nature of Interpleader (the "Interpleader Complaint"):

1. Citibank is a banking institution that holds two accounts in the name of Venezuela Ministerio del Poder Popular de Economía y Finanzas (the "Ministry of Finance"). The Office of Foreign Assets Control ("OFAC"), an agency of the United States Department of the Treasury, has blocked those accounts (the "Blocked Accounts") pursuant to sanctions imposed on the Bolivarian Republic of Venezuela ("Venezuela"). The Blocked Accounts held by Citibank are subject to competing claims asserted by several different judgment creditors, including Plaintiffs (defined below).

2. Plaintiffs seek a court order directing Garnishee Citibank to turn over to Plaintiffs assets held in the Blocked Accounts in satisfaction of their judgment against the Revolutionary Armed Forces of Colombia ("FARC"). Citibank is a neutral stakeholder with respect to the Blocked Accounts, and brings these Interpleader Claims because it is aware that there are other potential claimants to the accounts (the "Adverse Claimants") who are or may be adverse to Plaintiffs. The Adverse Claimants are identified in paragraphs 16 to 19 below.

3. The Amended Interpleader Complaint is necessary to formally join the Adverse Claimants—some of whom are not or may not be located in the United States—so they will be bound by any final turnover order and the Court can fully discharge and release Citibank from any liability to any potential claimant to the Blocked Accounts. Because it is a disinterested, neutral stakeholder in respect of the Blocked Accounts, Citibank seeks to place all such Adverse Claimants on notice of the claims being asserted by Plaintiffs, and to thereby avoid the risk of inconsistent judgments and double or multiple liability. Accordingly, Citibank seeks to interplead all Adverse Claimants pursuant to Fed. R. Civ. P. 22, New York Banking Law ("NYBL") § 134, and NY CPLR §§ 1006 and 5239.

### Jurisdiction and Venue

4. Upon information and belief, at least three sets of persons, the Stansells and the Pescatores (the "Plaintiffs"), and together with Antonio Caballero (collectively, the "Judgment Creditors"), have obtained judgments in various jurisdictions against the Revolutionary Armed Forces of Colombia ("FARC"). The Judgment Creditors allege that the Ministry of Finance is an agency or instrumentality of the FARC. Each of the Judgment Creditors seeks to satisfy their judgments against the FARC in whole or in part from assets held by Citibank.

5. This Court has federal subject matter jurisdiction over this proceeding under 28 U.S.C. § 1331 because Plaintiffs have alleged a claim under federal law—specifically, the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 Note ("TRIA")—and under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000. Furthermore, this Court has supplemental jurisdiction over the Interpleader Claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiffs' claims.

2

6. The Blocked Accounts are situated in this District, and therefore the Court has jurisdiction over the Blocked Accounts and may exercise *quasi in rem* jurisdiction over the Adverse Claimants to adjudicate their claims to the Blocked Accounts. In addition, when it agreed to Citibank's General Account Conditions, the Ministry of Finance agreed that its accounts at Citibank would be governed by New York law, that state or federal courts in New York City would have exclusive jurisdiction over any dispute, and that it would waive any applicable immunity from such legal proceedings.

7. Venue over the Interpleader Claims is proper pursuant to 28 U.S.C. § 1391(b)(2) because the first above-captioned proceeding seeks to enforce a judgment that has been filed in this judicial district. Upon information and belief, venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Plaintiffs seek to enforce has been entered as a judgment with this Court at a courthouse within this county and judicial district. Furthermore, the substantial part of the property at issue is located in this District.

**Background**

8. The Stansells, the Pescatores, and Caballero are victims of acts of terrorism allegedly committed by the FARC and hold judgments against the FARC entered under the Anti-Terrorism Act ("ATA").

9. Section 201(a) of TRIA permits certain creditors with judgments entered against a terrorist party to attach and execute against blocked assets belonging to the agencies or instrumentalities of that terrorist party. Specifically, Section 201(a) of TRIA provides:

> [I]n every case in which a person has obtained a judgment against a terrorist party or a claim based on an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, <u>the blocked assets of that terrorist party (including the</u>

3

<u>blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution</u> in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable. (codified at 28 U.S.C. § 1610 note (emphasis added)).

10.   The FARC has been designated by the United States government as a foreign terrorist organization under section 219 of the Immigration and Nationality Act since at least October 8, 1997.

11.   On August 5, 2019, OFAC sanctioned the Ministry of Finance pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and Executive Order 13884. Exec. Order No. 13884, 84 Fed. Reg. 38843 (Aug. 5, 2019).

12.   As a result of E.O. 13884, Citibank identified and blocked the following accounts held in the name of the Ministry of Finance: (1) ▇▇8635, and (2) ▇▇8417 (the "Blocked Accounts").[1]

13.   The Stansells and Pescatores have served writs of execution and turnover motions on Citibank, seeking to attach property of the Ministry of Finance, because Plaintiffs allege that the Ministry of Finance is an agency or instrumentality of the FARC. The Stansells and

---

[1] While the Plaintiffs' writs and turnover motions employ broad language purporting to target "any and all securities, cash or property interests" held by Citibank for the Ministry of Finance, the applicable writs and their turnover motions can only reach property in the United States. *See Motorola Credit Corp. v. Standard Chartered Bank*, 24 N.Y.3d 149, 158, 163 (2014) ("[E]ven when a bank garnishee with a New York branch is subject to personal jurisdiction, its other branches are to be treated as separate entities for certain purposes, particularly with respect to CPLR article 62 prejudgment attachments and article 52 postjudgment restraining notices and turnover orders. In other words, a restraining notice or turnover order served on a New York branch will be effective for assets held in accounts at that branch but will have no impact on assets in other branches."); Brief for the United States as Amicus Curiae at 12, *Clearstream Banking S.A. v. Peterson*, Nos. 17-1529, 17-1534 (U.S. Dec. 9, 2019) (making clear that "the presence of the disputed foreign sovereign property in the United States [is] a prerequisite to attachment or execution in U.S. courts" (emphasis omitted)). Accordingly and notwithstanding the Plaintiffs' broad language, their writs and turnover motions are limited to the two Blocked Accounts identified above.

Pescatores served writs of execution in the S.D.N.Y. that were issued on February 9, 2021, which expressly identify the ****8635 Blocked Account and the Stansells and Pescatores have confirmed that they believe their writs also attach the ****8417 Blocked Account. Caballero also has served writs of execution issued on January 29, 2021 in the W.D.N.Y. and on March 10, 2021 in the S.D.N.Y., which expressly attach both the ****8635 and ****8417 Blocked Accounts, but has not yet filed a turnover motion with regard to the Blocked Accounts.

14. Plaintiffs allege that the Ministry of Finance is an agency or instrumentality of Venezuela, but allege that its blocked property is not immune from attachment as sovereign, diplomatic, or consular property because Section 201(a) of TRIA waives the immunity of any agency or instrumentality of the FARC. The Court should hold appropriate proceedings and make findings of fact and law as to, among other things, whether the Ministry of Finance is an agency or instrumentality of Venezuela, and whether the Ministry of Finance's alleged relationship with the FARC is sufficient to waive any sovereign immunity from attachment it may enjoy as an agency or instrumentality of Venezuela.

## Parties to the Interpleader Complaint

**Garnishee-Respondent and Third-Party Interpleader Plaintiff Citibank**

15. Citibank is a national banking association with its head office in Sioux Falls, South Dakota, and with offices throughout the country, including in the Southern District of New York. Citibank maintains the Blocked Accounts that are the subject of the Turnover Motions.

**The Judgment Creditor Adverse Claimants and Third-Party Respondents**

16. Plaintiffs Keith Stansell, Thomas Howes, and Jonathan N. Janis are citizens of the State of Florida, Christopher T. Janis is a citizen of the State of New York, Marc Gonsalves is a citizen of the State of Connecticut, Judith G. Janis and Michael I. Janis are citizens of the State

of Alabama, and Greer C. Janis is a citizen of the Commonwealth of Virginia (collectively, the "Stansells"). The Stansells hold a judgment against the FARC and seek to execute against the Blocked Accounts in satisfaction of their judgment, pursuant to Section 201(a) of TRIA.

17. Adverse Claimants Respondents Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, and Jordan Pescatore are citizens of the State of Alabama, and Carol Pescatore Harpster, as the representative of the Estate of Frank Pescatore Sr., Carolyn Pescatore, Richard Pescatore, and John Pescatore are citizens of the State of New Jersey (collectively, the "Pescatores"). The Pescatores hold a judgment against, *inter alia*, the FARC, which was registered in the Southern District of New York on or about November 27, 2018. *See Pescatore v. Pineda*, No. 1:18 Misc. 545 (S.D.N.Y.).

18. Adverse Claimant Respondent Antonio Caballero ("Caballero") has sought to intervene in this action as a competing creditor with a claim to certain blocked assets. *See* ECF No. 124. Caballero asserts, including in a letter submitted to this Court (ECF No. 124), that he has obtained a judgment against the FARC in an action entitled *Antonio Caballero v. Revolutionary Armed Forces of Colom.*, No. 18-cv-25337 (S.D. Fla.) (the "*Caballero* Action") "in the amount of $46,729,667.00 – which was trebled pursuant to Section 18 U.S.C. § 2333 – and which included post-judgment interest at the rate of 0.15% from [the date of the judgment]." ECF No. 124. On information and belief, Caballero is a citizen of Florida.

**The Account Holder**

19. Upon information and belief, Adverse Claimant Ministry of Finance is an instrumentality of the Government of Venezuela that is located in Caracas, Venezuela. The role of the Ministry of Finance is to implement the economic and fiscal policies of Venezuela. The head of the Ministry of Finance is appointed by the President of Venezuela.

20. Citibank reserves the right to amend the Interpleader Complaint if it learns of any other person or entity who may have a claim to the Blocked Accounts, in whole or in part.

### Ownership Is an Essential Predicate to Execution

21. Section 201(a) of TRIA permits attachment of "blocked assets of any agency or instrumentality of that terrorist party," and therefore requires a showing that the alleged agency or instrumentality has an ownership interest in the blocked assets. *See Levin v. JPMorgan Chase Bank, N.A.*, 751 F. App'x 143, 174 (2d Cir. 2018). Ownership interests in blocked assets are determined by reference to state law. *See Calderon-Cardona v. Bank of N.Y. Mellon*, 770 F.3d 993, 1001 (2d Cir. 2014); *Hausler v. JPMorgan Chase Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014).

22. Furthermore, New York Banking Law Section 134(4) states that a bank only gives effect to a claim of authority taken by the person for whom it holds the account unless there is an order to the contrary. Specifically, Section 134(4) of the New York Banking Law provides:

> "A bank or trust company need not recognize or give any effect to a claim of authority . . . for the account of, any person, corporation, unincorporated association or partnership, which claim conflicts with a claim of authority of which the bank or trust company had prior notice, unless the person or persons asserting such subsequent claim shall procure a restraining order, injunction or other appropriate process against said bank or trust company from a court of competent jurisdiction."

### The Need for Interpleader Relief

23. Plaintiffs seek the turnover of property in which the Adverse Claimants have or may have a property interest. Citibank has filed this Interpleader Complaint in order to bring before the Court known parties with claims to the Blocked Accounts and to obtain a discharge in interpleader.

24. Under these circumstances, where there may be conflicting claims to assets held by Citibank, thereby exposing it to the risk of double or multiple liability, federal and state law recognize Citibank as a disinterested or neutral stakeholder, and provide mechanisms for it to bring before the court any person or adverse claimant with a claim to the same assets who may not already be party to the action.  *See* Fed. R. Civ. P. 22; NYBL § 134; NY CPLR §§ 1006 and 5239; *see also Hauser v. JPMorgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 541-42 (S.D.N.Y. 2010) (recognizing that interpleader relief is warranted in TRIA turnover proceedings because banks holding blocked assets may be subject to double liability); *Weininger v. Castro*, 462 F. Supp. 2d 457 (S.D.N.Y. 2006) ("[T]he Court finds that [the bank] faces a reasonable fear of double liability or conflicting claims, and that relief by way of interpleader is warranted with respect to the [TRIA blocked assets.]").

25. Citibank takes no position on the entitlement of Plaintiffs to execute on the default judgments held against the FARC, or on the defenses that any of the other Adverse Claimants may have against such execution.

26. Citibank takes the position, however, that to the extent any of the Adverse Claimants fail to appear to assert a defense to execution or a claim to the Blocked Accounts in question, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any defaulting Adverse Claimant with respect to the Blocked Accounts.

27. Citibank also takes the position that to the extent any individuals notified of these proceedings fail to appear in response to such notice to assert a defense to execution, or to assert a claim to the Blocked Accounts in question, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any absent adverse claimants with respect to the Blocked Accounts and the writs of execution.

28. Citibank further believes that to the extent any of the Adverse Claimants appear, this Court may adjudicate ownership rights under the Blocked Accounts, and such adjudication will permit Citibank to be relieved of further liability.

**PRAYER FOR RELIEF**

WHEREFORE, Citibank respectfully requests that the Court:

a. determine what rights, if any, Plaintiffs, and Adverse Claimants have to the Blocked Accounts, including:

1. determining whether or not the Blocked Accounts, in whole or in part, consists of "blocked assets" within the meaning of TRIA, whether the blocked assets are owned by the Ministry of Finance, and whether the Ministry of Finance is an "agenc[y] or instrumentalit[y]" of a "terrorist party" within the meaning of TRIA;

2. determining whether the Ministry of Finance is an agency or instrumentality of Venezuela entitled to sovereign immunity from attachment under 28 U.S.C. § 1609, and whether TRIA waives that sovereign immunity if the Ministry of Finance is also found to be an agency or instrumentality of the FARC;

3. determining whether the judgment as to which execution or garnishment is ordered is against the FARC as a terrorist party within the meaning of TRIA and the ATA, on either (i) a claim based on an act of terrorism within the meaning of these acts, or (ii) a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7) or 28 U.S.C. § 1605A;

4. determining whether the judgment as to which execution or garnishment is ordered is based on the ATA;

5. determining whether the judgment as to which garnishment or execution is ordered, including interest, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

6. determining, to the extent TRIA is not relied upon, is not applicable, or is deemed not to supersede OFAC's licensing requirements, whether any garnishment or execution has been licensed by OFAC, and the Blocked

9

      Accounts against which garnishment or execution is ordered consists of blocked property that is not immune from execution within the meaning of the FSIA or of the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations;

    7. determining whether TRIA allows the Blocked Accounts against which garnishment or execution is ordered to be executed against to satisfy a judgment against the named Defendants in the underlying action, irrespective of whether they would otherwise be immune from garnishment or execution; and

    8. determining whether the Blocked Accounts against which garnishment or execution is ordered are not property subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or blocked assets in respect of which no waiver of the provisions of TRIA can be made by the President with respect thereto within the meaning of Section 201(b) of TRIA;

  b. direct Citibank as to how it is to proceed with respect to the Blocked Accounts;

  c. determine that service of this Amended Interpleader Complaint, and the third-party summonses, and other relevant documents upon the Plaintiffs and other Adverse Claimants constitutes good and sufficient service;

  d. if the Court orders the Blocked Accounts, in whole or in part, to be turned over to Plaintiffs, another Judgment Creditor, or any other third party, order that Citibank is released from any and all liability to the Plaintiffs, the Defendants, the Adverse Claimants, and any other third party who may have a claim to the blocked property, and is discharged in interpleader from this garnishment action;

  e. award Citibank its costs and expenses in this proceeding, including reasonable attorney's fees; and

  f. grant such other and further relief to Citibank as may be just and proper.

Dated: May 26, 2021

DAVIS POLK & WARDWELL LLP

By: /s/ Craig T. Cagney
    Michael S. Flynn
    Craig T. Cagney

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
michael.flynn@davispolk.com
craig.cagney@davispolk.com


*Attorneys for Garnishee & Third-Party Plaintiff – Garnishee Citibank, N.A., except with respect to the special proceeding related to Banco de Venezuela, Stansell v. FARC, No. 16. Misc. 00405-LGS, ECF No. 143 (S.D.N.Y.) and Pescatore v. Fuerzas Armas Revolucionarias de Colombia, et al., No. 16-MC-00405-LGS, ECF No. 70 (S.D.N.Y.)*

11