June 4, 2021

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Stansell et al., vs. Revolutionary Armed Forces of Colombia ("FARC") et al.*
      Case No. 1:16-mc-00405 (LGS)(SN)
      <u>Stansell & Pescatore Plaintiffs' joint response to Caballero pre-motion letter Dkt. No. 286</u>

Dear Judge Netburn:

The Stansell & Pescatore Plaintiffs hereby respond to Antonio Caballero's June 1, 2021 pre-motion letter Dkt. No. 286.

**First**, no preclusive effect should be afforded to Mr. Caballero's default judgments where the issue of personal jurisdiction over the Defendant FARC was never fully and fairly litigated. "A judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." *Underwriters Nat'l Assurance Co. v. N.C. Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 704 (1982) (*quoting Durfee v. Duke*, 375 U.S. 106, 110 (1963)). "Consequently, before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." *Id*. at 705; *see also Kremer v. Chem. Constr. Corp*., 456 U.S. 461, 482 (1982) ("A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." (footnote omitted)).

Jurisdictional findings made as part of a default judgment rendered without an appearance by the defendant are not entitled to preclusive effect. *See Jerez v. Republic of Cuba*, 775 F.3d 419, 422 (D.C. Cir. 2014) (jurisdictional determinations made in a Florida state court default judgment are not entitled to res judicata effect if the defendant did not "actually appear[ ]" in the proceedings); *American Steel Bldg. Co. v. Davidson & Richardson Constr. Co*., 847 F.2d 1519, 1521 (11th Cir. 1988) ("[W]here the defendant does not appear, and judgment is by default, the state court judgment does not preclude the federal court from reviewing the jurisdictional issues."). The Defendant FARC never appeared in Mr. Caballero's Florida state court Alien Tort Statute lawsuit, or in his subsequent SDFL Anti-Terrorism Act ("ATA") action.

In *Martinez v Republic of Cuba*, 221 F. Supp. 3d 276 (N.D.N.Y. 2016), Judge Kahn of the Northern District of New York voided a Florida default judgment against Cuba on subject matter jurisdiction grounds, emphasizing that such ruling protects the legal rights of victims who actually possess a valid judgment:

> The Court emphasizes that, in denying enforcement of Martinez's default judgment, it is not acting to protect assets of the Cuban government against plaintiffs who have claims to them. Indeed, <u>enforcing Martinez's jurisdictionally defective judgment would reduce the pool of such assets available to plaintiffs who have suffered wrongs at the hands of the Cuban government that are cognizable under the FSIA</u>.

*Id.* at 289 (emphasis added). Here, Mr. Caballero seeks to improperly reduce the pool of blocked assets available to the sixteen Stansell and Pescatore FARC victims who—unlike Mr. Caballero—were all U.S. nationals at the time of their attacks and were specifically targeted as American citizens.[1]

In 2019, the Second Circuit reversed three SDNY TRIA turnover orders seeking to enforce U.S. national terrorism victims' Florida state court default judgments against Cuba because of a lack of subject matter jurisdiction. The court expressly allowed the jurisdictional challenge "as a defense to Petitioners' enforcement action." *Vera v Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir 2019), *cert denied sub nom. Fuller v Banco Bilbao Vizcaya Argentaria, S.A.*, 141 S. Ct. 364 (2020). The *Vera* Court held:

> "…[w]e need not consider a collateral attack on the Florida judgment [because] BBVA's principal argument ... is that the District Court lacked subject-matter jurisdiction." 867 F.3d at 320 n.9 (emphasis in original). Moreover, as described above, a district court may consider its jurisdiction when suggested by any party, "even if there is no reason to confer a special right of 'third-party standing' on that party." *Walters*, 651 F.3d at 293.

*Id*. at 135, n. 20. The Court held that the Florida state court jurisdictional findings did not bar the District Court from considering the jurisdictional question anew, nor relieve it of its obligation to assure itself of its own jurisdiction, whether upon motion or sua sponte. *Id*.

The *Vera* Court also held that "a finding of jurisdiction is preclusive only when the jurisdictional issues "have been fully and fairly litigated ... in the court which rendered the original judgment." *Id*. at 135-36, citing *Durfee v. Duke*, 375 U.S. 106, 111 (1963). "Cuba's failure to appear meant that, although the Florida courts heard relevant evidence, 'the jurisdictional facts necessary to eliminate Cuba's sovereign immunity under the FSIA were not fully and fairly litigated' in the Florida actions. . . . The Florida state courts' jurisdictional conclusions could therefore 'neither bind the District Court ... nor ... be relied on by the parties.'" *Id. See also Jerez*, 775 F.3d at 422–23 (refusing to accord res judicata effect to similar Florida state default judgment entered against Cuba).

---

[1] The Stansell & Pescatore Plaintiffs are terrorism victims and do not wish to minimize the suffering of Mr. Caballero and the thousands of other victims of Colombia's conflict with the terrorist organization FARC; however, as detailed below, Colombian nationals cannot satisfy the jurisdictional requirements to bring claims in American courts and Congress has indicated that U.S. antiterrorism remedies are limited to redressing injuries brought by U.S. victims. *See, e.g.*, 28 U.S.C. § 1605A(a)(2)(A)(ii) (limiting recoveries to terrorism victims who were "at the time [of] the act [of terrorism]" U.S. nationals, members of the armed forces, or employees of the U.S. government).

Here, no defendant ever appeared in either of Caballero's state or federal court cases, and the relevant controlling authorities were never provided to either court.[2] Thus, as the D.C. Circuit held in an ATA default judgment case against Hezbollah, the defendants' "absence imposed an independent obligation on the district court to satisfy itself of its personal jurisdiction before entering a default judgment against a missing party." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018).

**Second**, Mr. Caballero's judgment is subject to challenge because the validity of his judgment is squarely at issue in these interpleader actions. "[T]here can be little doubt that if the judgment is void...a collateral attack upon the void judgment may be made <u>in any proceeding in any court where the validity of the judgment comes in issue</u>." *Collins v. Foreman*, 729 F.2d 108, 111 (2d Cir. 1984) (emphasis added, citation omitted); 12 Moore's Federal Practice—Civil § 60.44[1][b] (2017 ed.). Importantly, "voidness of a judgment for lack of personal jurisdiction can be asserted on a collateral challenge after entry of a default judgment." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008). Therefore, as a void judgment is a legal nullity, it may be challenged not only directly but also by collateral attack in a proceeding in any court where that judgment's validity comes in issue. *Graciette v. Star Guidance, Inc*., 66 F.R.D. 424, 426 n.1 (S.D.N.Y. 1975) *citing Pennoyer v. Neff*, 95 U.S. 714 (1877) (collateral attacks are permitted against default judgments that are void for a lack of personal jurisdiction); J. Moore, 7 Federal Practice ¶60.25[1]. "If the Court rendering the challenged judgment never had jurisdiction over the person of the defendant or the res of the action, any such judgment is void and, therefore, subject to collateral attack. That attack may be made in any proceeding in any Court where the validity of the judgment comes in issue." *Sheiner v. City of New York*, 611 F. Supp. 172, 175 (E.D.N.Y. 1985); 16 Moore's Federal Practice, § 108.03[2] at 108–16 (3rd ed. 1998). *See also In re Choez*, No. 15 Bk. 45404 (ESS), 2017 WL 5604109, at *6 (E.D.N.Y. Nov. 20, 2017) ("[P]recedent exists supporting the proposition that Rule 60(b)(4) may be invoked in the registration court to obtain relief from a foreign default judgment attacked as void for lack of personal jurisdiction over the parties against whom it was rendered." (*quoting Covington Indus., Inc. v. Resintex A.G*., 629 F.2d 730, 734 (2d Cir. 1980).")); *Reefer Tek LLC v El Dorado Trailer Leasing, LLC*, 17 CIV. 1809 (ER), 2019 WL 5727315, at *3 (S.D.N.Y. Nov. 5, 2019) (same).

**Third**, there is no doubt that Mr. Caballero's judgment against the FARC is void because no Florida court ever addressed recent Supreme Court precedent that has fundamentally altered the law of personal jurisdiction. *See Waldman v. Palestine Liberation Org*., 835 F.3d 317, 344 (2d Cir. 2016) (vacating ATA judgments against the PLO and Palestinian Authority because the "district court could not constitutionally exercise either general or specific personal jurisdiction over the defendants in this case."). In fact, the district court in Florida entirely failed to address personal jurisdiction over the FARC terrorist organization. *See Caballero v. Fuerzas Armadas*

---

[2] Caballero executed in state court on a blocked Kingpin asset held in the name of Prodira, a Colombian casa de cambio that OFAC had designated as a Tier II FARC money launderer. Prodira challenged Caballero's standing to execute on a blocked Kingpin asset. On appeal the Florida 3d DCA affirmed in a per curiam no opinion decision. *Stansell* Joint Appendix, Dkt. No. 250, App. Ex. 14. Prodira never challenged, nor did the Florida state trial or appellate court ever decide, any issues relating to personal jurisdiction <u>over the FARC</u>. *See* Dkt. No.250, App. Ex. Nos. 10-13.

*Revolucionarias de Colombia*, No. 1:18-CV-25337-KMM, 2020 WL 7481302 (S.D. Fla. May 20, 2020). The reason for this oversight is because Mr. Caballero knowingly or negligently misrepresented the Florida state court record to Southern District of Florida Judge Moore in the subsequent ATA action and failed to address the Supreme Court's recent case law.

The Caballero ATA Complaint falsely alleged that the state court "Final Judgment was collaterally attacked in post-judgment garnishment proceedings, <u>which included attacks as to both the Florida Court's personal jurisdiction over the Defendants</u> and the Florida Court's subject matter jurisdiction," and that "[t]he trial court's rulings were affirmed (per curiam) on appeal by the Florida Third District Court of Appeal." *Stansell* Joint Appendix, Dkt. No. 250, App. Ex. No. 15 (Complaint at 4, n.1) (emphasis added).

But there was never a collateral attack on the personal jurisdiction ***over the Defendant FARC***, either in the state trial court or on appeal. A non-party blocked account owner, Prodira Casa de Cambio, S.A. de C.V., did file a motion to dissolve a writ that challenged personal jurisdiction. But Prodira's motion argued that *Prodira* was not subject to personal jurisdiction, and, therefore, its account could not be garnished.[3] Prodira also filed a Motion to vacate the judgment arguing that Caballero's service of process on the FARC was defective,[4] but *Prodira never once asserted in any motion that the Defendant FARC was not subject to personal jurisdiction in the United States*. *See* Dkt. No. 250, App. Ex. Nos. 4, 6, 7.

The state court Omnibus Order rejecting all of Prodira's motions noted that Prodira's notice of general appearance stated that it was "without waiver to Prodira's other defenses including but not limited to the Court's lack of personal jurisdiction *over Prodira*." Dkt. No. 250, App. Ex. No. 9 (Omnibus Order at 13) (emphasis added). This is what Prodira referred to in its Appellant's Brief when it said "Prodira challenged personal jurisdiction" in the trial court. *Prodira Casa de Cambio vs. Caballero*, 2016 WL 5870668, No. 3D16-0487 (Aug. 10, 2016 Appellant's Initial Brief). The Appellant's Brief and Reply Brief on appeal never once challenged the court's personal jurisdiction *over the Defendant FARC*. Dkt. No. 250, App. Ex. Nos. 11, 13. Caballero's own Appellee's Answer Brief clearly states that "Prodira filed its Motion to Dissolve by way of a "special appearance" contesting the trial court's jurisdiction *over it*." Dkt. No. 250, App. Ex. No. 12 (emphasis added).

Mr. Caballero's motion for default judgment against the FARC in the ATA action never once mentions the issue of personal jurisdiction over the FARC. Dkt. No. 250, App. Ex. No. 16. The district court in entering the ATA judgment gave preclusive effect to the state court judgment's damages award, and the district court never once addressed the issue of the FARC's personal

---

[3] Prodira also argued that its blocked Kingpin account was not subject to TRIA execution, but this argument was rejected based on the testimony of Bruce Bagley that the account was really owned by Los Zetas, an IEEPA Transcriminal Organization, and, therefore, the account should have been blocked under IEEPA. Mr. Bagley is now in federal prison having plead guilty and been convicted on money laundering charges for Venezuelan nationals.

[4] Caballero's opposition briefs in the state court argued that Prodira had no standing to challenge the validity of service of process on the FARC, which was a waivable defense personal to the Defendant FARC.

4

jurisdiction or recent case law.[5]  *See* Dkt. No. 250, App. Ex. No. 17, Order on Motion for Default Judgment, DE 62, at 7, 2020 WL 7481302 (S.D. Fla. May 20, 2020).

      If Your Honor grants Mr. Caballero's request, then the Stansell & Pescatore plaintiffs have no objection to the briefing schedule he proposes in his June 1, 2021 letter.

Respectfully,

/s/ Newt Porter and Tony Korvick, for Stansell Plaintiffs
/s/ Nathaniel Tarnor, for Pescatore Plaintiffs

---

[5] *Mwani v. Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) ("a court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant").