June 4, 2021

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Keith Stansell et al., vs. Revolutionary Armed Forces of Colombia ("FARC") et al.*
      Case No. 1:16-mc-00405 (LGS)(SN)
      *Olivia Pescatore et al. v. Palmera Pineda and FARC et al.,*
      Case No. 1:18-000545 (LGS)(SN) (Related Case)
      ***Joint letter summarizing status of each case and current briefing schedules***

Dear Judge Netburn:

The parties hereby submit the following joint letter pursuant to Your Honor's May 28, 2021 Order Stansell/Pescatore Dkt. Nos. 285/116 summarizing the status of the case and current briefing schedule. There are currently no open briefing schedules. The parties also respectfully direct Your Honor to their February 25, 2021 Joint letter to Judge Schofield [Dkt. No. 187] pursuant to Order Dkt. No. 184.[1]  Since that time, the remaining Third-Party Complaint interpleaders have all been filed, and we will now update the Court on the current status.

These cases involve post-judgment execution proceedings against multiple Dep't of Treasury Office of Foreign Assets Control ("OFAC") blocked accounts under writs of execution issued after court Orders determining that each account owner is an "agency or instrumentality" of the Revolutionary Armed Forces of Colombia ("FARC"), a designated Foreign Terrorist Organization, whose blocked assets are subject to attachment and execution under Section 201 of the Terrorism Risk Insurance Act ("TRIA"), codified at 28 U.S.C. §1610 note.  The blocked assets are all held by either Citibank, N.A. ("Citibank"), Equiniti Trust Company ("Equiniti"), and/or Sumitomo Mitsui Banking Corp. ("SMBC").  These three garnishees have to date filed a total of eight (8) separate Third-Party Complaint interpleader actions.  Each interpleader will be addressed in turn and the operative Docket Entries for each interpleader are set forth in Exhibit A.

1. **Citibank, N.A. –** *Stansell* **writ and interpleader transferred from the Southern District of Florida &** *Pescatore* **SDNY writ; Caballero SDNY writ (regarding Samark Jose Lopez Bello and Yakima Trading Corp.)**

The Stansell plaintiffs commenced this execution proceeding in this district by obtaining an ex parte writ of execution issued and levied pursuant to Judge Andrew L. Carter's January 23, 2019 Order [Dkt. No. 19] making a preliminary finding that the "El Aissami & Lopez Bello Network," including Lopez Bello and Yakima Trading, were agencies or instrumentalities of the

---

[1]  Order Dkt. No. 184 requested the parties set forth the nature of the case, subject matter jurisdiction, venue, motions made, decided, pending and planned, description of discovery, damages, deadlines, and settlement discussions.  The Court may also find the March 23, 2021 Joint Letter at Dkt. No. 195 helpful.  Unless otherwise noted, the docket numbers are for the Stansell case.

1

FARC and that their blocked assets are subject to attachment and execution under TRIA.  Lopez Bello and Yakima Trading intervened after being served with the ex parte writ of execution to assert defenses to the execution proceeding, which include arguments refuting the agency or instrumentality determination and the location of the blocked funds, among others.

Thereafter, Caballero commenced proceedings against Citibank regarding the blocked assets of Samark Jose Lopez Bello and Yakima Trading Corp. in the Southern District of New York before the Honorable Judge Alison J. Nathan in *Caballero v. FARC, et al.,* No 1:20-mc-00249-AJN (S.D.N.Y. 2020) ("Caballero's SDNY Action"). *See* Caballero's January 11, 2021 (Sealed) *Ex Parte* Motion for Writ of Attachment, Caballero's SDNY Action, D.E. 11.[2] As further detailed below, Judge Nathan has made preliminary agency or instrumentality determinations on an ex parte basis regarding Samark Jose Lopez Bello and Yakima Trading Corp. and issued writs of execution regarding the blocked assets of same being held by Citibank, which Caballero has served upon Citibank.  Lopez Bello has not yet been served in the action pending before Judge Nathan and the documents filed ex parte remain under seal.  Lopez Bello and Yakima intend to intervene as appropriate to assert all applicable defenses.

On February 15, 2019, in a separate *Stansell* case, Southern District of Florida ("SDFL") Judge Robert N. Scola made an ex parte determination that the El Aissami & Lopez Bello Network members were agencies or instrumentalities of the FARC and issued multiple writs of garnishment and writs of execution on their blocked assets.[3]  *Stansell v. FARC*, SDFL Case 1:19-cv-20896, Dkt. No. 22.  On June 11, 2019 SDFL Magistrate Judge Edwin Torres held a full day evidentiary hearing and later issued a report and recommendation finding that Plaintiffs had proven the Lopez Bello claimants to each be an agency or instrumentality of the FARC.  SDFL Dkt. No. 248.  SDFL Judge Scola affirmed and adopted the R&R.  SDFL DE 279.[4]   The Lopez Bello yachts, condominiums and mansion were all sold by the U.S. Marshals, and five of the six garnishment writs on bank accounts resulted in final turnover judgments.[5]  A number of these enumerated assets were sold at auction before the evidentiary hearing occurred and the final judgment was issued, but only after district and appellate court orders denying motions to stay the execution sales.  Lopez

---

[2]  Caballero is in the process of requesting that the Honorable Judge Nathan in Caballero's SDNY Action unseal the relevant docket entries listed in this letter.

[3]  The statements about the FARC and the merits of the underlying litigation are made only by Stansell.  Intervenors Lopez Bello and Yakima do not admit or adopt the Stansell's statement of the case or legal positions.

[4]  SDNY Judge Paul Oetken, originally assigned the *Pescatore* case, also entered a preliminary, ex parte order determining that the "El Aissami & Lopez Bello Network" members were each an agency or instrumentality of the terrorist party FARC and that their assets were subject to attachment and execution under TRIA.  *See* May 4, 2020 Order *Pescatore v. Pienda & FARC, Case No*. 18-mc-00545 at Dkt. No. 7.  Judge Lucy Billings of the Supreme Court of the State of New York also made a preliminary, ex parte determination that Samark Lopez Bello was an agency or instrumentality of the FARC.  *Caballero v. FARC*, Index No. 154864/2020, NYSCEF No. 72 11/24/20.  That action has been removed to this Court.  *See* Case No. 1:20-cv-11061.

[5]  The Stansell and Pescatore plaintiffs are not competing creditors, they are parties to a Joint Prosecution and Sharing Agreement, which has not been produced The Stansell/Pescatore plaintiffs are competing creditors of Antonio Caballero, who has levied all the same accounts and is now a Third-Party Defendant in each of the subject interpleaders.  The factual details of the levy dates and chronological lien priorities of the competing creditors on each of the blocked accounts will be addressed in each interpleader.

Bello has appealed the completed SDFL execution sales and final turnover judgments and the Eleventh Circuit Court of Appeals has indicated it will be scheduling oral argument on the consolidated appeals. *Stansell et al. v. Samark Lopez Bello et al*. 11th Cir. Case No. 20-11736 (consolidated).

On April 29, 2020, the sixth SDFL garnishment writ to Citibank (attaching the Lopez Bello/Yakima blocked accounts) and the interpleader were transferred to this district upon Lopez Bello's motion pursuant to 28 U.S.C. §1404(a), which Citibank joined. *See* Joint Status Report on Impact of SDFL Rulings, Dkt. No. 69. SDFL Order April 29, 2020, Dkt. No. 340. The Stansells, Lopez Bello, and Citibank each filed letters on the docket requesting pre-motion conference and proposing schedules. Dkt. Nos. 70, 72, 76 – 80. In response, Judge Carter noticed a status conference for July 9, 2020, which resulted in the Phase I briefing described below.

On February 4, 2021, Caballero served Citibank with writs of execution attaching the same assets of Lopez Bello and Yakima Trading that are the subject of the Stansell and Pescatore writs. Caballero has done so pending a ruling from the Court pursuant to Phase I issue (4) (described below) regarding whether TRIA does not permit the Stansell and Pescatore plaintiffs to collect the full amount of their treble damage awards from blocked assets because TRIA allows for collection of "compensatory damages" from blocked assets. This issue has also been raised for determination by Citibank in its third party interpleader actions, and by Caballero in his crossclaims.[6] Caballero argues that because the Stansell and Pescatore plaintiffs have collected or are about to collect the full amount of their base (non-trebled) damages, a ruling on this legal issue will determine priority to the blocked assets of Lopez Bello and Yakima Trading held by Citibank and priority to the blocked assets held by the remaining garnishees referenced herein.

At a July 9, 2020 status conference, Judge Carter directed the *Stansell* parties to brief several "Phase I" issues related to the transferred Florida writ/interpleader, including:

(1) whether collateral estoppel applies to prevent Lopez Bello and Yakima Trading from litigating certain matters already determined by the SDFL, in particular, whether Intervenors are each an "agency or instrumentality" of a terrorist party, *i.e.*, the FARC;
(2) if collateral estoppel does not apply, whether Plaintiffs' writs to Lopez Bello and Yakima Trading in any event were valid pursuant to governing law;
(3) whether Lopez Bello and Yakima Trading have been afforded Due Process; and
(4) whether the collectible amount of Plaintiffs' ATA Judgment is the full $318,030,000 compensatory amount stated on the face of the Judgment itself, as opposed to only one-third of that amount ($106,010,000).[7]

Dkt. No. 86. The "Phase I" questions are fully briefed and awaiting decision [**pending**].[8] On March 29, 2021, Judge Schofield entered an Order ruling, *inter alia*, that:

---

[6] Citibank's Third-Party Complaint, Dkt. Nos. D.E.225 at 12; D.E. 227 at 10; D.E. 229 at 10 (requesting the Court's "determining whether the judgment as to which garnishment or execution is ordered, including interest, is solely for compensatory, not punitive damages…".

[7] Lopez Bello and Yakima have consolidated appeals pending before the Eleventh Circuit. *Stansell et al. v. Samark Lopez Bello et al*. 11th Cir. Case No. 20-11736 (consolidated).

[8] The relevant filings on the "Phase I" questions are filed at ECF 86, 87, 90, 96, 102, 105 and 106.

> Pursuant to Judge Carter's ruling during the July 9, 2020, conference, the Court will first resolve the Phase I issues. The parties shall jointly propose a schedule with respect to the Lopez Bello writs within two weeks of the resolution of the Phase I issues.

Dkt. No. 196.  The Citibank interpleader was at issue with the final Answer filed Oct. 14, 2020. Citibank intends to seek leave to file a Third Amended Answer and Counterclaim-Crossclaims in the Nature of Interpleader to join Caballero and additional judgment creditors who have served a restraining notice related to the Lopez Bello/Yakima blocked account and currently are seeking a writ of execution.

The operative docket entries are listed on Exhibit A.

### 2. Blocked accounts of BANDES subsidiaries (i) Banco Bandes Uruguay; (ii) Banco Bicentenario; (iii) Banco Universal held by Equiniti

After the Stansell & Pescatore SDNY writs of execution on Equiniti were levied, Third-Party Defendant Caballero served Equiniti with a garnishment summons issued by the Minnesota district court.  Caballero did so because Equiniti represented to Caballero in its production that the blocked assets are located in Minnesota.  Equiniti joined Mr. Caballero as a Third-Party Defendant in its interpleader.  Dkt. No. 208.  On May 13, 2021, Mr. Caballero filed a pre-motion letter seeking leave to file a motion to dismiss and/or transfer venue on the interpleader claims.  Dkt. No. 267 [**pending**].  On May 20, 2021, Equiniti filed its letter response.  Dkt. No. 274.

*Note*:  With respect to **all of the SDNY interpleaders summarized here and below in §§ 2-8**:
- the Stansell & Pescatore plaintiffs complied with CPLR 5232—notice of the levies; and CPLR 5225—notice of the motions for turnover.  The Stansell & Pescatore plaintiffs argue that the time for the blocked account owners to appear and respond has expired and the turnover motions are now in a default posture.  All of these interpleaders now have pending turnover motions in the Stansell & Pescatore dockets as reflected on Exhibit A.
- Because the accountholders and other interested parties are not the judgment debtor, and many are located abroad, including in Venezuela, the garnishee banks have filed interpleader claims to formally join them as parties to this action.  The garnishee banks are taking appropriate steps to serve these overseas entities pursuant to Fed. R. Civ. P. 4 and applicable international conventions, and may ask the court to authorize alternative forms of service.  The garnishee banks respectfully submit that the Court should not make any default determinations regarding these potential adverse claimants until their time to respond to the interpleader complaints has elapsed.
- The Stansell & Pescatore plaintiffs, and Mr. Caballero, have all asserted crossclaims against each other.  On May 26, 2021, the Stansell & Pescatores answered the Caballero Crossclaims. *See* Joint Omnibus Answer to Caballero Crossclaims Dkt. No. 279.  On June 1, 2021, Mr. Caballero filed a pre-motion letter requesting leave to file an aggregated motion to dismiss plaintiffs' crossclaims.  *See* Dkt. No. 278.  The Stansell & Pescatore plaintiffs filed their response letter on June 4, 2021.  Dkt. No. 293.  The Caballero pre-motion letter is [**pending**].

The operative docket entries are listed on Exhibit A.

3. **Blocked account of PDVSA subsidiary Petrocedeno S.A. held by SMBC**

The operative docket entries are listed on Exhibit A hereto.

4. **Blocked account of PDVSA subsidiary Petrowarao S.A. held by SMBC**

The operative docket entries are listed on Exhibit A hereto.

5. **Blocked account of PDVSA subsidiary Venezuelan Heavy Industries C.A. held by SMBC**

The operative docket entries are listed on Exhibit A hereto.

6. **Blocked accounts of PDVSA subsidiaries (i) Aceites y Solventes; (ii) Venfleet; (iii) Petro San Felix held by Citibank**

The operative docket entries are listed on Exhibit A hereto.

7. **Blocked account of BANDES subsidiary Banco de Venezuela SA Banco Universal account held by Citibank**

.   The operative docket entries are listed on Exhibit A hereto.

8. **Blocked account of Venezuelan Ministry of Finance held by Citibank**

Citibank filed an Amended Third-Party Complaint (interpleader) on May 26, 2021 related to the blocked assets of Venezuela Ministry of Finance.  Dkt. No. 280.  Answers, affirmative defenses and crossclaims to this amended pleading are due on June 16, 2021.

The operative docket entries are listed on Exhibit A hereto.

Thank you for the Court's consideration.

Respectfully,

/s/ Newt Porter and Tony Korvick, for Stansell Plaintiffs
/s/ Nathaniel Tarnor, for Pescatore Plaintiffs
/s/ Craig Cagney, for Citibank, N.A. (excluding Banco de Venezuela, S.A. interpleader)
/s/ Sharon Schneier, for Citibank, N.A. (Banco de Venezuela, S.A. interpleader only)
/s/ Robert Hamburg, for Sumitomo Mitsui Banking Corp.
/s/ Robert N. Ward, for Equiniti Trust Company
/s/ Jeff Scott and Kerri Chewning for Intervenors Lopez Bello and Yakima Trading
/s/ Melissa Byroade for SIX SIS Ltd., interpleader crossclaim respondent
/s/ Leon Patricios, for Antonio Caballero