UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH STANSELL, et al.,                                                Case No.: 16-mc-405 (LGS)


                    *Plaintiffs*,


        v.


REVOLUTIONARY ARMED FORCES OF
COLOMBIA (FARC), et al.,


                    *Defendants*.
_____/

KEITH STANSELL, MARC GONSALVES, THOMAS
HOWES, JUDITH JANIS, CHRISTOPHER JANIS
(individually and as personal representative and sole heir of
the estate of GREER C. JANIS), MICHAEL JANIS, and
JONATHAN JANIS,


                    *Garnishors*.


        v.


CITIBANK, N.A.,


                    *Garnishee*,
_____/

CITIBANK, N.A.,


                    *Third Party Plaintiff - Garnishee*,


        v.


KEITH STANSELL, MARC GONSALVES, THOMAS
HOWES, JUDITH JANIS, CHRISTOPHER JANIS
(individually and as personal representative and sole heir of
the estate of GREER C. JANIS), MICHAEL JANIS, and
JONATHAN JANIS,

OLIVIA PESCATORE, JOSH PESCATORE, JADA
PESCATORE, JARROD PESCATORE, JORDAN
PESCATORE, CAROL PESCATORE HARPSTER
(individually and as the representative of the estate of FRANK

PESCATORE SR.), CAROLYN PESCATORE, RICHARD
PESCATORE, and JOHN PESCATORE,

ANTONIO CABALLERO,

VENEZUELA MINISTRY OF FINANCE (aka MINISTERIO
DEL PODER POPULAR DE ECONOMÍA Y FINANZAS),

   *Third Party Defendants – Adverse Claimants.*
 _____/

### ANTONIO CABALLERO'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED THIRD-PARTY COMPLAINT ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER FILED BY CITIBANK, N.A. [D.E. 280] AND CROSS-CLAIM

   Third Party Defendant – Adverse Claimant, Antonio Caballero ("Caballero"), by and through his undersigned counsel, hereby files his Answer and Affirmative Defenses to Amended Third Party Plaintiff - Garnishee, Citibank, N.A.'s ("Citibank") Third-Party Complaint in the Nature of Interpleader, dated May 26, 2021 (the "Amended Interpleader Complaint") [D.E. 280] regarding the Stansell Judgment Creditors'[1] Motion for TRIA Turnover, dated April 9, 2021 [D.E. 197], and the Pescatore Judgment Creditors'[2] Motion for TRIA Turnover, dated April 9, 2021 [*Pescatore v. FARC, et al.,* No. 18-MC-00545-LGS (S.D.N.Y.), D.E. 103], and Cross-Claim against the Stansell and Pescatore Judgment Creditors.  In support thereof, Caballero states the following:

   1.  Caballero admits the allegations in paragraph 1 of the Amended Interpleader Complaint.

---

[1] Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Christopher Janis, Michael Janis, and Jonathan Janis.

[2] Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster (individually and as the  representative of the estate of Frank Pescatore Sr.), Carolyn Pescatore, Richard Pescatore, and John Pescatore.

2.      Caballero admits that he is an "Adverse Claimant" to the subject blocked assets as indicated by Citibank's reference to paragraph 18.  Caballero has insufficient information to admit or deny the remaining allegations in paragraph 2.

3.      The allegation that "[t]he Amended Interpleader Complaint is necessary to formally join the Adverse Claimants…so they will be bound by any final turnover order and the Court can fully discharge and release Citibank from any liability to any potential claimant to the Blocked Accounts" is a legal conclusion to which no response is required. Caballero has insufficient information to admit or deny the remaining allegations in paragraph 3.

### Jurisdiction and Venue

4.      Caballero admits the allegation in paragraph 4 of the Amended Interpleader Complaint that he and the other "Judgment Creditors" have obtained respective judgments against the FARC.  Caballero admits the remaining allegations in paragraph 4.

5.      The allegations in paragraph 5 set forth legal conclusions to which no response is required.

6.      Caballero has insufficient information to admit or deny the allegation that the "Blocked Accounts are situated in this District."  The remaining allegations in the first sentence of paragraph 6 set forth legal conclusions to which no response is required.  Caballero has insufficient information to admit or deny the allegations in the second sentence of paragraph 6.

7.      The allegations that venue is proper in this jurisdiction pursuant to 28 U.S.C. Section 1391(b)(2) and CPLR Section 5221(a), subd. 4, are legal conclusions to which no response is required. Caballero has insufficient information to admit or deny the remaining allegations in paragraph 7.

**Background**

8.      Caballero admits the allegation in paragraph 8 that he is a victim of terrorist acts committed by the FARC and that he holds a judgment against the FARC under the Anti-Terrorism Act ("ATA").  Caballero admits the remaining allegations in paragraph 8.

9.      Caballero admits the allegations in paragraph 9.

10.     Caballero admits the allegations in paragraph 10.

11.     Caballero admits the allegations in paragraph 11.

12.     Caballero admits the allegations in the body of paragraph 12; however, upon information and belief, Caballero notes that the subject blocked assets are all held in the same account number ending in 024.  The remaining allegations in footnote 1 of paragraph 12 set forth legal conclusions to which no response is required.

13.     Caballero admits the allegation that he has attached the Blocked Accounts via writs of execution issued on January 29, 2021, in the W.D.N.Y. and on March 10, 2021, in the S.D.N.Y. Caballero admits the allegation that he "has not yet filed a turnover motion with regard to the Blocked Accounts."   Caballero has insufficient information to admit or deny the remaining allegations in paragraph 13.

14.     The allegations in paragraph 14 set forth legal conclusions to which no response is required.

**Parties to the Interpleader Complaint**

**Garnishee-Respondent and Third-Party Interpleader Plaintiff Citibank**

15.     Caballero admits the allegation that Citibank maintains the Blocked Accounts. Caballero has insufficient information to admit or deny the allegations in paragraph 15.

**The Judgment Creditor Adverse Claimants and Third-Party Respondents**

16.     Caballero admits that the allegation that "[t]he Stansells hold a judgment against the FARC and seek to execute against the Blocked Accounts."  To the extent Citibank implies that the Stansell's execution against the Blocked Accounts would be "in satisfaction of their judgment, pursuant to Section 201(a) of TRIA," Caballero denies such allegation for the reasons stated in his crossclaim.  Caballero has insufficient information to admit or deny the remaining allegations in paragraph 16.

17.     Caballero admits that the allegation that "[t]he Pescatores hold a judgment against, *inter alia,* the FARC."  To the extent Citibank implies that the Pescatores as "Adverse Claimants" may be entitled to execution against the Blocked Accounts, Caballero denies such allegation for the reasons stated in his crossclaim.  Caballero has insufficient information to admit or deny the remaining allegations in paragraph 17.

18.     Caballero admits the allegations in paragraph 18.

**The Account Holder**

19.     Caballero has insufficient information to admit or deny the remaining allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth legal conclusions to which no response is required.

**Ownership is an Essential Predicate to Execution**

21.     The allegations in paragraph 21 set forth legal conclusions to which no response is required.

22.     The allegations in paragraph 22 set forth legal conclusions to which no response is required.

**The Need for Interpleader Relief**

23.     Caballero admits the allegations in paragraph 23.

24.     Caballero admits that "where there may be conflicting claims to assets," interpleader is appropriate. The remaining allegations in paragraph 24 set forth legal conclusions to which no response is necessary.

25.     Caballero has insufficient information to admit or deny the allegations in paragraph 25.

26.     The allegations in paragraph 26 set forth legal conclusions to which no response is necessary.

27.     The allegations in paragraph 27 set forth legal conclusions to which no response is necessary.

28.     The allegations in paragraph 28 set forth legal conclusions to which no response is necessary.

**PRAYER FOR RELIEF**

Caballero denies any remaining allegations not specifically admitted.

**CABALLERO'S AFFIRMATIVE DEFENSES**

*First Affirmative Defense*

29.     To the extent the parties to this action rely on the letters of the Stansell and Pescatore Judgment Creditors submitted to this Court (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)) alleging that Caballero's Anti-Terrorism Act ("ATA") Judgment is somehow inferior to the Stansell and Pescatore Judgment Creditors' ATA Judgment, or otherwise void (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)), such arguments have been waived by the

Stansell and Pescatore Judgment Creditors. The fact that Caballero and the Stansell and Pescatore Judgment Creditors recently entered into a settlement agreement in the United States District Court for the Southern District of Florida in a separate garnishment proceeding vitiates any argument by the Stansell and Pescatore Judgment Creditors that Caballero's ATA Judgment is in any way defective as they expressly acknowledged its validity when settling with him. *See* Interpleader Defendants' Stipulation for Entry of Final Judgment, *Wells Fargo Bank, N.A. v. Caballero, et al.*, No. 20-20868-civ-ALTONAGA/GOODMAN (S.D. Fla. Oct. 26, 2020), D.E. 128.

30.     Moreover, any argument raised by the Stansell and Pescatore Judgment Creditors that Caballero's ATA Judgment is somehow inferior to the Stansell and Pescatore Judgment Creditors' ATA Judgment, or otherwise void, is procedurally improper because the Stansell and Pescatore Judgment Creditors have no standing to make the arguments.

31.     Indeed, no Judge has accepted any claims that Caballero's long-standing final judgment can be collaterally attacked. *See, e.g., Caballero v. FARC, et al.*, No. 18-cv-25337-KMM (S.D. Fla.), D.E. 8-1, pp. 1-4; D.E. 43; *Caballero v. FARC, et al.*, No. 19-CV-04011-KES (D. S.D.), D.E. 5-1, pp. 14-16; D.E. 16, pp.19-21; D.E. 23, p. 5 n. 1 (in her order, Judge Schreier recited and did not disturb the state court's analysis regarding subject matter jurisdiction)). Furthermore, a Florida appellate court considered and rejected the collateral attacks made by a putative claimant against Caballero's ATS state court judgment - giving full *res judicata* effect to such judgment. *See Prodira Casa De Cambio, S.A. de C.V. v. Caballero*, Case No. 3D16-0487 (Fla. 3d DCA 2016).

32.     Any argument of the Stansell and Pescatore Judgment Creditors that Caballero is not authorized to obtain an ATA Judgment because he was not a U.S. national at the time of the terrorist attacks is substantively wrong as evidenced by Chief Judge Moore's Order: "the language

of the statute does not explicitly require that the claimant be a U.S. national at the time of the injury, only that he is currently a U.S. national and that he was injured by an act of international terrorism at some time in the past." *See* D.E. 259-10, *Caballero v. FARC, et al.*, No. 18-cv-25337-KMM (S.D. Fla.), D.E. 62, Exhibit 10. Caballero is an Hispanic-American United States citizen with an ATA judgment, which we have previously argued is no less impressive and no less valid than the judgments held by the Stansell Judgment Creditors.  Notably, the Stansell Judgment Creditors never attempted to vacate this Order. Thus, such arguments raised by the Stansell Judgment Creditors in the letters to this Court (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)) that Caballero was somehow not authorized to obtain an ATA judgment are frankly not grounded in law, but rather in racism.

### *Second Affirmative Defense*

33.    To the extent the parties to this action rely on the letters of the Stansell and Pescatore Judgment Creditors submitted to this Court (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)) alleging that Caballero's ATA Judgment is somehow inferior to the Stansell and Pescatore Judgment Creditors' ATA Judgment, or otherwise void (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)), such arguments by the Stansell and Pescatore Judgment Creditors are barred by the doctrine of estoppel. The fact that Caballero and the Stansell and Pescatore Judgment Creditors recently entered into a settlement agreement in the United States District Court for the Southern District of Florida in a separate garnishment proceeding vitiates any argument by the Stansell and Pescatore Judgment Creditors that Caballero's ATA Judgment is in any way defective as they expressly acknowledged its validity when settling with him. *See* Interpleader Defendants'

Stipulation for Entry of Final Judgment, *Wells Fargo Bank, N.A. v. Caballero, et al.*, No. 20-20868-civ-ALTONAGA/GOODMAN (S.D. Fla. Oct. 26, 2020), D.E. 128.

34.     Moreover, any argument raised by the Stansell and Pescatore Judgment Creditors that Caballero's ATA Judgment is somehow inferior to the Stansell and Pescatore Judgment Creditors' ATA Judgment, or otherwise void, is procedurally improper because the Stansell and Pescatore Judgment Creditors have no standing to make the arguments.

35.     Indeed, no Judge has accepted any claims that Caballero's long-standing final judgment can be collaterally attacked. *See, e.g., Caballero v. FARC, et al.*, No. 18-cv-25337-KMM (S.D. Fla.), D.E. 8-1, pp. 1-4; D.E. 43; *Caballero v. FARC, et al.*, No. 19-CV-04011-KES (D. S.D.), D.E. 5-1, pp. 14-16; D.E. 16, pp.19-21; D.E. 23, p. 5 n. 1 (in her order, Judge Schreier recited and did not disturb the state court's analysis regarding subject matter jurisdiction)). Furthermore, a Florida appellate court considered and rejected the collateral attacks made by a putative claimant against Caballero's ATS state court judgment - giving full *res judicata* effect to such judgment. *See Prodira Casa De Cambio, S.A. de C.V. v. Caballero*, Case No. 3D16-0487 (Fla. 3d DCA 2016).

36.     Any argument of the Stansell and Pescatore Judgment Creditors that Caballero is not authorized to obtain an ATA Judgment because he was not a U.S. national at the time of the terrorist attacks is substantively wrong as evidenced by Chief Judge Moore's Order: "the language of the statute does not explicitly require that the claimant be a U.S. national at the time of the injury, only that he is currently a U.S. national and that he was injured by an act of international terrorism at some time in the past." *See* D.E. 259-10, *Caballero v. FARC, et al.*, No. 18-cv-25337-KMM (S.D. Fla.), D.E. 62, Exhibit 10. Caballero is an Hispanic-American United States citizen with an ATA judgment, which we have previously argued is no less impressive and no less valid

than the judgments held by the Stansell Judgment Creditors.  Notably, the Stansell Judgment Creditors never attempted to vacate this Order. Thus, such arguments raised by the Stansell Judgment Creditors in the letters to this Court (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)) that Caballero was somehow not authorized to obtain an ATA judgment are frankly not grounded in law, but rather in racism.

### *Third Affirmative Defense*

37.     To the extent the parties to this action rely on the letters of the Stansell and Pescatore Judgment Creditors submitted to this Court (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)) alleging that Caballero's ATA Judgment is somehow inferior to the Stansell and Pescatore Judgment Creditors' ATA Judgment, or otherwise void (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)), such arguments by the Stansell and Pescatore Judgment Creditors are barred by the doctrine of laches. The fact that Caballero and the Stansell and Pescatore Judgment Creditors recently entered into a settlement agreement in the United States District Court for the Southern District of Florida in a separate garnishment proceeding vitiates any argument by the Stansell and Pescatore Judgment Creditors that Caballero's ATA Judgment is in any way defective as they expressly acknowledged its validity when settling with him. *See* Interpleader Defendants' Stipulation for Entry of Final Judgment, *Wells Fargo Bank, N.A. v. Caballero, et al.*, No. 20-20868-civ-ALTONAGA/GOODMAN (S.D. Fla. Oct. 26, 2020), D.E. 128.

38.     Moreover, any argument raised by the Stansell and Pescatore Judgment Creditors that Caballero's ATA Judgment is somehow inferior to the Stansell and Pescatore Judgment Creditors' ATA Judgment, or otherwise void, is procedurally improper because the Stansell and Pescatore Judgment Creditors have no standing to make the arguments.

39.     Indeed, no Judge has accepted any claims that Caballero's long-standing final judgment can be collaterally attacked. *See, e.g., Caballero v. FARC, et al.*, No. 18-cv-25337-KMM (S.D. Fla.), D.E. 8-1, pp. 1-4; D.E. 43; *Caballero v. FARC, et al.*, No. 19-CV-04011-KES (D. S.D.), D.E. 5-1, pp. 14-16; D.E. 16, pp.19-21; D.E. 23, p. 5 n. 1 (in her order, Judge Schreier recited and did not disturb the state court's analysis regarding subject matter jurisdiction)). Furthermore, a Florida appellate court considered and rejected the collateral attacks made by a putative claimant against Caballero's ATS state court judgment - giving full *res judicata* effect to such judgment. *See Prodira Casa De Cambio, S.A. de C.V. v. Caballero*, Case No. 3D16-0487 (Fla. 3d DCA 2016).

40.     Any argument of the Stansell and Pescatore Judgment Creditors that Caballero is not authorized to obtain an ATA Judgment because he was not a U.S. national at the time of the terrorist attacks is substantively wrong as evidenced by Chief Judge Moore's Order: "the language of the statute does not explicitly require that the claimant be a U.S. national at the time of the injury, only that he is currently a U.S. national and that he was injured by an act of international terrorism at some time in the past." *See* D.E. 259-10, *Caballero v. FARC, et al.*, No. 18-cv-25337-KMM (S.D. Fla.), D.E. 62, Exhibit 10. Caballero is an Hispanic-American United States citizen with an ATA judgment, which we have previously argued is no less impressive and no less valid than the judgments held by the Stansell Judgment Creditors.  Notably, the Stansell Judgment Creditors never attempted to vacate this Order. Thus, such arguments raised by the Stansell Judgment Creditors in the letters to this Court (*see* ECF 126 herein and ECF 53 in *Pescatore v. FARC, et al.,* No. 1:18-mc-00545-LGS (S.D.N.Y.)) that Caballero was somehow not authorized to obtain an ATA judgment are frankly not grounded in law, but rather in racism.

## CABALLERO'S CROSS-CLAIM AGAINST
## INTERPLEADER THIRD-PARTY CO-DEFENDANTS – ADVERSE CLAIMANTS

Interpleader Third-Party Defendant – Adverse Claimant/Cross-Claimant, Antonio Caballero, by and through his undersigned counsel, hereby asserts the following Cross-Claim against Interpleader Third-Party Co-Defendants – Adverse Claimants/Cross-Claim Defendants, the Stansell and Pescatore Judgment Creditors, and in support thereof states the following:

### PARTIES

1.      Third-Party Plaintiff - Garnishee, Citibank, N.A. ("Citibank"), is a banking institution doing business in the County and State of New York, which holds the subject blocked assets of Citibank's Amended Interpleader Complaint.

2.      Cross-Claimant, Caballero is an individual person residing in the United States.

3.      Upon information and belief, Cross-Claim Defendant, Keith Stansell is an individual person residing in the United States.

4.      Upon information and belief, Cross-Claim Defendant, Marc Gonsalves is an individual person residing in the United States.

5.      Upon information and belief, Cross-Claim Defendant, Thomas Howes is an individual person residing in the United States.

6.      Upon information and belief, Cross-Claim Defendant, Judith G. Janis is an individual person residing in the United States.

7.      Upon information and belief, Cross-Claim Defendant, Christopher T. Janis is an individual person residing in the United States, and is named individually and as personal representative and sole heir of the estate of Greer C. Janis.

8.      Upon information and belief, Cross-Claim Defendant, Michael I. Janis is an individual person residing in the United States.

9.      Upon information and belief, Cross-Claim Defendant, Jonathan N. Janis is an individual person residing in the United States.

10.     Upon information and belief, Cross-Claim Defendant, Olivia Pescatore is an individual person residing in the United States.

11.     Upon information and belief, Cross-Claim Defendant, Josh Pescatore is an individual person residing in the United States.

12.     Upon information and belief, Cross-Claim Defendant, Jada Pescatore is an individual person residing in the United States.

13.     Upon information and belief, Cross-Claim Defendant, Jarrod Pescatore is an individual person residing in the United States.

14.     Upon information and belief, Cross-Claim Defendant, Jordan Pescatore is an individual person residing in the United States.

15.     Upon information and belief, Cross-Claim Defendant, Carol Pescatore Harpster is an individual person residing in the United States, and is named individually and as the representative of the estate of Frank Pescatore Sr.

16.     Upon information and belief, Cross-Claim Defendant, Richard Pescatore is an individual person residing in the United States.

17.     Upon information and belief, Cross-Claim Defendant, John Pescatore is an individual person residing in the United States.

18.     Upon information and belief, Cross-Claim Defendant, Carolyn Pescatore is an individual person residing in the United States.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1331.

20.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in this judicial district to the
extent that the blocked assets that are the subject of Citibank's Interpleader proceeding are located
in this district.

## BACKGROUND

21.     Pursuant to the Terrorism Risk Insurance Act Pub, L. No. 107-297, Section 201(a),
116 Stat. 2322 (codified at 28 U.S.C. § 1610 note) ("TRIA"), terror victim judgment holders –
such as Caballero, the Stansell Judgment Creditors, and the Pescatore Judgment Creditors – are
entitled "to satisfy such judgment to the extent of any compensatory damages" from "the blocked
assets of that terrorist party (including the blocked assets of any agency or instrumentality of that
terrorist party)." TRIA, Section 201(a) (emphasis added). *See* D.E. 259-4, TRIA, Section 201(a),
Exhibit 4.

### *Stansell Judgment Creditors' M.D. Fla. Action*

22.     On June 7, 2010, the Stansell Judgment Creditors filed a Motion for Entry of Final
Judgment on Liability and Damages and Memorandum of Law in *Stansell, et al., v. FARC, et al.*,
Case No. 8:09-cv-02308 (M.D. Fla.) (the "Stansell M.D. Fla. Action"). *See* D.E. 259-1, Stansell
M.D. Fla. Action at D.E. 228, Exhibit 1.

23.     In their memorandum, the Stansell Judgment Creditors acknowledged that the
damages awarded under the ATA serve a "deterrent purpose." *Id*. at 51. The Stansell Judgment
Creditors requested that the United States District Court for the Middle District of Florida (the
"Stansell Trial Court") base its compensatory damages calculation on a "hostage taking damages

formula" that had been used by various courts. *Id*. at 53.  The Stansell Judgment Creditors also requested that the Stansell Trial Court add a lump sum to the per diem amount given the circumstances of their case. *Id*. at 54.

24.     The Stansell Judgment Creditors' request for an award of damages was very specific.  They requested a "compensatory damage award . . . [which] must then be trebled pursuant to 18 U.S.C. § 2333" (id. at 55) and "awards of compensatory damages to each surviving son. . . trebled  . . . under the ATA" and awards to "four surviving children . . . with each award then subject to trebling under § 2333."  *Id*. at 58 (emphasis added).

25.     On June 14, 2010, in the Stansell M.D. Fla. Action, the Honorable Judge Lazzara entered an Order,[3] in which the Stansell Trial Court summarized the Stansell Judgment Creditors' request as follows: "They each request a compensatory award of $19,670,000 ($10,000 per day in captivity), plus an additional lump sum factor of an amount based upon the horrific injury in fact, and trebling of the total award pursuant to 18 U.S.C. § 2333." *Id*. at *supra* n. 5.

26.     The Stansell Trial Court found the $19,670,000 compensatory damage award plus an additional lump sum of $5,000,000 appropriate for Keith Stansell, Marc Gonsalves, Thomas Howes. *Id*. at 5-6.  Thus, each of those three Plaintiffs (i.e., Keith Stansell, Marc Gonsalves, Thomas Howes), received a total compensatory damages award of $24,670,000.  The Stansell Trial Court then trebled such sum and awarded each of those three Plaintiffs (i.e., Keith Stansell, Marc Gonsalves, Thomas Howes) $74,010,000 in trebled damages. *Id*. at 9.

27.     With regard to the Janis family, the Stansell Trial Court awarded the surviving spouse (i.e., Judith G. Janis) $12,000,000 in compensatory damages and each of the four surviving

---

[3] *See* D.E. 259-2, Stansell M.D. Fla. Action (M.D. Fla. Jun. 14, 2010), D.E. 232 ("Judge Lazzara's Order"), Exhibit 2.

children (i.e., Christopher T. Janis, Greer C. Janis, Michael I. Janis, and Jonathan N. Janis) $5,000,000 in compensatory damages. *Id*. at 8. The Stansell Trial Court then trebled such sums and awarded the surviving spouse (i.e., Judith G. Janis) $36,000,000 in trebled damages and each of the four surviving children (i.e., Christopher T. Janis, Greer C. Janis, Michael I. Janis, and Jonathan N. Janis) $15,000,000 in trebled damages. *Id*. at 9.

28.     Thus, the Stansell Trial Court awarded, in total, $106,010,000 in compensatory damages (the "***Stansell Judgment Creditors' Actual Compensatory Damages***") and $318,030,000 in treble damages (the "Stansell Judgment Creditors' Trebled Damages").

29.     On June 15, 2010, in the Stansell M.D. Fla. Action, the Clerk of the Court, not the Judge, entered a Default Judgment in a Civil Case (the "Stansell Final Judgment"). *See* Stansell M.D. Fla. Action (M.D. Fla. Jun. 15, 2010), D.E. 233. The Stansell Final Judgment was not signed by the Judge, but instead was issued by the Clerk of the Court. *Id*. at 4. The Clerk of the Court even referenced Judge Lazzara's Order [docketed in the Stansell M.D. Fla. Action as D.E. 232] in the Stansell Final Judgment. *See* Stansell M.D. Fla. Action at D.E. 233. ("The issues have been tried or heard and a decision has been rendered by Order entered June 14, 2010 [Docket Entry 232].") (brackets in original).  The Clerk of Court erroneously used the phrase "compensatory damages" when describing each of the awards that total $318,030,000 in the Stansell Final Judgment, despite the Stansell Trial Court's clear Order (i.e., Judge Lazarra's Order) setting forth a total compensatory damage award in the amount of $106,010,000. *See* Stansell M.D. Fla. Action at D.E. 233, ¶¶ 1-8.

30.     Upon information and belief, the Stansell Judgment Creditors' counsel themselves prepared the Stansell Final Judgment issued by the Clerk of the Court in the Stansell M.D. Fla. Action.

31.     Pursuant to the Stansell Final Judgment, entered by the Clerk of Court in the Stansell M.D. Action, the Stansell Judgment Creditors claim the entire amount of $318,030,000 (i.e., the Stansell Trebled Damages) somehow constitutes their "compensatory damages."

32.     Following the entry of the Stansell Final Judgment in the Stansell M.D. Fla. Action, the Stansell Judgment Creditors initiated post-judgment collection proceedings throughout the United States, including in the United States District Court for the Southern District of Florida [*Stansell, et al., v. FARC, et al.,* Case No. 19-cv-20896-RNS (S.D. Fla. 2019) (the "Stansell S.D. Fla. Action")].

### Pescatore Judgment Creditors' D.D.C. Action

33.     On November 1, 2018, in *Pescatore, et al. v. Juvenal Ovidio Ricardo Palmera Pineda, et al.*, No. 08-02245-RMC (D.D.C.) (the "Pescatore D.D.C. Action"), an Order was entered in favor of the Pescatore Judgment Creditors awarding them the total compensatory damage award in the amount of $23,000,000 (the "***Pescatore Judgment Creditors' Actual Compensatory Damages***") and $69,000,000 in treble damages (the "Pescatore Judgment Creditors' Trebled Damages"). *See* Pescatore D.D.C. Action at D.E. 41.

34.     The Pescatore Judgment Creditors, in relying on the Stansell Judgment Creditors' faulty belief that their entire trebled damages amount equates to their "compensatory damages," claim the entire amount of $69,000,000 (i.e., the Pescatore Judgment Creditors' Trebled Damages) constitutes their "compensatory damages."

### Stansell Judgment Creditors' S.D. Fla. Action

35.     On July 8, 2020, in the Stansell S.D. Fla. Action, the Stansell Judgment Creditors filed their Expedited Motion for Order Determining That Plaintiffs' ATA Judgment is for Compensatory Damages and Enforceable in Full Under TRIA seeking a ruling that the entire

amount of $318,030,000 (i.e., the Stansell Trebled Damages) is for "compensatory damages" and therefore collectible under TRIA. *See* Stansell S.D. Fla. Action at D.E. 422, p.1.

36.     On July 10, 2020, Caballero filed his Motion to Intervene on the basis that the outcome of such legal issue will have significant effect on TRIA judgment creditors, such as Caballero, and opposing the Stansell Judgment Creditors' proposed ruling on their Compensatory Damages Motion on the grounds that such ruling will contravene TRIA. *See* Stansell S.D. Fla. Action at D.E. 435, pp. 2-4.

37.     On July 16, 2020, without first ruling on Caballero's Motion to Intervene, the court in the Stansell S.D. Fla. Action granted the Stansell Judgment Creditors' Compensatory Damages Motion and determined that the Stansell Judgment Creditors' entire $318 million treble ATA judgment (i.e., the Stansell Trebled Damages) is for "compensatory damages." *See* Stansell S.D. Fla. Action at D.E. 460. The decision of the court in the Stansell S.D. Fla. Action was subsequently appealed by terrorist agencies of the FARC and parties to the Stansell S.D. Fla. Action. *See* Stansell S.D. Fla. Action at D.E. 466.

38.     On August 17, 2020, the court in the Stansell S.D. Fla. Action denied "as moot" Caballero's Motion to Intervene:

> PAPERLESS ORDER: *denying as moot* Antonio Caballero's motion to intervene. [435]. Caballero moves to intervene to collect any assets collected from Lopez Bellow [*sic*] that exceeds $106,010,000. However, ***this Court has already determined that the Plaintiffs are entitled to treble damages under the Antiterrorism Act, and therefore there is no excess that Caballero could collect. <u>Therefore, the motion to intervene is denied as moot</u>.***

D.E. 259-5, Stansell S.D. Fla. Action at D.E. 480 (emphasis added), Exhibit 5.

39.     Subsequently, Caballero's appeal to the Eleventh Circuit Court of Appeals followed. *See* Stansell S.D. Fla. Action at D.E. 481.

40.     On February 19, 2021, in *Antonio Caballero v. Keith Stansell, et al.*, the Eleventh

Circuit Court of Appeals dismissed Mr. Caballero's appeal for lack of subject matter jurisdiction,

but the Court did not reach the merits of the compensatory damages issue. *See* Order, *Antonio

Caballero v. Keith Stansell, et al.*, No. 20-13102 (11th Cir. Feb. 19, 2021).

### *Caballero's S.D. Fla. Action*

41.     On January 4, 2019, the Stansell Judgment Creditors filed their Motion to Intervene

& Memorandum of Law in *Caballero v. FARC, et al.*, No. 1:18-CV-25337-KMM (S.D. Fla.)

("Caballero's S.D. Fla. Action") arguing that Caballero is not authorized to obtain an Anti-

Terrorism Act Judgment because he was not a U.S. national at the time of the terrorist attacks. *See*

D.E. 259-6, Caballero's S.D. Fla. Action at D.E. 8, Exhibit 6.

42.     On January 18, 2019, in Caballero's S.D. Fla. Action, Caballero filed his Response

in Opposition to Applicants' Motion to Intervene and Memorandum of Law. *See* D.E. 259-7,

Caballero's S.D. Fla. Action at D.E. 11, Exhibit 7.

43.     On January 24, 2019, in Caballero's S.D. Fla. Action, the Stansell Judgment

Creditors filed their Reply Memorandum in Support of Motion to Intervene. *See* D.E. 259-8,

Caballero's S.D. Fla. Action at D.E. 13, Exhibit 8.

44.     On June 27, 2019, the court in Caballero's S.D. Fla. Action denied the Stansell

Judgment Creditors' Motion to Intervene. *See* D.E. 259-9, Caballero's S.D. Fla. Action at D.E. 43,

Exhibit 9. The Stansell Judgment Creditors never appealed this Order.

45.     On May 20, 2020, the court in Caballero's S.D. Fla. Action entered an Order on

Motion for Default Final Judgment, rejecting the would-be-intervenors' argument that Caballero

is not authorized to obtain an Anti-Terrorism Act Judgment because he was not a U.S. national at

the time of the terrorist attacks: "the language of the statute does not explicitly require that the

claimant be a U.S. national at the time of the injury, only that he is currently a U.S. national and that he was injured by an act of international terrorism at some time in the past.", which the would-be-intervenors never attempted to vacate. *See* D.E. 259-10, Caballero's S.D. Fla. Action at D.E. 62, Exhibit 10.

46.      On May 20, 2020, the court in Caballero's S.D. Fla. Action entered a Final Judgment. *See* D.E. 259-11, *Caballero, v. FARC, et al.,* No. 18-cv-25337-KMM (S.D. Fla. May 20, 2020) D.E. 63, Exhibit 11.

## COUNT I – DECLARATORY JUDGMENT

47.      Caballero incorporates and realleges paragraphs 1 through 46 above as if fully set forth herein.

48.      This is an action seeking declaratory relief pursuant to 28 U.S.C. § 2201.

49.      Pursuant to 28 U.S.C. § 2201, Caballero is entitled to a declaratory judgment because there is an actual controversy within this jurisdiction among the parties to this action having adverse legal interests, and of sufficient immediacy, reality and ripeness to warrant the issuance of the declaratory judgment requested, declaring the rights and other legal relations of said interested parties.

50.      Caballero seeks a determination that the Stansell and Pescatore Judgment Creditors' writs of execution against the subject blocked assets of Citibank's Interpleader proceeding are unenforceable as a matter of law to collect more than the ***Stansell Judgment Creditors' Actual Compensatory Damages*** and the ***Pescatore Judgment Creditors' Actual Compensatory Damages*** because the Stansell and Pescatore Judgment Creditors have collected or are about to fully collect their "compensatory damages" pursuant to their respective final judgments and TRIA.

20

51.     Upon information and belief, because the Stansell and Pescatore Judgment Creditors have collected or are about to fully collect their "compensatory damages" pursuant to their respective final judgments and TRIA, Caballero further seeks a determination that he alone is entitled to attach and execute upon the subject blocked assets of Citibank's Interpleader proceeding.

**WHEREFORE**, Caballero respectfully requests this Court enter a declaratory judgment that the Stansell and Pescatore Judgment Creditors have collected or are about to collect their "compensatory damages" pursuant to their respective final judgments and TRIA, and therefore, Caballero alone is entitled to attach and execute upon the subject blocked assets of Citibank's Interpleader proceeding, and for all such other relief that this Court deems to be just and proper.

Dated June 8th, 2021.

Respectfully submitted,

**ZUMPANO PATRICIOS, P.A.**
*/s/ Joseph I. Zumpano*
Joseph I. Zumpano (Florida Bar Number: 0056091)
Admitted *Pro Hac Vice*
E-mail address: jzumpano@zplaw.com
Leon N. Patricios (Florida Bar Number: 0012777)
Admitted *Pro Hac Vice*
E-mail address: lpatricios@zplaw.com
312 Minorca Avenue
Coral Gables, FL 33134
Telephone: (305) 444-5565

**ZUMPANO PATRICIOS & POPOK, PLLC**
Nicholas Rostow
Senior Partner
417 Fifth Avenue, Suite 826
New York, New York 10016
(212) 381-9914
nrostow@zplaw.com
*Attorneys for Antonio Caballero*

21

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June 2021, the undersigned electronically

filed the foregoing document with the Clerk of Courts by using the CM/ECF system.

*/s/ Nicholas Rostow*
Nicholas Rostow