**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEITH STANSELL, *et al*.　　　　　　　　CASE NO.: 1:16-mc-405-LGS-SN
　　　　　　　　　　　　　　　　　　　　Related Case No. 1:18-mc-545-LGS-SN

　　　Plaintiffs,

　　　v.

REVOLUTIONARY ARMED
FORCES OF COLOMBIA (FARC); *et al*.,

　　　Defendants,

　　　v.

CITIBANK, N.A.,
EQUINITI TRUST COMPANY,
SUMITOMO MITSUI BANKING CORP.

　　　Turnover Respondents/Third-Party Plaintiffs.
_____/

KEITH STANSELL, MARC GONSALVES, THOMAS HOWES,
JUDITH JANIS, CHRISTOPHER JANIS, MICHAEL JANIS,
JONATHAN JANIS, OLIVIA PESCATORE, JOSH PESCATORE,
JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE,
CAROLE PESCATORE HARPSTER, RICHARD PESCATORE, and
JOHN PESCATORE;

　　　Third-Party Interpleader Defendants/Crossclaimants,

　　　v.

ANTONIO CABALLERO,

　　　Third-Party Interpleader Defendant/Crossclaim Defendant.
_____/

**NOTICE OF JOINT OMNIBUS MOTION ON**
**STANSELL & PESCATORE PLAINTIFFS' INTERPLEADER ACTION,**
**AFFIRMATIVE DEFENSES, AND CROSSCLAIMS AGAINST CABALLERO**

The Stansell Plaintiffs in Case No. 16-mc-405, and the Pescatore Plaintiffs in Related Case No. 18-mc-545 (collectively, the "Stansell/Pescatore Plaintiffs"), hereby file their Notice of Motion pursuant to the Court's June 24, 2021 Order [Dkt. No. 314] and Local Civ. R. 7.1.

*Applicable rules or statutes pursuant to which the motion is brought*:

- 28 U.S.C. § 1331, federal question jurisdiction
- 28 U.S.C. § 1335, federal interpleader statute
- 28 U.S.C. § 1367(a), supplemental jurisdiction
- 28 U.S.C. § 2201(a), federal declaratory judgment statute
- 18 U.S.C. § 2333(a) "ACTION AND JURISDICTION", Anti-Terrorism Act ("ATA")
- 28 U.S.C § 1610 Note, Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337
- Rule 12(c), Federal Rules of Civil Procedure, judgment on the pleadings
- Rule 56, Federal Rules of Civil Procedure, summary judgment
- Rule 57, Federal Rules of Civil Procedure, declaratory judgment
- Rule 60(b)(4), Federal Rules of Civil Procedure, void judgment

*Specific relief sought by the Stansell/Pescatore motion*:

The Stansell/Pescatore Plaintiffs are U.S. national terrorism victims and judgment creditors of the Defendant Foreign Terrorist Organization the FARC. They obtained court orders declaring various foreign persons and entities to be agencies or instrumentalities of the FARC. They have also obtained post-judgment TRIA writs of execution that have been levied upon blocked assets held by turnover respondents Citibank, N.A., Equiniti Trust Company and Sumitomo Mitsui Banking Corp. (collectively, the "Garnishees"). The victims and claimants in the Stansell/Pescatore actions were all U.S. nationals at the time of the subject terrorist acts.

Intervenor Antonio Caballero challenges the Stansell/Pescatore turnover actions, but he has no standing to do so because his underlying judgment is void and unenforceable. The undisputed facts are that Mr. Caballero's judgment arose from the 1999 kidnapping and murder of Mr. Caballero's father in Colombia by the Colombian FARC terrorist organization when neither Mr. Caballero nor his father were U.S. nationals. The Caballero kidnapping for ransom was not aimed

at the United States and no ransom demands were sent into this country. Accordingly, the court that issued Mr. Caballero's ATA judgment never had subject matter under 18 U.S.C. § 2333(a), which only authorizes ATA actions by U.S. nationals. It also never had personal jurisdiction over the FARC because the Caballero kidnapping and murder did not have a sufficient jurisdictional connection to the United States. In any event, Mr. Caballero's judgment for economic damages has already been fully satisfied because he has recovered over $11 million and exceeded any damages he may be entitled.

Accordingly, the Stansell/Pescatore Plaintiffs' instant motion seeks entry of declaratory judgment under Fed. R. Civ. P. 57, and/or judgment on the interpleader pleadings under Rule 12(c), and/or summary judgment under Rule 56,[1] and/or relief under Rule 60(b)(4) declaring that:

(1) Mr. Caballero's Florida ATA judgment is void for lack of subject jurisdiction because neither Mr. Caballero's nor his father were U.S. nationals when they harmed, and/or;

(2) Mr. Caballero's Florida ATA judgment is void because the court lacked personal jurisdiction over the FARC, or;

(3) in the alternative, Mr. Caballero's judgment has already been fully satisfied.

Respectfully submitted,                                                                                      July 30, 2021

/s/ *Newton P. Porter*
NEWTON P. PORTER
TONY KORVICK
(Admitted Pro Hac Vice)
nporter@porterandkorvick.com
tkorvick@porterandkorvick.com
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:   (305) 373-5040
*Attorneys for the Stansell Plaintiffs*

/s/ *Nathaniel A. Tarnor*
Nathaniel A. Tarnor
Hagens Berman Sobol Shapiro LLP
322 8th Avenue, Suite 802
New York, NY 10001
Telephone: (646) 543-4992
Email: NathanT@hbsslaw.com
*Counsel for the Pescatore Plaintiffs/Judgment Creditors*

---

[1] A Statement of Material Facts is annexed to this Notice pursuant to Local Rule 56.1 a).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document by electronic mail or certified or registered mail to the following persons:

>OFFICE OF FOREIGN ASSETS CONTROL
>U.S. Department of the Treasury
>1500 Pennsylvania Ave. NW
>Washington DC
>*Via email to OFAC counsel in compliance with 31 CFR 501.605*

None of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment. Accordingly, no further notice, service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment. Fed. R. Civ. P. 5(a)(2).

>/s/ *Newton P. Porter*
>NEWTON P. PORTER
>(Florida Bar No. 833738)
>(Admitted Pro Hac Vice DE 4)
>Attorneys for Plaintiffs
>PORTER & KORVICK, P.A.
>9655 South Dixie Highway Suite 208
>Miami, Florida 33156
>Telephone:	(305) 373-5040
>Fax:	(305) 668-9154
>nporter@porterandkorvick.com

*Stansell v. FARC,*
CASE NO.: 1:16-mc-405-LGS-SN
*Pescatore v. FARC,*
Related Case No. 1:18-mc-545-LGS-SN

# ANNEX 1
# STATEMENT OF MATERIAL FACTS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KEITH STANSELL, *et al.*,

    Plaintiffs,

v.

REVOLUTIONARY ARMED
FORCES OF COLOMBIA (FARC); *et al.*,

    Defendants,

v.

CITIBANK, N.A.,
EQUINITI TRUST COMPANY,
SUMITOMO MITSUI BANKING CORP.

    Turnover Respondents/Third-Party Plaintiffs.
_____/

CASE NO.: 1:16-mc-405-LGS-SN
Related Case No. 1:18-mc-545-LGS-SN

KEITH STANSELL, MARC GONSALVES, THOMAS HOWES,
JUDITH JANIS, CHRISTOPHER JANIS, MICHAEL JANIS,
JONATHAN JANIS, OLIVIA PESCATORE, JOSH PESCATORE,
JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE,
CAROLE PESCATORE HARPSTER, RICHARD PESCATORE, and
JOHN PESCATORE;

    Third-Party Interpleader Defendants/Crossclaimants,

v.

ANTONIO CABALLERO,

    Third-Party Interpleader Defendant/Crossclaim Defendant.
_____/

**STANSELL & PESCATORE PLAINTIFFS'**
**STATEMENT OF MATERIAL FACTS**

1. Intervenor Antonio Caballero is the surviving son of Carlos Caballero ("the Victim"). Stansell/Pescatore Joint App. Dkt. No. 250-1 at 2.

2. Intervenor Antonio Caballero was a Citizen of Colombia, not a United States national, at the time of his father's 1999 kidnapping and murder in Colombia. Dkt. No. 250-1 at ¶ 2.

3. Intervenor's deceased father, Carlos Caballero, was a citizen of Colombia, not a United States national, at the time of his 1999 kidnapping and murder in Colombia. Dkt. No. 250-1 at ¶ 59.

4. At the time of his abduction in Colombia, Mr. Caballero (the "Victim") was 76 years old. Dkt. No. 250-1 at ¶ 68.

5. Mr. Caballero was a Colombian kidnapped for ransom and murdered in Colombia by a Colombian terrorist organization. Dkt. No. 250-1 at ¶¶ 69, 72, 74, 79.

6. Antonio Caballero's father was "injured in his person"— kidnapped for ransom and then murdered— but he was never a U.S. national. Dkt. No. 250-1 at ¶ 59, 69, 72, 74, 79.

7. Over a decade after the kidnapping and murder in Colombia, Caballero filed his initial compliant against the FARC in Florida state court in 2012. *Antonio Caballero vs. Fuerzas Armadas Revolucionarios de Colombia aka FARC-EP and Ejercito Liberacion Nacional aka ELN*, Miami-Dade Circuit Case No. 2012-48803-CA-02.

8. The Florida state court complaint alleged jurisdiction under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, Colombian law, and Florida law. Dkt. No. 250-1 at 4.

9. At the time of the filing of his state court complaint, Intervenor Caballero was still a citizen of Colombia and a resident alien residing in Florida. Dkt. No. 250-1 at ¶¶ 2, 70.

10. At all times relevant to this action, the Victim was a resident and citizen of Colombia. Dkt. No. 250-1 at ¶ 59.

11. While traveling to Pivijay, Magdalena, in Colombia the Victim was abducted by ELN forces. Dkt. No. 250-1 at ¶ 67.

12. The ELN is a designated Foreign Terrorist Organization operating in Colombia. Dkt. No. 250-1 at ¶ 41.

13. The FARC remains a designated Foreign Terrorist Organization and has always been at home in Colombia trying to overthrow the Colombian government. Dkt. No. 250-1 at ¶¶ 25, 35, 36, 38.

14. The FARC has never been at home in the United States. Dkt. No. 250-1 at ¶¶ 25, 35, 36, 38.

15. Caballero's father was not targeted as an American. Dkt. No. 250-1 at ¶ 59.

16. The FARC never sent any ransom demand into the United States for Mr. Caballero. Dkt. No. 250-1 at ¶¶ 2, 59, 70, 74.

17. The Victim remained in the custody of FARC and ELN forces who were working in conjunction to conspire and profit from kidnapping the Victim. Dkt. No. 250-1 at ¶ 69.

18. At the time of the Victim's kidnapping, Intervenor Caballero, the Victim's son, was living in Barranquilla, Colombia. Dkt. No. 250-1 at ¶ 70.

19. Throughout the Victim's captivity, the Caballero family was contacted regularly by the kidnappers in an ongoing effort to compel them to pay a ransom for the Victim's safety and freedom. Dkt. No. 250-1 at ¶ 74.

20. FARC and ELN forces demanded six million dollars ($6 Million) to secure the Victim's safety and release. Dkt. No. 250-1 at ¶ 74.

21. The Victim was targeted because of his political affiliations, official anti-narcotics positions, and as a source of potential ransom funds to finance the Defendants' terrorist activities and criminal enterprises, including the kidnappers' extensive narco-trafficking operations. Dkt. No. 250-1 at ¶ 82.

22. The FARC did not expressly aim its conduct at either Caballero or the Victim as U.S. nationals. Dkt. No. 250-1 at ¶¶ 2, 59.

23. The kidnapping and murder of the victim was not the result of any FARC tort committed in Florida or the United States. Dkt. No. 250-1 at ¶¶ 66, 67, 69, 71, 74, 79, 80.

24. The kidnapping for ransom and murder in Colombia did not arise from or relate to the FARC's cocaine export activities in the United States. Dkt. No. 250-1 at ¶¶ 66, 67, 69, 71, 74, 79, 80.

25. Mr. Caballero's father was killed because of his political affiliations and the family's ability to pay a ransom. Dkt. No. 250-1 at ¶¶ 82, 84.

26. The Caballero family's Colombian property was a "conjunction of dirt paths ('caminos') through which drugs could be moved through the region." Dkt. No. 250-2 ¶ 58.

27. The Caballero property in Colombia was not a jumping off point for FARC cocaine to the United States. Dkt. No. 250-2 ¶ 58.

28. The Florida state court expressly found that there were no airstrips or navigable waterways to reach the ocean on the Caballero land. Dkt. No. 250-2 ¶ 53 ("Airstrips were located to the east and west of the properties."); *id.* at ¶ 54 ("The properties were also located within a few

4

miles of the Magdalena River, where it was reported drug traffickers would frequently transship drugs to the Colombia coast or other offloading points."). *Id.* at ¶¶ 59-63.

29. In 2018, 19 years after his father's death, Antonio Caballero— already holding a 2014 state court judgment for over $146 million— filed a new lawsuit under the Anti-Terrorism Act, ("ATA"), 18 U.S.C. § 2333, based on the same underlying facts that gave rise to his state court judgment. *Antonio Caballero vs. FARC, ELN and NDVC*, Case No. 1:18-cv-25337 (S.D. Fla.); Dkt. No. 250-15.

30. In 2018, Intervenor Caballero alleged that he had become a U.S. national and was, therefore, eligible to file new claims for terrorism under the ATA. Dkt. No. 250-15 at ¶¶ 2-3.

31. No collateral attack or challenge was ever made regarding the personal jurisdiction <u>over the defendant FARC</u> in the state trial court or on appeal. *Antonio Caballero vs. Fuerzas Armadas Revolucionarios de Colombia aka FARC-EP and Ejercito Liberacion Nacional aka ELN*, Miami-Dade Circuit Case No. 2012-48803-CA-02; *Prodira Casa de Cambio, S.A. de C.V. vs. Antonio Caballero*, Florida Third District Court of Appeal Case No. 3D-16-487.

32. Caballero's motion for default judgment against the FARC in the federal court ATA action does not address personal jurisdiction over the FARC. Dkt. No. 250-16.

33. The Southern District of Florida in the 2018 ATA action never once addressed the issue of personal jurisdiction over the FARC. *Antonio Caballero vs. FARC, ELN and NDVC*, Case No. 1:18-cv-25337 (S.D. Fla.); Dkt. No. 250-17.

34. The Southern District of Florida gave preclusive effect to the state court judgment's damages award. Dkt. No. 250-17 at 7-8.

35. Intervenor Antonio Caballero was never injured in his person by the FARC or the ELN. Dkt. No. 250-1.

36. The Southern District of Florida found that Caballero's state court damages for economic losses when he left Colombia included $1,729,667.00 "for actual compensatory, economic damages," which was then trebled to $5,189,001.00. Dkt. No. 250-17 at 7-8, 14.

37. Antonio Caballero has already recovered $11,826,085.50 as of March 17, 2021. *Caballero v. FARC*, Case No. 3:20-cv-01939 (D. Conn.); Dkt. No. 86 Notice of Partial Satisfaction.

Respectfully submitted,                                                                 July 30, 2021

/s/ *Newton P. Porter*                                     /s/ *Nathaniel A. Tarnor*
NEWTON P. PORTER                                      Nathaniel A. Tarnor
TONY KORVICK                                              Hagens Berman Sobol Shapiro, LLP
(Admitted Pro Hac Vice)                                  322 8th Avenue, Suite 802
nporter@porterandkorvick.com                     New York, NY 10001
tkorvick@porterandkorvick.com                    Telephone: (646) 543-4992
PORTER & KORVICK, P.A.                            Email: NathanT@hbsslaw.com
9655 South Dixie Highway Suite 208             *Counsel for the Pescatore*
Miami, Florida 33156                                       *Plaintiffs/Judgment Creditors*
Telephone:    (305) 373-5040
*Attorneys for the Stansell Plaintiffs*