

312 Minorca Avenue | Coral Gables FL, 33134
Ph: (305) 444-5565 | Fax: (305) 444-8588
www.zplaw.com

August 12, 2021

**VIA ECF**
The Hon. Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Stansell, et al., v. FARC, et al.*, Case No. 1:16-mc-00405-LGS-SN; *Pescatore, et al., v. Palmera Pineda, et al.*, Case No. 1:18-mc-00545-LGS-SN (Related Case)
**Caballero's Response to: (i) the PDVSA subsidiaries' Letter Motion [D.E. 338]; and (ii) the Stansell and Pescatore Plaintiffs' Response Letter [D.E. 340]**

Dear Judge Netburn:

We write on behalf of Interpleader Third-Party Defendant, Antonio Caballero ("Caballero"), in response to: (i) the letter motion [D.E. 338] filed by White & Case, on behalf of five subsidiary entities of Petroleos de Venezuela, S.A. (the "PDVSA subsidiaries"), on August 9, 2021 (the "PDVSA subsidiaries' Letter Motion"); and (ii) the response [D.E. 340], partially opposing the PDVSA subsidiaries' Letter Motion, filed by counsels for the Stansell and Pescatore Plaintiffs, on August 11, 2021 (the "Response Letter").

As to the requested relief in the PDVSA subsidiaries' Letter Motion, like the Stansell and Pescatore Plaintiffs, Caballero opposes any request resulting in an indefinite postponement of the movants' deadlines for filing responsive pleadings to the Third-Party Complaints alleging claims in the nature of interpleader brought by Garnishees, Citibank, N.A. ("Citibank") and Sumitomo Mitsui Banking Corporation ("Sumitomo") in Dkt. Nos. 227, 234, 236, and 238.

The Court authorized the filing of the various interpleaders so that litigation regarding the funds held by the various Garnishees can move forward in an organized fashion through responses to the interpleader complaints, with proceedings flowing from such responses. In such responses, the Stansell and Pescatore Plaintiffs and Caballero have filed cross claims and/or defenses. The PDVSA subsidiaries should be required to do the same – file their responsive pleadings or motions to the interpleader complaints and raise whatever issues they deem necessary in such filings. Instead, the PDVSA subsidiaries improperly seek to stop the progress forward on the various interpleader cases so that their unique issues can be decided before any other parties. Their approach is simply inefficient and contrary to the approach already approved by this Court.

In addition, contrary to the assertions of the PDVSA subsidiaries, even if they were successful on their anticipated motion to vacate the orders (i.e., *Stansell/Pescatore* D.E. 114/40) declaring them to be agencies or instrumentalities of the FARC and authorizing the issuance of writs of execution, the interpleader claims at issue in Dkt. Nos. 227, 234, 236, and 238 would not be disposed of because Caballero is also part of such interpleaders brought by Citibank and Sumitomo. Vacating any orders in favor of the Stansell and Pescatore Plaintiffs would not affect the separate orders entered in favor of Caballero in other proceedings in the U.S. District Court for the Southern District of New York. Again, the interpleader actions give parties the opportunity to present their issues and positions. It would be entirely inefficient for the PDVSA subsidiaries to file motions in Caballero's cases, the Stansell Plaintiffs' cases, the Pescatore Plaintiffs' cases, and the cases of any other third parties that may appear.

Moreover, Caballero agrees with the Stansell and Pescatore Plaintiffs that White & Case must respond on behalf of all the subsidiaries of PDVSA involved in the Citibank and Sumitomo interpleaders in this case—so long as they can show that they have the authority to do so.[1]

Lastly, Caballero clarifies the Stansell and Pescatore Plaintiffs' description of Caballero's District of Connecticut post-judgment collection proceedings (*Caballero v. FARC, et al.*, Case No. 3:20-cv-01939-JAM (D. Conn.)) in the Response Letter. Contrary to the Stansell and Pescatore Plaintiffs' assertion that the Connecticut action involves competing claims arising from an order issued in the Stansell and Pescatore Plaintiffs' S.D.N.Y. proceedings,[2] the Connecticut proceeding is an entirely separate case brought by Caballero against assets located in Connecticut. In such case, Caballero has already obtained a turnover judgment. The Connecticut court currently has several motions pending regarding the alleged interests of others in the Connecticut assets, including the belated claims brought by the Stansell and Pescatore Plaintiffs.

Respectfully submitted,

*/s/ Leon N. Patricios*
Leon N. Patricios (Florida Bar No. 0012777)
Admitted *Pro Hac Vice*
E-mail: lpatricios@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel. (305) 444-5565

---

[1] Currently, the decision on the issue of whether White & Case, on behalf of the Ad Hoc Board of PDVSA, is authorized to represent one of PDVSA's subsidiaries (i.e., Alba de Petroleos de El Salvador S.A. de C.V.) is still pending to be decided by Judge Meyer in the U.S. District Court for the District of Connecticut in *Caballero v. FARC, et al.*, Case No. 3:20-cv-01939-JAM (D. Conn.).

[2] Indeed, Judge Carter has already acknowledged the Connecticut Court's jurisdiction over the assets (*see* D.E. 162) and terminated what was then a pending motion for turnover filed in the S.D.N.Y. *Id*.

2