USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/21



312 Minorca Avenue | Coral Gables FL, 33134
Ph: (305) 444-5565 | Fax: (305) 444-8588
www.zplaw.com

September 24, 2021

**VIA ECF**
The Hon. Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Stansell, et al., v. FARC, et al.*, Case No. 1:16-mc-00405-LGS-SN; *Pescatore, et al., v. Palmera Pineda, et al.*, Case No. 1:18-mc-00545-LGS-SN (Related Case)
**Caballero's Withdrawal of his Motion to Dismiss and/or Transfer Venue, D.E. 332-334**

Dear Judge Netburn:

On July 30, 2021, Caballero filed a motion seeking to dismiss and/or transfer venue the portion of this action relating to the Third-Party Complaint Seeking Relief in the Nature of Interpleader (the "Interpleader Complaint") [D.E. 208] filed on April 15, 2021 by Third-Party Plaintiff, Equiniti Trust Company ("Equiniti"). *See* D.E. 332-334. For the reasons set forth below, Caballero hereby withdraws such motion.

Subsequent to Caballero's filing of his motion seeking to dismiss and/or transfer venue the portion of this action relating to the Equiniti Interpleader Complaint [D.E. 332-334], Caballero filed his motion to dismiss STPE's[1] Crossclaims.[2] Among his many arguments therein, Caballero asserts his position that given Section 201(a) of the Terrorism Risk Insurance Act's ("TRIA") explicit language—"***blocked assets…shall be subject to execution…in order to satisfy such judgment <u>to the extent of any compensatory damages</u>***…" (emphasis added)—the Stansells lack standing to proceed in the various Interpleader Actions[3] because, based on their prior submissions to a court, they have already exhausted their compensatory damages and have thus satisfied their judgment under TRIA. *See* D.E. 348 at 6, 14-35. If the Court agrees with Caballero, and if it is further revealed that the Pescatores too have exhausted their compensatory damages under TRIA,[4]

---

[1] "STPE" refers collectively to the Stansells and the Pescatores.
[2] "Crossclaims" refer to STPE's crossclaims at D.E. 268, 269, 270, 271, 272, 273, 310, and 328.
[3] "Interpleader Actions" refer to the various interpleader actions corresponding to the Crossclaims (*see supra* n.2), specifically in—D.E. 208, 234, 236, 238, 227, 225, 280, and 324.
[4] In his motion to dismiss STPE's crossclaims, Caballero noted that given STPE's shared belief that their entire treble damages award under their respective judgments qualify as compensatory

then certain Interpleader Actions may be mooted, or at a minimum, streamlined if the only appearing adverse claimant remaining is Caballero.[5]

Judicial efficiency considerations warrant resolution of Caballero's motion to dismiss STPE's crossclaims prior to resolution of Caballero's motion to dismiss and/or transfer the Equiniti interpleader. Further, given applicable law, the argument that the Stansells lack standing goes to this Court's subject matter jurisdiction, and resolution of subject matter jurisdiction issues generally take precedence over resolution of other issues, including venue. *See Holland v. JPMorgan Chase Bank, N.A.,* No. 19 Civ. 00233 (PAE), 2019 U.S. Dist. LEXIS 146553, at *12 (S.D.N.Y. Aug. 28, 2019) ("The Court first addresses standing, because it is necessary for subject matter jurisdiction." (citing *Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 62 (2d Cir. 2012)); *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC,* No. 18 Civ. 4044 (VM), 2019 U.S. Dist. LEXIS 159909, at *20 (S.D.N.Y. Aug. 26, 2019) ("Where a defendant moves for dismissal both for lack of subject matter jurisdiction as well as on other grounds, a court should consider the jurisdictional challenge first." (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990)); *Schneider v. Mahopac Cent. Sch. Dist.,* No. 20-CV-709 (CS), 2021 U.S. Dist. LEXIS 164968, at *6 (S.D.N.Y. Aug. 31, 2021) (noting similarly).

The compensatory damages issue is the fulcrum issue of great importance at this stage of the collection proceedings herein. Such issue is pending before this Court via Caballero's motion to dismiss STPE's Crossclaims and is thus ripe for adjudication. Given Caballero's view of the controlling law of the Second Circuit Court of Appeals on this compensatory damages question, Caballero is willing to and does hereby withdraw his motion to dismiss and/or transfer venue the portion of this action relating to the Equiniti Interpleader Complaint, including his notice of motion [D.E. 332], declaration and supporting exhibits [D.E. 333], and memorandum of law [D.E. 334], in order to have this Court resolve the compensatory damages issue first. Caballero will answer Equiniti's Interpleader Complaint [D.E. 208] within 14 days of this letter (i.e. by October 8, 2021).

Respectfully submitted,

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano (Florida Bar Number: 0056091)
Admitted *Pro Hac Vice*
E-mail: jzumpano@zplaw.com
Leon N. Patricios (Florida Bar Number: 0012777)
Admitted *Pro Hac Vice*
E-mail: lpatricios@zplaw.com

---

damages, it is possible that the Pescatores have similarly exceeded (or are about to exceed) their compensatory damages.

[5] For instance, with regards to the Equiniti interpleader action, neither Banco Bandes Uruguay SA, Banco Bicentenario Banco Universal CA, nor Banco De Venezuela SA Banco Universal—the putative owners of the subject accounts—have appeared in such action to date.

        ZUMPANO PATRICIOS, P.A.
        312 Minorca Avenue
        Coral Gables, FL 33134
        Tel. (305) 444-5565

        Nicholas Rostow
        E-mail: nrostow@zplaw.com
        ZUMPANO PATRICIOS & POPOK, PLLC
        417 Fifth Avenue, Suite 826
        New York, New York 10016
        Tel. (212) 381-9914

        *Attorneys for Antonio Caballero*

---

Mr. Caballero's request is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 332. Mr. Caballero shall file his answer to Equiniti's complaint by October 8, 2021.

**SO ORDERED.**

                                                                                          _____
                                                                                        SARAH NETBURN

Dated: Sept. 27, 2021                                                  United States Magistrate Judge
       New York, New York