October 6, 2021

**VIA ECF**

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Stansell v. FARC*, Case No. 1:16-mc-405-LGS-SN;
*Pescatore v. Pineda,* Case No. 1:18-545-LGS-SN
**Response in Opposition to Part of the October 1, 2021 Letter Dkt. No. 362**

Dear Judge Netburn:

The Stansell and Pescatore plaintiffs ("Plaintiffs") respectfully oppose the requested pre-motion conference insofar as it seeks to undo the briefing schedule previously ordered by the Court on August 13, 2021 [Dkt. No. 343], and which is already underway:

- August 13, 2021    Motion to Vacate Orders, Quash Writs [Dkt. No. 344-346]
- October 1, 2021    Plaintiffs' Joint Response in Opposition [Dkt. No. 363]
- November 1, 2021   Reply due (if any)

White & Case LLP filed the above motion to vacate and quash on behalf of five PDVSA subsidiary entities (excluding Petrocedeno, S.A.) that they claim to represent. Plaintiffs, pursuant to the Court's Order, filed their joint response to that motion. Now, Mr. Jimenez seeks to file a duplicative motion to vacate and quash on behalf of these *same represented entities* after Plaintiffs have already filed their joint response in opposition. Such a second bite at the apple prejudices Plaintiffs by requiring them to respond to duplicate briefing by a second lawyer after the same PDVSA subsidiary entities had the opportunity to see Plaintiffs' responses.

The Court has also ordered a briefing schedule on the five PDVSA subsidiaries' motions to dismiss [Dkt. Nos. 343, 355] interpleader Third Party Complaints [Dkt. Nos. 227, 236, 238]. The motion to dismiss has been filed, but opposition responses from Plaintiffs, garnishees and Mr. Caballero are not yet due:

- October 1, 2021    Motion to Dismiss interpleaders [Dkt. No. 364]
- November 5, 2021   Opposition Responses due

Plaintiffs do not want to have to respond on November 5, 2021, only to then have Mr. Jimenez later file a duplicative motion to dismiss these same interpleaders requiring yet another response.[1]  This issue of which counsel represents which PDVSA subsidiaries on behalf of the

---

[1] The issue is likely broader than just duplicative motions to dismiss the interpleaders and to vacate Orders determining agency or instrumentality and issuing writs of execution.  It is highly likely that the

1

Ad Hoc Board (White & Case, Guaido) or Mr. Jiminez on behalf of PDVSA is further complicated by the Dept of Treasury's Office of Foreign Assets Control ("OFAC") letter dated September 10, 2021, acknowledging that the Venezuelan opposition-controlled National Assembly's mandate ends in January 2022. The lapse of this already tenuous mandate effectively ends the authority of opposition leader Juan Guaidó as Venezuela's interim president.  Ex.1.

Plaintiffs simply should not be required to respond twice, or worse, respond *all over again* at some later date after the United States determines that the Ad Hoc Board's mandate is terminated, and Plaintiffs face the inevitable argument that Mr. Jimenez raises in his Letter [Dkt. No.362 at 3] that, "To be clear, PDVSA . . . rejects the authority of White & Case and the purported Ad Hoc Board," and he then seeks to determine that previously filed motions to vacate and dismiss the interpleaders are somehow a nullity.  The prejudice to Plaintiffs is palpable and the delay associated with this representation wrangle further harms Plaintiffs.

With respect to the remaining entities in these interpleaders now represented *solely* by Mr. Jimenez and who have yet to file any motions—one PDVSA subsidiary Petrocedeno, S.A.; three blocked BANDES[2] bank subsidiaries; and the Venezuelan Ministry of Finance—Plaintiffs oppose any motions or briefing as these entities are in default on pending motions for turnover. Plaintiffs renew their objections raised in their August 11, 2021 letter at Dkt. No. 340.

Respectfully submitted,

Newt Porter and Tony Korvick for the Stansell plaintiffs
Nathaniel Tarnor for the Pescatore plaintiffs

---

addition of new counsel for the formerly unrepresented entities will likely impact the current issues surrounding the victims' crossclaims and collateral attacks.  Mr. Jimenez has previously argued that the Caballero Judgment is void for lack of jurisdiction.  *See Caballero v. FARC,* WDNY Case No. 20-mc-00040, Dkt. No. 60-1.

[2]     BANDES is the acronym for OFAC sanctioned Banco de Desarrollo Economico y Social de Venezuela, the corporate parent of the three blocked account owners Banco Bandes Uruguay S.A., Banco Bicentenario del Pueblo and Banco de Venezuela, S.A. Banco Universal.