

312 Minorca Avenue | Coral Gables FL, 33134
Ph: (305) 444-5565 | Fax: (305) 444-8588
www.zplaw.com

October 8, 2021

**VIA ECF**
The Hon. Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Stansell, et al., v. FARC, et al.*, Case No. 1:16-mc-00405-LGS-SN; *Pescatore, et al., v. Palmera Pineda, et al.*, Case No. 1:18-mc-00545-LGS-SN (Related Case)
**Response to Letter [ECF 362]**

Dear Judge Netburn:

Caballero, by and through undersigned counsel, responds to the letter submitted by Mr. Jimenez on October 1, 2021. ECF 362. Although Caballero takes no position on the request for a pre-motion conference, Caballero does herein correct the record regarding Caballero's and Petroleos de Venezuela, S.A.'s ("PDVSA")—then represented by Mr. Jimenez—previous litigation interactions.

Following the entry of Caballero's Florida state court Alien Tort Statute ("ATS") judgment, Caballero filed a motion in his ATS action for the Court to determine that PDVSA was an agent or instrumentality of the FARC. Prior to a scheduled hearing on Caballero's motion, PDVSA, through counsel (i.e. Mr. Jimenez), appeared in the ATS Action, and on May 24, 2019, attempted to remove the motion to federal court. *See Caballero v. FARC et al.*, 19-cv-22143-RNS (S.D. Fla.). Within days of PDVSA's removal and without the filing of any motion by Caballero, Judge Scola of the United States District Court for the Southern District of Florida remanded PDVSA back to state court finding that PDVSA's removal of a motion for determination was not proper as it was not even a party to the ATS action. Order, *Caballero v. FARC et al.*, 19-cv-22143-RNS (S.D. Fla. June 6, 2019), ECF 3. Upon remand, PDVSA moved to intervene in the ATS Action. *See* Exhibit 1.

PDVSA immediately set a hearing on its Motion to Intervene, and then in consultation with counsel for Caballero on July 18, 2019, cancelled the hearing due to a Judge not being assigned to the division in which the case sat. *See* Exhibit 2 hereto. PDVSA took no further action in the ATS action, and its motion remains pending, and undecided, in the ATS Action. This was clearly PDVSA's opportunity to challenge Caballero's allegations, but PDVSA abandoned its efforts and undersigned counsel did not hear again from former counsel for PDVSA (or any other counsel) for over one-and-a-half (1 ½) years until February 2, 2021, when PDVSA, through Mr. Jimenez,

sought to intervene, in Caballero's garnishment action pending in the United States District Court for the Western District of New York. *See Caballero v. FARC, et al.,* No. 20-mc-00040-LJV (W.D.N.Y. Feb. 2, 2021) (the "WDNY Action"), ECF 37.

What happened before PDVSA abandoned its agent or instrumentality challenge in July of 2019? On January 28, 2019, the United States government itself sanctioned PDVSA and designated it as a blocked party such that any person, including lawyers, would need a license to receive payment from PDVSA (with the exception of terrorism victims pursuing collections under TRIA). Thus, it is understandable why the lawyers for PDVSA disappeared and, in light of the actions of the United States government, abandoned PDVSA's motion to intervene and arguments on it not being an agent or instrumentality of FARC, and did not participate further in any way in any case involving Caballero (until earlier this year).

In May of 2020, Judge Moore of the United States District Court for the Southern District of Florida entered an Anti-Terrorism Act ("ATA") judgment [ECF 259-11] in favor of Caballero. Caballero has domesticated his ATA Final Judgment before this Court and several other courts and has obtained several agent or instrumentality rulings against various parties, including PDVSA.[1] *See e.g.* WDNY Action, ECF 15. To the extent Mr. Jimenez's letter implies that Caballero's *ex parte* motions were somehow inappropriate, such implication is incorrect as evidenced by *Stansell v. Revolutionary Armed Forces of Columbia [sic]. Id.,* 771 F.3d 713, 729 (11th Cir. 2014) ("Because the factors weigh in favor of immediate attachment, Claimants were not constitutionally entitled to a hearing before the writ issued. In sum, ***Claimants were entitled to notice and to be heard before execution, though not necessarily before attachment***.") (emphasis added).[2]

                              Respectfully submitted,

                              */s/ Leon N. Patricios*
Leon N. Patricios (Florida Bar Number: 0012777)
Admitted *Pro Hac Vice*
E-mail: lpatricios@zplaw.com
Joseph I. Zumpano (Florida Bar Number: 0056091)
Admitted *Pro Hac Vice*
E-mail: jzumpano@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel. (305) 444-5565

---

[1] As Mr. Jimenez accurately notes, Caballero has not sought an agency or instrumentality determination regarding PDVSA in Caballero's underlying ATA action **because there has been no need for such determination by that specific court at this time**.

[2] Again, Caballero had not heard from any PDVSA attorney from July 2019 until February 2, 2021. Caballero thus had no obligation to contact Mr. Jimenez, notwithstanding any implications to the contrary.

3

        Nicholas Rostow
        E-mail: nrostow@zplaw.com
        ZUMPANO PATRICIOS & POPOK, PLLC
        134 East 38th Street
        New York, New York 10016
        Tel. (212) 381-9914

        *Attorneys for Antonio Caballero*

cc: All counsel of record via ECF.