WHITE & CASE

October 8, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

RE:   *Stansell v. Revolutionary Armed forces of Colombia (FARC)*, No. 1:16-mc-00405-LGS-SN (related action: *Pescatore v. Pineda,* No. 1:18-mc-00545-LGS-SN)

Dear Judge Netburn:

We represent respondent third-party defendants Petrowarao S.A., Venezuelan Heavy Industries C.A., Aceites y Solventes Venezolanos Vassa, S.A. ("ASV"), Petro San Felix, S.A., and Venfleet Asphalt Ltd. (the "PDVSA Subsidiaries"), subsidiaries of Venezuela's national oil company, Petróleos de Venezuela, S.A. ("PDVSA"), in the above-referenced actions. We write in response to the letters filed by Marcos Daniel Jiménez on October 1 and 7, 2021 (ECF Nos. 362 & 371).

Mr. Jiménez has no authority to appear for the PDVSA Subsidiaries or, for that matter, the various other entities owned directly or indirectly by the Bolivarian Republic of Venezuela. As Mr. Jiménez admits, the U.S. District Court for the Western District of New York has already stricken his purported representation of PDVSA and its subsidiaries as unauthorized. *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-MC-40-LJV, 2021 WL 1884110, at *8 (W.D.N.Y. May 11, 2021). The court did so pursuant to well-settled case law on the political question and act of state doctrines. Applying those doctrines, the Western District of New York determined that only White & Case LLP is duly authorized to represent PDVSA and its subsidiaries in that action, which include three of the same PDVSA subsidiaries here — namely, ASV, Petro San Felix, and Venfleet Asphalt.

The Western District of New York decision turned on analysis of the political situation in Venezuela, which emanates from the usurpation of Venezuela's Government by Nicolás Maduro in January 2019, following fraudulent elections in May 2018. In response to Maduro's usurpation of the presidency, the National Assembly of Venezuela declared Maduro's election illegitimate and declared Juan Gerardo Guaidó Márquez the Interim President of Venezuela. *See id.* at *2. The United States immediately recognized Interim President Guaidó and the National Assembly as the legitimate government of Venezuela (together, the "Interim Government") and continues to do so today. *See id.*

Specifically, the court reasoned that under the political question doctrine it was bound by the decision of the United States to recognize the Interim Government as the only legitimate government of Venezuela. *See id.* at *4 (citing *Oetjen v. Cent. Leather Co.*, 246 U.S. 297, 303 (1918); *Jiménez v. Palacios*, 250 A.3d 814, 828-20 (Del. Ch. 2019); *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 410 (1964)). Based on that recognition, the court was also bound to recognize as valid the Interim Government's official acts of state. In particular, the court was

Hon. Sarah Netburn
October 8, 2021

**WHITE & CASE**

bound to recognize the validity of Interim President Guaidó's appointment of an ad hoc board of Directors to manage PDVSA's affairs and exercise the legal representation of PDVSA and its subsidiaries (the "Ad Hoc Board"). *See id*. at *5-6; *see also id*. at *3 (describing enactment of the "Statute Governing the Transition to Democracy to Reestablish the Validity of the Constitution of the Bolivarian Republic of Venezuela" that empowered Interim President Guaidó "'to appoint ad hoc administrative boards of directors to assume the management and administration of state-owned companies,' including PDVSA"). As the court explained, only the duly authorized representatives of governments recognized by the United States, and their agencies or instrumentalities, may appear before U.S. courts. Because Interim President Guaidó's appointment of the Ad Hoc Board of PDVSA was a valid act of state and the Ad Hoc Board's appointment of White & Case LLP to represent PDVSA and its subsidiaries also was valid, it followed that only White & Case LLP is the duly authorized legal representative of PDVSA and its subsidiaries. *Id.* at *6.

Conversely, the court found that Mr. Jiménez lacked authority because he was retained by "part of the Maduro regime." *Id.* at *3; *see also id.* at *4 (stating "'a regime not recognized as the government of a state[] is ordinarily denied access to courts in the United States'" (quoting Restatement (Third) of Foreign Relations Law of the U.S. § 205(1)); *id.* at *3 n.6 ("Because Flynn and Jiménez were retained by PDVSA counsel unconnected to Guaidó or the Ad Hoc Board, the Court is left with the inevitable conclusion that counsel was appointed by or is otherwise associated with Maduro."). Notably, despite moving for reconsideration in the Western District of New York, Mr. Jiménez has never disputed this finding. Thus, while Mr. Jiménez asserts that he has "specific authorizations" to act for the PDVSA Subsidiaries and other entities at issue here, those authorizations were supplied by representatives of the Maduro regime who continue to exert unlawful physical control over those entities' offices, assets, and records in Venezuela. *See id.* at *8.

This Court should reject Mr. Jiménez's attempt to relitigate issues already decided against him by the Western District of New York. In his letters to this Court, Mr. Jiménez ignores the specific findings by the Western District of New York and purports to "reject[] the authority of . . . [the] Ad Hoc Board" and the Interim Government altogether. ECF No. 362 at 3. Yet the Western District of New York already considered and rejected Mr. Jiménez's alleged authority, including the decisions Mr. Jiménez cites from Venezuela's Supreme Tribunal of Justice purporting to invalidate the Transition Statute. *See id.* As the court there explained, "'the U.S. Executive Branch has taken the extraordinary step of declaring the Constitutional Court of Venezuela to be illegitimate'" and recognizes the Interim Government as "the only recognized sovereign of Venezuela." *Caballero*, 2021 WL 1884110, at *3 n.5, *7 (quoting *Jiménez*, 250 A.3d at 836 n.101). Indeed, as the court went on to state, "[i]t is of no moment that Venezuela's Supreme Tribunal of Justice, Constitutional Court, found the Transition Statute and the Ad Hoc Board to be unconstitutional and void" because "[t]he act of state doctrine applies only to official acts taken by *recognized* sovereigns." *Id.* at *7 (emphasis in original).

Likewise, the Western District of New York expressly rejected Mr. Jiménez's reliance on the fact that the Maduro regime maintains *de facto* control over PDVSA and its subsidiaries, holding "what matters is the 'foreign sovereign [that] has received *de jure* recognition by the United States.'" *Id.* at *8 (quoting *Jiménez*, 2019 WL 3526479, at *11); *see also id.* ("The political question doctrine makes recognition of a foreign government 'conclusive on all domestic courts, which are bound

to accept that determination[.] This well-settled pronouncement does not permit domestic courts to ignore the Executive Branch's *de jure* recognition based on its own assessment of a foreign sovereign's de facto control.'" (quoting *Jiménez*, 250 A.3d at 837)). Here, the Interim Government is the only sovereign with *de jure* recognition by the United States. Thus, the Interim Government's acts — including empowering the Ad Hoc Board to appoint legal counsel for PDVSA and its subsidiaries and barring representatives of the Maduro regime from doing so — are valid acts of state that must be respected. *See id.*; *see also id.* at *6 (rejecting Jiménez's claim that due process requires him to represent PDVSA and its subsidiaries in light of Maduro's *de facto* control in Venezuela and stating "honoring the political question and act of state doctrines will not deny PDVSA due process in any way whatsoever").

Moreover, contrary to Plaintiffs' and Jiménez's suggestions, it is irrelevant to the political question and act of state doctrines that the National Assembly's current mandate ends in January 2022 barring a further extension. *See* ECF No. 368 at 2; ECF No. 371 at 3. There is no dispute that the Interim Government was recognized by the United States as the only legitimate government of Venezuela at the time of the relevant acts of state — i.e., the enactment of the Transition Statute and Interim President Guaidó's appointment of the Ad Hoc Board — and that it continues to be the only recognized government of Venezuela today. Speculation about how potential future changes in Venezuela might affect future Executive Branch foreign policy is no basis for the Court to second guess valid acts of state today.

In view of the Western District of New York's decision, and given that White & Case LLP is the duly authorized legal counsel for the PDVSA Subsidiaries and has already filed on their behalf the motions to vacate and a motion to dismiss contemplated by Mr. Jiménez's October 1 letter, Mr. Jiménez's request for a pre-motion conference should be denied and his improper appearances should be stricken.

    Respectfully submitted,

    *s/ Nicole Erb*
    Nicole Erb
    Claire A. DeLelle
    Susan L. Grace
    WHITE & CASE LLP
    701 Thirteenth Street, NW
    Washington, DC 20005-3807
    Tel. (202) 626-3600
    nerb@whitecase.com
    claire.delelle@whitecase.com
    susan.grace@whitecase.com

    *Counsel for Petrowarao S.A., Venezuelan Heavy Industries C.A., Aceites y Solventes Venezolanos Vassa S.A., Petro San Felix S.A., and Venfleet Asphalt Ltd.*

cc:    All counsel of record via ECF