# Marcos D. Jimenez, P.A.

255 Alhambra Circle, 8th Floor
Miami, FL 33134
Tel. 305-570-3249
mdj@mdjlegal.com

October 13, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

**RE:**   *Stansell, et al. v. Revolutionary Armed Forces of Colombia (FARC),*
Case No. 1:16-mc-00405-LGS-SN and
*Pescatore, et al. v. Pineda, et al.,* Case No. 1:18-mc-00545-LGS-SN
**Reply in Support of October 1, 2021, Request for Pre-Motion Conference, D.E. No. 362**

Dear Judge Netburn:

Undersigned counsel respectfully submits this reply in support of its October 1, 2021, request for pre-motion conference, D.E. No. 362, and responds to the October 8, 2021, letter filed by White & Case LLP, D.E. No. 378.

White & Case purports to represent only five of the ten entities undersigned counsel has appeared for in these proceedings: (1) Aceites y Solventes Venezolanos Vassa, S.A., (2) Venfleet Asphalt, Ltd., (3) Petro San Felix, S.A., (4) Venezuelan Heavy Industries, C.A., and (5) Petrowarao, S.A., which are all affiliates of PDVSA (together, the "Remaining PDVSA Affiliates").

White & Case nonetheless objects to undersigned counsel's representation of the remaining five entities: (1) Ministerio del Poder Popular de Economía, Finanzas y Comercio Exterior (Venezuela's "Ministry of Finance"); (2) Banco de Venezuela S.A., Banco Universal ("Banco de Venezuela"); (3) Banco Bandes Uruguay, S.A. ("Bandes Uruguay"); (4) Banco Bicentenario del Pueblo, de la Clase Obrera, Mujer y Comunas, Banco Universal C.A. ("Banco Bicentenario"); and (5) Petrocedeño, S.A. ("Petrocedeño").

The Court should disregard White & Case's objection. *First*, White & Case has no standing to object to undersigned counsel's representation of entities that White & Case does not even claim to represent. White & Case only acts on behalf of the purported Ad Hoc Board of PDVSA, and the Venezuelan Ministry of Finance, Banco de Venezuela, Bandes Uruguay, and Banco Bicentenario are not even affiliates of PDVSA. While Petrocedeño is a PDVSA affiliate, White & Case specifically represented to this Court that it is not acting on behalf of Petrocedeño in these proceedings. *Second*, the objection is politically motivated and not in the best interest of these entities, whose assets should be protected with the assistance of counsel.

With respect to the Remaining PDVSA Affiliates, while White & Case claims to represent these entities, White & Case does not assert that the Remaining PDVSA Affiliates have specifically authorized White & Case to appear in these proceedings on their behalf. White & Case also does not dispute that undersigned counsel has obtained specific authorization to represent each of these entities in these proceedings. Similarly, in a related TRIA action in the District of Connecticut, undersigned counsel and White & Case both have appeared on behalf of another PDVSA affiliate, ALBA Petroleos de El Salvador S.E.M. de C.V. ("ALBA"). There the court ordered the parties to submit "factual corroboration as to whether any particular attorneys ***have been specifically retained by ALBA Petroleos specifically for purposes of this action***." *Caballero v. FARC*, No. 3:20-cv-1939-JAM (D. Conn.), at D.E. No. 127 (emphasis added). In response to the court's order, undersigned counsel submitted ALBA's confirmation that it had specifically retained undersigned counsel in that action, but White & Case did not provide any such confirmation and did not file anything at all from ALBA. The District of Connecticut has not yet issued a ruling on which law firm is the authorized representative of ALBA in that action.

White & Case's response letter also ignores the motion for reconsideration pending in the Western District of New York on that court's decision that White & Case has the authority to represent PDVSA and certain PDVSA affiliates. *See Caballero v. FARC*, No. 1:20-mc-0040-LJV (W.D.N.Y.), at D.E. No. 81. As detailed in the motion for reconsideration, the Western District of New York overlooked the Supreme Court's decision in *W.S. Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400 (1990), when it applied the act of state doctrine to the White & Case motion to substitute counsel. The Supreme Court has held that the act of state doctrine only applies when "a court ***must decide***—that is, ***when the outcome of the case turns upon***—the effect of official action by a foreign sovereign," or when "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official acts of a foreign sovereign." *Id.* at 405-06 (emphasis added). The TRIA enforcement action in the Western District of New York seeks to execute on PDVSA's and certain affiliates' purported blocked assets based on allegations that PDVSA and the affiliates are "agencies or instrumentalities" of the FARC, and it does not require the court to delve into any official act by a foreign sovereign.

In addition, as detailed in the motion for reconsideration in the Western District of New York, the act of state and political question doctrines do not control because the due process rights of PDVSA and its affiliates are violated by substituting White & Case for undersigned counsel. *See Caballero v. FARC*, No. 1:20-mc-0040-LJV (W.D.N.Y.), at D.E. No. 65 at 5. White & Case does not dispute that the purported Ad Hoc Board has admitted in numerous U.S. proceedings that it has no control over PDVSA's and its affiliates' operations, documents, or witnesses, and thus does not have the resources and information necessary to protect the assets of PDVSA and its affiliates.

The Ministry of Finance, Banco de Venezuela, Bandes Uruguay, Banco Bicentenario, Petrocedeño, and the Remaining PDVSA Affiliates have specifically and directly authorized undersigned counsel to represent them in these proceedings and therefore request a pre-motion conference in advance of submitting motions to vacate and motions to dismiss.[1]

---

[1] Third-party defendant Caballero submitted a letter response to undersigned counsel's request for a pre-motion conference, but Caballero takes no position on the pre-motion conference request.

  The Ministry of Finance, Banco de Venezuela, Bandes Uruguay, Banco Bicentenario, Petrocedeño, and the Remaining PDVSA Affiliates reserve all rights, defenses, privileges, and immunities, including, but not limited to, lack of jurisdiction, lack of service of process, and defective service of process.

                Respectfully submitted,

                *s/ Marcos Daniel Jiménez*
                Marcos Daniel Jiménez
                New York Bar No. 4881736
                **Marcos D. Jiménez, P.A.**
                255 Alhambra Circle, 8th Floor
                Miami, Florida 33134
                Telephone: 305.772.6026
                Email: mdj@mdjlegal.com

cc: All counsel of record via ECF

---

*See* D.E. No. 377. Instead, Caballero argues that PDVSA "abandoned" its challenge to Caballero's agency or instrumentality allegations in Florida state court. This is disingenuous. It was Caballero—not PDVSA—that abandoned his pursuit of an agency or instrumentality determination in Florida. Caballero's additional assertion that PDVSA's lawyers "disappeared" because of United States sanctions is equally disingenuous. Clearly PDVSA's lawyers could not participate in Caballero's *ex parte* TRIA proceedings when they received no notice and when documents identifying PDVSA and its affiliates had been filed under seal. Furthermore, the U.S. sanctions against PDVSA have nothing to do with terrorism and neither the State Department nor OFAC have designated PDVSA as terrorists or sponsors of terrorism.