WHITE & CASE

October 15, 2021

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

**whitecase.com**

RE: *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 1:16-mc-00405-LGS-SN (related action: *Pescatore v. Pineda,* No. 1:18-mc-00545-LGS-SN)

Dear Judge Netburn:

We represent respondent third-party defendants Petrowarao S.A., Venezuelan Heavy Industries C.A., Aceites y Solventes Venezolanos Vassa, S.A. ("ASV"), Petro San Felix, S.A., and Venfleet Asphalt Ltd. (the "PDVSA Subsidiaries"), subsidiaries of Venezuela's national oil company, Petróleos de Venezuela, S.A. ("PDVSA"), in the above-referenced actions. We write in response to the letter filed by Marcos Daniel Jiménez on October 13, 2021 (ECF No. 379).

Mr. Jiménez's claims that White & Case failed to provide confirmation of its authority are untrue and should be disregarded. White & Case submitted evidence of its authority to represent PDVSA and its affiliates in the form of the detailed decision of the Western District of New York. Mr. Jiménez ignores that the WDNY decision concerns three of the exact same PDVSA Subsidiaries present here: ASV, Petro San Felix, and Venfleet Asphalt. *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-MC-40-LJV, 2021 WL 1884110, at *1 (W.D.N.Y. May 11, 2021). Moreover, in the Western District of New York proceeding, White & Case submitted in evidence its engagement letter which broadly authorizes White & Case to represent PDVSA and its subsidiaries "in connection with U.S. litigation claims made by various plaintiffs that PDVSA and/or its affiliates are agencies or instrumentalities of certain terrorist groups, such as Fuerzas Armadas Revolucionarias de Colombia[.]" WDNY ECF No. 58-3. As explained in the engagement letter, and in the WDNY decision, this authority emanates from certain Venezuelan laws enacted by the U.S.-recognized Interim Government led by Interim President Juan Guaidó. *See id.*; *see also Caballero*, 2021 WL 1884110, at *3. The Maduro regime disavows these laws — as Mr. Jiménez confirmed in his October 1 letter (ECF No. 362 at 3) — but that is of no moment because the Maduro regime is not recognized by the United States and Mr. Jiménez has no standing to represent PDVSA or its subsidiaries in U.S. courts. *See Caballero*, 2021 WL 1884110, at *2-3, *5-8.

As to the District of Connecticut action, the court there directed White & Case to submit additional evidence beyond its engagement letter. White & Case therefore expounded upon the facts and the Venezuelan laws and decrees at issue in declarations from the Chairman of the Ad Hoc Board of PDVSA and the Special Attorney General of Venezuela, attaching voluminous exhibits evidencing

undersigned counsel's authority to act for ALBA, the PDVSA entity at issue in that action. *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 3:20-cv-01939-JAM, ECF No. 136 (Supp. Br. in Support of Mot. to Substitute and exhibits thereto). White & Case also demonstrated that Mr. Jiménez's purported authority in that case derives from representatives of the Maduro regime. *See id.* at ¶ 3.

Indeed, Mr. Jiménez has only ever submitted purported "specific authorizations" supplied by representatives of the illegitimate Maduro regime who continue to exert unlawful physical control over the offices, assets, and records of PDVSA and its affiliates in Venezuela. *See Caballero*, 2021 WL 1884110, at *3 & *3 n.6 (finding Mr. Jiménez was retained by "part of the Maduro regime"). Even now, Mr. Jiménez still does not dispute that he is engaged by representatives of the illegitimate Maduro regime, who lack authority to act for Venezuelan state-owned entities in U.S. courts, including PDVSA and its subsidiaries. *See id.* at *4 ("'[A] regime not recognized as the government of a state[ ] is ordinarily denied access to courts in the United States.'" (quoting Restatement (Third) of Foreign Relations Law of the U.S. § 205(1))); *see also id.* at *7 (holding the act of state doctrine applies to the Interim Government's act of "barring Maduro appointees from exercising power over PDVSA or [its] subsidiaries").

Moreover, undersigned counsel did not "ignore," but rather explicitly mentioned, Mr. Jiménez's motion for reconsideration of the WDNY decision. *See* ECF No. 378 at 2. In any event, the motion for reconsideration is meritless. As discussed in PDVSA's opposition to that motion (WDNY ECF No. 87 at 4), Mr. Jiménez's principal challenge is that the court wrongly applied the act of state doctrine as it was explained in *W. S. Kirkpatrick & Co. v. Environmental Tectonics Corp.*, 493 U.S. 400 (1990). But that challenge is only a repeat of an argument that the Western District of New York already rejected. *See* Jiménez Opp. to Mot. to Substitute, WDNY ECF No. 65 at 13-17 (arguing "The Act of State Doctrine Does Not Apply" because acts of state do not go "directly to the merits"); *Caballero*, 2021 WL 1884110, at *5-8 (quoting *Kirkpatrick* and holding the act of state doctrine applied). The Western District of New York correctly construed *Kirkpatrick* when it *quoted* that decision as holding the act of state doctrine "requires the Judicial Branch to deem valid any 'official act of a foreign sovereign performed within its own territory.'" *Caballero*, 2021 WL 1884110, at *5 (quoting *Kirkpatrick*, 493 U.S. at 405). The Supreme Court merely held that the act of state doctrine did not apply to the facts in *Kirkpatrick*, which involved only a risk of embarrassing a foreign government, and not the adjudication of the validity of a foreign law and decree promulgated by a foreign state, as is the case here and in the Western District of New York. 493 U.S. at 409-10.

Similarly, the Western District of New York already considered and squarely rejected Mr. Jiménez's argument that the political question and act of state doctrines are inapplicable because substitution of counsel implicates the due process rights of PDVSA and its subsidiaries. *See Caballero*, 2021 WL 1884110, at *6 (rejecting Jiménez's due process argument as a "chimera" and holding that "honoring the political question and act of state doctrines will not deny PDVSA due process in any way whatsoever"). This Court likewise should reject this argument out of hand.

For the reasons set forth above and in the PDVSA Subsidiaries' letter dated October 8, 2021 (ECF No. 378), Mr. Jiménez's request for a pre-motion conference should be denied and his improper appearances should be stricken.

Hon. Sarah Netburn
October 15, 2021

**WHITE & CASE**

                Respectfully submitted,

                 *s/ Nicole Erb*
                Nicole Erb
                Claire A. DeLelle
                Susan L. Grace
                WHITE & CASE LLP
                701 Thirteenth Street, NW
                Washington, DC 20005-3807
                Tel. (202) 626-3600
                nerb@whitecase.com
                claire.delelle@whitecase.com
                susan.grace@whitecase.com

                *Counsel for Petrowarao S.A., Venezuelan Heavy Industries C.A., Aceites y Solventes Venezolanos Vassa S.A., Petro San Felix S.A., and Venfleet Asphalt Ltd.*

cc:      All counsel of record via ECF