USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION CASE NO.: 1:16-mc-00405-LGS-SN

KEITH STANSELL, et al.

    Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

    Defendants.

vs.

EQUINITI TRUST COMPANY,

    Turnover garnishee/Interpleader plaintiff.
_____/

## STIPULATED ORDER GOVERNING CONFIDENTIALITY OF INFORMATION AND DOCUMENTS PRODUCED BY EQUINITI TRUST COMPANY

    Plaintiffs and Turnover garnishee/Interpleader Plaintiff, Equiniti Trust Company, hereby stipulate as follows:

    1.    On March 9, 2022, Plaintiffs served Equiniti Trust Company with a post-judgment creditor Request for Production in aid of execution pursuant to Fed. Rule. Civ. Pro. 69(a)(2) and Rule 34.

    2.    The Request for Production requests information pertaining to records of accounts at Equiniti Trust Company that have been frozen, seized, blocked or otherwise subject to U.S. government restriction.

    3.    Plaintiffs and Equiniti Trust Company hereby stipulate, without any admission that such is necessary under applicable law, that Equiniti Trust Company's response to the

Request for Production, including any documents and information provided in response to the Request for Production, will be subject to the terms described herein.

4. **Confidential Information.** The term "Confidential Information" includes all documents and other information concerning any account about which information is furnished, made available, or otherwise disclosed to Plaintiffs by or on behalf of Equiniti Trust Company. Confidential Information shall exclude information which:

(i) was or becomes generally available to the public other than as a result of a disclosure by Plaintiffs or Plaintiffs' agents or Representatives (as defined below);

(ii) was available to Plaintiffs on a non-confidential basis prior to its disclosure by Equiniti Trust Company; or

(iii) becomes available to Plaintiffs on a non-confidential basis from an independent source, provided that such source was not itself bound by an obligation of confidentiality owed to Equiniti Trust Company and known to Plaintiffs. Confidential Information shall specifically include all materials made available to Plaintiffs in connection with the Request for Production served on Equiniti Trust Company on or about March 9, 2022, in connection with the above-captioned proceeding.

5. **Duty of Confidentiality.** Plaintiffs shall not disclose, copy, reproduce, distribute, give, or otherwise permit transmittal in any manner the Confidential Information to any person other than to Plaintiffs' Representatives (as defined below). The Confidential Information may be disclosed to Plaintiffs' attorneys, agents, advisors, experts and representatives, and to individuals acting in similar capacities on Plaintiffs' behalf, including counsel for the Pescatore plaintiffs, Antonio Caballero, and the accountholders, who need to know such information for the purpose of evaluating the issues arising in the above-captioned litigation (Plaintiffs'

"Representatives"). Plaintiffs shall inform his Representatives of the confidential nature of all Confidential Information and shall require Plaintiffs' Representatives: (a) to comply with the duty of confidentiality and the other provisions of this Agreement; (b) to return all Confidential Information to Plaintiffs upon request; and (c) sign an agreement in the form of Appendix A prior to receiving access to Confidential Information.

6. **Purpose.** Plaintiffs shall use (and therefore may disclose) the Confidential Information:

(a) in aid of post-judgment execution or proceedings in the above captioned litigation, including, without limitation, in any other proceeding, domesticating, or otherwise involving or relating to the Judgment entered in this action (the "Judgment");

(b) seeking to enforce the Judgment;

(c) as allowed by any future Court order (and nothing in this Stipulation shall in any way limit or restrict use or disclosure of the Confidential Information, which may be otherwise permitted by any such Court order);

(d) for such other purposes and/or disclosures as agreed to in writing by counsel for Plaintiffs and Equiniti Trust Company;

(e) prosecuting or defending any action or third-party action brought to enforce the Judgment; or

(f) to determine the rights of any person in any property, account, funds or assets that Plaintiffs may be seeking to garnish or execute upon in order to satisfy the Judgment.

7. **Permitted Disclosure.** In the event that Plaintiffs are required by law (by pleading, motion or response, oral questions, interrogatories, requests for information or documents, Request for Productions, civil investigative demand, or similar process) to disclose

any Confidential Information, Plaintiffs may, in the absence of a protective order, disclose such information without liability, subject to providing at least ten (10) days advanced notice to Equiniti Trust Company.

Dated: May 3, 2022.

| | |
|---|---|
| PORTER & KORVICK, P.A. | KELLEY DRYE & WARREN LLP |
| *Attorneys for Stansell Plaintiffs* | *Counsel for Equiniti Trust Company* |
| 9655 S. Dixie Highway #208 | Joseph A. Boyle |
| Miami, FL 33156 | Robert N. Ward |
| Telephone: (305) 373-5040 | 3 World Trade Center |
| Email: tkorvick@porterandkorvick.com | 175 Greenwich Street |
| | New York, NY 10007 |
| By: /s/ Tony Korvick | Tel: (212) 808-7800 |
|     Tony Korvick | Email: jboyle@kelleydrye.com |
|     Admitted Pro Hac Vice |         rward@kelleydrye.com |
| | |
| | By: /s/ Joseph A. Boyle |
| |     Joseph A. Boyle |

DONE AND ORDERED in New York, NY on May 4, 2022.

_____
SARAH NETBURN
United States Magistrate Judge

# **EXHIBIT A**

1. My name is _____, and my address is

_____.

2. I am aware that a protective order titled STIPULATED ORDER GOVERNING CONFIDENTIALITY OF INFORMATION AND DOCUMENTS PRODUCED BY EQUINITI TRUST COMPANY has been entered in *Stansell v. Revolutionary Armed forces of Colombia (FARC)*, No. 1:16-mc-00405-LGS-SN, pending in the United States District Court for the Southern District of New York, and a copy thereof has been given to me (the "Protective Order").

3. I have carefully read and understood the provisions of the Protective Order, and I will comply with all provisions of the Protective Order.

4. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Protective Order.

DATED:

_____
[Signature]