**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH STANSELL, *et al.* | CASE NO.: 1:16-mc-405-LGS-SN |
| | Related Case: 1:18-mc-545-LGS-SN |
| Plaintiffs, | |
| v. | |
| REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), *et al*., | |
| Defendants, | |
| OLIVIA PESCATORE, *et al.*, | |
| Plaintiffs, | |
| v. | |
| JUVENAL OVIDIO RICARDO PALMERA PINEDA, *et al.,* | |
| Defendants. | |

**STANSELL & PESCATORE PLAINTIFFS' JOINT RESPONSE TO**
**SAMARK JOSE LOPEZ BELLO AND YAKIMA TRADING CORPORATION'S**
**OBJECTIONS TO MARCH 29, 2022 REPORT AND RECOMMENDATIONS**

The Stansell and Pescatore plaintiffs (hereinafter "Plaintiffs") respond in support of the March 29, 2022 Report and Recommendation (the "Report") (Dkt. No. 443), and in opposition to the Objections filed by Samark Jose Lopez Bello and Yakima Trading Corporation (collectively "Lopez Bello") (Dkt. No. 457). The Report correctly determined that under both tests from *Cook Cty., Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 130 (2003)—the workings of a particular statute and the course of particular litigation— treble damages under the Anti-Terrorism Act ("ATA") civil remedy provision, 18 U.S.C. § 2333(a), are compensatory damages, and therefore, Plaintiffs' judgments are fully recoverable under § 201 of the Terrorism Risk Insurance Act ("TRIA"), codified at 28 U.S.C. §1610 note.

- 1 -

The Report addressed challenges from Intervenor Antonio Caballero, as well as arguments and authorities raised in separate motion challenges by Lopez Bello.  Report at 24.  Mr. Caballero has now waived any objections to the Report for purposes of appeal.  Lopez Bello had a full and fair opportunity to litigate the identical issue in the Southern District of Florida, and they lost.[1] They then tried to amend the Stansell judgment in the Middle District of Florida alleging "clerical errors," and again they lost.[2]  Indeed, Magistrate Judge Netburn is now the *fourth* judge to conclude that treble damages under the ATA are compensatory damages.  Report at 38.  No court has ever ruled that treble damages under the ATA are not fully enforceable under TRIA, and it is ironic that Lopez Bello continues to seek assistance from the courts when he remains a fugitive from justice and on ICE's Most Wanted List.[3]

## I.      The Report Properly Analyzed the ATA's Statutory History and Legislative Intent

Lopez Bello erroneously asserts that Plaintiffs seek to hold him "vicariously liable through TRIA for the criminal acts of others" and that "treble damages are not compensatory."  Dkt. No. 457 at 2.  Congress in enacting TRIA afforded terrorism victims with judgments against terrorist parties the right to enforce their judgments against the blocked assets of "any agency or instrumentality" of the terrorist party.  TRIA § 201(a).  TRIA allows post-judgment execution for recovery of "any compensatory damages," and the ATA provides a civil remedy for "threefold the

---

[1] *Stansell v. FARC*, No. 19-cv-20896, Dkt. No. 460, 2020 WL 4692748 (S.D. Fla. July 16, 2020) ("this Court concludes that the $318,030,000 judgment is for compensatory damages").

[2] *Stansell v. FARC*, No. 09-cv-2308, Dkt. No. 1222 (M.D Fla. Oct. 5, 2020) ("(i) the Court's review suggests that the Court intended for the judgment to be entered in an amount of compensatory damages; (ii) Movants fail to demonstrate that the Court intended for the treble damages to serve a purpose other than compensatory damages").

[3] U.S. Immigration and Customs Enforcement, *Department of State offers $5M reward for information leading to arrest, conviction of former Venezuelan government official on ICE Most Wanted List* (Oct. 8, 2020), available at: https://www.ice.gov/news/releases/department-state-offers-5m-reward-information-leading-arrest-conviction-former.

damages [the victim] sustains." This statutory text is clear and unambiguous. The Report correctly notes that "Congress knows how to frame a terrorism liability statute to provide for punitive damages" and "[t]hat it did not do so suggests that it did not intend for the damages in § 2333(a) to be punitive." Report at 24.

Lopez Bello quotes 1992 legislative history from Senator Charles Grassley—the ATA's legislative sponsor—as evidence that the ATA was designed to both deter and punish and to bring justice to victims. Dkt. No. 457 at 4. But Lopez Bello ignores the obvious fact that the ATA contains criminal provisions, *e.g.*, 18 U.S.C. § 2332, separate from the civil remedy provision in § 2333. The legislative history relating to "deter and punish" clearly relates to the ATA's criminal penalties, and the intent for the civil remedies was to bring justice to victims by compensating them. Lopez Bello falsely states "[t]here is nothing in the legislative history of the ATA to indicate that the trebling provisions were included to 'incentivize' claimants to seek recovery for criminal acts of 'international terrorism.'" Dkt. No. 457 at 4. In fact, Senator Grassley expressly stated the ATA was designed to "*serve as a further incentive* to those with the deep pockets, such as the airline industry, to spend resources to go after terrorists: *This bill establishes an express cause of action to gain compensation as fruit of their efforts*." 136 Cong. Rec. S4568-01, 136 Cong. Rec. S4568-01, S4592, 1990 WL 49302 (emphasis added).[4]

Lopez Bello further objects to the Report's analysis of comparative statutory text. Contrary to the Report, he argues that the legislative history of the ATA is "different from Congress' intent

---

[4] *See Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 148 (D.C. Cir. 2011) (Brown, C.J., concurring) ("Treble damages [under the ATA] are statutory or liquidated damages—not punitive damages."); *id.* at 149 n.10 ("The ATA's legislative history confirms that the primary purpose of the statutory multiplier is to deter future acts of terrorism, not to punish the defendant's moral culpability. . . ([ATA legislative hearing] statement of Steven R. Valentine, Deputy Assistant Att'y Gen., Civil Division) ("[The ATA] provides a federal forum for any national of the United States to seek ***compensation in the form of treble damages for injuries resulting from acts of international terrorism***").") (emphasis added).

with respect to the Clayton Act or RICO" and is "most similar" to the False Claims Act.  Dkt. No. 457 at 3-4.  Lopez Bello cites *United States v. Bornstein*, 423 U.S. 303, 310 (1976) for his assertion that the ATA's legislative history is most similar to the FCA.  Dkt. No. 457 at 5.  But Lopez Bello wholly ignores the Report's analysis of more recent Supreme Court decisions, including the 2003 decision in *Cook Cty., Ill.*, 538 U.S. at 130, where the Court held that far from being "essentially punitive," "the facts about the FCA show that the damages multiplier has compensatory traits along with the punitive." Report at 28, n.8.  And Lopez Bello again ignores the criminal/civil distinction of the ATA statutes and improperly conflates the punishment intent behind the ATA criminal penalties with the remedial compensatory function of the ATA civil remedy provisions.[5]

The United States Supreme Court found "the treble-damages cause of action conferred on private parties by § 4 of the Clayton Act, 15 U.S.C. § 15, . . . to enable an injured competitor *to gain compensation for that injury*." *Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 635 (1985) (emphasis added).  It noted the provision awarding treble damages for antitrust violations was remedial based not only on legislative remarks, but also because the provision "'ma[de] awards available only to injured parties, *and measure[d] the awards by a multiple of the injury actually proved. . . .*'"  *Id.* at 635–36 (emphasis added) (quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 485–86 (1977)).  Here, the ATA's treble damages provision is also expressly based on a *multiple of an injury actually proved*.  And one need look no further than

---

[5] Lopez Bello also argues that the ATA is somehow distinguishable from the Clayton Act or RICO because "Section 2333 is codified in the criminal code" and requires proof a defendant violated predicate criminal laws. Dkt. No. 457 at 2-3. Yet this ignores that RICO is also codified in the criminal code, 18 U.S.C. § 1964, and authorizes liability for racketeering based on predicate acts in 18 U.S.C. § 1961(1) that meet the definition of a "Federal crime of terrorism" in 18 U.S.C. § 2332b(g)(5)(B). Notably, a "Federal crime of terrorism" includes the same predicate acts that formed the basis of Plaintiffs' ATA claims, including 18 U.S.C. §§ 1203 (relating to hostage taking) and 2332 (relating to certain homicides and other violence against United States nationals occurring outside of the United States).

the statutory title Congress selected in the ATA to prove that the treble damages therein are remedial in nature: "18 U.S.C. §2333. *Civil remedies*."[6]

Lopez Bello next attempts to distinguish the remedial intent behind the ATA civil remedies from the Clayton Act and RICO by asserting that the ATA treble damages do not provide an incentive to victims to bring complex and publicly beneficial suits.  Dkt. No. 457 at 4-5.  Lopez Bello notes that claims under the Clayton Act and RICO can take years and involve complex and expensive expert testimony.  *Id.*  This is equally true of actions against foreign terrorists under the ATA, including the FARC who have no known assets in the U.S., thereby requiring the use of TRIA to enforce ATA judgments against terrorist agencies or instrumentalities.  Plaintiffs have been litigating for over a decade. This has included multiple appeals and multiple expensive expert witnesses, along with service of process on many individual FARC members in Colombian prisons, in U.S. prisons, and via expensive Spanish translated notices published in Colombian newspapers.  Additionally, extensive post-judgment discovery is required periodically from the United States government and from a litany of U.S. financial institutions that reportedly hold responsive blocked assets. Subsequent enforcement actions have required additional expert witness testimony to prove the TRIA agency or instrumentality status of each blocked asset owner.  Accordingly, treble damages under the ATA, in addition to their obvious remedial purpose, do in

---

[6] Additionally, if ATA treble damages are punitive rather than compensatory, they would be extinguished when a terrorist defendant dies and would not further the ATA's purpose of compensating terrorism victims. *See* 7C Fed. Prac. & Proc. Civ.3d § 1954: Death—Survival of action ("It is still the rule that penal actions do not survive but courts generally have held that treble-damage provisions are remedial and that actions of that kind survive.") (footnotes omitted); *Malvino v. Delluniversita*, 840 F.3d 223, 230 (5th Cir. 2016) (citing cases and holding RICO treble damages claim survives death because "[t]reble damages, which unlike traditional punitive damages are derived from actual damages, ensure the plaintiff is adequately compensated 'by counter-balancing the difficulty of maintaining a private suit.'") (citation omitted).

fact provide an incentive for terrorism victims to undertake the arduous, stressful, expensive and uncertain process of bringing and then enforcing an ATA judgment against foreign terrorists.

Lopez Bello cites to *Villoldo v. BNPO Paribas S.A.*, 648 F. App'x 53, 55 (2d Cir. 2016). Dkt. No. 457 at 5.  Lopez Bello's selective quotation from *Villoldo* is misleading.  *Villoldo* was a summary order which has no precedential effect.  Moreover, the Court in *Villoldo* only held that banks' processing of dollar transactions for the Cuban government before 2010—allegedly impairing enforcement of Villoldo's future judgment against Cuba rendered in 2012—did not constitute a RICO violation because RICO requires an injury to business or property, and the ability to enforce a *future* judgment was not such an injury where the judgment did not exist at the time of the banks' actions.  *Id.*

The Report also analyzed the 2016 Justice Against Sponsors of Terrorism Act ("JASTA"), which created a new terrorism cause of action against foreign states that were not designated as state sponsors of terrorism.  28 U.S.C. § 1605B.  The Report found that Congress chose to incorporate the ATA treble damages provision into the new § 1605B remedy and expressly omitted the punitive damages that it had provided in the FSIA "state sponsor" statutes, 28 U.S. § 1605A and its predecessor, 28 U.S.C. § 1605(a)(7).  Report at 29-30.  The Report did not state that JASTA amended the ATA civil remedy treble damages provision, it only analyzed the fact that Congress knows how to declare damages as punitive when it so chooses, and Congress did not do so in either the ATA or JASTA.

Finally, Lopez Bello argues that "the Report dismissed cases that have held that the treble damages provision of the ATA is punitive in order to reach a desired conclusion."  Dkt. No. 457 at 8.  This outrageous statement is an affront to the dignity of the court for two reasons.  First, the Report did not "dismiss" the cited cases, it carefully examined each of the cited cases and

distinguished them in relation to the specific issue at hand here.  Report at 34-36.  None of those cases ruled that the ATA treble damages are not recoverable under TRIA.  Second, it is wholly improper to charge that Judge Netburn had any "desired conclusion" other than following the governing law.[7]

## II.    The Report Properly Analyzed the "Course of Particular Litigation"

The second test referenced by the Supreme Court in *Chandler* was the "course of particular litigation." *Chandler*, 538 U.S. at 130.  Lopez Bello objects that the Report erroneously looked at the post-judgment course of litigation, and that *Chandler* somehow limits the review of the case to the period before entry of final judgment.  But there is nothing in *Chandler* to support this naked assertion, nor does Lopez Bello offer any citation for this proposition.  The Report correctly looked to the entire course of the particular litigation, including the post-judgment phase under TRIA.  Post-judgment execution is clearly part of the "course of litigation," especially in ATA-TRIA actions. Indeed, in practice ATA judgments against non-state terrorist parties can only be enforced under TRIA because these terrorist parties do not themselves own assets in the United States.  Lopez Bello seeks to avoid review of the post-judgment phase of this litigation because this reveals that (1) Judge Lazzara entered multiple Orders expressly declaring the entire judgment as compensatory damages, (2) Judge Scola in the Southern District of Florida separately ruled that the ATA treble damages were compensatory, and (3) Judge Honeywell again ruled that the entire judgment was compensatory damages.

---

[7] Lopez Bello recycles this inappropriate attack on the Court here as he and his network did in the Southern District of Florida when he attacked Magistrate Judge Torres' conclusions as predetermined that Lopez Bello and his network were agencies or instrumentalities of the FARC. *See Stansell v. FARC*, No. 19-cv-20896, Dkt. No. 261 at 6 (S.D. Fla. Sept. 4, 2019) ("In fact, before the Report was issued, the Magistrate Judge *already determined* that he was not going to disturb the District Court's ex parte findings of February 15, 2019.") (emphasis added).

Lopez Bello argues that Judge Honeywell in *Stansell III* (who replaced Judge Lazzara) "did not determine whether the treble damages were compensatory or punitive." Dkt. No. 457 at 9. But Lopez Bello fails to mention that Judge Honeywell did in fact rule that "(i) the Court's review suggests that the Court intended for the judgment to be entered in an amount of compensatory damages; (ii) Movants fail to demonstrate that the Court intended for the treble damages to serve a purpose other than compensatory damages." *Stansell v. FARC*, No. 09-cv-2308, Dkt. Nos. 1215 (Oral Order Sept. 1, 2020), 1222 (Order Oct. 5, 2020) (M.D. Fla.). Nor does Lopez Bello acknowledge that Judge Honeywell entered a *turnover judgment* that again declared that "plaintiffs' judgment is for compensatory damages." *Stansell v. FARC*, No. 09-cv-2308, Dkt. No. 1216 at 2 (M.D. Fla. Sept. 1, 2020).

Lopez Bello also attacks Judge Lazzara by complaining about the speed with which he entered garnishment orders. Dkt. No. 457 at 11. It is an affront to the dignity of the courts to imply that a U.S. district judge entered ten separate orders without reading and approving of their text. Lopez Bello references one writ that was overturned on appeal because, at the time, the TRIA definition of "blocked asset" did not include assets blocked under the Foreign Narcotics Kingpin Designation Act. Dkt. No. 457 at 11. This is a red herring, and it has no bearing on the treble damages analysis. Nevertheless, in 2018, Congress remedied this limitation in the Anti-Terrorism Clarification Act, which amended the TRIA definition of blocked asset to include Kingpin blocked assets for holders of ATA judgments, like Lopez Bello here. *See* 18 U.S.C. § 2333(e).

## III.   Lopez Bello and Yakima Trading are Barred from Relitigating their Treble Damages Challenge under the Res Judicata Doctrine

Finally, Lopez Bello falsely asserts that "*Stansell II* does not bind this court or alter the result." Dkt. No. 457 at 10. In 2020, Plaintiffs and Lopez Bello extensively briefed the issues of prior litigation res judicata, collateral estoppel, and issue preclusion in their Phase I briefings,

which also addressed the issue of treble damages.  *See* Plaintiffs' initial July 20, 2020 Phase I brief (Dkt. No. 86) and August 3, 2020 reply brief (Dkt. No. 90), which specifically addressed Judge Carter's questions regarding the application of collateral estoppel and the treble damages issue.

Collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party has a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Dish Network Corp. v. Ace Am. Ins. Co.*, No. 16-CV-4011 (ALC), 2019 WL 7047341, at *8 (S.D.N.Y. Dec. 23, 2019), *citing Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006).

"The purpose of res judicata is to 'bar successive litigation based upon the same transaction or series of connected transactions' and 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *New Y-Capp, Inc. v. Arch Capital Funding, LLC*, No. 18-CV-3223 (ALC), 2019 WL 4805897, at *5 (S.D.N.Y. Sept. 29, 2019).   For res judicata to apply, three conditions must be met: (1) the previous action was adjudicated to the merits; (2) the party against whom the doctrine is invoked, or someone in privity with her, was a party to the previous action; and (3) the claims at issue were, or could have been, raised in the prior action.  *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).  "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1594-95 (2020).

Here, all three requirements for collateral estoppel and res judicata clearly apply to Judge Scola's 2020 Omnibus Order declaring the Stansell treble damages award as compensatory damages recoverable under TRIA, thereby authorizing the final execution sale turnover of Lopez Bello's waterfront mansion. *Stansell v. FARC*, No. 19-cv-20896, Dkt. No. 460, 2020 WL 4692748 (S.D. Fla. July 16, 2020). The parties and the treble damages issue were identical to the parties and the treble damages issue now before this Court. Lopez Bello and Yakima Trading Corp. had a full and fair opportunity to litigate the issue before Judge Scola. The issue was finally and adversely decided against the Lopez Bello parties on the merits, and it was necessary to complete the execution turnover because the sale proceeds resulted in a recovery of the trebled portion of the Stansell judgment.

Lopez Bello's pending appeals in the Eleventh Circuit do not prevent the doctrine of collateral estoppel from being applied.[8] The law is well settled that the preclusive effect of a judgment is immediate, notwithstanding a pending appeal. *Coleman* v. *Tollefson,* 135 S. Ct. 1759, 1764 (2015) ("[A] judgment's preclusive effect is generally immediate, notwithstanding any appeal"); *accord Petrella* v. *Siegel,* 843 F.2d 87, 90 (2d Cir. 1988) (judgment pending appeal entitled to preclusive effect); 18A Fed. Prac. & Proc. Juris. § 4433 (3d ed.) ("The bare act of taking an appeal is no more effective to defeat preclusion than a failure to appeal").

## IV.    CONCLUSION

Plaintiffs respectfully submit that the Court should enter an Order adopting the Report in its entirety and also finding that Lopez Bello is barred from relitigating the treble damages issue under the doctrines of res judicata and collateral estoppel.

---

[8] Lopez Bello has multiple consolidated appeals pending before the Eleventh Circuit from post-judgment Orders in the Stansell SDFL and MDFL actions, and oral argument was held on February 9, 2022. Eleventh Circuit Nos. 20-11736 (consolidated with 20-12467, 20-12545 and 20-13660).

DATED this 26th day of May 2022

*/s/ Newton P. Porter*
NEWTON P. PORTER
TONY KORVICK
(Admitted *Pro Hac Vice*)
nporter@porterandkorvick.com
tkorvick@porterandkorvick.com
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:     (305) 373-5040

*Attorneys for the Stansell Plaintiffs*

Respectfully submitted,

*/s/ Nathaniel A. Tarnor*
Nathaniel A. Tarnor
HAGENS BERMAN SOBOL SHAPIRO LLP
322 8th Avenue, Suite 802
New York, NY 10001
Telephone: (646) 543-4992
Email: NathanT@hbsslaw.com

*Counsel for the Pescatore Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2022, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing

document by electronic mail to the following persons:

> OFFICE OF FOREIGN ASSETS CONTROL
> U.S. Department of the Treasury
> 1500 Pennsylvania Ave. NW
> Washington DC
> *Via email to OFAC counsel in compliance with 31 CFR 501.605*

> /s/ *Newton P. Porter*
> NEWTON P. PORTER
> TONY KORVICK
> Attorneys for the Stansell Plaintiffs
> PORTER & KORVICK, P.A.
> 9655 South Dixie Highway Suite 208
> Miami, Florida 33156
> Telephone:(305) 373-5040
> Fax: (305) 668-9154
> nporter@porterandkorvick.com
> tkorvick@porterandkorvick.com