November 28, 2022

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Notice of Recent Supplemental Authority in Support of March 29, 2022 Report & Recommendations [ECF 443]**
*Stansell et al. v. FARC et al.* Case No. 16-mc-405-LGS-SN
*Pescatore et al. v. Pineda and FARC,* Case No. 18-mc-545-LGS-SN (Related Case)

Dear Judge Schofield:

The Stansell and Pescatore plaintiffs hereby give notice of recent supplemental authorities from the Eleventh Circuit that directly support entry of an Order adopting in full Magistrate Judge Netburn's Report and Recommendation ("Report") [ECF 443]—issued eight months ago, on March 29, 2022—and directly support overruling the objections thereto filed by Intervenors Samark Jose Lopez Bello and Yakima Trading Corp ("Lopez Bello" and "Yakima" respectively).[1]

I. **Procedural Background**

Magistrate Judge Netburn's Report addressed interpleader crossclaims asserted btween the Stansell and Pescatore plaintiffs and Antonio Caballero and recommended entry of an Order determining that:

> (1) the Anti-Terrorism Act ("ATA") treble damages are not punitive damages, and the "Stansells' and Pescatores' Full ATA Judgments Are For Compensatory Damages Collectible Under TRIA," [ECF 443 at 24-42]; and

> (2) "Caballero Holds a Valid or Otherwise Unchallengeable ATA Judgment" [*Id*. at 14-24].

The Report recommended entry of a declaratory judgment that:

> "[T]he Caballero's, the Stansells', and the Pescatores' crossclaims be dismissed to the degree that they are inconsistent with this judgement. This declaratory judgment partially addresses the issues raised by Lopez Bello and Yakima. The Court recommends addressing the question of whether Lopez Bello and Yakima are agents or instrumentalities of FARC in a subsequent opinion. Lopez Bell and Yakima may, however, object to this Report and Recommendation exclusively to address the issue of treble damages under the ATA."

---

[1] Lopez Bello and Yakima's objections were filed on May 12, 2022 [ECF 457], and the Stansell and Pescatore plaintiffs' Joint Response thereto was filed on May 26, 2022 [ECF 458].

ECF 443 at 39-40.  The Stansell and Pescatore plaintiffs did not file any objections to the Report, nor did Mr. Caballero; so their respective crossclaims can and should now be dismissed in each of the eight interpleaders now pending in the *Stansell* action, including the Citibank/Lopez Bello interpleader that was transferred from the Southern District of Florida under the "first-filed" rule [ECF 69-2].[2]

Lopez Bello and Yakima, however, filed objections to the Report's treble damages recommendation on May 12, 2022.  ECF 457. Lopez Bello and Yakima are both OFAC "Specially Designated Narcotics Traffickers" under the Foreign Narcotics Kingpin Designation Act.  ECF 18, Exs. 1-2.  Lopez Bello is also a fugitive from an SDNY indictment[3] and is on Homeland Security's Most Wanted list with a $5 million reward for information leading to his capture.[4]  The Stansell and Pescatore plaintiffs filed their Joint Response to Lopez Bello and Yakima's objections on May 26, 2022.  ECF 458.

## II.     The 3 New Rulings from the Eleventh Circuit

The Stansell and Pescatore plaintiffs now write to notify Your Honor of three rulings from Eleventh Circuit appeals filed by Lopez Bello and Yakima.  These decisions directly support Magistrate Judge Netburn's Report on the treble damages issue, and are now Law of the Case in *Stansell*.  These rulings also support Plaintiffs' positions on the other "Phase I" issues, discussed briefly below, that remain pending before Magistrate Judge Netburn.

The current dispute involving Lopez Bello and Yakima arose when Judge Carter entered his initial *ex parte* Order nearly four years ago on January 23, 2019.  ECF 19 (making preliminary determination that Lopez Bello and Yakima were each an agency or instrumentality of the FARC). Writs of execution were issued by this Court and levied on January 30, 2019, including Citibank. ECF 26.  Thereafter, Plaintiffs discovered various tangible assets owned by the Lopez Bello Network in Florida; accordingly, the executions on those assets proceeded there.  On March 10, 2020, Judge Carter entered an order denying without prejudice Lopez Bello's motion to dismiss and dissolve the writs of garnishment in the SDNY, and he stayed the case "pending resolution of the turnover motions in the Southern District of Florida."  ECF 67.

On April 30, 2020, the Southern District of Florida entered final turnover judgments on five writs of garnishment, and a separate Order transferring the Citibank garnishment writ and interpleader to this district.  *See* Joint Status Report ECF 69.  Plaintiffs then filed a May 14, 2020 letter to Judge Carter requesting a pre-motion conference to file their motion for TRIA turnover judgment on the blocked security assets of Lopez Bello and Yakima held by Citibank.  ECF 70.  That letter request remains pending.

On July 9, 2020, Judge Carter ordered Plaintiffs, Lopez Bello, and Yakima to file briefs on the following "Phase I" questions:

---

[2] The ECF numbers for each of the eight interpleaders and each of the crossclaims to be dismissed are itemized in Exhibit A to the Report.  ECF 443 at 42.
[3] *United States v. Lopez Bello*, S.D.N.Y. Case No. 1:19-cr-00144-AKH, ECF 67 (superseding indictment).
[4] https://www.ice.gov/most-wanted/lopez-bello-samark-jose.

>(1) whether collateral estoppel applies to prevent Intervenors from litigating certain matters already determined by the U.S. District Court for Southern District of Florida ("SDFL"), in particular, whether Intervenors are each an "agency or instrumentality" of a terrorist party, i.e., the FARC;
>
>(2) if collateral estoppel does not apply here, whether Plaintiffs' writs to Intervenors in any event were valid pursuant to governing law;
>
>(3) whether the Intervenors have been afforded Due Process; and
>
>(4) whether the collectible amount of Plaintiffs' Anti-Terrorism Act Judgment is the full $318,030,000 compensatory amount stated on the face of the Judgment itself, as opposed to only one-third of that amount ($106,010,000).

ECF 86. *See also* ECF 187 at 3 (Joint letter summarizing case). Magistrate Judge Netburn's Report [ECF 443] addresses only the fourth question listed above. But three Eleventh Circuit decisions cited below, two of which were published after the date of the Report, are directly relevant to the Report and also relevant to the other "Phase I" questions remaining for this Court's decision:

  1. The ***first*** decision was issued on July 19, 2022, wherein the Eleventh Circuit rejected Lopez Bello and Yakima's appeal from a district court order denying their Rule 60(a) motion to amend the Stansell plaintiffs' original ATA judgment rendered in 2010 by deleting the words "compensatory damages." *Stansell v. Lopez Bello*, 40 F.4th 1308, 1310-11 (11th Cir. 2022), **Attached Ex. 1**. Lopez Bello argued that the Stansell plaintiffs' judgment only provided $106 million in compensatory damages, not $318 million. *Id*. The district court, however, concluded that it had "intended for the treble damages to serve as compensatory damages," and the Eleventh Circuit affirmed, affording deference to the district court's interpretation of its own judgment and subsequent garnishment orders setting forth that the entire *Stansell* judgment, including the trebled portion, was for compensatory damages. *Id*.

  2. The ***second*** decision was issued in a separate opinion on August 23, 2022, and again directly supports Magistrate Judge Netburn's Report on the treble damages issue. *Stansell v. Revolutionary Armed Forces of Colombia et al*., 45 F.4th 1340 (11th Cir. 2022), **Attached Ex. 2**. In that appeal, Lopez Bello and Yakima argued, *inter alia*, that the ATA treble damages were "punitive damages" and unrecoverable under TRIA, even though the district court found otherwise. *Stansell v. FARC*, No. 19-cv-20896, ECF 460, 2020 WL 4692748 (S.D. Fla. July 16, 2020); *Stansell v. FARC*, 11th Cir. Case: 20-11736, Appellants' Opening Brief August 11, 2020 at pp. 8, 26-27. The Eleventh Circuit summarily affirmed the district court on this argument. *Stansell*, 45 F.4th at 1348, n.3. This treble damages determination now operates as Law of the Case. *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) (under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case*). See also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) ("where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

These two decisions from the Eleventh Circuit directly support Magistrate Judge Netburn's Report [ECF 443], and refute the objections filed by Lopez Bello and Yakima. Accordingly, Plaintiffs are simultaneously filing with this letter their proposed Order adopting the Report in its entirety in conformance with Your Honor's Individual Rules of Practice.

Importantly, in this August 23, 2022 decision, the Eleventh Circuit expressly affirmed the district court rulings on the legal "agency or instrumentality" standard made in final garnishment turnover judgments following a full day evidentiary hearing. *Stansell*, 45 F.4th at 1349-1356 (ruling that the legal standard has no temporal limit, that indirect connections suffice, and there is no knowledge requirement for the instrumentality prong of the standard). But unlike the New York CPLR—which does not provide a right to jury trial in post-judgment execution or turnover proceedings—the Florida garnishment statutes do provide for a jury trial, and under Fed. R. Civ. P. 69(a) the district court was required to follow the Florida state law garnishment procedures. The Eleventh Circuit ruled that because there was a disputed issue of fact, the "agency or instrumentality" issue had to be remanded for a jury trial. *Id*. at 1361. The mandate was issued on September 21, 2022. On remand, on September 26, 2022 the district court entered a Scheduling Order setting pre-trial deadlines and a jury trial date on November 21, 2022.

Thereafter, the Southern District of Florida defaulted Lopez Bello and his corporations, including Yakima, under Rule 37 for failing to appear for an in-person deposition, and a second zoom deposition, and failing to produce any documents, in violation of court orders. On November 4, 2022 the Southern District of Florida entered Final Judgment in favor of the Plaintiffs and against Lopez Bello and Yakima finding that Plaintiffs' contentions that Lopez Bello and his corporations, including Yakima are "each an agency or instrumentality of the FARC has now been established as a matter of law." *Stansell v. FARC*, No. 19-cv-20896, ECF 548, 2022 WL 16947718 (S.D. Fla. Nov. 4, 2022). **Attached Ex. 3**.

Plaintiffs contend that Lopez Bello and Yakima are now collaterally estopped from further litigating the "agency or instrumentality" determination – the Phase I issue – that has now been fully and fairly litigated to finality for over three years in Florida,[5] Although the district court's

---

[5] A party seeking to invoke collateral estoppel must establish that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Ball v. A.O. Smith Corp*., 451 F.3d 66, 69 (2d Cir. 2006). All four of these criteria are satisfied here with respect to the "agency or instrumentality" determination for Lopez Bello and Yakima. This includes a full day evidentiary hearing where Lopez Bello and Yakima were permitted to cross-examine plaintiffs' three expert witnesses, and to proffer any experts and evidence they desired. *Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2020 WL 5547919, at *3 (S.D. Fla. Mar. 23, 2020), *report and recommendation adopted sub nom. Stansell v. Revolutionary Armed Forces of Columbia*, No. 19-20896-CIV, 2020 WL 5547916 (S.D. Fla. Apr. 30, 2020), *rev'd and remanded sub nom. Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340 (11th Cir. 2022). All parties here previously briefed the collateral estoppel issue (ECF 64-69, 84, 86-87, 90-91, 96, 102, 105-106), but if Your Honor or Magistrate Judge Netburn would like, Plaintiffs stand ready, willing, and able to provide an updated collateral estoppel briefing since the two recent Eleventh Circuit opinions and the Southern District of Florida default judgment have issued.

final turnover judgments were ultimately remanded for jury trial, Lopez Bello and Yakima effectively forfeited their right to a jury trial by willfully violating court orders, and the district court again entered final judgment determining them to each be an "agency or instrumentality" of the FARC. This final judgment precludes Lopez Bello and his corporations, including Yakima, from relitigating these issues here.  Under governing Second Circuit law, the fact that the *latest* final judgment was based on Rule 37 default sanctions does not diminish the preclusive effect of the November 4, 2022 final judgment.  Second Circuit law holds that default judgments are to be afforded preclusive effect "where the default judgment is entered as a sanction for bad conduct, and the party being estopped had the opportunity to participate in the underlying litigation." *In re Snyder*, 939 F.3d. 92, 100 (2d Cir. 2019) (giving preclusive effect to default judgment because losing party forfeited its right through repeated misconduct and violations of court orders).

    3.   The ***third*** decision from the Eleventh Circuit held that Lopez Bello and his corporations were not denied due process by the initial *ex parte* attachment orders and subsequent district court execution orders.  *Stansell v. Lopez Bello*, 802 Fed. Appx. 445 (11th Cir. 2020), **Attached Ex. 4**. The import of this opinion related to Phase I issues was briefed to Judge Carter at ECF 66 (Plaintiffs' Response to Court Order ECF 64 directing briefing on SDFL Order of Sep. 26, 2019 and 11th Cir. Opinion of Jan. 21, 2020).

However, as a practical matter, before Judge Netburn can proceed with her Report on the remaining "Phase I" agency or instrumentality issue, Your Honor will first need to enter an Order on Judge Netburn's Report (and on Lopez Bello and Yakima's objections thereto), regarding the treble damages issue. Only once Your Honor rules on the pending Objections to the March 29, 20022 Report can Judge Netburn (and the parties) know for certain that the Stansell plaintiffs are indeed proper parties to these TRIA proceedings.  Once such a ruling is made, this case can proceed again; but until such a ruling is issued, the case is, for all practical purposes, frozen indefinitely.

Lastly, Plaintiffs note for the Court's benefit that Lopez Bello and Yakima are the only parties to the first of the eight interpleaders pending before the Court, namely the interpleader related to Plaintiffs' initial Citibank writ levied in both New York and Florida in January/February of 2019, with the current operative pleading being Citibank's Third Amended Complaint [ECF 324].  The remaining interpleaders involve other blocked account owners who are not the subject of any final turnover judgments.  Indeed, there remains a pending dispute—based on the volatile political situation in Venezuela—regarding which set of lawyers are even authorized to represent those other blocked account owners.  As such, Plaintiffs reference their October 19, 2021 letter [ECF 382], which details significant efficiencies that can be achieved by first resolving the Citibank-Lopez Bello interpleader, in light of the disagreement over which counsel represents various Venezuelan entities in the other interpleaders

Plaintiffs respectfully submit that all parties to the Citibank-Lopez Bello-Yakima interpleader have appeared and filed Answers [ECF 328, 329, 335, 347].  This interpleader has been fully at issue since July 30, 2021 and based on all the intervening events and rulings, this Court should now proceed to the remaining "Phase I" rulings regardless of any potential delays in the remaining interpleaders.

Respectfully submitted,

| | |
|---|---|
| PORTER & KORVICK, P.A. | HAGENS BERMAN SOBOL SHAPIRO LLP |
| /s/ Tony Korvick | /s/ Nathaniel A. Tarnor |
| NEWTON P. PORTER | Nathaniel A. Tarnor |
| TONY KORVICK | HAGENS BERMAN SOBOL SHAPIRO LLP |
| (Admitted *Pro Hac Vice*) | 322 8th Avenue, Suite 802 |
| PORTER & KORVICK, P.A | New York, NY 10001 |
| 9655 South Dixie Highway Suite 208 | Telephone: (646) 543-4992 |
| Miami, Florida 33156 | mathant@hbsslaw.com |
| Telephone:    (305) 373-5040 | |
| nporter@porterandkorvick.com | *Counsel for the Pescatore* |
| tkorvick@porterandkorvick.com | *Plaintiffs/Judgment Creditors* |

*Attorneys for the Stansell Plaintiffs*