December 21, 2022

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     **Stansell/Pescatore plaintiffs' request for pre-motion conference for Rule 41(a)(2)
        Motion for Voluntary Dismissal of writs of execution and turnover motions on
        Citibank accounts owned by Venezuelan Ministry of Finance, and for transfer of
        remaining interpleader claims of Antonio Caballero to his SDNY or WDNY actions**
        *Stansell et al. v. FARC et al.* Case No. 16-mc-405-LGS-SN
        *Pescatore et al. v. Pineda and FARC,* Case No. 18-mc-545-LGS-SN (Related Case)

Dear Judge Netburn:

Pursuant to Judge Carter's February 8, 2021 Order [Stansell/Pescatore Dkt. Nos. 176/91], the
Orders and Judgments Clerk issued writs of execution on <u>February 9, 2021</u> to the Stansell and
Pescatore plaintiffs directed to the blocked accounts of the Venezuela Ministry of Finance held by
Citibank.  These writs were delivered to the court appointed process server on February 9, 2021,
thereby creating an execution lien under New York law, and then levied on Citibank on February
12, 2021, thereby perfecting the execution liens on that date [Dkt. Nos. 247/113].

The Stansell/Pescatore plaintiffs filed their turnover motions on April 9, 2021 [Dkt. Nos. 197/103].
Citibank responded to the Stansell and Pescatore writs and turnover motions with a Third-Party
Complaint alleging statutory interpleader claims to resolve the competing claims [Dkt. No. 280].

Citibank's interpleader establishes that "competing judgment creditor [Antonio] Caballero also
has served writs of execution issued on <u>January 29, 2021</u> in the W.D.N.Y. and on March 10, 2021
in the S.D.N.Y., which expressly attach both the ****8635 and ****8417 Blocked Accounts [of
the Venezuela Ministry of Finance]."  Dkt. No. 280 at ECF 6.  The W.D.N.Y. docket confirms that
the Court Order issuing Mr. Caballero's writ was entered prior to the Stansell/Pescatore Orders,
and that the Caballero writ was in fact issued and levied on Citibank on February 3, 2021, prior to
the issuance or levies of the Stansell/Pescatore writs in this Court.  *See Caballero v. FARC*,
W.D.N.Y. Case 1:20-mc-00040-LJV, Dkt. Nos. 33 and 46-1.

The Stansell and Pescatore plaintiffs hereby concede that Mr. Caballero has judgment lien priority
over the Stansell and Pescatore plaintiffs' judgment liens, <u>but only on this one account</u>.  New York
law clearly provides that judgment lien priority amongst competing judgment creditors is
determined "strictly in accordance with the chronological service of execution levies."  *City of
New York v. Panzirer*, 23 A.D.2d 158, 259 N.Y.S.2d 284 (1965) ("in order for a judgment to attain
status in the ranking of priorities there must either be a levy, an order directing delivery of property,
or the appointment of a receiver. Any other measures taken by the judgment creditor, no matter
how diligent, on an absolute or comparative basis, do not suffice to qualify for priority.").

Your Honor has previously issued a Report finding that Mr. Caballero's judgment is valid and enforceable, and no objections were filed thereto.  Accordingly, the Stansell and Pescatore plaintiffs now seek leave to file a motion for: (1) court ordered voluntary dismissal of their Venezuela Ministry of Finance writs and turnover motions pursuant to Rule 41(a)(2); (2) entry of Stipulation of Discharge of Liability to Citibank on its interpleader claims; and (3) transfer of Citibank's remaining interpleader Complaint against Mr. Caballero and the Venezuelan Ministry of Finance to Mr. Caballero's S.D.N.Y or W.D.N.Y. actions where the sole remaining judgment creditor's writ of execution was issued and levied.

The decision to voluntarily dismiss this one writ (as to the Venezuela Ministry of Finance account only) is being made because of the clear and simple chronological lien priority enjoyed by Mr. Caballero on this one account.  This is the ***only writ*** involving a blocked account owned by an entity that is <u>both</u> an "agency or instrumentality of a terrorist party" (FARC) under TRIA, and also an "agency or instrumentality of a foreign state" (Venezuela) under the FSIA.  Thus, the dismissal of this single writ eliminates any potential FSIA issue in the Stansell and Pescatore executions.

Plaintiffs respectfully notify the Court of this distinguishing fact in light of a recent filing by the competing counsel for the "Venezuelan Adverse Claimants" in their Response [Dkt. No. 494] to the Garnishees' joint motion for alternate service of their interpleader Complaints.[1]

The Venezuelan Adverse Claimants' Response repeats one of their erroneous arguments from multiple response briefs pending before this court—that "TRIA applies to 'agencies or instrumentalities' of designated state sponsors of terrorism only"[2]—and then misleadingly states that the "the United States recently filed a Statement of Interest in a parallel TRIA case <u>involving the same issues</u>."  Dkt. No. 494 at ECF 6 (emphasis added).  The Response erroneously argues that if Your Honor adopts the positions in the United States Statement of Interest [DE 475-1] then that will require dismissal of <u>all</u> the pending Venezuelan Adverse Claimants turnover motions.

This Response is incorrect as a matter of law and misleading because the Caballero action in the W.D.N.Y. involves an execution on blocked assets of PDVSA itself, which is clearly "an agency or instrumentality of a foreign state" under the FSIA.  And while it is true that the Venezuela Ministry of Finance is also an agency or instrumentality of a foreign state" under the FSIA, none of the other Venezuelan Adverse Claimants qualify as an "agency or instrumentality of [Venezuela]," – i.e a foreign state – under the FSIA.  The issues in the Caballero W.D.N.Y execution on a PDVSA blocked account, and the United States Statement of Interest therein, involve an important question. Specifically, whether a terrorism victim with a judgment against a non-state terrorist party can execute on the blocked assets of an entity that is *both* an agency or instrumentality of the terrorist party *and also* an agency or instrumentality of a foreign state that

---

[1] At least three of the subject interpleaders (involving blocked accounts of five of the Venezuelan Adverse Claimant entities) are already at issue pursuant to waivers of service provided by the White & Case law firm.  *See* Garnishees' Motion Dkt. No. 478 at ECF 9-16.

[2] TRIA expressly applies to judgments against a "terrorist party", which Congress defined to include terrorists, persons or groups engaging in terrorist activity, designated foreign terrorist organizations, and state sponsors of terrorism.  TRIA §201(d)(4), 28 U.S.C. §1610, note.

itself is not a terrorist state or judgment debtor.  But this question is simply not present here in the remaining Stansell and Pescatore executions and corresponding interpleader actions.[3]

After the Citibank-Lopez Bello interpleader [Dkt. Nos. 67, 69, 84, 324], the remaining seven (7) subject interpleaders [Dkt. Nos. 208, 225, 227, 234, 236, 238, 280] involve blocked accounts of 10 different Venezuelan Adverse Claimants—only one of which is an agency or instrumentality of Venezuela – the Venezuelan Ministry of Finance Citibank account identified above.   We do not wish to burden the Court repeating our prior briefing on this point, but we cannot allow the Venezuelan Adverse Claimants' erroneous assertion to stand uncontested.  Plaintiffs have filed six separate turnover motions (addressing blocked assets of 9 of the 10 Venezuelan Adverse Claimants) expressly arguing the factual and legal distinction:

> PDVSA is a direct state owned corporation, therefore none of its corporate subsidiaries are a "foreign state" as defined in the FSIA. A corporation does not qualify as a foreign state under the FSIA if its majority owner is another corporation, even if the parent corporation is majority-owned by an actual foreign state. As the Supreme Court has held, "[a] corporation is an instrumentality of a foreign state under the FSIA only if the foreign state itself owns a majority of the corporation's shares." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477 (2003).

Dkt. Nos. 122, 142, 146, 148 at ECF 8, n.5 (referencing Petrocedeno, Petrowarao, Venezuela Heavy Ind. Co., Aceites y Solventes, Venfleet and Petro San Felix).

> BANDES is owned and controlled by the Venezuelan Ministry of Finance, therefore none of its corporate subsidiaries, including BANCO DE VENEZUELA, are a "foreign state" as defined in the FSIA. A corporation does not qualify as a foreign state under the FSIA if its majority owner is another corporation, even if the parent corporation is majority-owned by an actual foreign state. As the Supreme Court has held, "[a] corporation is an instrumentality of a foreign state under the FSIA only if the foreign state itself owns a majority of the corporation's shares." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477 (2003).

Dkt. No. 144 at ECF 7, n.5 (Banco de Venezuela); 139 at ECF 8, n.5 (Banco Bicentenario and Banco Bandes Uruguay).

The plaintiffs have jointly proposed that the Court proceed with the Citibank-Lopez Bello interpleader first (which is fully at issue), partly due to the unresolved dispute of which counsel are even authorized to represent the Venezuelan Adverse Claimants [Dkt. Nos. 382, 491], and the ongoing garnishee delays in confirming service of process of their interpleader complaints [Dkt. Nos. 478, 494].

---

[3] The Stansell/Pescatore plaintiffs respectfully submit that Mr. Caballero's W.D.N.Y position on this issue is correct, and that of the United States is incorrect.  Nevertheless, with the Stansell/Pescatore plaintiffs' dismissal of the Venezuela Ministry of Finance writ and turnover motion in this action, that issue is no longer before this court.

3

**MEET & CONFER STATEMENT**:  Plaintiffs' counsel hereby certify that on December 19, 20 and 21, 2022, we met and conferred by phone and email with counsel for garnishee/interpleader Third Party Plaintiff Citibank, and that Citibank does not oppose Plaintiffs' voluntary dismissal of their Venezuela Ministry of Finance writs of execution and turnover motions, with prejudice, and does not oppose entry of a Stipulation of Discharge of liability as to Citibank in the interpleader action with respect to Plaintiffs' claims [Dkt. No. 280].  With respect to Plaintiffs' motion to transfer Citibank's third-party interpleader action to Mr. Caballero's pending post-judgment actions in either SDNY Case No. Case 1:20-mc-00249-PAC or WDNY Case No. Case 1:20-mc-00040-LJV [both courts have issued Mr. Caballero writs of execution on the same Venezuela Ministry of Finance account], Citibank opposes any transfer at this time as burdensome and prejudicial, insofar as transfer could interfere with Citibank's ongoing attempt to perfect service of its Summons and Third Party Complaint on the Venezuelan Ministry of Finance via diplomatic pouch.  Citibank believes it would best serve the interest of efficiency and judicial economy for the Court to defer consideration of transfer until service on the Ministry of Finance is perfected.  Citibank therefore reserves its right to respond to Plaintiffs' motion to transfer.  The Stansell/Pescatores believe that a transfer and attendant case number change will not impact the validity of service, and that a transfer order can simply direct that all future pleadings on the transferred interpleader be filed under the new transferee case number.

Respectfully submitted,

PORTER & KORVICK, P.A.                    HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ Tony Korvick                          /s/ Nathaniel A. Tarnor
NEWTON P. PORTER                          Nathaniel A. Tarnor
TONY KORVICK                              HAGENS BERMAN SOBOL SHAPIRO LLP
PORTER & KORVICK, P.A                     68 3rd Street, Suite 249
9655 South Dixie Highway Suite 208        Brooklyn, New York 11231
Miami, Florida 33156                      Telephone: (646) 543-4992
Telephone:    (305) 373-5040              nathant@hbsslaw.com
nporter@porterandkorvick.com              *Counsel for the Pescatore*
tkorvick@porterandkorvick.com             *Plaintiffs/Judgment Creditors*
*Attorneys for the Stansell Plaintif*