UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH STANSELL, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); *et al.*,<br><br>Defendants, | CASE NO.: 1:16-mc-405-LGS-SN<br>Related Case: 1:18-mc-545-LGS-SN |

**STANSELL AND PESCATORE PLAINTIFFS' JOINT RESPONSE ON QUESTION OF WHETHER THE CORPORATE SUBSIDIARIES ARE AN AGENCY OR INSTRUMENTALITY OF VENEZUELA UNDER 28 U.S.C. § 1603(b)**

The Stansell and Pescatore plaintiffs submit this memorandum in response to the first question posed by the Court in its May 5, 2023 Order: *(1) Do the Third Parties qualify as agencies or instrumentalities of Venezuela as defined in § 1603(b)?* [Dkt. No. 519]. Plaintiffs respectfully submit that the answer to this question is clearly no.[1]

**1.   None of the "Third Parties" are directly owned by the Venezuelan government**

The Third Parties involved here include six distinct foreign corporations that are subsidiaries of Petroleos de Venezuela, S.A. ("PDVSA"),[2] and three distinct foreign corporations that are subsidiaries of Banco de Desarrollo Economico y Social de Venezuela ("BANDES"). While there remains an ongoing dispute regarding the Maduro regime's right to appoint board members or retain counsel for PDVSA, BANDES and their subsidiaries, it remains true that both

---

[1] Plaintiffs complied with the C.P.L.R. notice requirements for their initial execution levies and subsequent turnover motions. The "Third Parties" all received actual notice, and although they are all in default for failing to file timely responses, they have all now appeared through one or more counsel of record and have been afforded due process and an opportunity to be heard.

[2] As a *sociedad anónima*, PDVSA employees do not qualify as government employees. *Petroleos de Venezuela S.A. v MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257, 262 (S.D.N.Y. 2020).

PDVSA and BANDES are both directly owned by the Venezuelan government. Therefore, any and all corporate subsidiaries of PDVSA and BANDES are by definition <u>not directly owned</u> by the Venezuelan government.

*The PDVSA subsidiaries*

Petrocedeno has admitted that it is a Venezuelan corporation "that is 100% owned by Corporacion Venezolana del Petróleo (CVP), which is a corporate subsidiary of Petroleos de Venezuela, S.A. ("PDVSA")." Dkt. No. 409 at 2. White & Case has appeared for the other 5 PDVSA entities and repeatedly identified them as "subsidiaries" of PDVSA throughout their briefings. Dkt. Nos. 346, 364. Plaintiffs' turnover motions all alleged that the PDVSA subsidiaries were not directly owned by the Venezuelan government, and therefore, the subsidiaries were not an "agency or instrumentality of the Venezuelan government,"[3] citing the U.S. Supreme Court decision in *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477 (2003), which is discussed below. None of the PDVSA subsidiaries ever disputed this fact in their responsive motions, nor did they even mention the *Dole Food* decision.[4] Plaintiffs joint responses in opposition to the PDVSA subsidiaries' motions again expressly repeated these subsidiary facts and cited *Dole Foods*.[5] The PDVSA subsidiaries' reply briefs were again silent on these facts, and again wholly ignored the Supreme Court's *Dole Food* decision,[6] and they have conceded that the proper answer to the Court's first question is "no."

*The BANDES subsidiaries*

The three BANDES subsidiaries have appeared and have also admitted that they too are not directly owned by the Venezuelan government and are instead wholly or majority owned

---

[3] *Stansell* Dkt. Nos. 122, 146, 148, 142 (all at p.8, n5.).
[4] Dkt. Nos. 346, 408.
[5] Dkt. Nos. 363 at p.7; 410 at p.7.
[6] Dkt. Nos. 393, 420.

corporate subsidiaries of a Venezuelan state-owned bank, Banco de Desarrollo Economico y Social de Venezuela ("BANDES") (*see* Dkt. No. 440-1 at 8, ¶ 5 ("*Bandes Uruguay* is wholly owned by … *BANDES*"); Dkt. No. 440-2 at 11, ¶ 5 ("*Banco de Venezuela* is an entity owned in [sic] 98.7% by … *BANDES*"); Dkt. No. 440-3 at 8 ("*Banco Bicentenario* is an entity owned in [sic] 72.6% by *BANDES*".). Again, each of plaintiffs' turnover motions alleged that the subsidiaries were not directly owned by the Venezuelan government, and were therefore not an "agency or instrumentality of Venezuela" citing the *Dole Food* decision.[7] The BANDES subsidiaries' responsive motion was silent on the undisputed fact that the entities are not directly owned by the Venezuelan government.[8] Plaintiffs' response to the BANDES subsidiaries' motion again repeated that none of these entities were directly owned by Venezuela, and therefore they were not an "agency or instrumentality of Venezuela", and again citing *Dole Food*.[9] The BANDES subsidiaries' reply again ignored these facts and *Dole Food,* and they have conceded that the proper answer to the Court's first question is "no."

2. **Corporations that are not directly owned by the foreign sovereign are not an "agency or instrumentality of a foreign state" under 28 U.S.C. §1603(b)**

The Foreign Sovereign Immunities Act ("FSIA") defines a "foreign state" to encompass instrumentalities of a foreign state—including entities that are <u>directly and majority-owned by a foreign state</u>. 28 U.S.C. §§ 1603(a)–(b). *Turkiye Halk Bankasi A.S. v. United States*, 143 S. Ct. 940, 946 (2023) *citing Dole Food Co. v. Patrickson*, 538 U.S. 468, 473–474 (2003).

In *Dole Food*, the Supreme Court held that "[a] corporation is an instrumentality of a foreign state under the FSIA only if the foreign state itself owns a majority of the corporation's shares." *Id.* at 477. Thus, it rejected an argument that a country could cloak its corporate

---

[7] *Stansell* Dkt. Nos. 139 (p.8, n.8); 144 (p.7, n.5.).
[8] Dkt. No. 440.
[9] Dkt. No. 446 at 7-8.

subsidiaries with sovereign immunity by owning the majority of shares of companies one or more corporate tiers above, and it affirmed that "a subsidiary of an instrumentality is not itself entitled to instrumentality status." *Id.* at 473.

WHEREFORE plaintiffs respectfully submit that the Court find that none of the Third Parties are an "agency or instrumentality of Venezuela" under the FSIA 28 U.S.C. §1603(b).

DATED:  May 26, 2023

Respectfully submitted,

| PORTER & KORVICK, P.A | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| /s/ *Newton P. Porter*　　　　　 | /s/ *Nathaniel A. Tarnor*　　　　　　 |
| NEWTON P. PORTER | Nathaniel A. Tarnor |
| TONY KORVICK | HAGENS BERMAN SOBOL SHAPIRO LLP |
| (Admitted *Pro Hac Vice*) | 68 3rd St. Suite 249 |
| PORTER & KORVICK, P.A | Brooklyn, NY 11231 |
| 9655 South Dixie Highway Suite 208 | Telephone: (646) 543-4992 |
| Miami, Florida 33156 | nathant@hbsslaw.com |
| Telephone: (305) 373-5040 | |
| nporter@porterandkorvick.com | *Counsel for the Pescatore* |
| tkorvick@porterandkorvick.com | *Plaintiffs/Judgment Creditors* |

*Attorneys for the Stansell Plaintiffs*