```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:_7/8/2025___          │
└─────────────────────────────────┘
```

June 26, 2025

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Stansell* Plaintiffs' motion to lift stay only on SDFL transferred Citibank-Samark Lopez
       Bello interpleader [ECF 324] for filing of Motion for TRIA Turnover Judgment briefing
       pursuant to Order ECF 196
       *Stansell et al. v. FARC et al. Case No. 16-mc-405-LGS-SN*

Dear Judge Netburn:

       Currently pending before Your Honor are seven different interpleader actions that fall into
two distinct categories, all of which are stayed under two separate stay Orders for different reasons.

       The first interpleader [Citibank-Lopez interpleader  ECF 324][1] relates to Plaintiffs' TRIA
execution proceedings commenced in 2019[2] against Citibank, N.A. ("Citibank") involving
security assets  blocked under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901-
1907, and OFAC's Kingpin Act sanctions regulations, 31 C.F.R. Part 598, and which are owned
by fugitive Samark Lopez Bello ("Lopez") [SDNTK] and his entity Yakima Trading Corp.
("Yakima") [SDNTK].  The Citibank-Lopez interpleader was originally filed April 8, 2019 in the
Southern District of Florida ("SDFL").[3]  On March 10, 2020, Judge Carter entered an Order
staying the proceedings on Plaintiffs' writ of execution on the Citibank-Lopez security assets
"pending a decision of the Southern District of Florida in the six turnover motions filed by
Plaintiff."  ECF 67.  On April 30, 2020, SDFL Senior Judge Robert N. Scola, Jr. entered a final
turnover judgment on five of Lopez's bank accounts, and a separate Order under 28 U.S.C. §
1404(a) granting Lopez's motion to transfer the Citibank-Lopez proceedings to this this district.[4]

---

[1] The current Citibank-Lopez Interpleader is fully at issue.  Answers ECF 328 (Stansell and Pescatore
victims), 329 (securities intermediary SIX SIS), 335 (competing creditor Antonio Caballero), 347 (security
asset owners Lopez/Yakima).

[2] The *Stansell* plaintiffs levied a 2019 SDNY writ of execution on Citibank on January 30, 2019.  ECF
26.  The *Stansell* plaintiffs also levied a 2019 SDFL writ of execution/garnishment on Citibank on February
25, 2019, which was transferred to this district.  *Stansell* SDFL 1:19-cv-20896, ECF 33, 49.  The *Stansell*
plaintiffs have a joint sharing agreement with the *Pescatore* Third-Party Defendants who join in this letter
motion.

[3] *Stansell v. FARC*, SDFL 1:19-cv-20896, ECF 126 (Amended Answer, Counterclaim and Third-Party
Complaint).  On August 3, 2020, Citibank filed its Second Amended Answer adding the Pescatores as
Third-Party Respondents to the interpleader after they levied a writ issued in SDNY 1:18-mc-00405.  Then
on July 9, 2021, Citibank filed its Third Amended interpleader adding Antonio Caballero to the interpleader
after he levied a writ issued in SDNY 1:20-mc-00249.

[4] On March 23, 2020, SDFL Magistrate Judge Edwin G. Torres issued a report recommending that
Lopez's motion to transfer on one of the six SDFL turnovers be granted and that Plaintiffs' SDFL "[w]rit
and the [Citibank] Interpleader Claims should be transferred to the SDNY pursuant to Section 1404(a)."
*Stansell v. FARC*, SDFL 1:19-cv-20896-RNS, Report ECF 323 at 14, adopted by Judge Scola's April 30,

On March 29, 2021, Judge Schofield entered an Order stating that "Pursuant to Judge Carter's ruling during the July 9, 2020, conference, the Court will first resolve the Phase I issues. The parties shall jointly propose a schedule with respect to the Lopez Bello writs within two weeks of the resolution of the Phase I issues."  ECF 196.

In contrast, the remaining six interpleaders involve Plaintiffs' TRIA execution proceedings commenced in this district on December 10, 2020, all of which involve assets blocked under OFAC's Venezuela Sanctions, 31 C.F.R. Part 594, and IEEPA Executive Orders, and owned by various corporate subsidiaries of Petroleos de Venezuela S.A. ("PDVSA") or Banco BANDES.[5] All of these Venezuelan corporate subsidiaries have asserted Foreign Sovereign Immunities Act ("FSIA") defenses, none of the interpleaders are at issue, and all of these interpleaders are separately stayed by Your Honor's May 16, 2024 Order pending a decision from the Court of Appeals in *Havlish v. Bin Laden*, No. 23-258 (2d Cir. Feb. 28, 2023).  ECF 551.  The Citibank-Lopez interpleader, however, has no potential FSIA defenses at issue.

***Plaintiffs here only seek to lift Judge Carter's March 10, 2020 stay Order ECF 67 as to the Citibank-Lopez interpleader ECF 324 to file a Motion for Final TRIA Turnover Judgment on Lopez and Yakima's blocked assets***.  Judge Carter's Order ECF 67 deferred as to the SDFL action and stayed the Lopez proceedings pending a decision of the SDFL.  Thereafter, several letters were filed apprising Judge Carter of Citibank's remaining UCC § 8-112(c) defense. Subsequently, Judge Carter ordered a status conference for July 9, 2020 where he ordered the parties to first brief the "Phase I" issues, with the "Phase II" UCC defense to be briefed after "Phase I" was completed.  *See* ECF 86 (identifying Phase I & II issues).

All of the SDFL "Phase I" issues have now been adjudicated to finality by the 11th Circuit Court of Appeals.  By Final Judgment entered November 4, 2022, the SDFL ruled that Plaintiffs' contention that Lopez and Yakima "are each an agency or instrumentality of the FARC has now been established as a matter of law."  SDFL ECF 548.  This judgment was affirmed on appeal in *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754 (11th Cir. 2024).  Lopez's due process challenges were also rejected by the 11th Circuit in separate decisions in 2020 and 2022.[6]

The Phase I "treble damages" issue has also been resolved.  Lopez filed a Rule 60(b) challenge in the MDFL—where Plaintiffs judgment was originally entered in 2010—claiming that the treble damages portion of Plaintiffs' Anti-Terrorism Act judgment were not compensatory damages recoverable under TRIA.  On December 5, 2020, the MDFL rejected Lopez's motion

---

2020 Order ECF 340.  Judge Scola also entered a final turnover judgment on five of Lopez's bank accounts held by other garnishees.  SDFL ECF 339.  The turnover judgment has now been fully affirmed on appeal.

[5] These other interpleaders are filed by garnishees Equiniti Trust Company (ECF 208); Citibank (ECF 225); Citibank (ECF 227); and Sumitomo Mitsui Banking Corp. (ECF 234, 236, 238).

[6] *Stansell v. Lopez Bello*, 802 F. App'x 445, 446 (11th Cir. 2020) ("we reject Lopez Bello's argument that the District Court's order offended his due process rights");  *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1348 (11th Cir. 2022) ("To the extent that the López appellants claim that the ex parte proceeding culminating in the initial writs of garnishment denied them due process, we rejected that argument in *Stansell IV*, 802 F. App'x at 448–49.").

finding that the treble damages are compensatory damages,[7] and this ruling was affirmed on appeal by the 11th Circuit in *Stansell v. Lopez*, 40 F.4th 1308 (11th Cir. 2022). On March 29, 2022, Your Honor entered a Report recommending denial of Mr. Caballero's crossclaim and recommending entry of a declaratory judgment that "the full $318,030,000 award of *Stansell I* is for compensatory damages" [ECF 443], adopted by Judge Schofield's December 21, 2022 Order ECF 497 ("The Stansell and Pescatore judgments are fully recoverable under TRIA.").

Finally, on June 18, 2025, SDFL Judge Scola ruled that the *Stansell* Plaintiffs' Fla. Stat. § 56.29 proceedings supplementary turnover motion against Lopez and Yakima be "denied without prejudice to allow the Plaintiffs to re-file their motion in the Southern District of New York." SDFL ECF 788.

***Accordingly, Plaintiffs request entry of an Order***: **(i)** lifting Judge Carter's stay Order ECF 67 on only the Citibank-Lopez interpleader ECF 324; and **(ii)** to set a briefing schedule on Plaintiffs' motion for final TRIA turnover judgment including Citibank's UCC § 8-112(c) defense, as well as the issue of priority among the competing judgment creditors *Stansell* (2019 SDNY & SDFL writs), *Pescatore* (2020 SDNY writ) and Caballero (2021 SDNY writ) on the subject blocked Lopez/Yakima security assets.

In accordance with Your Honor's Individual Practices, III.A., Plaintiffs' counsel have conferred with all counsel on the Citibank-Lopez interpleader who have agreed to the following briefing schedule:

| | |
|---|---|
| Plaintiffs' Turnover Motion/Memorandum: | DUE July 21, 2025 |
| Garnishee/Third Party Respondents' Responses: | DUE August 21, 2025 |
| Plaintiffs' Reply: | DUE September 10, 2025 |

The parties respectfully request that the Local Rule 7.1(c) word count limit be increased to 10,000 words for Plaintiffs' memorandum and responses thereto, and 5,000 words for any Reply.

Dated: June 26, 2025              Respectfully submitted,

                                  */s/ Tony Korvick*
                                  NEWTON P. PORTER
                                  TONY KORVICK
                                  (Admitted *Pro Hac Vice*)
                                  nporter@porterandkorvick.com
                                  tkorvick@porterandkorvick.com
                                  PORTER & KORVICK, P.A.

---

The Plaintiffs' motion is GRANTED in part. The Court LIFTS the stay on only the Citibank-Lopez interpleader and ADOPTS the parties' proposed briefing schedule. Their request to increase the word limit is DENIED.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: July 8, 2025
     New York, New York