USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

**KEITH STANSELL, et al.,**

**Plaintiffs,**

**-against-**

**REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,**

**Defendants.**

---------------------------------------------------------------X

**16-MC-00405 (LGS)(SN)**

**ORDER**

---------------------------------------------------------------X

**OLIVIA PESCATORE, et al.,**

**Plaintiffs,**

**-against-**

**JUVENAL OVIDIO RICARDO PALMERA PIENDA, et al.,**

**Defendants.**

---------------------------------------------------------------X

**18-MC-00545 (LGS)(SN)**

---------------------------------------------------------------X

**In re:**

**CLAIMS AGAINST THE VALERO-PETROCEDENO ACCOUNT**

---------------------------------------------------------------X

**20-MC-00249 (LGS)(SN)**

**SARAH NETBURN, United States Magistrate Judge.**

Five attorneys from Archer & Greiner, P.C. move to withdraw as counsel for Samark Jose Lopez Bello, Yakima Trading Corporation ("Yakima"), and several related companies. See ECF Nos. 638, 644.[1] These attorneys ("A&G Counsel") assert that a breakdown in

[1] Unless otherwise noted, all ECF numbers refer to the Stansell v. FARC docket, No. 16-mc-405.

communications with Lopez Bello justifies their withdrawal. They also ask for a six-month stay so that their clients may communicate with other counsel. See ECF No. 644-1 at 2.

Having reviewed the parties' submissions, the Court seeks clarification on two issues.

First, if A&G Counsel withdraw, do their clients currently retain other attorneys that could represent them? A&G Counsel[2] seek to withdraw as the attorneys for Lopez Bello, Yakima, and the following related companies: EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings (the "Company Clients"). See ECF No. 644-1 at 2. As corporations, Yakima and the Company Clients may not proceed *pro se*. See Hounddog Prods., LLC v. Empire Film Grp., Inc., 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011). Based on the above-captioned dockets, however, Lopez Bello, Yakima, and the Company Clients are also represented by Glen M. Lindsay and Adam S. Fels, each associated with other firms.[3] See ECF No. 639 at 5–6. Lindsay and Fels have not filed notices of appearance in these cases. And in an attachment to their declaration, A&G Counsel referred to Lindsay and Fels as "former counsel." ECF No. 638-1 at 11. A&G Counsel (or Lindsay and Fels themselves) must therefore explain who currently represents Lopez Bello, Yakima, and the Company Clients in these cases.

---

[2] The Court flags for A&G Counsel that in the ECF system for No. 16-mc-405, Allison L. Borgatti and Timothy B. Collier, both associated with Archer & Greiner, are listed as current counsel for Lopez Bello. These two attorneys are not included in A&G Counsel's withdrawal motion. See ECF No. 644-1 at 1.

[3] As of July 23, 2026, in the ECF system for Nos. 20-mc-249 and 25-cv-4181, Glen M. Lindsay is listed as counsel for Lopez Bello, Yakima, and each of the Company Clients on behalf of Saavedra Goodwin in Fort Lauderdale, FL. Likewise, Adam S. Fels is listed as counsel for Lopez Bello, Yakima, and each of the Company Clients, but he is listed as an attorney with the U.S. Attorney's Office in Miami, FL. Additionally, Lindsay and Fels are both listed as counsel in the Court's order on alternative service for one turnover motion, see No. 20-mc-249, ECF No. 267 at 3 (noting that Lindsay is now an attorney with KHL Law in Fort Lauderdale, FL, and Fels is now an attorney with Friedman Fels & Soto, PLLC in Coral Gables, FL).

Second, why does the breakdown in communications with Lopez Bello necessitate A&G Counsel's withdrawal as attorneys for Yakima and the Company Clients? In 2017, the United States Treasury Department's Office of Foreign Assets Control ("OFAC") sanctioned Lopez Bello under the Foreign Narcotics Kingpin Designation Act. This sanction extended to U.S. and foreign companies owned or controlled by Lopez Bello, including Yakima and the Company Clients. See ECF Nos. 12 at 5–6 (motion for writ), 12-2 at 1 (OFAC press release), 19 at 1–2 (order granting writ of execution). While A&G Counsel's motion addresses the status of its communications with Lopez Bello, it does not mention any communications with Yakima or the Company Clients. A&G Counsel thus must explain (1) whether Yakima and the Company Clients have any principals, besides Lopez Bello, that could give direction to counsel; and (2) if such principals exist, whether A&G Counsel have communicated with them.

**CONCLUSION**

By Tuesday, July 28, 2026, counsel for Lopez Bello, Yakima, and the Company Clients must file a letter addressing the above issues related to the pending withdrawal motion.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: July 23, 2026
New York, New York