USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/10/2026__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

KEITH STANSELL, et al.,

                                        Plaintiffs,              16-MC-00405 (LGS)(SN)

                -against-                                        **OPINION & ORDER**

REVOLUTIONARY ARMED FORCES OF
COLOMBIA (FARC), et al.,

                                        Defendants.
---------------------------------------------------------- X
---------------------------------------------------------- X
OLIVIA PESCATORE, et al.,

                                        Plaintiffs,             18-MC-00545 (LGS)(SN)

                -against-

JUVENAL OVIDIO RICARDO PALMERA
PIENDA, et al.,

                                        Defendants.
----------------------------------------------------------X
----------------------------------------------------------X

In re:
                                                                20-MC-00249 (LGS)(SN)

        CLAIMS AGAINST THE
        VALERO-PETROCEDENO
        ACCOUNT

----------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

        Several attorneys from Archer & Greiner, P.C. move to withdraw as counsel for Samark

Jose Lopez Bello, Yakima Trading Corporation ("Yakima"), and several related companies. ECF

Nos. 638, 644.[1] These attorneys ("A&G Counsel") assert that a breakdown in communications

---
[1] Unless otherwise noted, all ECF numbers refer to the Stansell v. FARC docket, No. 16-mc-405.

with Lopez Bello justifies their withdrawal. They also ask for a stay of six months so that their clients may communicate with other counsel. ECF Nos. 644-1 at 2, 651-1 at 2.

A&G Counsel's inability to communicate with Lopez Bello warrants their withdrawal from representing all their clients, which will only minimally disrupt these proceedings. Accounting for all relevant interests, however, a six-month stay would cause unreasonable delay. Thus, the Court enters a 30-day stay to allow Lopez Bello, Yakima, and the other clients to find substitute counsel. The Court thus grants A&G Counsel's motion to withdraw and for a stay.

## BACKGROUND

The Court assumes familiarity with this litigation and summarizes only the relevant procedural and factual background. The plaintiffs in the Stansell and Pescatore cases (the "Plaintiffs") and Antonio Caballero (collectively, the "Judgment Creditors") are victims of terrorist violence and their families. They obtained judgments against the Fuerzas Armadas Revolucionarias de Colombia ("FARC") and other defendants. These Judgment Creditors seek to satisfy their judgments from financial assets held in this judicial district. See ECF Nos. 443, 497. Lopez Bello and Yakima are the purported owners of blocked assets that are the subject of pending turnover motions in these proceedings. See ECF No. 563; No. 20-mc-249, ECF No. 231. The Judgment Creditors argue that Lopez Bello and Yakima are agencies or instrumentalities of the FARC and other defendants.

The Judgment Creditors' argument relates to prior sanctions activity. In 2017, the United States Treasury Department's Office of Foreign Assets Control ("OFAC") sanctioned Lopez Bello under the Foreign Narcotics Kingpin Designation Act. This sanction extended to U.S. and foreign companies owned or controlled by Lopez Bellow, including Yakima and the related

companies listed in A&G Counsel's withdrawal motion (the "Company Clients").[2] See ECF Nos. 12 at 5–6, 12-2 at 1; see also ECF No. 19 at 1–2 (order granting writ of execution). Lopez Bello, Yakima, and the Company Clients became involved in these cases through post-judgment enforcement actions filed in this district or those filed elsewhere, transferred here, and consolidated with these cases. See, e.g., Stansell v. FARC, No. 25-cv-4181, ECF 14 (consolidating case with No. 20-mc-249 following its transfer from the U.S. District Court for the Southern District of Florida).

Two groups of attorneys have represented Lopez Bello, Yakima, and the Company Clients in these cases. First, Archer & Greiner's team includes Kerri E. Chewning, Jeffrey M. Scott, Jeffrey M. Kolansky, Eric I. Yun, Michael S. Horn, Allison L. Borgatti, and Timothy B. Collier.[3] See ECF No. 651-1 at 1. Second, Glen M. Lindsay and Adam S. Fels are listed on the Court's dockets as attorneys in one of the above-captioned cases.[4] Neither Lindsay nor Fels continues to represent Lopez Bello, Yakima, or the Company Clients, however. A&G Counsel explain that Lindsay's and Fels' "representation was limited to the matters before the Courts in Florida." ECF No. 651 at 1. After the transfer of Stansell, No. 25-cv-4181, to this district and its

---

[2] These companies include EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings. See ECF Nos. 644-1 at 2, 651-1 at 1–2.

[3] As of August 5, 2026, the ECF system for No. 16-mc-405 still lists Borgatti and Collier as counsel for Lopez Bello and Yakima. A&G Counsel confirmed, however, that neither Borgatti nor Collier "are still associated with Archer & Greiner" and, as a result, "their representation of [Lopez Bello] ceased when they left Archer & Greiner." ECF No. 651 at 2. For completeness, the Court includes Borgatti and Collier in A&G Counsel and directs their withdrawal as former attorneys in these cases.

[4] As of August 5, 2026, in the ECF system for Nos. 20-mc-249 and 25-cv-4181, Glen M. Lindsay is listed as counsel for Lopez Bello, Yakima, and each of the Company Clients on behalf of Saavedra Goodwin in Fort Lauderdale, FL. Likewise, Adam Fels is listed as counsel for Lopez Bello, Yakima, and each of the Company Clients, but he is listed as an attorney with the U.S. Attorney's Office in Miami, FL. Both Lindsay and Fels were also listed as counsel in the Court's order on alternative service of one turnover motion. See No. 20-mc-249, ECF No. 267 at 3 (noting that Lindsay is now an attorney with KHL Law in Fort Lauderdale, FL, and Fels is now an attorney with Friedman Fels & Soto, PLLC in Coral Gables, FL).

consolidation with No. 20-mc-249, neither Lindsay nor Fels entered an appearance or sought leave to appear *pro hac vice* here. Id. The ECF system reflects their continued appearance "strictly as a result of the transfer from the Southern District of Florida." Id. Moreover, Fels and Lindsay were granted leave to withdraw as counsel in the Southern District of Florida. See id. at 5–8 (attaching copy of withdrawal order).

A&G Counsel seek withdrawal because they cannot communicate with Lopez Bello. He "was arrested in Venezuela on April 9, 2024[,] and upon information and belief remains in Venezuelan custody." ECF No. 638-1 ¶ 1. A&G Counsel have "not been able to communicate with Lopez Bello either directly or through his Venezuela counsel since [his] publicly reported arrest." Id. ¶ 2; see ECF No. 586 at 1 n.1; ECF No. 651 at 2 (confirming the "inability to communicate with the client by any remaining or former counsel"). This "total breakdown in communication" has prevented A&G Counsel from obtaining Lopez Bello's input, confirming their authorization to act on his behalf, or confirming his receipt of any notices sent to him. ECF No. 638-1 ¶¶ 3–4, 11; see, e.g., No. 20-mc-249, ECF No. 275 ¶¶ 2–4 (confirming service of notice of turnover motion and Lopez Bello's failure to respond). A&G Counsel are likewise unaware of "any communications that have been sent or received by [Lopez Bello]" from the financial institutions holding his purported assets. ECF No. 644 at 1. A&G Counsel recently received notice, however, that Lopez Bello's "family members were hopeful that they would soon be restored to some level of communication with him," but the details and timing of any such communications are unclear. Id.

A&G Counsel's inability to communicate with Lopez Bello also affects their communications with Yakima and the Company Clients. They explain that throughout the duration of their representation, Lopez Bello "has always been the sole decision-maker for the

companies and [A&G Counsel's] only point of contact authorized to speak on behalf of the companies." ECF No. 651 at 2. A&G Counsel "do not have any contact information for another decision-maker" and received "no authority from [Lopez Bello] to communicate with any other individual on behalf of the companies." Id. On this basis, A&G Counsel ask to withdraw as attorneys for Yakima and the Company Clients as well.

In addition to their withdrawal requests, A&G Counsel ask for a stay of these cases. The length of their requested stay is unclear. At first, Counsel requested a seemingly indefinite stay "to allow time for him to receive the notices sent by the undersigned and reportedly sent by other counsel in these cases," ECF No. 638-1 ¶ 13, or "until such time as [Lopez Bello] is allowed to speak with counsel and indicate whether he wishes to obtain substitute counsel to proceed in this matter." Id. ¶ 18. In the initial and revised proposed orders, however, A&G Counsel ask for a six-month stay that would "allow [Lopez Bello] and the identified entities to communicate with counsel that may act on their behalf." ECF Nos. 638-2 at 2, 644-1 at 2, 651-1 at 2. They ultimately "leave it to the Court's good discretion to determine the appropriate timing and extent of [this] relief." ECF No. 644 at 2.

The Judgment Creditors filed letters opposing A&G Counsel's motion. See ECF Nos. 639, 640. Specifically, they object to the proposed stay but do not oppose, or do not state a position on, the withdrawal request. See ECF No. 639 at 7 (Caballero) (arguing that the Court should "grant only the request to withdraw as counsel but deny the request for [a] stay in its entirety"); ECF No. 640 at 9 (Plaintiffs) (arguing that the Court "should deny Lopez'[s] counsel['s] request for any stay" but stating no position on the withdrawal motion).

**DISCUSSION**

Local Civil Rule 1.4 governs attorney withdrawals. It provides that:

> an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. . . . All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.

Local Civ. R. 1.4(b). The procedural requirements of this rule are satisfied. A&G Counsel electronically served their motion on all parties via the ECF system. In the declaration with their motion, A&G Counsel also represent they are "notifying the identified clients through the only available methods," including mailing notice to Lopez Bello's last known mailing address at the Venezuelan facility where he was (and may still be) incarcerated. ECF No. 638-1 ¶¶ 10, 12. Of course, given the communication issues underlying the motion, A&G Counsel are "unable to confirm any receipt of notice" to Lopez Bello, Yakima, or the Company Clients, id. ¶ 11, or to file "[p]roof of such service upon the[se] client[s]." Local Civ. R. 1.4(b). This issue presents no bar to deciding A&G Counsel's motion on its merits, however. See City Merch. Inc. v. Tian Tian Trading Inc., No. 19-cv- 09649 (MKV), 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021) (quoting Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir. 2005)) (district courts have the "inherent authority" to "overlook or excuse a departure from [their] own local rules").

The key issue is whether A&G Counsel's withdrawal is warranted. Two factors are critical in assessing attorney withdrawal: (1) the reasons for withdrawal and (2) the "impact of the withdrawal on the timing of the proceeding." Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08-cv-6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). District

6

courts receive "considerable deference" in deciding motions for an attorney's withdrawal. Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999).

## I.      A&G Counsel's Withdrawal Is Warranted

A breakdown in communications between Lopez Bello and A&G Counsel warrants their withdrawal as attorneys for all their clients.

First, a client's "lack of communication with counsel," on its own, is a "satisfactory reason[]" for withdrawal. Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., No. 01-cv-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005); see BWP Media USA Inc. v. Rant Inc., No. 17-cv-5079 (NSR), 2018 WL 4300530, at *2 (S.D.N.Y. Sept. 10, 2018) ("Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, [to] *both* [be] 'satisfactory' reasons for withdrawal." (emphasis added)). A&G Counsel's inability to communicate with Lopez Bello—"on his personal behalf or as to any of his companies"—has persisted since at least April 2024. ECF No. 651 at 2; see ECF Nos. 586 at 1 n.1, 638-1 ¶ 2. This prolonged period of non-communication plainly supports A&G Counsel's withdrawal as Lopez Bello's attorneys. See Zhongle Chen v. Kicho Corp., No. 18-cv-7413 (PMH)(LMS), 2020 WL 3472255, at *1–2 (S.D.N.Y. June 25, 2020) (granting withdrawal when counsel "had not been able to communicate with his client in two months").

Moreover, the breakdown in communication with Lopez Bello prevents A&G Counsel from communicating with Yakima and each of the Client Companies. Because Lopez Bello has been the "sole decision-maker" and only point of contact for these entities, in his absence A&G Counsel cannot obtain any direction or authorization from Yakima and the Company Clients. ECF No. 651 at 2. These circumstances likewise justify A&G Counsel's withdrawal as attorneys

for Yakima and each of the Company Clients. See Diarama Trading Co., 2005 WL 1963945 at

*1; Zhongle Chen, 2020 WL 3472255 at *1–2.

Second, A&G Counsel's withdrawal, by itself, causes minimal disruption to these

proceedings. Courts typically consider "whether 'the prosecution of the suit is [likely to be]

disrupted by the withdrawal of counsel.'" Whiting, 187 F.3d at 320–21 (quoting Brown v.

National Survival Games, Inc., No. 91-cv-221 (HGM), 1994 WL 660533, at *3 (N.D.N.Y. Nov.

18, 1994) (alteration in original)). Particularly relevant are the "immediacy and degree of

potential harm—whether to the client, the lawyer or the judicial system—from the continuation

of the representation," as well as "the impact that the grant of the motion to withdraw would

have on the progress of the case." Szulik v. Tag Virgin Islands, Inc., No. 12-cv-1827 (PKC),

2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013). A&G Counsel suffer some harm from

continuing to represent Lopez Bello, Yakima, and the Company Clients without their client's

"direct authorization, input, and direction." See ECF Nos. 586 at 1 n.1 (responding on issues for

which "[c]onsultation with the client . . . was unnecessary to fulfill the undersigned attorneys'

obligations"); 652 at 2 (reiterating absence of "any authorization, direction or information"

needed to "effectively represent the interests of" Lopez Bello, Yakima, and the Company

Clients). Granting withdrawal would address that harm and reduce disruption in these cases.

A&G Counsel's withdrawal would also have little impact on the progress of these cases.

Two pending turnover motions involve Lopez Bello and Yakima's purported assets. See ECF

No. 563; No. 20-mc-249, ECF No. 231. The Stansell turnover motion is fully briefed and, if

granted, the blocked assets likely would satisfy the Judgment Creditor's judgments at or near

current market values. See ECF Nos. 633, 635. A&G Counsel filed an opposition on behalf of

Lopez Bello and Yakima, see ECF Nos. 586, 599, which the Court will consider in adjudicating

the requested turnover. The other turnover motion is also ready for decision because no party raised a timely opposition. Lopez Bello was served with notice of this motion through "first class mail or its equivalent and email" to his current and former counsel, his wife, his last known addresses, and the Venezuelan facility where he is reportedly incarcerated. No. 20-mc-249, ECF No. 267 at 3–4. The Court determined this alternative service was "reasonably calculated, under the circumstances, to apprise [Lopez Bello] of the pendency of the action and afford [him] an opportunity to present [his] objections." No. 20-mc-249, ECF No. 267 at 2 (quoting Sirus XM Radio Inc. v. Aura Multimedia Corp., 339 F.R.D. 592, 593 (S.D.N.Y. 2021)). The deadline for Lopez Bello's opposition has now passed, and his failure to respond is "deemed consent to the Requested Turnover." Id. at 4; No. 20-mc-249, ECF No. 275 ¶¶ 4–5 (Caballero status report). Separately, Caballero has obtained a limited number of writs of execution on Lopez Bello's and Yakima's assets at other financial institutions; these do not yet have corresponding turnover motions. See No. 20-mc-249, ECF No. 205 at 5 n.13, 6. A&G Counsel's withdrawal will not alter the timeline for these pending motions and writs. And the Court addresses any disruption caused by the clients' finding substitute counsel by entering a brief stay.

Accordingly, the Court grants A&G Counsel's request to withdraw as the attorneys for Lopez Bello, Yakima, and the Company Clients.

## II.    A Limited Stay Is Appropriate

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). A party requesting a stay

9

"bears the burden of establishing its need." Id. at 97 (quoting Clinton v. Jones, 520 U.S. 681, 708 (1997)). When considering whether to stay a case, district courts typically consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co., No. 18-cv-2318 (LGS), 2024 WL 139507, at *2 (S.D.N.Y. Jan. 12, 2024); see Loftus v. Signpost Inc., 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (using same factors).

Overall, the relevant factors weigh against A&G Counsel's proposed stay. But Yakima and the Company Clients, as corporations, cannot proceed without substitute counsel. Given this requirement, and all the relevant interests, the Court enters a 30-day stay.

First, the private interests of the Judgment Creditors strongly favor moving forward without delay. Their judgment-enforcement proceedings have lasted several years and involved many courts across the country. See ECF No. 640 at 8 (noting that the Plaintiffs "have been trying to enforce their judgment since 2010, including over six years attempting to execute on Lopez'[s] blocked assets held by Citibank"). Given this timeline, a "stay of indefinite duration would undoubtedly prejudice [the Judgment Creditors'] interest in the expeditious resolution of th[ese] cases[s]." Makkawi v. City of New York, No. 25-cv-6321 (DEH), 2025 WL 3205479, at *1 (S.D.N.Y. Nov. 17, 2025). Even a stay of six months would prejudice them—especially when the two turnover motions that may satisfy their judgments are ripe for adjudication. Moreover, the Judgment Creditors seek turnover under TRIA § 201, which Congress passed to enable victims of terrorist attacks to satisfy their judgments in an expeditious manner. See Hausler v. JP Morgan Chase Bank, N.A., 740 F. Supp. 2d 525, 531 (S.D.N.Y. 2010) (quoting H.R. Rep. No. 107-779 at 27 (2002)) (TRIA's legislative history evinces Congress's intent to "deal

*comprehensively* with the problem of enforcement of judgments rendered on behalf of victims of terrorism" and "enabl[e] [victims] to satisfy such judgments through the attachment of blocked assets of terrorist parties"); Caballero v. FARC, No. 20-cv-7602 (JWH), ECF No. 69 (C.D. Cal. Mar. 19, 2021) ("TRIA mandates expeditious action in collections proceedings . . . in view of the serious risks faced by TRIA judgment creditors"). This TRIA context bolsters the private interests of the Judgment Creditors.

Second, Lopez Bello, Yakima, and the Company Clients have limited private interests in defending themselves against future TRIA execution and turnover efforts. As explained, Lopez Bello received notice and an opportunity to be heard on each pending turnover motions involving his and Yakima's purported assets. See, e.g., No. 20-mc-249, ECF Nos. 263 at 2, 267 at 2 (approving alternative service on Lopez Bello as consistent with constitutional due process). These clients' interests are thus confined to securing effective representation for future proceedings in these cases. In fact, some clients cannot proceed without substitute representation; the Court addresses this requirement below. But even in the absence of a stay, the burden faced by new counsel taking over representation would be minimal.

Third, the interests of the courts include the "just, speedy, and inexpensive determination" of these cases. Fed. R. Civ. P. 1. Geopolitical developments and appeals, among other factors, have led to several delays in these case. See, e.g., ECF No. 600 at 3 (stay related to representation issue for Venezuelan entities); ECF No. 574 (stays for Havlish v. Taliban appeal). The pending turnover motions involving Lopez Bello's and Yakima's assets, if granted, would likely streamline these proceedings. The Court is thus reluctant to introduce more delay through a months-long stay designed to allow Lopez Bello and Yakima to find other counsel. A&G Counsel assert that Lopez Bello's "family members were hopeful that they would soon be

restored to some level of communication with him." ECF No. 644 at 1. But even if that vague prediction came true, Lopez Bello may still be unable to obtain counsel. The Plaintiffs note that in many other proceedings where Lopez Bello's attorneys withdrew, no other counsel ever appeared. See ECF No. 640 at 2–3. Moreover, A&G Counsel's multi-month delay in bringing this motion, see ECF No. 586 at 1 n.1 (disclosing communication issues and intent to file withdrawal motion in Sept. 2025), at best undermines their stay request and at worst appears to be "gamesmanship" intended to delay the Judgment Creditor TRIA turnovers. ECF No. 640 at 4. As a result, this factor likewise disfavors a stay.

Next, A&G Counsel do not identify non-parties with relevant interests or public interests supporting their stay. These factors are thus neutral.

Finally, some of A&G Counsel's clients must find substitute counsel. Yakima and the Company Clients, as corporations, "can only appear in court through an attorney, and may not proceed *pro se*." Hounddog Prods., LLC v. Empire Film Grp., Inc., 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011); see Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983). This requirement warrants a brief stay during which Yakima and the Company Clients can retain new attorneys. Because Lopez Bello has been the sole decision-maker and contact for Yakima and the Company Clients, see ECF No. 651 at 2, he must receive notice of this requirement and seek substitute counsel on behalf of the companies—even if he may proceed *pro se* as an individual. The Court thus requires that A&G Counsel promptly serve this Order on Lopez Bello and remain the attorneys for him, Yakima, and the Company Clients during the stay period.

On balance, then, the Court determines the proposed six-month stay is not warranted. The Court still grants A&G Counsel's stay request, however, for a period of 30 days. During this period, Yakima and the Company Clients, as corporations, must obtain substitute counsel in

order for these cases to proceed. Lopez Bello may obtain substitute counsel as well or may file a

Notice of *Pro Se* Appearance (attached), if he wishes to represent himself.

## CONCLUSION

The Court GRANTS A&G Counsel's motion to withdraw and for a stay. The Court stays

these proceedings for 30 days, until Thursday, September 10, 2026. During this period, all

activity in these cases involving Lopez Bello, Yakima, and the Company Clients is paused.

The Court delays the effective date of its withdrawal ruling until September 10, 2026.

During this interim period, A&G Counsel shall remain the attorneys for Lopez Bello, Yakima,

and the Company Clients and retain all duties to their clients and the Court. A&G Counsel must

serve this Order on Lopez Bello pursuant to the alternative service methods previously approved

in the Court's Order at No. 20-mc-249, ECF No. 267 at 3–4. If A&G Counsel receive any

communications from Lopez Bello or updates related to his receipt of the notices sent in these

cases, A&G Counsel must file a status update with the Court.

By September 10, 2026, Yakima and the Company Clients must direct their new counsel

to file a notice of appearance. Lopez Bello may do the same. If he intends to represent himself,

Lopez Bello must submit a Notice of *Pro Se* Appearance, which is attached to this order.

After September 10, 2026, Kerri E. Chewning, Jeffrey M. Scott, Jeffrey M. Kolansky,

Eric I. Yun, Michael S. Horn, Allison L. Borgatti, and Timothy B. Collier[5] will be relieved as

counsel for Lopez Bello, Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave

63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings

---

[5] A&G Counsel initially requested that four attorneys, who each appeared in these cases in some capacity, be permitted to withdraw. ECF No. 638-2. In their reply, A&G Counsel added a fifth attorney, Michael S. Horn, who filed a letter on behalf of Lopez and Yakima before they were permitted to intervene. ECF No. 644 at 1 n.1; see ECF No. 23. And in their supplemental letter, A&G Counsel added two more former lawyers still listed on ECF as counsel: Allison L. Borgatti, and Timothy B. Collier. ECF No. 651 at 2. For completeness, the Court includes all seven attorneys in its ruling.

LLC, and MFAA Holdings. <u>See</u> ECF No. 651-1. The Court will issue a separate order finalizing this withdrawal.

Additionally, Glen M. Lindsay and Adam S. Fels are terminated as counsel for Lopez Bello, Yakima, and the Company Clients, effective immediately. The Court's docket lists Lindsay and Fels as current counsel because certain cases were transferred to this judicial district, but neither attorney has appeared in the cases in this judicial district, and thus the listings on the ECF system are incorrect. <u>See</u> ECF No. 651 at 2–3.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 638; No. 18-mc-545, ECF No. 205; No. 20-mc-249, ECF No. 276; and No. 25-cv-4181, ECF No. 24.

**SO ORDERED.**

_____

SARAH NETBURN
United States Magistrate Judge

DATED:      August 10, 2026
              New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
|  |  |

Plaintiff(s),

-against-

Defendant(s).

Docket No: _____CV_____(     )(     )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☐ that all future correspondence be mailed to me at the address below, or

☐ that all future correspondence be e-mailed to me at the e-mail address below. I have
    completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court
and all parties.

☐ Plaintiff
☐ Defendant

Name (Last, First, MI)

Address            City            State            Zip Code

Telephone Number            e-mail address

Date            Signature