USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

**KEITH STANSELL, et al.,**

**Plaintiffs,**

**-against-**

**REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,**

**Defendants.**
-------------------------------------------------------------- X

**16-MC-00405 (LGS)(SN)**

**ORDER**

-------------------------------------------------------------- X
**OLIVIA PESCATORE, et al.,**

**Plaintiffs,**

**-against-**

**JUVENAL OVIDIO RICARDO PALMERA PIENDA, et al.,**

**Defendants.**
--------------------------------------------------------------X

**18-MC-00545 (LGS)(SN)**

--------------------------------------------------------------X

**In re:**

**CLAIMS AGAINST THE VALERO-PETROCEDENO ACCOUNT**

--------------------------------------------------------------X

**20-MC-00249 (LGS)(SN)**

**SARAH NETBURN, United States Magistrate Judge.**

Several attorneys from Archer & Greiner, P.C. moved to withdraw as counsel for Samark Jose Lopez Bello, Yakima Trading Corporation ("Yakima"), and several related companies. ECF Nos. 638, 644.[1] These attorneys ("A&G Counsel") asserted that a breakdown in communications

[1] Unless otherwise noted, all ECF numbers refer to the Stansell v. FARC docket, No. 16-mc-405.

with Lopez Bello justified their withdrawal, and they requested a stay so that their clients could communicate with other counsel. See ECF Nos. 644-1 at 2, 651-1 at 2.

On August 10, 2026, the Court granted A&G Counsel's motion but delayed the effect of its ruling—and stayed all activity in these cases involving Lopez Bello and Yakima—for 30 days. See ECF No. 656 at 13. Specifically, the Court required A&G Counsel to serve its Order on Lopez Bello; remain the attorneys for Lopez Bello, Yakima, and the Company Clients[2] during the stay period; and file any status updates about communications with Lopez Bellow. Id. By the end of the stay period, September 10, 2026, Yakima and the Company Clients were required to obtain substitute counsel, and Lopez Bello was given the option to obtain substitute counsel or submit a Notice of *Pro Se* Appearance. Id.

The stay has expired without any updates from Lopez Bello, Yakima, the Company Clients, or A&G Counsel. The Court thus finalizes the withdrawal of A&G Counsel as attorneys for Lopez Bello, Yakima, and the Company Clients. Kerri E. Chewning, Jeffrey M. Scott, Jeffrey M. Kolansky, Eric I. Yun, Michael S. Horn, Allison L. Borgatti, and Timothy B. Collier are relieved as counsel for Lopez Bello, Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings. See ECF Nos. 656 at 13–14, 651-1.

As a result, Lopez Bello, Yakima, and the Company Clients lack any counsel. As the Court explained, Lopez Bello may proceed *pro se*. See ECF No. 656 at 12. If Lopez Bello intends to represent himself in the future, he must file a Notice of *Pro Se* Appearance. If he obtains substitute counsel, they must file a notice of appearance. By contrast, Yakima and the

[2] These companies include EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings. See ECF Nos. 644-1 at 2, 651-1 at 1–2.

Company Clients, as corporations, "can only appear in court through an attorney, and may not proceed *pro se*." Hounddog Prods., LLC v. Empire Film Grp., Inc., 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011); see Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983). The Court recognizes that Lopez Bello has been the "sole decision-maker" and only point of contact for these entities, and as a result, his inability to communicate with counsel prevents Yakima and the Company Clients from obtaining substitute counsel. See ECF No. 651 at 2. But if Yakima and the Company Clients wish to continue participating in these proceedings, they must obtain substitute counsel. Moreover, if they "repeatedly fail[] to appear by counsel, a default judgment may be entered against [them]." Hounddog Prods., 767 F. Supp. 2d at 486 (quoting Grace v. Bank Leumi, 443 F.3d 180, 192 (2d Cir. 2006)). Other judgment creditors may seek the turnover of Lopez Bello's and Yakima's assets at other financial institutions. See, e.g., ECF No. 656 at 9 (noting Caballero's pending writs). In these judgment enforcement proceedings, Yakima and the Company Clients' failure to appear through counsel would likely result in the default entry of turnover orders against their assets.

The Court will not continue to stay these proceedings, however, so that Lopez Bello, Yakima, and the Company Clients can sort out their representation issues. Two pending turnover motions involve Lopez Bello and Yakima's purported assets. See ECF No. 563; No. 20-mc-249, ECF No. 231. Both turnover motions are ripe for decision because they are either "fully briefed" or "ready for decision because no party raised a timely opposition." ECF No. 656 at 8–9. A&G Counsel filed opposition briefing to the first turnover motion on behalf of Lopez Bello and Yakima. Id. at 8. And Lopez Bello was served with notice of the second turnover motion through means reasonably calculated, under the circumstances, to notify him of the motion and give him

the opportunity to object. He failed to respond. Id. at 9. The Court thus may proceed to adjudicating the pending turnover motions.

**CONCLUSION**

The Court finalizes the withdrawal of A&G Counsel. Effective immediately, Kerri E. Chewning, Jeffrey M. Scott, Jeffrey M. Kolansky, Eric I. Yun, Michael S. Horn, Allison L. Borgatti, and Timothy B. Collier are relieved as counsel for Lopez Bello, Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings in the above-captioned proceedings. See ECF No. 656 at 13–14.

If Lopez Bello intends to participate in this action, he must either file a Notice of *Pro Se* Appearance, which is attached to this order, or direct new counsel to file a notice of appearance. If Yakima and the Company Clients intend to participate in the future, they must direct their new counsel to file a notice of appearance.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: September 15, 2026
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ______________________________ | |
| ______________________________ | |
| Plaintiff(s), | Docket No: _____CV_____( )( ) |
| -against- | NOTICE OF PRO SE APPEARANCE |
| ______________________________ | |
| ______________________________ | |
| Defendant(s). | |

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☐ that all future correspondence be mailed to me at the address below, or

☐ that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

☐ Plaintiff
☐ Defendant

______________________________________________
Name (Last, First, MI)

______________________________________________
Address City State Zip Code

______________________________________________
Telephone Number e-mail address

______________________________________________
Date Signature