UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH STANSELL, et al.,

Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,

Defendants,

v.

SUMITOMO MITSUI BANKING CORP.,

Turnover Garnishee.

Case No. 16-mc-405 (LGS)

SUMITOMO MITSUI BANKING CORP.,

Third Party Plaintiff,

v.

KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH G. JANIS, CHRISTOPHER T. JANIS (individually and as personal representative and sole heir of the estate of GREER C. JANIS), MICHAEL I. JANIS, JOHNATHAN N. JANIS, OLIVIA PESCATORE, JOSH PESCATORE, JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE, CAROL PESCATORE HARPSTER (individually and as the representative of the estate of FRANK PESCATORE SR.), RICHARD PESCATORE, JOHN PESCATORE, CAROLYN PESCATORE, ANTONIO CABALLERO, MEUDY ALBÁN OSIO (in her personal capacity and as personal representative of the Estate of FERNANDO ALBERTO ALBÁN), FERNANDO ALBÁN OSIO, MARIA FERNANDA ALBÁN OSIO, and PETROCEDEÑO S.A.,

Third Party Defendants – Adverse Claimants.

Amended Third Party Complaint Seeking Relief in the Nature of Interpleader

Turnover Garnishee and Third Party Plaintiff Sumitomo Mitsui Banking Corporation ("SMBC"), a neutral stakeholder in this matter, hereby files this Amended Third Party Complaint Seeking Relief in the Nature of Interpleader.

**NATURE OF THE PROCEEDINGS**

1. SMBC is a Japanese banking institution that holds third party funds from an account belonging to Petrocedeño S.A. ("Petrocedeño"). Those funds have been blocked pursuant to regulations of the Office of Foreign Assets Control ("OFAC"), an agency of the United States Department of the Treasury (the "Blocked Funds"). The Blocked Funds held by SMBC are subject to competing claims asserted by several different claimants, including Plaintiffs. The facts here present the paradigm case for interpleader relief.

2. Upon information and belief, at least four sets of persons, including Plaintiffs, have obtained judgments in various jurisdictions against the Revolutionary Armed Forces of Colombia (the "FARC"). These judgment creditors assert that Petrocedeño S.A. is an agency or instrumentality of the FARC. Each of these judgment creditors seeks to satisfy their judgments against the FARC in whole or in part from the Blocked Funds. Other parties, including Petrocedeño S.A., may also have claims to the Blocked Funds.

3. Pursuant to sections 5239 and 1006 of the New York Civil Practice Law and Rules ("CPLR"), Rules 14 and 22 of the Federal Rules of Civil Procedure ("FRCP"), section 134 of the New York Banking Law and sections 1355 and 2361 of Title 28, United States Code, SMBC seeks a determination from the Court as to the rights, if any, the Plaintiffs and other interested parties have with respect to the Blocked Funds.

**THE PARTIES**

4. SMBC is a Japanese banking institution, headquartered in Tokyo, with a branch in the County and State of New York.

5. Keith Stansell, Marc Gonsalves, Thomas Howes, Judith G. Janis, Christopher T. Janis (individually and as personal representative and sole heir of the estate of Greer C. Janis), Michael I. Janis, and Jonathan N. Janis (hereinafter, the "*Stansell* Judgment Creditors") have commenced this action to enforce a judgment they obtained against the FARC. Upon information and belief, the *Stansell* Judgment Creditors obtained that judgment in an action titled *Stansell v. Revolutionary Armed Forces of Colombia (FARC), et al.*, No. 8:09-cv-2308-T-26-MAP (M.D. Fla.) (the "*Stansell* Action"). The *Stansell* Judgment Creditors assert that their judgment is in the amount of $318,030,000. *See* ECF No. 5. According to the complaint in the *Stansell* Action, the *Stansell* Judgment Creditors are citizens of the states of Florida, Connecticut, Alabama, New York, and the Commonwealth of Virginia.

6. Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster (individually and as the representative of the estate of Frank Pescatore Sr.), Richard Pescatore, John Pescatore, and Carolyn Pescatore (together, the "*Pescatore* Judgment Creditors") have commenced another judgment enforcement action currently pending before this Court, captioned *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.) (LGS). The *Pescatore* Judgment Creditors assert that they have obtained a judgment against the FARC in an action titled *Pescatore et al. v. Pineda, et al.*, No. 08-cv-02245 (D.D.C.) (the "*Pescatore* Action"), in the amount of $69,000,000. *See Pescatore et al. v. Pineda, et al.,* No. 18-mc-545 (S.D.N.Y.), ECF No. 1. According to the complaint in the *Pescatore* Action, the *Pescatore* Judgment Creditors are citizens of the states of Alabama and New Jersey.

7. Antonio Caballero (the "*Caballero* Judgment Creditor") has intervened in this action as a competing creditor with a claim to the Blocked Funds. *See* ECF No. 124. The *Caballero* Judgment Creditor asserts, including in a letter submitted to this Court (ECF No. 124), that he has obtained a judgment against the FARC in an action entitled *Antonio Caballero v. Revolutionary Armed Forces of Colom.*, No. 18-cv-25337 (S.D. Fla.) (the "*Caballero* Action") "in the amount of $46,729,667.00—which was trebled pursuant to Section 18 U.S.C. § 2333—and which included post-judgment interest at the rate of 0.15% from [the date of the judgment]." ECF No. 124. On information and belief, Antonio Caballero is a citizen of Florida.

8. On information and belief, Meudy Albán Osio (in her personal capacity and as personal representative of the Estate of Fernando Alberto Albán), Fernando Albán Osio, and Maria Fernanda Albán Osio (together, the "*Albán Osio* Judgment Creditors") are additional competing creditors asserting a claim to the Blocked Funds. The *Albán Osio* Judgment Creditors obtained a judgment against the FARC and other defendants in an action titled *Albán Osio et al. v. Maduro Moros et al.*, No. 21-cv-20706 (DPG) (S.D. Fla.) (the "*Albán Osio* Action"), in the amount of $217,000,000 plus post-judgment interest at a rate of 4.806%. *See Albán Osio* Action, ECF No. 91. On information and belief, the *Albán Osio* Judgment Creditors are citizens of New York.

9. On information and belief, Petrocedeño, which owns the account at SMBC in which the Blocked Funds were held (the "Petrocedeño Account"), is a Venezuelan oil company that was designated by OFAC on January 28, 2019.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 because it arises under the laws and treaties of the United States, in particular the Terrorism Risk Insurance Act of 2002 Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C § 1610 Note ("TRIA") and pursuant to 28 U.S.C. § 1367(a) because the matters at issue in this

proceeding are so related to the first of the above-captioned proceedings, which is within the original jurisdiction of this Court, that they form part of the same case or controversy. Upon information and belief, this Court also has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1335 because it involves money or property valued at $500 or more in the custody or possession of SMBC and at least two of the competing claimants are of diverse citizenship.

11. Venue over this proceeding is proper pursuant to 28 U.S.C. § 1391(b)(2) because the first above-captioned proceeding seeks to enforce a judgment that has been filed in this judicial District and the property that is the subject of this proceeding is located in this District. Upon information and belief, venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that certain Judgment Creditors seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

## FACTUAL BACKGROUND

### *The Blocked Funds*

12. On January 28, 2019, OFAC sanctioned PdVSA pursuant to Executive Order 13850. According to the State Department, PdVSA is an oil and gas company wholly owned by the Venezuelan government. Upon information and belief, PdVSA directly or indirectly owns more than 50% of Petrocedeño and Petrocedeño is considered designated under E.O. 13850.

13. While screening its customer database in response to E.O. 13850, SMBC identified a Petrocedeño demand deposit account (the Petrocedeño Account). SMBC immediately blocked the Petrocedeño Account. In February 2019, SMBC moved the Blocked Funds from the Petrocedeño Account into a new OFAC blocked account. SMBC filed a report regarding the blocked account with OFAC on February 20, 2019. *See* ECF No. 122-1. The amount of the Blocked Funds at the time of reporting was $114,768,323.82.

***Claimants to the Blocked Funds – Judgment Creditors***

14. Upon information and belief, the *Stansell* Judgment Creditors sued the FARC for violating the Anti-Terrorism Act ("ATA") in the *Stansell* Action, which was brought in United States District Court for the Middle District of Florida in 2009. Upon information and belief, on June 15, 2010, the *Stansell* Judgment Creditors obtained a $318,030,000 judgment against the FARC. *See* ECF No. 5.

15. On November 10, 2016, the *Stansell* Judgment Creditors registered the Florida judgment that they obtained against the FARC in this Court pursuant to 28 U.S.C. § 1963. *Id.*

16. Upon information and belief, the *Pescatore* Judgment Creditors sued the FARC for ATA violations in the *Pescatore* Action, which was brought in the United States District Court for the District of Columbia in 2008. Upon information and belief, in 2010, the *Pescatore* Judgment Creditors obtained a $69,000,000 judgment against the FARC. *See Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.), ECF No. 2.

17. On November 27, 2018, the *Pescatore* Judgment Creditors registered the District of Columbia judgment that they obtained against the FARC in this Court pursuant to 28 U.S.C. § 1963. *Id.*

18. Upon information and belief, the *Caballero* Judgment Creditor sued the FARC for ATA violations in the *Caballero* Action, which was brought in the United States District Court for the Southern District of Florida in 2018. Upon information and belief, in 2020, the *Caballero* Judgment Creditor obtained a judgment against the FARC "in the amount of $46,729,667.00 – which was trebled pursuant to Section 18 U.S.C. § 2333 – and which included post-judgment interest at the rate of 0.15% from [the date of the judgment]." *See* ECF No. 124.

19. Upon information and belief, the *Albán Osio* Judgment Creditors sued the FARC and other defendants, including Nicolas Maduro Moros and the Cartel de los Soles, for violations

of the Florida Anti-Terrorism Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and various tort-based causes of action in the *Albán Osio* Action, which was brought in the United States District Court for the Southern District of Florida in 2021. Upon information and belief, on August 6, 2023, the *Albán Osio* Judgment Creditors obtained a $217,000,000 judgment against the defendants. *See Albán Osio* Action, ECF No. 91.

20. On October 7, 2024, the *Albán Osio* Judgment Creditors registered the Florida judgment that they obtained in this Court pursuant to 28 U.S.C. § 1963, as Case No. 24-mc-450 (S.D.N.Y.).

***Judgment Creditors' Efforts to Enforce Their Judgments***

21. Upon information and belief, on or about March 7, 2019, the *Stansell* and *Pescatore* Judgment Creditors entered into a Confidential Joint Prosecution and Sharing Agreement in which they agreed to cooperate with respect to their post-judgment executions. *See Stansell v. Revolutionary Armed Forces of Columbia*, No. 1:19-cv-20896-RNS, ECF No. 65 at 3 (S.D. Fla. Mar. 7, 2019).

22. On December 15, 2020, this Court found that "Based upon the U.S. Treasury Department's [OFAC] factual findings and Plaintiffs' supporting expert witness testimony and appendices, the court finds that the OFAC IEEPA sanctioned PDVSA subsidiaries (identified in plaintiffs' Motion DE 111, p. 21) [including Petrocedeño] are each an agency or instrumentality of [] FARC, and their blocked assets are therefore subject to attachment and execution pursuant to TRIA." ECF No. 114; *see also*, *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.), ECF No. 40. Accordingly, in this action and in *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.), this Court issued writs of execution on the Blocked Funds. *See* ECF No. 114; *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.), ECF No. 40.

23. On December 24, 2020, the *Stansell* and *Pescatore* Judgment Creditors filed TRIA turnover motions.

24. On December 30, 2020, the *Caballero* Judgment Creditor asked this Court for permission to intervene in the *Stansell* and *Pescatore* actions. *See* ECF No. 124; *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.), ECF No. 51. In his letter request to the Court, the *Caballero* Judgment Creditor asserts that "there are several pending proceedings [of which Caballero is a plaintiff] related to the Stansell Plaintiffs' Motion to Enforce Judgment… and the Pescatore Plaintiffs' similar motion … seeking turnover of assets in the putative name of Petrocedeño, S.A., which are being held by [SMBC]." *See* ECF No. 124; *Pescatore v. Palmera Pineda*, No. 18-mc-545 (S.D.N.Y.), ECF No. 51.

25. According to the *Caballero* Judgment Creditor's letter, Caballero's other pending proceedings include:

(1) *Caballero v. FARC*, Index No. 15486/2020 (N.Y. Sup. Ct), "pursuant to which a restraining notice has been issued under an application relating to assets in the putative name of Petrocedeño, S.A., which are being held by Sumitomo. Pursuant to the Order, dated December 8, 2020, the Court has restrained Sumitomo, pending a hearing set for January 4, 2021, from transferring any assets in which Defendant FARC has an interest, which includes necessarily includes the subject of the application any assets in the putative name of Petrocedeño, S.A."

(2) *Caballero v. FARC*, Cause No. 20-12-15244 (Tex. Dist. Ct., Montgomery Cty.), "in which a writ of garnishment, dated December 17, 2020 . . . has been issued and served upon Sumitomo for any assets in the name of Petrocedeño, S.A."

(3) *Caballero v. FARC*, No. 20-mc-0249 (S.D.N.Y.), "in which Caballero has filed *ex parte* papers that [he] presume[s] can be viewed by this Court."

26. On January 5, 2021, the *Stansell* and *Pescatore* Judgment Creditors filed letters opposing Caballero's contemplated request to intervene. *See* ECF No. 126; *Pescatore v. Palmera*

*Pineda*, No. 18-mc-545 (S.D.N.Y.), ECF No. 53. They argued that the *Caballero* Judgment Creditor is not entitled to the Blocked Funds because the *Stansell* and *Pescatore* Judgment Creditors obtained priority over the Blocked Funds by securing a writ the day before Caballero secured his in Texas state court.

27. Between January 6, 2021 and January 14, 2021, SMBC, through counsel, had multiple telephonic communications with counsel for the *Stansell*, *Pescatore*, and *Caballero* Judgment Creditors, each of which has asserted a claim to the Blocked Funds. In the course of these communications, SMBC notified each Judgment Creditor that it intended to seek interpleader relief from this Court with respect to the Blocked Funds. Each agreed to extend any applicable deadlines in the pending actions to facilitate SMBC's interpleader efforts.

28. On information and belief, on July 22, 2026, the *Albán Osio* Judgment Creditors obtained a writ of garnishment from the United States District Court for the Southern District of Florida directed to SMBC with respect to assets held in the name of Petrocedeño S.A (*i.e.*, the Blocked Funds). *See Albán Osio et al. v. Maduro Moros et al.*, No. 21-cv-20706 (S.D. Fla.), ECF No. 928.

29. On August 12, 2026, this Court issued a writ of execution in *Albán Osio et al. v. Maduro Moros et al.*, No. 25-mc-390 (S.D.N.Y.), commanding the U.S. Marshal to collect $217,000,000 from the blocked assets of Petrocedeño S.A., including assets held by SMBC. On October 5, 2026, the *Albán Osio* Judgment Creditors filed a motion for final TRIA turnover of the Blocked Funds in the action captioned *Albán Osio et al. v. Maduro Moros et al.*, No. 25-mc-390 (S.D.N.Y.) (ECF No. 71). The *Albán Osio* Judgment Creditors thus assert competing claims to the same Blocked Funds that are the subject of this interpleader action.

***Other Potential Claimants to the Blocked Funds***

30. On information and belief, Petrocedeño is a potential claimant to the Blocked Funds.

31. Petrocedeño is the owner of the Petrocedeño Account, potentially giving rise to a claim to the Blocked Funds.

***Procedural History***

32. SMBC initially filed a third party interpleader complaint in this action on January 20, 2021. On January 27, 2021, the Honorable Andrew L. Carter, then assigned to this case, struck SMBC's third party complaint from the docket and directed SMBC "to seek interpleader by asserting crossclaims or counterclaims in its answer to Plaintiffs' writ of execution." *See* ECF No. 160. On February 2, 2021, SMBC, along with bank garnishees Citibank N.A. and JPMorgan Chase Bank, N.A., jointly submitted a letter motion seeking a conference with Judge Carter to address the procedure for filing the contemplated requests for interpleader relief. Following a status conference on February 5, 2021, Judge Carter recused himself from the case due to a potential conflict of interest and the case was subsequently reassigned to the Honorable Lorna G. Schofield.

33. On March 16, 2021, Judge Schofield designated *Stansell v. Revolutionary Armed Forces of Colombia ("FARC")*, No. 16 Misc. 00405 (S.D.N.Y.) and *Pescatore v. Juvenal Ovidio Ricardo Palmera Pineda*, No. 18 Misc. 00545 (S.D.N.Y.) as related actions. Judge Schofield also directed garnishees seeking interpleader relief to do so by filing third party complaints in the nature of interpleader, pursuant to Federal Rules of Civil Procedure 14 and 22.

34. On March, 23, 2021, the parties jointly submitted a letter to the Court proposing deadlines for the garnishees' contemplated third party complaints, including a deadline of April 15, 2021, for SMBC to file this third party complaint seeking relief in the nature of interpleader. ECF No. 195. The joint letter also reflected the parties' agreement that any and all other actions

involving the Petrocedeño Account at SMBC are stayed pending the resolution of the SMBC's request for interpleader relief. On March 29, 2021, the Court endorsed the procedure and schedule proposed in the parties' March 23 letter. ECF No. 196.

35. On April 30, 2021, SMBC filed its original third party complaint seeking interpleader relief as to the Blocked Funds, identifying as competing claimants the *Stansell*, *Pescatore*, and *Caballero* Judgment Creditors. The complaint also identified as potential claimants Total Venezuela S.A. ("Total"), Equinor Sincor Netherlands BV ("Equinor"), and Petrocedeño. ECF No. 234. On May 5, 2021, the *Stansell* and *Pescatore* Judgment Creditors filed a joint answer (ECF No. 251; amended at ECF No. 269) and the *Caballero* Judgment Creditor answered separately on the same date (ECF No. 262).

36. On November 8, 2021, SMBC voluntarily dismissed Total from the complaint (ECF No. 398) and on May 9, 2022, SMBC voluntarily dismissed Equinor from the complaint (ECF No. 455).

37. In October 2026, SMBC, through counsel, sought and obtained the consent of the parties to amend the complaint to add as parties the *Albán Osio* Judgment Creditors and to remove as parties Total and Equinor.

***SMBC as Neutral Stakeholder***

38. SMBC is a neutral stakeholder as to the Blocked Funds. To the extent that there are competing claims to the Blocked Funds, SMBC is entitled to have all adverse claims to the Blocked Funds adjudicated under circumstances where all potential claimants have been given notice of the Judgment Creditors' claims and provided with an opportunity to present arguments addressing whether the relief sought by the Judgment Creditors is consistent with TRIA, the Anti-Terrorism Clarification Act of 2018 ("ATCA"), 18 U.S.C. § 2333(e), the Foreign Narcotics Kingpin

Designation Act (the "Kingpin Act"), 21 U.S.C. §§ 1901-1908, the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1601 et seq., Article 8 of the UCC, any applicable garnishment and execution statutes, any treaties to which the United States is a signatory, international law, or any other applicable law.

39. SMBC has employed the services of Mayer Brown LLP to represent it in these garnishment proceedings. SMBC seeks an award of its reasonable fees pursuant to CPLR § 5239.

**FIRST CLAIM FOR RELIEF**

40. SMBC repeats and realleges each and every allegation set forth in paragraphs 1 through 39 of this pleading to the same extent as if those allegations were set forth here in full.

41. CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

42. SMBC is entitled to an order determining the rights, if any, of the *Stansell*, *Pescatore*, *Caballero*, and *Albán Osio* Judgment Creditors and of Petrocedeño in and to the Blocked Funds, and the rights of any other party claiming entitlement to the Blocked Funds.

**SECOND CLAIM FOR RELIEF**

43. SMBC repeats and realleges each and every allegation set forth in paragraphs 1 through 42 of this pleading to the same extent as if those allegations were set forth here in full.

44. The *Stansell* and *Pescatore* Judgment Creditors assert that their claims to the Blocked Funds take precedence over any claims thereto by any other person who has a judgment against the FARC or an action pending against the FARC. Upon information and belief, the *Caballero* Judgment Creditor has also asserted claims to the Blocked Funds that he contends take

priority over the *Stansell* and *Pescatore* Judgment Creditors' claims (and those of any other party) to the Blocked Funds. Additionally, upon information and belief, the *Albán Osio* Judgment Creditors have also asserted claims to the Blocked Funds by obtaining writs of garnishment and execution directed at SMBC. Furthermore, Petrocedeño may also have competing claims to the Blocked Funds.

45. SMBC is therefore exposed to the risk of multiple and inconsistent liability with respect to the Blocked Funds.

46. Accordingly, SMBC is entitled to an order determining the rights, if any, of the *Stansell*, *Pescatore*, *Caballero*, and *Albán Osio* Judgment Creditors and of Petrocedeño in and to the Blocked Funds, and the rights of any other party claiming entitlement to the Blocked Funds. SMBC is also entitled to interplead all other judgment creditors of the FARC or persons pursuing lawsuits against the FARC who have asserted claims to the Blocked Funds or other assets in which the FARC has or may have an interest, and obtain a determination by the Court, pursuant to Banking Law § 134, Rule 22 of the FRCP, 28 U.S.C. §§ 1335 and 2361 and CPLR § 1006, of the rights of all interested parties with respect thereto.

**THIRD CLAIM FOR RELIEF**

47. SMBC repeats and realleges each and every allegation set forth in paragraphs 1 through 46 of this pleading to the same extent as if those allegations were set forth here in full.

48. By reason of the foregoing, SMBC is entitled to a declaratory judgment determining it rights and the rights of the *Stansell*, *Pescatore*, *Caballero*, and *Albán Osio* Judgment Creditors and of Petrocedeño and others with respect to the Blocked Funds.

WHEREFORE, SMBC respectfully requests the entry of a judgment:

(1) determining its rights and the rights of each of the Judgment Creditors and other interested claimants in the Blocked Funds and directing SMBC how to proceed with respect to the Blocked Funds;

(2) determining that the service made by SMBC of this pleading, the summonses and other relevant documents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(3) determining that this Court has subject matter jurisdiction and in personam and/or in rem jurisdiction over the Judgment Creditors or the Blocked Funds sufficient to determine the parties' rights with respect to such assets;

(4) determining whether and to what extent the Blocked Funds are subject to execution to satisfy any judgment in favor of any of the Judgment Creditors against the FARC;

(5) discharging SMBC from any and all liability to the Judgment Creditors, and any other persons who may have claims to, or an interest in, any Blocked Funds that are turned over to satisfy any judgment against the FARC;

(6) staying, pursuant to 28. U.S.C. § 2361, all claims and proceedings in any court or other tribunal against SMBC relating to the Blocked Funds;

(7) awarding to SMBC its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to SMBC such other and further relief as may be just and proper.

Dated: October 21, 2026
New York, New York

Respectfully submitted,

/s/ *Robert W. Hamburg*
Mark G. Hanchet
Robert W. Hamburg
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 506-2500
mhanchet@mayerbrown.com
rhamburg@mayerbrown.com

*Counsel for Turnover Garnishee and Third Party Plaintiff Sumitomo Mitsui Banking Corporation*